Case 6:25-cv-00726-PGB-DCI    Document 1-4    Filed 04/07/25    Page 1 of 296 PageID 41

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

        Plaintiffs,

v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

        Defendants.

Case No. 05-2023-CA-016793

### DECLARATION OF ELIZABETH A. McNAMARA
### IN SUPPORT OF DEFENDANTS RELX INC. AND PORTFOLIO MEDIA INC.'S
### MOTION FOR ATTORNEYS' FEES AND COSTS

I, Elizabeth A. McNamara, declare as follows:

1.    I am a partner at the law firm of Davis Wright Tremaine LLP, attorneys for Defendants RELX Inc. and Portfolio Media, Inc. ("Defendants") in the above-captioned matter.

2.    I submit this declaration to annex documents relied upon and incorporated into Plaintiffs' Complaint and therefore relevant to Defendants' Motion for Attorneys' Fees and Costs.

3.    Attached hereto as **Exhibit A** are true and correct copies of the email correspondence between myself and counsel for Plaintiffs, Christopher T. Beres, dating from March 9, 2023 to March 24, 2023.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 11, 2023.

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara

# Exhibit A

| | |
|---|---|
| **From:** | McNamara, Elizabeth |
| **Sent:** | Tuesday, March 14, 2023 5:12 PM |
| **To:** | christopherberes8@gmail.com |
| **Cc:** | Azmi, Nimra |
| **Subject:** | RE: John Doe v. RELX and Portfolio Media |

Hi Christopher, I'm following up on my email below. I'm happy to speak about the new complaint you filed. Further, we currently plan to file a motion to dismiss the action and wanted to discuss timing for the motion and any opposition that you may file. Happy to discuss that as well. Let me know when it's good for you. Thanks, Liz

**Elizabeth McNamara** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 603-6437 | Fax: (212) 379-5237
Email: lizmcnamara@dwt.com | Website: www.dwt.com

**From:** McNamara, Elizabeth
**Sent:** Thursday, March 9, 2023 12:43 PM
**To:** 'christopherberes8@gmail.com' <christopherberes8@gmail.com>
**Subject:** John Doe v. RELX and Portfolio Media

Hi Mr. Beres,

As you know, this firm represents the Defendants in connection with your and Mr. Delaney's claims. Mr. Polsky of Portfolio Media forwarded to me the message you left for him asking to discuss the action. I'm happy to speak with you. I'm traveling today but very flexible tomorrow if there is a good time for you. Let me know what works.

Thanks, Liz

**Elizabeth McNamara** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 603-6437 | Fax: (212) 379-5237
Email: lizmcnamara@dwt.com | Website: www.dwt.com

| | |
|---|---|
| **From:** | McNamara, Elizabeth |
| **Sent:** | Friday, March 24, 2023 10:50 AM |
| **To:** | christopherberes8@gmail.com |
| **Cc:** | Deanna Shullman; Azmi, Nimra |
| **Subject:** | FW: John Doe v. RELX and Portfolio Media |

Mr. Beres,

I was troubled to review your opposition to our motion for a two week extension to respond to your (and Mr. Delaney's) newly filed action. You represent to the Court in the opposition that no emails to you referenced a need for an extension. As you can see below, my 3/21 email did just that. And you represent that no phone call was made to you. But, I called and left a message with a receptionist (or service) on March 17.

We have received no response from you to any of these outreaches. Nor have you responded to our local counsel's calls.

We trust this will all be corrected.

Thanks, Liz

**Elizabeth McNamara | Davis Wright Tremaine LLP**
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 603-6437 | Fax: (212) 379-5237
Email: lizmcnamara@dwt.com | Website: www.dwt.com

**From:** McNamara, Elizabeth
**Sent:** Tuesday, March 21, 2023 12:22 PM
**To:** 'christopherberes8@gmail.com' <christopherberes8@gmail.com>
**Cc:** Azmi, Nimra <NimraAzmi@dwt.com>
**Subject:** RE: John Doe v. RELX and Portfolio Media

Hi Chris, I'm following up concerning our time to respond to your most recently filed complaint. We request a 2 week extension to respond to the complaint and would extend the same courtesy to you. Please confirm that you don't object. If I don't hear from you today, we seek an extension from the court and will indicate your lack of response. I'm happy to discuss if you want to call. Thanks, Liz

**Elizabeth McNamara | Davis Wright Tremaine LLP**
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 603-6437 | Fax: (212) 379-5237
Email: lizmcnamara@dwt.com | Website: www.dwt.com

**From:** McNamara, Elizabeth
**Sent:** Thursday, March 9, 2023 12:43 PM
**To:** 'christopherberes8@gmail.com' <christopherberes8@gmail.com>
**Subject:** John Doe v. RELX and Portfolio Media

Hi Mr. Beres,

As you know, this firm represents the Defendants in connection with your and Mr. Delaney's claims. Mr. Polsky of Portfolio Media forwarded to me the message you left for him asking to discuss the action. I'm happy to speak with you. I'm traveling today but very flexible tomorrow if there is a good time for you. Let me know what works.

Thanks, Liz

**Elizabeth McNamara** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 603-6437 | Fax: (212) 379-5237
Email: lizmcnamara@dwt.com | Website: www.dwt.com

Filing # 170748769 E-Filed 04/11/2023 01:18:11 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

                Plaintiffs,

    v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

                Defendants.

Case No. 05-2023-CA-016793

## VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE
## PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

Comes now Elizabeth A. McNamara, Movant herein, and respectfully represents the following:

1.      Movant resides in New York, New York. Movant is not a resident of Florida.

2.      Movant is an attorney and partner in the law firm Davis Wright Tremaine LLP, whose office is located at 1251 Avenue of the Americas, 21st Floor, New York NY 10020. The telephone number is (212) 489-8230.

3.      Movant was retained on March 8, 2023 by Defendants RELX Inc. and Portfolio Media, Inc. to provide legal representation in connection with the above-captioned matter now pending before the above-named court of the State of Florida.

4.      Movant is an active member in good standing and currently eligible to practice in the following jurisdictions: New York (NY Bar No. 1930643) and has also been admitted to practice before the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, the United States District Court for the

Western District of New York, the United States District Court for the Eastern District of Michigan, the United States Court of Appeals, First Circuit, the United States Court of Appeals, Second Circuit, the United States Court of Appeals, Third Circuit, the United States Court of Appeals, Fourth Circuit, the United States Court of Appeals, Seventh Circuit, the United States Court of Appeals, Ninth Circuit, the United States Court of Appeals, Eleventh Circuit, and the United States Supreme Court.

5.    A judicial officer or the entity responsible for attorney regulation has neither initiated disciplinary, suspension, disbarment, or contempt proceedings or disciplined, suspended, disbarred, or held Movant in contempt in the preceding 5 years.

6.    Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

7.    Movant is not an inactive member of The Florida Bar.

8.    Movant is not now a member of The Florida Bar.

9.    Movant is not a suspended member of The Florida Bar.

10.    Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation or disciplinary revocation from The Florida Bar.

11.    Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510.

12.    Movant has filed one prior motion to appear as counsel in Florida state courts during the past five (5) years, in *Klayman v. Portfolio Media, Inc.*, Case No. 2021-CA-4857 on July 19, 2021. That admission was granted.

13.    Local counsel of record associated with Movant in this matter is Deanna K. Shullman (Fla. Bar No. 514462) of Shullman Fugate PLLC, who is an active member in good standing of The Florida Bar and has offices located at 2101 Vista Parkway, Suite 5006, West Palm Beach, FL 33411.  The telephone number is (561) 429-3619.

14.    Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1.310 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

15.    Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

16.    Counsel for Movant reached out to Plaintiffs' counsel Christopher T. Beres in this matter seeking his position on this admission *pro hac vice* of Elizabeth A. McNamara of Davis Wright Tremaine LLP for purposes of appearance as co-counsel on behalf of Defendants, and he did not respond.

WHEREFORE, Movant respectfully requests permission to appear in this court for this cause only.

DATED:  April 11, 2023

Respectfully Submitted,

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara
Davis Wright Tremaine LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
lizmcnamara@dwt.com

STATE OF NEW YORK

I, Elizabeth A. McNamara, do hereby swear or affirm under penalty and perjury that I am the Movant in the above-styled matter, that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara

I hereby consent to be associated as local counsel of record in this case pursuant to Florida Rule of Judicial Administration 2.510.

Dated: April 11, 2023

*/s/ Deanna K. Shullman*
Deanna K. Shullman
Shullman Fugate PLLC
Florida Bar No. 514462
2101 Vista Parkway, Suite 5006
West Palm Beach, FL 33411
(561) 429-3619 (Phone)
dshllman@shullmanfugate.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of April 2023, a true and correct copy of the foregoing is being forwarded via electronic service from the Florida Court E-Portal to counsel for Plaintiffs, Christopher T. Beres.

/s/ Deanna K. Shullman
Deanna K. Shullman
Shullman Fugate PLLC
Florida Bar No. 514462

4

Filing # 171192703 E-Filed 04/17/2023 11:11:50 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

                    Plaintiffs,         CASE NO.  05-2023-CA-016793-XXXX-XX

v.                                DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA
and
PORTFOLIO MEDIA, INC.,

                    Defendants.
_____/

<u>MOTION TO REOPEN CASE</u>

       COMES NOW plaintiffs John Doe No. 1 and John Doe No. 2, by their attorney

Christopher T. Beres, Esq., to move to reopen this case and to file an amended complaint.  In

support thereof, plaintiffs state as follows:

       1.     This is an action for defamation.

       2.     After plaintiffs filed this case, defendants published additional defamatory

statements about plaintiffs.  Plaintiffs issued pre-suit notices to defendants regarding the new

defamatory content and informed them that plaintiffs would sue them for defamation in Florida.

       3.     On April 3, 2023, plaintiffs mistakenly filed a notice of voluntary dismissal

without prejudice.  In fact, plaintiffs intended to file an amended complaint adding the additional

defamatory content.

       4.     On April 12, 2023, before the notice of voluntarily dismissal was posted on the

docket, plaintiffs' counsel efiled a letter to the clerk withdrawing it.  See Exhibit A hereto.

1

5.      But unfortunately the next day April 13, 2023, the notice of voluntarily dismissal was posted on the docket.  See Exhibit B hereto.

6.      Plaintiffs wish to proceed with the action amending the complaint to add the additional defamatory material.

7.      There is no prejudice to defendants to our reopening the case since they made multiple filings after the case was closed and reopened the case.

8.      The case has therefore already been reopened.

9.      However, plaintiffs are filing this motion because they also wish to reopen the case.

10.     Plaintiffs filed the motion within 90 days after the case was closed (it has since been reopened by defendants).

Wherefore, it is respectfully requested that the Honorable Court grant plaintiffs' motion to reopen the case.

Dated:        April 17, 2023               /s/Christopher Beres
              Melbourne, Florida           Christopher Beres, Esq.
                                           Florida Bar No. 588261
                                           *Attorney for plaintiffs*
                                           1600 Sarno Road Ste. 1
                                           Melbourne, Florida 32935
                                           (321) 339-9301
                                           christopherberes8@gmail.com

2

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system and to <u>dshullman@shullmanfugate.com</u> and

<u>lizmcnamara@dwt.com</u> and via U.S. mail to Deanna Shullman, Esq., Shullman Fugate PLLC,

2101 Vista Parkway Suite 4006, West Palm Beach, Florida 33411.

Dated:        April 17, 2023              <u>/s/Christopher Beres</u>
              Melbourne, Florida          Christopher Beres, Esq.
                                          Florida Bar No. 588261
                                          *Attorney for plaintiffs*
                                          1600 Samo Road Ste. 1
                                          Melbourne, Florida 32935
                                          (321) 339-9301
                                          <u>christopherberes8@gmail.com</u>

3

**Exhibit A**

*Christopher T. Beres, Esq.*
*1600 Sarno Road Ste. 1*
*Melbourne, FL 32935*
*(321) 339-9301*
*christopherberes8@gmail.com*

Via ECF

April 12, 2023

Brevard County Clerk Of Court
Eighteenth Judicial Circuit in and for Brevard County
51 Nieman Avenue
Melbourne FL 32901

Re:    Withdrawal of pending document (Plaintiffs' notice of voluntary dismissal)

To the Clerk of the Court:

By this letter, the undersigned plaintiffs' counsel hereby withdraws his notice of dismissal of the case *John Doe et al. v. RELX, Inc. et al.*, Case No. 05-2023-CA-016793-XXXX-XX.

This document is still pending review and has not yet been entered on the docket.

Plaintiffs intend to move forward with this action. Defendants are in default of the deadline for filing an answer.

Respectfully,
/s/Christopher T. Beres
Christopher T. Beres
*Attorney for the Plaintiffs*

cc:    All counsel of record (via ECF)

CFN 2023072802, OR BK 9761  Page 2394, Recorded 04/13/2023 at 07:54 AM Rachel M.
Sadoff, Clerk of Courts, Brevard County

**Exhibit B**

Filing # 170166432 E-Filed 04/03/2023 09:33:43 AM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

                  Plaintiffs,        CASE NO.  05-2023-CA-016793-XXXX-XX

v.                        DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA
and
PORTFOLIO MEDIA, INC.,

                  Defendants.
_____/

<u>NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE</u>

    COMES NOW plaintiffs, John Doe No. 1 and John Doe No. 2, by and through their

undersigned counsel, and hereby voluntarily dismiss their complaint without prejudice.

Dated:    April 3, 2023         /s/Christopher Beres
           Melbourne, Florida     Christopher Beres, Esq.
                             Florida Bar No. 588261
                             *Attorney for plaintiffs*
                             1600 Sarno Road Ste. 1
                             Melbourne, Florida 32935
                             (321) 339-9301
                             christopherberes8@gmail.com

1

OR BK 9761 PG 2395

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via email through the e-filing system and to dshullman@shullmanfugate.com and lizmcnamara@dwt.com and via U.S. mail to Deanna Shullman, Esq., Shullman Fugate PLLC, 2101 Vista Parkway Suite 4006, West Palm Beach, Florida 33411.

Dated:        April 3, 2023                    /s/Christopher Beres
              Melbourne, Florida               Christopher Beres, Esq.
                                               Florida Bar No. 588261
                                               *Attorney for plaintiffs*
                                               1600 Sarno Road Ste. 1
                                               Melbourne, Florida 32935
                                               (321) 339-9301
                                               christopherberes8@gmail.com

2

Filing # 171380192 E-Filed 04/19/2023 06:23:49 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

          Plaintiffs,          CASE NO.  05-2023-CA-016793-XXXX-XX

v.                           DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA
and
PORTFOLIO MEDIA, INC.,

          Defendants.
_____/

## OPPOSITION TO & MOTION TO STRIKE MOTION TO DISMISS

Plaintiffs John Doe No. 1 and John Doe No. 2, by their attorney Christopher T. Beres,

Esq., oppose defendants motion to dismiss (Docket No. 12) and state as follows:

1.      This response to defendant's motion to dismiss is being filed because defendants

have reopened the case and plaintiffs have also moved to reopen the case.

I.    *Motion should be stricken because it is in bad faith, cites bad law, and violates Florida law*

2.      Defendants' motion to dismiss should be stricken because 1) it impermissibly

attaches extrinsic documents, including vacated cases and decisions which are a legal *nullity*, 2)

it misrepresents the facts from the United States District Court for the Southern District of

Florida (the "FLSD"), 3) it repeatedly cites and argues bad caselaw to this court, including a

vacated decision in the dismissed case *Beres v. Daily Journal Corporation*, Case # 22-cv-60123

(S.D. Fla. Nov. 23, 2022), and the appeal *Andrew John Delaney v. Daily Journal Corporation*,

Case 22-10788 (11th Cir. 2022), and 4) it was signed and filed by two lawyers who are not

1

admitted to practice law in Florida and who did not, and still do not have, a pending pro hac vice motion and who are engaged in the unauthorized practice of law ("UPL") in Florida in violation of Florida code § 454.23.

3.      Firstly, defendants improperly attached documents to their motion to dismiss. They did not file a motion for the court to take judicial notice of such attachments.  (M.D. p. 4 fn. 3)

4.      Secondly, defendant's motion cites for page after page the *Daily Journal* case and appeal as support for its motion to dismiss.  It quotes the FLSD's March 8, 2022 order and tries to apply it to this case.

5.      However, that decision was *vacated* and is a nullity.  Defendants are misrepresenting authority to this court.

6.      Thirdly, Elizabeth A. McNamara ("McNamara") and Nimra H. Azmi ("Azmi") of Davis Wright Tremaine LLP are not members of the Florida Bar.  They regularly litigate cases with Shullman Fugate PLLC, a Florida law firm, in Florida.  They are effectively practicing law in Florida without a license.

7.      Months have gone by since this case was filed and neither McNamara nor Azmi has made an application for pro hac vice admission in this case.  Yet they *continue* to sign pleadings including the motion to dismiss.

8.      McNamara and Azmi signed the motion to dismiss with an asterisk after their name "*Pro Hac Vice* admission forthcoming."

9.      How can their pro hac vice admission be "forthcoming" when they have even up until now never applied for pro hac vice admission in the first place.

2

10.    Normally, for a short period of time, a non-Florida attorney may sign documents as "pro hac vice *pending*" but that is not the case here.[1]  Neither McNamara nor Azmi has filed a verified motion pursuant to Florida Rule of Judicial Administration 2.510(a).

11.    Moreover, it has still not been "forthcoming".

12.    Their signing the motion as "Admission Forthcoming" also implies that their "admission" will be automatic.  This is probably due to their overuse of pro hac vice privileges for years in Florida.  However, whether or not to admit an out-of-state attorney as pro hac vice counsel in a case lies in the sole discretion of the judge.

13.    Respectfully, the motion should be stricken.

## II.    *Defendants fail to meet the high standard for pre-answer dismissal*

14.    The only question for the trial court in reviewing a motion to dismiss is whether the plaintiff would be entitled to the relief requested, assuming all the allegations in the complaint to be true.  *Malden v. Chase Home Fin., LLC*, 312 So. 3d 553, 555 (Fla. 1st DCA 2021) (citing *Newberry Square Florida Laundromat, LLC v. Jim's Coin Laundry & Dry Cleaners, Inc.*, 296 So. 3d 584, 589 (Fla. 1st DCA 2020)).  It is not for the court to speculate whether the allegations are true or whether the pleader has the ability to prove them.  *Universal Underwriters Ins. Co. v. Body Parts of Am.*, Inc., 228 So. 3d 175, 176 (Fla. 1st DCA 2017) (citations omitted).  In ruling on a motion to dismiss, "'the trial court must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pleaded allegations.'"  *Newberry Square Florida Laundromat, LLC*, 296 So. 3d at 589.

---

[1] The Florida Bar, "Common Questions About Appearing Pro Hac Vice," Florida Bar News, Oct. 27, 2020.  ("If you sent a copy of your Motion to Appear Pro Hac Vice along with the $250 fee to The Florida Bar between January 1, 2010, and March 15, 2013, your PHV number was recently mailed to you at the address on the motion.  *If the case is still pending, you may use the PHV number to access the Portal and file pleadings in that case.*")  (Emphasis added).  https://www.floridabar.org/the-florida-bar-news/common-questions-about-filing-motions-to-appear-pro-hac-vice/

A complaint should not be dismissed for failure to state a cause of action" 'unless the movant can establish beyond any doubt that the claimant could prove no set of facts whatever in support of his claim.'" *Johnson v. Gulf County*, 965 So. 2d 298, 299 (Fla. 1st DCA 2007) (citations omitted).

15.     It is well established that dismissal of a complaint with prejudice is a very severe sanction, to be invoked only when the pleader has failed to state a cause of action, and it is conclusively shown the complaint cannot be amended in such a way as to state a claim. *Meyers v. City of Jacksonville*, 754 So. 2d 198, 202 (Fla. 1st DCA 2000).

16.     Despite these time-tested standards, defendants' motion to dismiss argues facts outside the four corners and attached multiple documentary exhibits.  These are improper under Florida law.  Defendants argue factual matters outside the complaint.

17.     Also, in their motion to dismiss, defendants lack any meaningful rebuttal - particularly at this pre-answer stage, when plaintiffs' allegations must be accepted as true and afforded every possible favorable inference. *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 734-35 (Fla. 2002) (*quoting Hollywood Lakes Section Civic Ass'n, Inc. v. City of Hollywood*, 676 So. 2d 500, 501 (Fla. 4th DCA 1996)).

### III.     *Defendants illegally cite and argue bad caselaw*

18.     For page after page, defendants urge this court to dismiss this case on the basis of a March 8, 2022 decision from the FLSD in the *Daily Journal* case.  (M.D. pp. 6-7)

19.     However, the decision defendants urge this court to follow was *vacated by both the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit") and the FLSD.*  See Exhibit A & B hereto.

4

20.    *A vacated decision is a legal nullity.* This is especially the case where it was vacated by the highest federal court for the State of Florida, the Eleventh Circuit. They know this perfectly well as does any lawyer. Even a paralegal and a first-year law student know how to shepardize a case. If it had been vacated, they would never cite it in a brief, unlike defendants' counsel here.

21.    Defendants' counsel, two of whom are not admitted to the Florida Bar, show no accountability for this fraud on the court. Because they have no proper legal status in this case, this court cannot exercise supervision over their conduct.

22.    The March 8, 2023 *Daily Journal* decision is central to their motion to dismiss. They discuss what happened in that case, quote from the case, and apply that case to this case.

23.    But the truth is the *Daily Journal* case, which anyway has nothing to do with this case, was ordered vacated and dismissed by the Eleventh Circuit *without prejudice* so that plaintiffs could file a new action in state court (the instant action).

24.    Dishonestly, the motion tries to present to this court that the *Daily Journal* decision was not vacated "on the merits" and therefore is good law that should be used in this case.

25.    Defendants' counsel engaged in unprofessional conduct by arguing a vacated case page after page to this court.

26.    In *Azran Miami 2, LLC v. U.S. Bank Tr*, No. 3D20-1712 (Fla. App. 2022), the court criticized the citing by an attorney of a case that had been vacated:

> As a second example of arguments made, or positions taken, frivolously or in bad faith, Mr. Jacobs' Motion quotes from and relies upon- as ostensible support for his legal position - a 2018 trial court order issued in an unrelated case (*Bank of New York Mellon v. Lisa S. Dulberg de Morales*, Circuit Court Case Number 13-808). That order, dated August 10, 2018, granted a motion to impose sanctions upon Bank of New York Mellon and Bank of America. However, less than two weeks later, the trial judge vacated that

sanctions order, and ultimately denied the motion for sanctions after holding a subsequent hearing.[7]  *While it is true that Mr. Jacobs' Motion acknowledges that the August 10, 2018 order in that unrelated case was vacated by the trial court judge, Mr. Jacobs nevertheless fails to explain why he would quote from a vacated order in an unrelated case, or how such a vacated order from an unrelated case is anything more than a legal nullity, much less an order upon which this court should rely as persuasive authority for some legal proposition advanced by him.[8]."*

*Id*. at 13 (Emphasis added).

27.    An attorney has a duty of candor to the tribunal.  *Aquasol Condo. Ass'n, Inc. v. HSBC Bank USA, Nat'l Ass'n*, 312 So.3d 105, 110-111 (Fla. App. 2018) ("See Rule Regulating the Florida Bar 4-3.3(a)(3), which provides that "[a] lawyer shall not knowingly ... fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." *See DiIallo v. Riding Safely, Inc.*, 687 So.2d 353, 355 (Fla. 4th DCA 1997) (observing that "the Rules of Professional Conduct of the Florida Bar require candor toward the tribunal, and a duty of competence.  Rule 4–1.1 and Rule 4-3.3(3) imply a duty to know and disclose to the court adverse legal authority.")  *See also Lieberman v. Lieberman*, 160 So.3d 73 (Fla. 4th DCA 2014) (awarding appellate attorney's fees as a sanction for counsel's failure to acknowledge clear and unambiguous controlling case law directly adverse to his client's position, resulting in unnecessary and protracted litigation.").

*IV.    The motion misrepresents the HC2 decision*

28.    As if citing and arguing a vacated decision were not enough, the motion misquotes a New York court's May 27, 2020 opinion in the case of *HC2, Inc. v. Delaney*.  The motion *deliberately and repeatedly recites judicially disproven allegations against plaintiffs* made by their board member and business partner KTB, while not informing this court about *what the judge actually decided*, which was:

6

> Delaney's lawyer makes the allegation that plaintiff violated Delaney's rights and then states "I hereby grant you seven days from the date of this letter to contact me with your offer to settle this case. If you fail to contact me by this date, I will commence legal action against you without further notice." The evidence is that letter was only given to the plaintiff in this case shortly before the state court complaint was filed and not with the full seven days.  <u>Even then it is a routine demand letter and it's not an extortion. *See U.S. v. Jackson*, 180 F.3d 55, 61, that a claim of right is not an extortion.</u>

(Emphasis added) The motion purposely tries to mislead this court about what the New York judge *actually ruled*. Because otherwise they cannot argue that they did not defame plaintiffs when they accused them of extortion a year after the May 27, 2020 ruling. They knew perfectly well that the *IIC2* judge found that there was no extortion. So in their defamatory articles as well as in their motion to dismiss here, they try to act like there was extortion by not quoting the court's findings and pretending like it did not exist.

29.     It is incredible that almost four years later, defendants' counsel are continuing to lie about plaintiffs in their motion to dismiss.

###### V.     Defendants' articles are not a "fair report"

30.     Defendant's motion argues with the facts in the complaint and contends that the articles were a "fair report" because of the (vacated) *Daily Journal* decision.

31.     This is after ignoring what a federal judge actually ruled in the *IIC2* case and misquoting his opinion.

32.     The articles are not a "fair and accurate report" and contain defamatory statements.

33.     Anyway, this is a matter for the trier of fact to decide.

###### VI.     The motion violates plaintiffs' John Doe status allowed by the court

34.     As they have doing since April 2020, defendants' counsel have been gratuitously exposing the John Doe parties who are protected under Florida law. This shows that they

7

consider themselves to be above the law and also can continue to try to discredit plaintiffs in public.

35.    Their motion to dismiss unilaterally decided in footnote 2: "Defendants' will use Plaintiffs' legal names." (M.D. p. 3)  Defendants' publication was the first to expose the John Does in April 2020, which they did at the behest of their board of advisors member Kasowitz Benson Torres LLP ("KTB"), and which they have continued up until the present.  Defendants' illegal John Doe exposure violated the Eleventh Circuit's policy allowing a plaintiff to proceed anonymously if the plaintiff possesses "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings" and which the Florida court allowed. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)

*VI.    Conclusion*

All of the arguments asserted in defendants' motion to dismiss fail as a matter of law. Two of the motion's signers are engaged in UPL in Florida.  Also, they should also not be rewarded for misrepresenting existing law.  Therefore, the motion should be denied, and the case should proceed to discovery.

Dated:    April 19, 2023          /s/Christopher Beres
          Melbourne, Florida       Christopher Beres, Esq.
                                   Florida Bar No. 588261
                                   *Attorney for plaintiffs*
                                   1600 Sarno Road Ste. 1
                                   Melbourne, Florida 32935
                                   (321) 339-9301
                                   christopherberes8@gmail.com

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system and to dshullman@shullmanfugate.com and

lizmcnamara@dwt.com and via U.S. mail to Deanna Shullman, Esq., Shullman Fugate PLLC,

2101 Vista Parkway Suite 4006, West Palm Beach, Florida 33411.

Dated:     April 19, 2023             /s/Christopher Beres
                  Melbourne, Florida       Christopher Beres, Esq.
                                        Florida Bar No. 588261
                                        *Attorney for plaintiffs*
                                        1600 Sarno Road Ste. 1
                                        Melbourne, Florida 32935
                                        (321) 339-9301
                                        christopherberes8@gmail.com

9

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 13, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 22-10788-GG
Case Style: Andrew John Delaney v. Daily Journal Corporation
District Court Docket No: 0:22-cv-60123-WPD

The enclosed copy of this Court's order of remand is issued as the mandate of this Court.
Counsel and parties are advised that with this order of remand this appeal is concluded. If
further review is to be sought in the future a timely new notice of appeal must be filed.

Clerk's Office Phone Numbers
| | |
|---|---|
| General Information | 404-335-6100 |
| New / Before Briefing Cases | 404-335-6135 |
| Cases in Briefing / After Opinion | 404-335-6130 |
| Cases Set for Oral Argument | 404-335-6141 |
| Capital Cases | 404-335-6200 |
| Attorney Admissions | 404-335-6122 |
| CM/ECF Help Desk | 404-335-6125 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 22-10788-GG

---

ANDREW JOHN DELANEY,

Plaintiff - Appellant,

CHRISTOPHER TENY BERES, et al.,

Plaintiffs,

versus

DAILY JOURNAL CORPORATION,

Defendant - Appellee.

---

Appeal from the United States District Court
for the Southern District of Florida

---

Before: WILSON, JORDAN, and NEWSOM, Circuit Judges.

BY THE COURT:

In light of the responses to the jurisdictional question, we remanded this case to the district court so it could determine in the first instance whether it had subject matter jurisdiction. The district court concluded that, when the complaint was filed, it lacked subject matter jurisdiction. Diversity jurisdiction did not exist because Andrew Delaney was a United States citizen domiciled in the Republic of the Philippines and, thus, was neither a citizen of a State under 28 U.S.C. § 1332(a) nor a citizen or subject of a foreign state. *See* 28 U.S.C. § 1332(a)(1)-(2); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *Molinos Valle Del Cibao, C.*

*por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011) ("U.S. citizens domiciled abroad are neither

'citizens of a State' under § 1332(a) nor 'citizens or subjects of a foreign state' and therefore are

not proper parties to a diversity action in federal court.").

    Because the district court did not have subject matter jurisdiction, the district court's March

7, 2022, final order is VACATED, and we REMAND the case to be dismissed without prejudice.

Any outstanding motions are DENIED as moot.

2

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-cv-60123-WPD

CHRISTOPHER T. BERES
and ANDREW DELANEY,

        Plaintiffs,

v.

DAILY JOURNAL CORPORATION,

        Defendant.

_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    THIS CAUSE is before the Court upon the Mandate of the Eleventh Circuit Court of

Appeals [DE 60], filed herein on February 13, 2023. The Court has carefully considered the

record in this case and is otherwise fully advised in the premises.  The Eleventh Circuit has

vacated the district court's order and remanded this action with instructions to dismiss without

prejudice. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F. 3d 1330, 1341 (11th Cir.

2011); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

    Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.    The above-styled action is hereby **DISMISSED WITHOUT PREJUDICE** for

lack of subject matter jurisdiction; and

    2.    This case shall remain **CLOSED**.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 14th day of

February, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of record

Filing # 171557609 E-Filed 04/21/2023 04:13:41 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

     Plaintiffs,    CASE NO. 05-2023-CA-016793-XXXX-XX

v.           DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA
and
PORTFOLIO MEDIA, INC.,

     Defendants.
_____/

<u>OPPOSITION TO DEFENDANTS' PRO HAC VICE MOTION</u>

  Plaintiffs John Doe No. 1 and John Doe No. 2, by their attorney Christopher T. Beres,

Esq., oppose defendants' motion to appear pro hac vice and state as follows:

  1. After this case was closed, defendants filed a pro hac vice motion for Elizabeth A.

McNamara[1], an attorney not admitted to the Florida Bar.

  2. On April 12, 2023, defendants' counsel Deanna K. Shullman emailed me:

"Please review *the attached proposed order* on Ms. McNamara's pro hac motion, and let me

know if it is ok to submit for entry by the Court. *If you oppose the motion*, please advise so we

can set the matter at the earliest UMC (sic) opportunity." (emphasis added)

  3. However, attorney Shullman only emailed me the proposed order, *not the motion*.

There is no question that this was one of her standard tactics.

  4. Defendants are seeking to have McNamara admitted in a matter that, at least

before they reopened it with their motion for attorneys fees, was supposedly *closed*. This is

_____
[1] McNamara also is subject to a pending sanctions motion.

1

clearly an unlawful attempt to try to make plaintiffs pay for McNamara's and her law firm's legal fees even though she had not previously filed a pro hac vice motion in this case and seemed to be avoiding doing so.

5.    This case was filed on February 21, 2023. *That is almost two months ago.* McNamara *purported to act for defendants in the case* despite the fact that she had not yet been admitted (*or even applied for*) pro hac vice.

6.    Docket 9 which defendants e-filed on March 21, 2023 – one month after this case was filed – and Docket 12 which they e-filed on March 27, 2023 are both purportedly signed by McNamara and Nimra H. Azmi with the asterisk "* *Pro Hac Vice* applications forthcoming."

7.    McNamara's pro hac vice application was hardly "forthcoming". Defendants only filed it *after* the case was closed.

8.    This is not procedurally correct and is an abuse of the rules.

9.    Normally, pro hac vice applications are made at the *beginning of the case.* McNamara has clearly been acting as pro hac vice since day one. There is no reason she could not have applied to the court two months ago.

10.    Also, if pro hac vice counsel are going to sign pleadings and other e-filings in a Florida action, their signature should state "pro hac vice *pending.*" At least there should have been an application *pending.* That was not done here.

11.    Apart from these procedural concerns under Florida law, plaintiffs oppose defendants' pro hac vice motion on the merits.

12.    Pro hac vice is supposed to be a "one-off" application. But McNamara has been pro hac vice in numerous Florida cases, usually with the Shullman Fulgate law office. These

2

include *Klayman v. Portfolio Media, Inc.*, *Trump v. Simon & Schuster, Inc. et al.*, *Miller v. Gizmodo Media Grp., LLC*, and *Berisha v. Lawson*.

13.     McNamara is not a member of the Florida Bar.   The Florida courts have been justifiably sensitive to the issue of non-Florida counsel making multiple pro hac vice appearances.

14.     McNamara is effectively a partner in Shullman Fugate and practicing Florida law. She is engaged in the unauthorized practice of law in Florida.

15.     If McNamara wishes to practice law in Florida, she should take the Florida Bar exam and apply for admission like everyone else.   The admission of attorneys to practice law in this State is a judicial function.   The Florida Bar of Law Examiners is an administrative agency of the Supreme Court of Florida created by the Court to handle matters of bar admission.

16.     Also, McNamara has a history of uncivil and unprofessional behavior toward opposing counsel and the courts that compel the denial of her admission.

17.     Firstly, McNamara does not follow Florida law.   This is demonstrated in her appearing in the case and filing numerous documents before even making a pro hac vice application.   This is to avoid filing fees which is even worse and disrespects the court and its procedures.

18.     Secondly, McNamara has not been civil toward opposing counsel.   She is constantly making up stories such as about the number of emails she sent to plaintiffs' counsel and leaving "messages" with his "answering service" when plaintiffs' counsel only received one email from her and does not even have an answering service.   She will say anything to attempt to

3

discredit opposing counsel while not looking at herself in the mirror.[2]  Also, it is questionable why plaintiffs' counsel should be required to deal with her as counsel in a Florida case when she is not a member of the Florida Bar.

19.    Thirdly, McNamara has displayed a distinct lack of candor toward the court.  She and her local counsel have repeatedly argued bad law to the court, specifically, a ruling by the United States District Court for the Southern District of Florida in the case *Beres v. Daily Journal Corporation* which was *vacated* by the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit").  Even a paralegal or a first year law student knows how to shepardize a case to see if it has been overturned or vacated.  But McNamara and defendants' local counsel argued page after page in multiple filings - including their frivolous motion for "attorneys fees" - why this court should rely on that bad authority.  If anyone wasted the court's and opposing counsel's time with fraudulent and completely bad faith arguments, it was defendants and their proposed "pro hac vice counsel".

20.    Fourthly, if McNamara proposes to be admitted in this case, she should show respect for the Eleventh Circuit, which is the *highest* federal court for the State of Florida.  Instead, she showed her complete contempt for it by ignoring its *vacatur* of the decision she keeps citing in court papers here and which she would have this court rely on (*Beres v. Daily Journal Corporation*).  See the Eleventh Circuit's order in *Andrew John Delaney v. Daily Journal Corporation*, 22-10788-GG (11th Cir. 2022) attached herewith *vacating* the case McNamara and defendants' counsel keep insisting this honorable court should rely on.

---

[2] It is no accident that McNamara's client published two *new* defamatory articles about plaintiffs after this case was filed to try to make them look bad and to pressure them to drop the case.  This was done on March 6, 2023 and March 24, 2023 respectively.

21.    Finally, plaintiffs are gravely concerned about the applicant's association with the local counsel in this case, who has made too many pro hac vice applications for McNamara and who is not suitable to sponsor her application.

22.    In 2014, Shullman made a name for herself but did no service to the Florida Bar with her statement to the judge in court:  "My client's have no interest in seeing Mr. [Justin] Bieber's penis."  Bieber's Florida attorney stated: "I find the argument to be insulting and demeaning of the court."[3]

23.    In previous dealings with them, defendants' counsel have been extremely uncivil and insist that "they know" what the judge wants and that everything has to be done their way.


Wherefore, plaintiffs' counsel respectfully opposes defendants' pro hac vice application and requests that it be denied.

Dated:    April 21, 2023            /s/Christopher Beres
          Melbourne, Florida        Christopher Beres, Esq.
                                    Florida Bar No. 588261
                                    *Attorney for plaintiffs*
                                    1600 Sarno Road Ste. 1
                                    Melbourne, Florida 32935
                                    (321) 339-9301
                                    christopherberes8@gmail.com

---

[3] James Robertson, "Justin Bieber 'rejects plea deal over random drug testing demands in fear of repeatedly violating probation'," The Daily Record , Feb. 23, 2014.
https://www.dailyrecord.co.uk/entertainment/justin-bieber-jail-singer-rejects-3175573

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system and to dshullman@shullmanfugate.com and

lizmcnamara@dwt.com and via U.S. mail to Deanna Shullman, Esq., Shullman Fugate PLLC,

2101 Vista Parkway Suite 4006, West Palm Beach, Florida 33411.

Dated:        April 21, 2023              /s/Christopher Beres
              Melbourne, Florida          Christopher Beres, Esq.
                                          Florida Bar No. 588261
                                          *Attorney for plaintiffs*
                                          1600 Sarno Road Ste. 1
                                          Melbourne, Florida 32935
                                          (321) 339-9301
                                          christopherberes8@gmail.com

6

Filing # 172326223 E-Filed 05/03/2023 10:31:48 AM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

     Plaintiffs,    CASE NO.  05-2023-CA-016793-XXXX-XX

v.           DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA  The Honorable Michelle Naberhaus
and
PORTFOLIO MEDIA, INC.,

     Defendants.
_____/

### *Opposition to Defendants' Motion for Attorneys' Fees and Costs*

  Plaintiffs John Doe No. 1 and John Doe No. 2, by and through their attorney Christopher

Beres, Esq., oppose defendants RELX, Inc. d/b/a LexisNexis USA and Portfolio Media, Inc.'s

("PMI") motion for attorneys' fees and costs dated April 11, 2023, and in support thereof state as

follows:

  1.  Defendants have no right to attorneys' fees and costs pursuant to Fla. Stat. §

768.295.

  2.  Just last month, the Chief Justice Carlos G. Muñiz  of the Florida Supreme Court

opined that the anti-SLAPP statute "doesn't make sense.... The whole concept, that you're

immune from a meritless suit.  As a concept the immunity thing just doesn't seem to fit."[1] *In re*

*Amendments to Florida Rule of Appellate Procedure 9.130*, Fla., No. SC22-1084 (April 2023).

  3.  This lawsuit is not a SLAPP suit.  It is a legitimate lawsuit based on defendants'

*years* of well-documented libel of plaintiffs.

---

[1] https://news.bloomberglaw.com/litigation/florida-justices-skeptical-of-shield-against-defamation-lawsuits

1

4.    As the complaint clearly shows, Defendants have published *multiple* stories falsely accusing plaintiffs of extortion, blackmail, dishonesty, and other crimes and having been sued when they have not been.

5.    As plaintiffs are both attorneys, this is libel per se and has caused them damages.

6.    **Defendants do not have a constitutional right to defame plaintiffs. Such defamatory speech is outside of First Amendment protection.**

7.    After defaming plaintiffs for years, defendants, a $63.2 billion corporation, now falsely claim that plaintiffs' lawsuit against them is designed to "punish" them.

8.    The truth is that defendants are part of a defamatory campaign against plaintiffs by plaintiffs' litigation adversary Toyota Motor Corporation's ("Toyota") law firms some of whom are members of defendants' editorial board.

9.    John Doe No. 1 is a local lawyer in Brevard County where he has practiced for over 20 years as a state attorney, a public defender, and a private practice attorney in good standing. Defendant's lies about him have caused him to be subject to public contempt, hatred, ridicule, aversion, and disgrace in this community. It is the exercise of his legal rights for him to sue them for defamation.

10.    Plaintiffs filed this case on February 21, 2023. As soon as they filed this good faith defamation case against defendants, **defendants started publishing *additional* defamatory content about them.**

11.    On March 7, 2023, defendants' Law360 newspaper published a front page article "Fla. Atty Denies Attempt To Extort Toyota, WilmerHale." See Exhibit A attached hereto. *Defendants' new defamation against plaintiffs falsely suggested that John Doe No. 1 had been*

2

*sued for extortion when in fact he is the plaintiff.* The undersigned mailed defendants a *second* pre-suit notice pursuant to Fla. Stat. S770.01.

12.     On March 24, 2023, defendants' Law360 published a front page article about John Doe No. 2 "Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld." See Exhibit B attached hereto. *The article was planted by defendants to defame John Doe No. 2 while this case is pending.* The undersigned mailed defendants a *third* pre-suit notice pursuant to Fla. Stat. S770.01.

13.     Plaintiffs needed to amend the complaint to reflect the new defamatory material.

14.     **Defendants are not the prevailing party with respect to any issue.** To be a prevailing party, the victor must have significantly litigated the issue upon which it won, and not won by mere technicality.

15.     The uncontested facts of this case unquestionably establish that plaintiffs' suit is meritorious and should proceed.

16.     Before filing this case, plaintiffs requested defendants to remove the defamatory content and called PMI's general counsel Robert Polsky, Esq. to try to settle the case. He did not even have the basic courtesy of returning plaintiffs' counsel's calls.

17.     **Finally, the filing of this motion by defendants who wrote that John Doe No. 2 is a "Bankrupt Attorney" is a willful violation of federal law, the automatic stay. 11 U.S.C. § 362** Defendants' and their lawyers' actions in doing so are highly unlawful and sanctionable.

*Conclusion*

Defendants' motion is frivolous, especially in light of their new defamation of plaintiffs after this case was filed and which has been added to plaintiffs' amended complaint.

3

WHEREFORE, plaintiffs respectfully request the court to deny defendants' motion and to award plaintiffs attorney's fees for having to defend against this frivolous motion brought in violation of 11 U.S.C. § 362 and the policy of the Florida Supreme Court.

| | | |
|---|---|---|
| Dated: | May 3, 2023 | /s/Christopher Beres |
| | Melbourne, Florida | Christopher Beres, Esq. |
| | | Florida Bar No. 588261 |
| | | *Attorney for plaintiffs* |
| | | 1600 Sarno Road Ste. 1 |
| | | Melbourne, Florida 32935 |
| | | (321) 339-9301 |
| | | christopherberes8@gmail.com |

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system and to dshullman@shullmanfugate.com and

mminchin@shullmanfugate.com.

Dated:      May 3, 2023                    /s/Christopher Beres
            Melbourne, Florida             Christopher Beres, Esq.
                                           Florida Bar No. 588261
                                           *Attorney for plaintiffs*
                                           1600 Sarno Road Ste. 1
                                           Melbourne, Florida 32935
                                           (321) 339-9301
                                           christopherberes8@gmail.com

5

Fla. Atty Denies Attempt To Extort Toyota, WilmerHale - Law360    Exhibit A



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Fla. Atty Denies Attempt To Extort Toyota, WilmerHale

By David Minsky

Law360 (March 6, 2023, 4:44 PM EST) -- A Florida attorney has denied trying to extort Toyota Motor Corp. and its law firm, WilmerHale, over alleged wrongful termination of his client, saying accusations of demanding $450,000 and threats to disclose confidential information that were revealed in a state court lawsuit are defamatory.

In a **suit filed Friday** in Palm Beach County, attorney Christopher Beres alleged defamation against Toyota and several other parties, saying he never tried to extort the companies and that they lied about the contents of a letter sent to Toyota's chief executive officer and board of directors in filings related to a separate lawsuit.

"None of the above contents was ever true," Beres said in his suit. "Plaintiff never demanded $450,000 from Toyota. It isn't in plaintiff's letter. He never threatened 'disclosure of [Toyota]'s privileged and confidential information.' ... The defamatory content about plaintiff spread like a disease including on social media and in other publications."

In his complaint, Beres said the defendants defamed him over a period of a year through a series of statements published in court documents and news articles regarding his client, who was a contract attorney involved in a project reviewing confidential documents for Toyota. Beres alleged the client was terminated from the project in 2020 over COVID-19 safety concerns during the pandemic.

While Beres' client is listed as a John Doe in the suit, web links to online articles identify the client as Andrew Delaney, who previously worked for staffing company HC2 Inc., also known as Hire Counsel. Delaney was hired as a Thai-language reviewer for WilmerHale on the Toyota project.

HC2 accused Delaney of breach of contract **in a 2020 suit** filed in New York federal court, seeking to prevent him from disclosing confidential information, including attorney-client information, obtained over the course of reviewing Toyota's documents.

In HC2's suit, the company said the project was suspended due to the increasing COVID-19 infections. HC2 said Delaney was disgruntled because he wanted to continue with the project, but instead manufactured a complaint that he was terminated from the project for raising pandemic-related concerns.

According to the staffing company, Delaney hired Beres to send a letter to Toyota demanding to be paid $450,000 or they would initiate legal action and disclose confidential information. The company didn't capitulate, according to HC2, and a state court complaint followed days later. A suit was initiated by a John Doe in April 2020 against Toyota in Brevard County, Florida, and its complaint remains sealed, records show.

In a footnote in his complaint, Beres said a federal judge in HC2's suit against Delany ruled the letter sent to Toyota was simply a **"routine demand letter"** and "not an extortion."

In addition, Beres accused the defendants of defaming his client in bankruptcy proceedings, saying they lied to his client's Chapter 7 trustee that his client "is appealing a judgment entered against him for extorting his prior employer."

"Plaintiff has been a member of the Florida Bar in good standing for over 20 years," Beres said in his complaint. "The damage to plaintiff's reputation does not have to be imagined. Defendants' false and libelous statements, when considered alone and without innuendo, have a) negatively impacted plaintiff's trustworthiness and character and b) caused plaintiff to be subject to disgust,

ridicule, contempt, and disgrace ... South Florida has a population of over 9.3 million people, thus making the defamatory statements in this venue significant."

Beres and the defendants listed in the suit — Toyota, WilmerHale, Kasowitz Benson Torres LLP and Stephanos Zannikos — did not immediately respond Monday to requests for comment.

Christopher Beres is representing himself.

Counsel information for the defendants could not be determined Monday.

The case is Christopher Beres v. Toyota Motor Corp. et al., case number 502023CA001936XXXXMB, in the Fifteenth Judicial Circuit Court of the State of Florida.

The Brevard County case is John Doe v. Toyota Motor North America Inc., case number 05-2020-CA-024281, in the Eighteenth Judicial Circuit Court of the State of Florida.

--Editing by Lakshna Mehta.

All Content © 2003-2023, Portfolio Media, Inc.



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld

By Vince Sullivan

Law360 (March 24, 2023, 4:25 PM EDT) -- A New York federal judge refused to undo a $12,500 settlement between law firm Sullivan & Cromwell LLP and the Chapter 7 trustee in the bankruptcy case of an attorney, saying the deal was reasonable since the debtor himself had valued legal claims against the firm as worthless.

In an opinion from U.S. District Judge Ann M. Donnelly issued March 20, the court dealt with a handful of appeals by debtor Andrew Delaney over decisions made by a bankruptcy judge about settlements of legal claims in Delaney's Chapter 7 case, which was filed in December 2020.

Delaney, formerly with Skadden Arps Slate Meagher & Flom LLP, had argued the bankruptcy court was wrong to approve the $12,500 deal the Chapter 7 trustee reached with Sullivan & Cromwell over Delaney's litigation against the firm involving the undoing of a $56 million arbitration award for Delaney's then-clients Thai-Lao Lignite Co. Ltd. and Hongsa Lignite (Lao PDR) Co. Ltd. in 2009 following a dispute over a soured development deal for a coal-fired power plant.

In his appeal, Delaney said his $13.5 million suit against Sullivan & Cromwell was clearly worth more than the $12,500 settlement amount the Chapter 7 trustee accepted.

But Judge Donnelly determined the bankruptcy court was correct to approve the deal because of Delaney's own sworn statements and legal filings that valued the litigation at $0.

"The trustee was entitled to rely on the debtor's statement that the case had zero value, in part because of the serious standing and statute-of-limitations issues that would have likely precluded any recovery," the opinion said.

Delaney himself used the "big problems of statute of limitations and standing" to support his initial position that the claims were worthless, the opinion said.

"Only after the trustee secured the settlement did the debtor claim that it was unreasonably small," Judge Donnelly wrote. "The bankruptcy court 'did not err in relying on the face of [a debtor's] bankruptcy schedules,' and the debtor 'cannot complain that the bankruptcy judge accepted [his] own representations in [his] bankruptcy petition.'"

The settlement had additional value over and above the $12,500 payment, the opinion said, because Sullivan & Cromwell waived its own claims for sanctions against Delaney for bringing a frivolous lawsuit, which Judge Donnelly said streamlined the bankruptcy case and helped maximize value for Delaney's creditors.

Representatives for Delaney, Chapter 7 trustee Gregory Messer and Sullivan & Cromwell could not immediately be reached Friday for comment.

Delaney filed the New York state court lawsuit in December 2019, **accusing** Sullivan & Cromwell of "tortiously, unlawfully and unethically" accepting an appointment as chairman of the underlying arbitration involving Thai-Lao Lignite, Hongsa Lignite and the government of Laos that resulted in a $56.2 million award favoring the claimants, only to then turn around and represent the Laotian government to oppose enforcement of the award.

Delaney said he represented Thai-Lao Lignite and Hongsa Lignite from 1992 until 1994, eventually negotiating an agreement with the Laotian government to construct an 1,800-megawatt lignite-fired power plant in the country. After the Laotian government terminated the project in 2006, Delaney advised Thai-Lao Lignite and Hongsa Lignite in connection with the filing

of arbitration in Malaysia against Laos, the suit says.

Delaney says he inked a contingency fee arrangement with Thai-Lao Lignite and Hongsa Lignite at that time, under which he would receive a percentage of any eventual award. Then-Sullivan & Cromwell partner James Carter was selected by the parties to lead the tribunal.

The tribunal awarded Thai-Lao Lignite and Hongsa Lignite $56.2 million in November 2009, including a $1 million award of legal fees, which Delaney says would have been partially used to pay his fees.

But the Laotian government resisted enforcement, and the award was eventually set aside in Malaysia after a court concluded the tribunal had wrongly exceeded its jurisdiction.

It was only after that ruling that Delaney says he learned that Sullivan & Cromwell had been representing the Bank of the Lao People's Democratic Republic, the country's central bank, in enforcement proceedings relating to the award in the U.S. and the U.K.

Delaney is representing himself pro se.

Chapter 7 trustee Gregory Messer is represented by Gary F. Herbst and Cristina M. Lipan of LaMonica Herbst & Maniscalco LLP.

The case is Delaney v. Messer, case number 1:22-cv-01664, in the U.S. District Court for the Eastern District of New York. The underlying bankruptcy case is In re: Andrew Delaney, case number 1:20-bk-44372, in the U.S. Bankruptcy Court for the Eastern District of New York.

--Additional reporting by Caroline Simson. Editing by Jill Coffey.

All Content © 2003-2023, Portfolio Media, Inc.

Filing # 172625934 E-Filed 05/08/2023 11:08:17 AM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

                Plaintiffs,           CASE NO.  05-2023-CA-016793-XXXX-XX

v.                                   DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA
and
PORTFOLIO MEDIA, INC.,

                Defendants.

_____/

## AMENDED COMPLAINT FOR DEFAMATION

      Plaintiffs, John Doe No. 1 ("John Doe No. 1") and John Doe No. 2 ("John Doe No. 2"),

by and through the undersigned counsel, hereby sue RELX, Inc. d/b/a LexisNexis USA

("RELX") and Portfolio Media, Inc. ("PMI") for defamation for making false and damaging

statements about them, and further allege as follows:

### NATURE OF THE ACTION

      1.     This is an action for defamation. **This complaint had to be amended to add two**

**new defamatory articles about plaintiffs which defendants published about them.**

### JURISDICTION AND VENUE

      2.     This action seeks damages in excess of $50,000, exclusive of interest and costs.

      3.     This court has jurisdiction pursuant to the provisions of Chapter 501, Part 11, Fla.

Stat. The acts or practices alleged herein occurred in the conduct of "trade or commerce" as

defined in § 501.203(8), Fla. Stat.

      4.     Venue is proper in this court for the following reasons:

1

a) The tort which is the basis of this lawsuit was committed in central Florida in addition to all over the world. Central Florida has a population of over 8 million people, thus making the alleged defamatory statements in this venue significant.

b) The statutory violations alleged herein occurred within Brevard County, and

c) John Doe No. 1 is a resident of Brevard County and maintains his professional office in Brevard County.

d) Venue is further proper because defendants have and/or continue to regularly conduct business in Florida. RELX is registered with the Division of Corporations, Florida Secretary of State. RELX maintains offices in Boca Raton, Fort Lauderdale, Miami, Orlando, and Temple Terrace. Its Orlando office is located at 1211 Lee Road Ste. 209, Orlando, Florida 32810. Law360 has a section "Florida : Law360 : Legal News & Analysis https://www.law360.com > florida Legal news and analysis on Florida litigation, policy, deals." as well as a publication "Florida Pulse" and has reporters based in Florida.

5. Defendants are liable to personal jurisdiction under Florida's long-arm statute Fla. Stat. § 48.193 (2017) because they defamed plaintiffs in the State of Florida. Several persons in the State of Florida, including members of the Florida Bar, accessed the articles in Law360 in the State of Florida. EXHIBIT A. The material was accessed-thus-published in Florida. Defendants have transacted business and engaged in tortious conduct, by affirmative act or omission, in the State of Florida such that they reasonably anticipated being subject to personal jurisdiction before the courts of this State. Defendants have also transacted business and engaged in tortious conduct, by affirmative act or omission, outside of the State of Florida whereby they reasonably anticipated that injury would result and has, in fact, resulted upon persons within the State of Florida. As such, this Court has personal jurisdiction over defendants

2

pursuant to Fla. Stat. §§ 48.193(1)(a)(2) and 48.193(1)(a)(6). Defendants are subject to personal

jurisdiction in this Court under Fla. Stat. §§ 48.193(1)(a), 48.193(1)(b), and 48.193(2) because

they (i) operate, conduct, engage in, or carry on businesses or business ventures within the State

of Florida; (2) have committed tortious acts within the State of Florida as alleged herein; and/or

(iii) engage in substantial and not isolated activity within the State of Florida.

6.      All other conditions precedent to this action have been performed, excused,

satisfied, or waived.

PARTIES

7.      Plaintiff John Doe No. 1 is citizen of Florida residing in Brevard County.

8.      Plaintiff John Doe No. 2 is a United States citizen domiciled in the Republic of

the Philippines.

9.      Defendant RELX is a Massachusetts corporation with its principal place of

business in New York, New York. RELX owns PMI, which publishes "Law360", a legal news

service distributed throughout Florida.

10.     Defendant PMI is a New York domestic business corporation with its principal

place of business in New York, New York.

11.     The events which gave rise to this Complaint occurred in Brevard County and as

such Brevard County is the proper venue for this action.

COUNT I
DEFAMATION (SLANDER AND LIBEL)

12.     Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs.

13.     This Court has personal jurisdiction over defendants under the Florida long-arm

statute § 48.193(1)(b).

3

14.     Prior to the filing of this lawsuit, Tino Gonzalez, Esq., Dennis Fairbanks, Esq.,
Maria Morton, and others, all Florida citizens and residents, accessed the articles in the State of
Florida, opened them, and read them.  Messrs. Gonzalez and Fairbanks are both members of the
Florida Bar.  They all said the articles defamed plaintiffs.

15.     John Doe No. 1 has been a member of the Florida Bar in good standing for over
20 years.  He is a professional of high repute.

16.     John Doe No. 2 was John Doe No. 1's client.

17.     On April 15, 2020, John Doe No. 1 sued Toyota Motor Corporation and Toyota
Motor North America, Inc. (collectively, "Toyota") and Akio Toyoda on behalf of John Doe No.
2 in the Florida Eighteenth Judicial Circuit Court.  *John Doe v. Toyota Motor Corporation et al.*,
No. 05-2020-CA-024281 (Fla. 18th Cir. Ct. filed on April 15, 2020).

18.     On April 22, 2020, in order to preempt an employment and public health lawsuit
which they knew was coming against them in Brevard County, Toyota and its law firm, Wilmer,
Cutler, Pickering, Hale and Dorr LLP ("Wilmer Hale"), had their job agency, HC2, Inc.
("HC2"), sue John Doe No. 2 in the United States District Court for the Southern District of New
York ("SDNY") seeking an ex parte temporary restraining order ("TRO") and a preliminary
injunction ("PI") and asserting only two claims for 1) breach of contract and 2) faithless servant
doctrine.  *HC2, Inc. v. Delaney*, 1:20- cv-03178 (S.D.N.Y. filed on April 20, 2020) (Liman, J.).

19.     On April 22, 2020, the Honorable Lewis J. Liman denied HC2's ex parte TRO
motion.

20.     On May 27, 2020, Judge Liman also denied HC2's application for a PI.

21.     In rejecting the PI, Judge Liman issued an order referring to John Doe No. 2's
"lawyer" (John Doe No. 1) and ruled that John Doe No. 1's April 7, 2020 employment demand

4

letter to Akio Toyoda, Chairman of Toyota Motor Corporation, was "a routine demand letter" and "it's not an extortion". EXHIBIT B. The judge held that John Doe No. 1 was merely exercising his and his client's rights under the law:

> [John Doe No. 2]'s lawyer [John Doe No. 1] makes the allegation that plaintiff violated [John Doe No. 2]'s rights and then states "I hereby grant you seven days from the date of this letter to contact me with your offer to settle this case. If you fail to contact me by this date, T will commence legal action against you without further notice." The evidence is that letter was only given to the plaintiff in this case shortly before the state court complaint was filed and not with the full seven days. Even then it is a routine demand letter and it's not an extortion. *See U.S. v. Jackson*, 180 F.3d 55, 61, that a claim of right is not an extortion.

(emphasis added) Judge Liman further held that the information in that case was of no value to anyone and were not trade secrets:

> Number two, there has been no showing that any information [John Doe No. 2] has is of any commercial value to any third party or that there would be any benefit to [John Doe No. 2] from disclosing that information. The only value the information apparently has -- at least in [John Doe No. 2]'s mind -- is as evidence in support of his claim against HC2.

(emphasis added) Since any information was judicially determined to have no value, it would not have been possible to use it to "blackmail" Toyota.

22.    Judge Liman read the order out loud in open court at a public hearing at which reporters, including a reporter from Law360, attended.

23.    Defendants' Law360 has falsely and libelously written that plaintiffs have been accused of[1] crimes and are being sued for crimes. Defendants published that plaintiffs were accused of and were being sued for extortion, blackmail, a shakedown[2], and stealing. Its headlines refer to the case as the "Extortion Case" or "Blackmail Suit". Their whole purpose was to portray plaintiffs - attorneys in good standing for years - as criminals and persons being

---

[1] The dictionary states that "An accusation is a claim that someone is guilty of a crime or offense."
[2] "Shakedown" is defined as "an act or instance of shaking someone down especially : extortion."

accused of and sued for crimes. However, these criminal terms or causes of action are not contained in the SDNY complaint. The articles in question are not a "fair report".

24.     In 2021, 2022, and 2023, defendants recently published six defamatory articles about plaintiffs. Two articles refer to John Doe No. 1 by name and the others are linked to news reports naming him. See, e.g., "Ex-WilmerHale Temp Says White House Atty Lied For Toyota" (February 18, 2021) and "Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case" (February 24, 2021).

25.     Defendants made a series of false and defamatory statements which were made to third parties, including readers in Florida, since they are and were available on the worldwide web.

26.     All of the written statements include asserted statements of fact.

27.     All of the statements concerned plaintiffs, who are private parties.

28.     The asserted statements of fact, including those set out below, are false.

29.     The 10 defamatory written statements contained in the six articles from 2021-2023 are organized chronologically below starting on February 24, 2021 as follows:

1. "Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case"
February 24, 2021

30.     The **first written statement** at issue is "Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case."

31.     The written statement is false because John Doe No. 2 was never employed by Wilmer Hale.

6

32.     The **second written statement** at issue is: "Hire Counsel then immediately outed [John Doe No. 2] as the John Doe in Florida by way of a Manhattan federal suit that accused him of stealing confidential information and extortion. That case is pending."

33.     The written statement is false and defamatory because the Manhattan federal lawsuit only sued him for breach of contract and faithless servant which are civil claims. Stealing confidential information and extortion are crimes in New York State. There is no civil extortion in New York.

### 2. "Ex-WilmerHale Temp Moves To DQ Judge In Employment Case"

### December 20, 2021

34.     The **third written statement** at issue is: "A former WilmerHale document reviewer said U.S. District Judge Lewis J. Liman should be disqualified from overseeing a Southern District of New York suit that accuses him of extorting his former law firm because of the judge's alleged previous employment there."

35.     The written statement is false and defamatory because 1) Wilmer Hale was not John Doe No. 2's "former law firm" and 2) John Doe No. 2 was sued for breach of contract, not extortion, which is a crime in New York, and 3) he was sued by Toyota, not Wilmer Hale.

### 3. "Agency Pans Ex-Wilmer Hale Temp's DQ Bid In Extortion Case"

### January 4, 2022

36.     The **fourth written statement** at issue is "Agency Pans Ex-WilmerHale Temp's DQ Bid In Extortion Case."

7

37.     The written statement is false defamatory because John Doe No. 2 was not an "Ex-Wilmer Hale Temp" and was not sued for extortion.

38.     The **fifth written statement** at issue is "HC2 sued [John Doe No. 2], who'd worked on a Toyota matter as a Thai language reviewer for WilmerHale via a staffing agency, for allegedly trying to extort $450,000 from the company, WilmerHale and the car maker, and for allegedly revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up."

39.     The written statement is false and defamatory because John Doe No. 2 was not sued for extortion and was more specifically not accused of trying to extort Wilmer Hale.

### 4. "Court Rejects Recusal Bid In WilmerHale Extortion Suit"

### January 6, 2022

40.     The **sixth written statement** at issue is "Court Rejects Recusal Bid in WilmerHale Extortion Suit."

41.     The written statement is false and defamatory because it clearly implies that Wilmer Hale sued John Doe No. 2 for extortion.  For a lawyer to be sued by his supposed "former law firm" is a serious – and false – accusation which implies breach of fiduciary duty in addition to being unethical.

42.     The **seventh written statement** at issue is:  "A New York federal district court said Thursday that it would not recuse itself in a suit against a former WilmerHale document reviewer that accuses him of extorting the law firm…."

43.     The written statement is false and defamatory because John Doe No. 1 was not accused of extorting the said law firm.

8

44.    After this case was filed on February 21, 2023, defendants published **two new and additional defamatory articles** about plaintiffs. This required plaintiffs to have to amend the complaint in this action.

### 5. "Fla. Atty Denies Attempt to Extort Toyota, Wilmer Hale"

### March 6, 2023

45.    The **eighth written statement** at issue is "Fla. Atty Denies Attempt to Extort Toyota, Wilmer Hale".

46.    The written statement is false and defamatory toward John Doe No. 1 since it implies that Toyota and Wilmer Hale sued him for extortion. It is the opposite of the truth. John Doe No. 1 was the one who sued Toyota and Wilmer Hale. John Doe No. 1 has never done any of the acts implied by defendants.

47.    The **ninth written statement** at issue is: "A Florida attorney has denied trying to extort Toyota Motor Corp. and its law firm, WilmerHale, over alleged wrongful termination of his client, saying accusations of demanding $450,000 and threats to disclose confidential information that were revealed in a state court lawsuit were false and defamatory."

48.    The written statement is false and defamatory because it falsely implies that John Doe No. 1 was sued by Toyota and Wilmer Hale and that he denied their "accusations" against him.

### 6. "Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld"

### March 24, 2023

49.     The **tenth written statement** at issue is "Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld."

50.     The written statement is false and defamatory because John Doe No. 2 is not a "Bankrupt Atty" since he has not been declared bankrupt and filed a motion to voluntarily dismiss the petition.

51.     The persons receiving the written statements, including readers in Brevard County, Florida, understood them to be defamatory.

52.     Defendants knew the statements were false and/or made these statements with reckless disregard for their truth.

53.     Defendants acted with actual malice in making each of the above-described written statements.

54.     In addition, with respect to each of the above-described written statements, defendants negligently failed to recognize that the statements were false.  Defendants failed to exercise due care to determine whether the statements were true before making each of them.

55.     Defendants' written statements, together and individually, have caused actual injury to plaintiffs' reputations and professions.

56.     Such conduct is in direct violation of law and outside First Amendment protection.

57.     Defendants' statements were not privileged.

58.     Defendants' false and libelous statements, when considered alone and without innuendo, have a) negatively impacted plaintiffs' trustworthiness and character and b) caused plaintiffs to be subject to disgust, ridicule, contempt, and disgrace.

10

59.    No client or employer would ever hire a lawyer or individual who is accused of and/or being sued for crimes.

60.    Accordingly, plaintiffs seek nominal and compensatory damages from defendants for their defamatory statements in an amount to be proven at trial.

61.    Plaintiffs further seek special damages

62.    Plaintiffs further seek punitive damages.

<u>COUNT II</u>
<u>LIBEL PER SE</u>

63.    Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs.

64.    Defendants' statements are libel per se because a) they charge plaintiffs with morally reprehensible crimes (extortion and theft) and/or b) they tend to injure another in his trade, business, or profession.

65.    Defendants' false statements about plaintiffs were published at least with negligence.

66.    Defendants sought to gain financially and in terms of increased readership by publishing untrue statements about plaintiffs.

67.    Plaintiffs have been damaged by these false statements because the statements subjected plaintiffs to hatred, distrust, ridicule, contempt, and disgrace.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiffs demand:

(1)    nominal and compensatory damages in an amount to be proven at trial;

(2)    special damages in an amount to be proven at trial;

(3)    punitive damages in an amount to be proven at trial; and

11

(4)    such other and further relief, whether at law or in equity, that this Court deems

just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a jury trial in this action for all the claims so triable.

Dated:        May 8, 2023                     /s/Christopher Beres
              Melbourne, Florida              Christopher Beres, Esq.
                                              Florida Bar No. 588261
                                              *Attorney for plaintiffs*
                                              1600 Sarno Road Ste. 1
                                              Melbourne, Florida 32935
                                              (321) 339-9301
                                              christopherberes8@gmail.com

12

<u>CERTIFICATE OF COMPLIANCE</u>

I HEREBY CERTIFY that plaintiffs have complied with the pre-suit notice requirement of Fla. Stat. § 770.01.

Dated: May 8, 2023                                    <u>/s/Christopher Beres</u>
                                                      Christopher T. Beres, Esq.

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system and to dshullman@shullmanfugate.com.

| | | |
|---|---|---|
| Dated: | May 8, 2023<br>Melbourne, Florida | /s/Christopher Beres<br>Christopher Beres, Esq.<br>Florida Bar No. 588261<br>*Attorney for plaintiffs*<br>1600 Sarno Road Ste. 1<br>Melbourne, Florida 32935<br>(321) 339-9301<br>christopherberes8@gmail.com |

14

Exhibit A

# Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case

*By Frank G. Runyeon*

Law360 (February 24, 2021, 6:53 PM EST) -- A Florida state judge on Monday declined to unseal allegations of corruption leveled against Toyota by an ex-WilmerHale temp who worked on an internal document review project related to the automaker's operations in Thailand.

Judge Curt Jacobus found that a motion filed by nonparty Luca Roveda, a self-described "member of the press" in Thailand, seeking to vacate the court's previous sealing order would need to be thrown out and refiled. According to the judge, Roveda's attorney Tino Gonzales was still technically counsel for former BigLaw attorney and WilmerHale temp Andrew Delaney, the "John Doe" plaintiff in the case.

"You are still representing Mr. Doe in that case, and now you've filed a bunch of stuff in here on behalf of the nonparty," Judge Jacobus said, according to a rough transcript and video of the hearing. "We're not going to go forward anymore with that, with this motion, until that gets squared away."

Gonzales told the judge he had filed a notice of withdrawal as Delaney's counsel but admitted he hadn't actually spoken to Roveda. In his defense, he noted that his new client was "half a world away" in Thailand.

"I understand," the judge said, but "that concerns the court right now."

"We are pleased that the court denied the motion to vacate the previous sealing order," a Toyota spokesperson said in a statement. "The order in place continues to appropriately protect Toyota's attorney-client privileged information from public disclosure."

Delaney's lawsuit, filed last April but quickly sealed, accuses Toyota of hiding allegedly corrupt practices in Thailand, including concealing defects in some of its car models. Toyota denies those allegations.

Delaney says former WilmerHale counsel Michael Posada — now a White House associate counsel — lied under oath during a sealed hearing in December by feigning ignorance of the corruption claims that Delaney says triggered an internal Foreign Corrupt Practices Act investigation Posada oversaw. Toyota says that Posada, who is not named as a defendant in the case, acted appropriately.

Delaney and Roveda sent out a raft of subpoenas demanding Posada and three other former WilmerHale attorneys now working in the White House appear at the hearing alongside the CEO and general counsel for Toyota North America. None appeared at Monday's hearing.

Toyota said the subpoenas were never issued by the court, and that Delaney's attorney Christopher Beres had not asked the court to do so. The company filed a motion to quash the subpoenas as defective, but the judge had not ruled on that request as of Wednesday.

Beres insisted the subpoenas were validly issued and properly served via certified mail.

The White House declined to comment. Posada did not immediately respond to messages left on his voicemail Wednesday.

In opposing the motion to vacate the court's December sealing order, Toyota also unsuccessfully sought to seal the courtroom. Its attorneys complained about leaks to the press and accused Gonzalez of violating the court's secrecy orders by providing sealed information to Roveda, a claim Gonzalez denies. Toyota counsel Jim Fallace of Fallace & Larkin LLC said he plans to file a motion for sanctions for the alleged leaks, but did not specify against whom.

Delaney first anonymously filed his "John Doe" suit against Toyota in Florida state court in April 2020, claiming wrongful termination stemming from the outbreak of COVID-19 in New York City and that the car manufacturer had defrauded investors to the tune of half a billion dollars by hiding its alleged wrongdoing.

Days after Delaney sued, Toyota had the entire complaint provisionally sealed, claiming it contained confidential, privileged information. Hire Counsel then immediately outed Delaney as the John Doe in Florida by way of a Manhattan federal suit that accused him of stealing confidential information and extortion. That case is pending.

Doe is represented by Christopher Beres and Tino Gonzales.

Roveda is also represented by Tino Gonzales.

Toyota is represented by James H. Fallace and Andrew J. Williams of Fallace & Larkin LLC, and Vincent A. Citro of Law Offices of Horwitz & Citro PA.

The case is Doe v. Toyota Motor Corp. et al., case number 05-2020-CA-024281, in the Eighteenth Judicial Circuit Court of the State of Florida.

--Editing by Adam LoBelia.

# Ex-WilmerHale Temp Moves To DQ Judge In Employment Case

*By Jack Rodgers · Listen to article*

Law360 (December 20, 2021, 3:48 PM EST) -- A former WilmerHale document reviewer said U.S. District Judge Lewis J. Liman should be disqualified from overseeing a Southern District of New York suit that accuses him of extorting his former law firm because of the judge's alleged previous employment there.

Andrew Delaney, who worked as a Thai language document reviewer for WilmerHale through staffing agency HC2 or Hire Counsel, said in a motion to recuse Judge Liman Monday that his alleged former work as a WilmerHale partner was a conflict of interest.

Judge Liman's relationships with two current WilmerHale partners, Jay Holtmeier and Jamie Gorelick, contributed to "rulings against Delaney without regard to the case law or applicable legal standards," and were further evidence of Judge Liman's bias, according to that motion.

"This case should never have been filed in this court in the first place and has been dragging out unlawfully for 20 months despite there being no jurisdiction," Delaney said in the motion. "This is due to Judge Liman's neglect of his duty as an Article III officer."

Hire Counsel sued Delaney in April, saying he was threatening to expose proprietary information about WilmerHale's review of Toyota's sensitive documents.

But Delaney said in his Monday filing that Judge Liman's bias as a former WilmerHale partner resulted in the dismissal of his $20 million counterclaim against the agency for whistleblower retaliation and a number of other infractions in response to his assertion that the firm was sidestepping COVID-19 protections and regulations. Judge Liman's bias had resulted in his dismissal of those claims, Delaney said.

"Secondly, recusal is warranted due to Judge Liman's opinion that HC2's false allegations against Delaney 'have to be accepted as true' and were 'serious,' whereas all of his truthful claims against HC2 were 'speculative,'" Delaney said in the motion.

While Delaney had reported the firm's employees were coming to work with flu-like symptoms and failed to take proper precautions to not spread disease, Judge Liman had ruled in dismissing those counterclaims that Delaney shouldn't have been given additional whistleblower protection from termination because of superficial issues with his language, the motion said.

"Thus, according to Judge Liman, Delaney's report was not valid because he used the words 'flu-like symptoms' and not 'acute respiratory illnesses' and when he complained about workers coughing and sneezing that Delaney did not state that they 'failed to cover their noses and mouths with a tissue,'" Delaney said in the motion. "This is manipulative semantics calculated to dismiss all of Delaney's counterclaims."

In an email to Law360 on Monday, Delaney said the suit "is and was a fraud on the court."

"There is no subject matter jurisdiction and no diversity," he said. "The case should have been dismissed a year ago."

Michael Nacchio, an Ogletree Deakins Nash Smoak & Stewart PC attorney who represents HC2, did not respond to a request for comment Monday.

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney represents himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

--Additional reporting by Frank G. Runyeon. Editing by Gemma Horowitz.

1/5/22, 11:10 AM    Agency Pans Ex-WilmerHale Temp's DQ Bid In Extortion Case - Law360



**Portfolio Media, Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Agency Pans Ex-WilmerHale Temp's DQ Bid In Extortion Case

**By Andrew Strickler**

Law360 (January 4, 2022, 4:39 PM EST) -- The "latest fantasy" of a onetime WilmerHale document reviewer seeking to remove the New York federal judge overseeing an extortion case against him should be rejected, staffing agency HC2 told the court Monday.

Answering a recusal request from Andrew Delaney, the company urged the court to reject his claims that U.S. District Judge Lewis J. Liman was biased because of his long-ago employment at WilmerHale, saying the request was rife with "facial absurdity" and legal defects.

The company argued that Delaney lost standing in the case when he was substituted out for the trustee of his bankruptcy estate three months ago.

Moreover, Delaney's conspiracy-heavy motion that the court's decision to toss his counterclaims more than a year ago was the product of judicial bias ignores the "numerous pleading defects" the judge cited in his decision.

And since the judge's former connection to WilmerHale wasn't raised over the case's nearly two-year duration, Delaney's request simply came too late, the company said.

Delaney's suggestion that Judge Liman's long-ago job at a WilmerHale predecessor firm "somehow makes the court biased or part of a vast conspiracy theory ... is absurd, unsupported, and should be rejected out of hand," the filing states.

HC2 sued Delaney, who'd worked on a Toyota matter as a Thai language reviewer for WilmerHale via a staffing agency, for allegedly trying to extort $450,000 from the company, WilmerHale and the car maker, and for allegedly revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up.

Delaney then sought $20 million in damages on nine counterclaims against the agency, including those for fraud and whistleblower retaliation.

The court granted HC2's initial motion to **dismiss** Delaney's claims without prejudice in July 2020, and later that year threw out his amended counterclaims with prejudice.

The case was later stayed after HC2 notified the court that Delaney had filed a Chapter 7 petition in New York. In October, a bankruptcy judge approved a settlement between the trustee of Delaney's estate and HC2 that released Delaney's already-dismissed counterclaims.

Judge Liman then ordered the substitution of the trustee as defendant, a decision Delaney has already indicated he will appeal.

In recent weeks, Delaney was back in court with a **disqualification motion** in which he argued that Judge Liman had undisclosed conflicts of interest as a former WilmerHale partner that led to "constant bias and rulings" against him.

Delaney, who is representing himself, did not reply to a request for comment. Michael Nacchio of Ogletree Deakins Nash Smoak & Stewart PC, who represents HC2, also did not respond to a message.

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney is representing himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

--Additional reporting by Jack Rogers and Frank G. Runyeon. Editing by Adam LoBella.

All Content © 2003-2022, Portfolio Media, Inc.



**Portfolio Media, Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com**

# Court Rejects Recusal Bid In WilmerHale Extortion Suit

**By Matt Perez**

Law360 (January 6, 2022, 4:54 PM EST) -- A New York federal district court said Thursday that it would not recuse itself in a suit against a former WilmerHale document reviewer that accuses him of extorting the law firm, despite his argument that U.S. District Judge Lewis J. Liman should be disqualified because of his previous employment there.

The U.S. District Court for the Southern District of New York determined that Andrew Delaney, who filed for Chapter 7 bankruptcy last fall, had no standing to invoke the recusal statute given that he was replaced as defendant in the bankruptcy case by the trustee in November.

Delaney **was sued by H2C**, the staffing agency that had hired him to review documents for WilmerHale, in April 2020. Delaney, who'd worked on a Toyota matter as a Thai- language reviewer for WilmerHale, was accused of trying to extort $450,000 from the agency, WilmerHale and the carmaker, and of revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up.

Delaney later sought $20 million in damages on nine counterclaims including fraud and whistleblower retaliation, but the court eventually dismissed his amended counterclaims with prejudice. Some time after Delaney sought Chapter 7 bankruptcy, the trustee, Gregory Messer, reached a settlement with H2C, known as Hire Counsel, that dismissed all of Delaney's counterclaims.

"With the substitution of the Chapter 7 trustee, Delaney was terminated as a party to this action," the court wrote Thursday.

The court also denied what it called his "meritless" arguments explaining why the court's judges, specifically Judge Liman, should recuse themselves from the suit following the denial of several of Delaney's counterclaims.

The court found that an "objective, informed observer" could not question the court's impartiality due to Judge Liman's former employment at Wilmer Cutler & Pickering (now WilmerHale) nearly 20 years ago, given that the facts of the dispute emerged over a decade after that affiliation ended.

Further, the court denied Delaney's accusation that the court has an ongoing professional or personal relationship with WilmerHale partners Jay Holtmeier and Jamie Gorelick.

"Delaney points out that the court and Jay Holtmeier were both listed on the government's brief in United States v. Bayless, which was decided in 2000," Judge Liman wrote in the order. "That, in my prior capacity as an assistant United States attorney over two decades ago, I worked with Mr. Holtmeier on behalf of our common client — the United States government — is too remote to this case to raise the appearance of impropriety."

Finally, the court ruled that the **recusal motion filed last month** was untimely given that it came over a year and half after the start of the case and because Judge Liman's affiliation with the predecessor of WilmerHale had been public knowledge for two decades.

Delaney later sought $20 million in damages on nine counterclaims including fraud and whistleblower retaliation, but the court granted HC2's initial motion to dismiss the claims without prejudice in **July 2020** and later dismissed his amended counterclaims with prejudice.

11332135.1.125-355

1/7/22, 5:00 AM                              Court Rejects Recusal Bid In WilmerHale Extortion Suit - Law360

The court on Thursday ordered HC2 and the defendant to file a joint letter by Feb. 18 stating the status of the bankruptcy matter, the automatic stay issued in relation to it and whether the stay should remain in place or not.

Delaney and Michael Nacchio of Ogletree Deakins Nash Smoak & Stewart PC, who represents HC2, did not immediately respond to a request for comment.

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney is representing himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

-Additional reporting by Andrew Strickler. Editing by Karin Roberts.

All Content © 2003-2022, Portfolio Media, Inc.

# LAW360®

**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Fla. Atty Denies Attempt To Extort Toyota, WilmerHale

**By David Minsky**

Law360 (March 6, 2023, 4:44 PM EST) -- A Florida attorney has denied trying to extort Toyota Motor Corp. and its law firm, WilmerHale, over alleged wrongful termination of his client, saying accusations of demanding $450,000 and threats to disclose confidential information that were revealed in a state court lawsuit are defamatory.

In a **suit filed Friday** in Palm Beach County, attorney Christopher Beres alleged defamation against Toyota and several other parties, saying he never tried to extort the companies and that they lied about the contents of a letter sent to Toyota's chief executive officer and board of directors in filings related to a separate lawsuit.

"None of the above contents was ever true," Beres said in his suit. "Plaintiff never demanded $450,000 from Toyota. It isn't in plaintiff's letter. He never threatened 'disclosure of [Toyota]'s privileged and confidential information.' ... The defamatory content about plaintiff spread like a disease including on social media and in other publications."

In his complaint, Beres said the defendants defamed him over a period of a year through a series of statements published in court documents and news articles regarding his client, who was a contract attorney involved in a project reviewing confidential documents for Toyota. Beres alleged the client was terminated from the project in 2020 over COVID-19 safety concerns during the pandemic.

While Beres' client is listed as a John Doe in the suit, web links to online articles identify the client as Andrew Delaney, who previously worked for staffing company HC2 Inc., also known as Hire Counsel. Delaney was hired as a Thai-language reviewer for WilmerHale on the Toyota project.

HC2 accused Delaney of breach of contract **in a 2020 suit** filed in New York federal court, seeking to prevent him from disclosing confidential information, including attorney-client information, obtained over the course of reviewing Toyota's documents.

In HC2's suit, the company said the project was suspended due to the increasing COVID-19 infections. HC2 said Delaney was disgruntled because he wanted to continue with the project, but instead manufactured a complaint that he was terminated from the project for raising pandemic-related concerns.

According to the staffing company, Delaney hired Beres to send a letter to Toyota demanding to be paid $450,000 or they would initiate legal action and disclose confidential information. The company didn't capitulate, according to HC2, and a state court complaint followed days later. A suit was initiated by a John Doe in April 2020 against Toyota in Brevard County, Florida, and its complaint remains sealed, records show.

In a footnote in his complaint, Beres said a federal judge in HC2's suit against Delany ruled the letter sent to Toyota was simply a **"routine demand letter"** and "not an extortion."

In addition, Beres accused the defendants of defaming his client in bankruptcy proceedings, saying they lied to his client's Chapter 7 trustee that his client "is appealing a judgment entered against him for extorting his prior employer."

"Plaintiff has been a member of the Florida Bar in good standing for over 20 years," Beres said in his complaint. "The damage to plaintiff's reputation does not have to be imagined. Defendants' false and libelous statements, when considered alone and without innuendo, have a) negatively impacted plaintiff's trustworthiness and character and b) caused plaintiff to be subject to disgust,

ridicule, contempt, and disgrace ... South Florida has a population of over 9.3 million people, thus making the defamatory statements in this venue significant."

Beres and the defendants listed in the suit — Toyota, WilmerHale, Kasowitz Benson Torres LLP and Stephanos Zannikos — did not immediately respond Monday to requests for comment.

Christopher Beres is representing himself.

Counsel information for the defendants could not be determined Monday.

The case is Christopher Beres v. Toyota Motor Corp. et al., case number 502023CA001936XXXXMB, in the Fifteenth Judicial Circuit Court of the State of Florida.

The Brevard County case is John Doe v. Toyota Motor North America Inc., case number 05-2020-CA-024281, in the Eighteenth Judicial Circuit Court of the State of Florida.

--Editing by Lakshna Mehta.

All Content © 2003-2023, Portfolio Media, Inc.

# Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld

*By Vince Sullivan · Listen to article*

Law360 (March 24, 2023, 4:25 PM EDT) -- A New York federal judge refused to undo a $12,500 settlement between law firm Sullivan & Cromwell LLP and the Chapter 7 trustee in the bankruptcy case of an attorney, saying the deal was reasonable since the debtor himself had valued legal claims against the firm as worthless.

In an opinion from U.S. District Judge Ann M. Donnelly issued March 20, the court dealt with a handful of appeals by debtor Andrew Delaney over decisions made by a bankruptcy judge about settlements of legal claims in Delaney's Chapter 7 case, which was filed in December 2020.

Delaney, formerly with Skadden Arps Slate Meagher & Flom LLP, had argued the bankruptcy court was wrong to approve the $12,500 deal the Chapter 7 trustee reached with Sullivan & Cromwell over Delaney's litigation against the firm involving the undoing of a $56 million arbitration award for Delaney's then-clients Thai-Lao Lignite Co. Ltd. and Hongsa Lignite (Lao PDR) Co. Ltd. in 2009 following a dispute over a soured development deal for a coal-fired power plant.

In his appeal, Delaney said his $13.5 million suit against Sullivan & Cromwell was clearly worth more than the $12,500 settlement amount the Chapter 7 trustee accepted, and argued that he amended the bankruptcy petition to list the value of the claim as "disputed" rather than as $0.

But Judge Donnelly determined the bankruptcy court was correct to approve the deal because of Delaney's own sworn statements and legal filings that valued the litigation at $0.

"The trustee was entitled to rely on the debtor's statement that the case had zero value, in part because of the serious standing and statute-of-limitations issues that would have likely precluded any recovery," the opinion said.

Delaney himself used the "big problems of statute of limitations and standing" to support his initial position that the claims were worthless, the opinion said.

"Only after the trustee secured the settlement did the debtor claim that it was unreasonably small," Judge Donnelly wrote. "The bankruptcy court 'did not err in relying on the face of [a debtor's] bankruptcy schedules,' and the debtor 'cannot complain that the bankruptcy judge accepted [his] own representations

in [his] bankruptcy petition.'"

The settlement had additional value over and above the $12,500 payment, the opinion said, because
Sullivan & Cromwell waived its own claims for sanctions against Delaney for bringing a frivolous lawsuit,
which Judge Donnelly said streamlined the bankruptcy case and helped maximize value for Delaney's
creditors.

Representatives for Delaney, Chapter 7 trustee Gregory Messer and Sullivan & Cromwell could not
immediately be reached Friday for comment.

Delaney filed the New York state court lawsuit in December 2019, accusing Sullivan & Cromwell of
"tortiously, unlawfully and unethically" accepting an appointment as chairman of the underlying arbitration
involving Thai-Lao Lignite, Hongsa Lignite and the government of Laos that resulted in a $56.2 million
award favoring the claimants, only to then turn around and represent the Laotian government to oppose
enforcement of the award.

Delaney said he represented Thai-Lao Lignite and Hongsa Lignite from 1992 until 1994, eventually
negotiating an agreement with the Laotian government to construct an 1,800-megawatt lignite-fired power
plant in the country. After the Laotian government terminated the project in 2006, Delaney advised Thai-
Lao Lignite and Hongsa Lignite in connection with the filing of arbitration in Malaysia against Laos, the
suit says.

Delaney says he inked a contingency fee arrangement with Thai-Lao Lignite and Hongsa Lignite at that
time, under which he would receive a percentage of any eventual award. Then-Sullivan & Cromwell
partner James Carter was selected by the parties to lead the tribunal.

The tribunal awarded Thai-Lao Lignite and Hongsa Lignite $56.2 million in November 2009, including a
$1 million award of legal fees, which Delaney says would have been partially used to pay his fees.

But the Laotian government resisted enforcement, and the award was eventually set aside in Malaysia
after a court concluded the tribunal had wrongly exceeded its jurisdiction.

It was only after that ruling that Delaney says he learned that Sullivan & Cromwell had been representing
the Bank of the Lao People's Democratic Republic, the country's central bank, in enforcement
proceedings relating to the award in the U.S. and the U.K.

Delaney is representing himself pro se.

Chapter 7 trustee Gregory Messer is represented by Gary F. Herbst and Cristina M. Lipan of LaMonica

Herbst & Maniscalco LLP.

The case is Delaney v. Messer, case number 1:22-cv-01664, in the U.S. District Court for the Eastern District of New York. The underlying bankruptcy case is In re: Andrew Delaney, case number 1:20-bk-44372, in the U.S. Bankruptcy Court for the Eastern District of New York.

--Additional reporting by Caroline Simson. Editing by Jill Coffey.

*For a reprint of this article, please contact reprints@law360.com.*

Exhibit B



April 07, 2020

*Toyota Motor Corporation*
*1 Toyota-Cho*
*Toyota City*
*Aichi Prefecture 471-8571*
*Japan*
*█████████@toyota.co.jp*

*Dear Mr.██████████████:*

*I represent ██████████ against Toyota.*

*You used Mr.███████ to be a ███ language document reviewer to assist you with ████████ ████████ starting on September 30, 2019.*

*On March 17, 2020, you had ███████ illegally fired for raising concerns about unlawful and unsafe conditions in your workplace.*

*Prior to this date, you illegally disclosed ████████ identity, involvement, and work-product to the other side.*

*At first, you did not inform him about the subject matter of the case which was ███████████████████████*

*Toyota insisted on ██████████████████████████████*

*For Toyota,* ████████████████████████████ *but you had no right to drag*
████ *into this.*

████████████████████████████████████████ *You have destroyed Mr.*
████ *residence and business and placed his life in grave danger.*

*After* ████████ *was a whistleblower and complained about* ████████ *, you defamed him,*
*made up lies about him, and threatened him.*

*I hereby grant you 7 days from the date of this letter to contact me with your offer to settle this case.*

*If you fail to contact me by this date, I will commence legal action against you without further notice.*

*Very truly yours,*

████████████████

████████████

Filing # 172693567 E-Filed 05/08/2023 07:04:02 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

           Plaintiffs,           CASE NO.  05-2023-CA-016793-XXXX-XX

v.                                DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA      The Honorable Michelle Naberhaus
and
PORTFOLIO MEDIA, INC.,

           Defendants.
_____/

*Reply to defendants' opposition to plaintiffs' motion to reopen*

Defendants, who themselves reopened this case after it was mistakenly closed, now claim that plaintiffs cannot reopen the case.

Plaintiffs erroneously dismissed this case on April 3, 2023 when they intended to amend the complaint.

This case was filed on February 21, 2023.

After it was filed, defendants published more defamation about plaintiffs.

On March 7, 2023 and March 25, 2023, plaintiffs mailed defendants two additional pre-suit notices advising it of their intention to sue defendants due to the new defamation.

On April 4-5, 2023, plaintiffs attempted to call the clerk to withdraw the motion to voluntarily dismiss, which had not yet been posted to the docket, but due to new laws the queue was 30 people even at 5.00 p.m.

Eventually, plaintiffs' counsel was able to speak to the clerk and filed a motion to reopen the case within 60 days.

1

Dated:    May 8, 2023              /s/Christopher Beres
              Melbourne, Florida    Christopher Beres, Esq.
                                        Florida Bar No. 588261
                                        *Attorney for plaintiffs*
                                        1600 Samo Road Ste. 1
                                        Melbourne, Florida 32935
                                        (321) 339-9301
                                        christopherberes8@gmail.com

2

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system and to dshullman@shullmanfugate.com and

mminchin@shullmanfugate.com.

Dated:    May 8, 2023                    /s/Christopher Beres
          Melbourne, Florida            Christopher Beres, Esq.
                                        Florida Bar No. 588261
                                        *Attorney for plaintiffs*
                                        1600 Sarno Road Ste. 1
                                        Melbourne, Florida 32935
                                        (321) 339-9301
                                        christopherberes8@gmail.com

3

*Christopher T. Beres, Esq.*
*1600 Sarno Road Ste. 1*
*Melbourne, Florida 32935*
*(321) 339-9301*
*christopherberes8@gmail.com*

March 7, 2023

RELX, Inc. d/b/a LexisNexis USA and
David Minsky, Law360
CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

Portfolio Media, Inc.
CT Corporation System
28 Liberty Street
New York, New York 10005

Re:    *Pre-suit notice pursuant to Florida Statute § 770.01*

Ladies and Gentlemen:

Your article "Fla. Atty Denies Attempt To Extort Toyota, WilmerHale" published in Law360 on March 6, 2023 is defamatory.

This article purports to write about a lawsuit Christopher Beres, Esq. ("Beres") recently filed in the Fifteenth Judicial Circuit Court for Palm Beach County as plaintiff against Toyota Motor Corporation ("Toyota"), Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer Hale"), Kasowitz Benson Torres LLP, and Stephanos Zannikos,  for libel and libel per se.

But your headline falsely implies that Beres, a member of the Florida Bar, was *sued by* "Toyota" and "Wilmer Hale".  It is *the opposite of the truth*.  It tries to portray him – a lawyer – as the defendant in an extortion case.  This is the latest in a long line of libel against the undersigned from you.

The reason why you published this new defamatory article was because you had just been served process in a lawsuit against you in the Eighteenth Judicial Circuit Court for Brevard County as retaliation and to distort the truth in that case against you.

The first sentence of your article defames Beres:  "A Florida attorney has denied trying to extort Toyota Motor Corp. and its law firm, WilmerHale, over alleged wrongful termination of his client, saying accusations of demanding $450,000 and threats to disclose confidential information that were revealed in a state court lawsuit are defamatory."  This falsely implies that Beres was sued and was responding in court to a case accusing him of extortion.  In fact, Beres is

1

*the plaintiff* who sued the four defendants named in his lawsuit. You also falsely and vaguely state that "threats to disclose confidential information" "were revealed in a state court lawsuit" without providing a scintilla of evidence that any such threats were ever made in the first place. In fact, *again just the opposite*: the United States District Court for the Southern District of New York specifically ruled in a May 27, 2020 decision in the case *HC2, Inc. v. Delaney* at a hearing at which one of your reporters attended that Beres did *not* make threats to disclose confidential information.

Your second paragraph libelously states: "In a suit filed Friday in Palm Beach County, attorney Christopher Beres alleged defamation against Toyota and several other parties, saying he never tried to extort the companies and that they lied about the contents of a letter sent to Toyota's chief executive officer and board of directors in filings related to a separate lawsuit." This sentence tries to libelously imply that Beres was sued for extortion, something Law360 has written in the past. It also falsely implies that Beres is or was a party to the *HC2* case. Underscoring this libel, you state that he "filed a letter" to Toyota's chief executive order and board of directors in the *HC2* case. He was neither a party, a counsel, or a witness in the *HC2* case and did not file any documents in it.

Your fourth paragraph libelously states: "In his complaint, Beres said the defendants defamed him over a period of a year through a series of statements published in court documents and news articles regarding his client, who was a contract attorney involved in a project reviewing confidential documents for Toyota. Beres alleged the client was terminated from the project in 2020 over COVID-19 safety concerns during the pandemic." Beres' complaint alleged that the defendants defamed him "for years". The "news articles" his complaint referenced were almost all in your publication, Law360, which you fail to disclose. You also falsely state that "Beres said..... his client..... was a contract attorney involved in a project reviewing confidential documents for Toyota." That, once again, is the *opposite of the truth*. Beres's complaint in Palm Beach County does not refer to "his client" or any work that he may or may not have done. Previously, Beres alleged that his *former client* in that case was *not an attorney* but was a Thai language translator and that the documents were *not confidential*. He never wrote or said that "his client" was "a contract attorney" "reviewing confidential documents for Toyota." You are *lying*.

Your fifth paragraph libelously states: "While Beres' client is listed as a John Doe in the suit, web links to online articles identify the client as Andrew Delaney, who previously worked for staffing company HC2 Inc., also known as Hire Counsel. Delaney was hired as a Thai-language reviewer for WilmerHale on the Toyota project." You are illegally exposing Beres' John Doe client the same way Law360 first did in your April 23, 2020 article "Agency Says Atty Used Virus To Blackmail Toyota, WilmerHale." Moreover, Beres' "client" is not "listed as a John Doe" in his new Palm Beach lawsuit and is not a party to it. You are trying to mix up cases and parties to deliberately publish disinformation about Beres and the John Doe.

Your sixth paragraph falsely, libelously, and misleadingly states: "HC2 accused Delaney of breach of contract in a 2020 suit filed in New York federal court, seeking to prevent him from disclosing confidential information, including attorney-client information, obtained over the course of reviewing Toyota's documents." Your publication has previously falsely referred to

2

this "breach of contract" case as the "Wilmer Hale Extortion Case" and the "Blackmail Case". Moreover, you very deceptively do not write that the judge in the *HC2* case, the Honorable Lewis J. Liman, *denied* HC2's application for a temporary restraining order on April 22, 2020 and also *denied* its preliminary injunction on May 27, 2020. That has not stopped you from continuing to repeat and distort the facts in that case and imply that HC2's judicially disproven allegations are true or might have merit.

Your seventh paragraph libelously states: "In HC2's suit, the company said the project was suspended due to the increasing COVID-19 infections. HC2 said Delaney was disgruntled because he wanted to continue with the project, but instead manufactured a complaint that he was terminated from the project for raising pandemic-related concerns." It is not possible that "Delaney" could have "manufactured a complaint that he was terminated from the project for raising pandemic-related concerns" "In HC2's suit" because the John Doe made *counterclaims* against HC2 *after* the complaint was filed.

Your eighth paragraph libelously repeats and reasserts as truth HC2's judicially disproven allegations: "According to the staffing company, Delaney hired Beres to send a letter to Toyota demanding to be paid $450,000 or they would initiate legal action and disclose confidential information. The company didn't capitulate, according to HC2, and a state court complaint followed days later. A suit was initiated by a John Doe in April 2020 against Toyota in Brevard County, Florida, and its complaint remains sealed, records show." You are repeating the defamatory statements made by the defendants as if they were true and had not been ruled against by Judge Liman in the *HC2* case.

This article falsely and slanderously depicts the undersigned and imputes misconduct to him and was published by you to benefit yourself at his expense.

Your article seeks to unlawfully mislead your readers that your article's depiction of the undersigned was accurate in form or substance. At a minimum, you acted with negligence in your depiction of him. As a result of your publication of the article, you have defamed him. This damaged him and resulted in financial and other losses to him. As this is not non-fiction literature, you must immediately remove the article and issue a specific retraction thereof in the same place, form, and level of visibility.

The undersigned hereby demands that you also remove all posts on your social media and any other print references to the aforesaid article.

This is a pre-suit notice.

3

Please be advised that this communication is without prejudice to, and shall not affect in any manner, the rights, claims, remedies, actions, or causes of action which the undersigned has, or may have, against you, in law, in equity, or otherwise.

Very truly yours,

Christopher T. Beres

4

*Christopher T. Beres, Esq.*
*1600 Sarno Road Ste. 1*
*Melbourne, Florida 32935*
*(321) 339-9301*
*christopherberes8@gmail.com*

March 25, 2023

RELX, Inc. d/b/a LexisNexis USA and
Vince Sullivan, Law360
CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

Portfolio Media, Inc.
CT Corporation System
28 Liberty Street
New York, New York 10005

Re:    *Pre-suit notice pursuant to Florida Statute § 770.01*

Ladies and Gentlemen:

I am a member of the Florida Bar and represent Andrew Delaney in Florida in sending this notice to you.

This is a pre-suit notice to you that your article "Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld" Law360 (March 24, 2023, 4:25 PM EDT) is defamatory.

Your headline refers to my client as a "Bankrupt Atty". Your third paragraph refers to "Delaney, formerly with Skadden Arps Slate Meagher & Flom LLP...." This libelously states that Mr. Delaney being a lawyer from Skadden, Arps, Slate, Meagher & Flom, a famous law firm, is bankrupt. As you know, Mr. Delaney immediately moved to voluntarily dismiss the bankruptcy petition which he mistakenly filed based on malpractice and misinformation from Upsolve and he has not been declared bankrupt nor does he expect to be.

Your fifth paragraph further defamed Mr. Delaney: "But Judge Donnelly determined the bankruptcy court was correct to approve the deal because of Delaney's own sworn statements and legal filings that valued the litigation at $0." Mr. Delaney's amended bankruptcy petition which he filed with the United States Bankruptcy Court for the Eastern District of New York is not a "sworn statement". This falsely ascribes perjury to my client.

Mr. Delaney's amended petition which was the last version which he filed long before the settlement of the Sullivan & Cromwell lawsuit which your article is writing about listed the current value of the portion he owns as "Disputed". Rule 1009(a) of the Federal Rules of

1

Bankruptcy Procedure states in part, "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby." The Rule's meaning is unambiguous. That amendment was accepted by the bankruptcy court over the trustee's objections since a debtor has a right to amend the petition. Mr. Delaney e-mailed the listing of the Sullivan & Cromwell lawsuit on the petition to your newsroom and reporter Vince Sullivan on March 24, 2023:

Case 1-20-44372-jmm   Doc 120   Filed 11/05/21   Entered 11/05/21 14:49:19

**2. For any property you list on Schedule A/B that you claim as exempt, fill in the information below.**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| Delaney v. Sullivan & Cromwell LLP, Index No. 657556/2019 (N.Y. Sup. Ct. filed December 31, 2019) Line from Schedule A/B: 34.1 | Disputed | Disputed | 11 U.S.C. § 522(d)(5) |

Your tenth paragraph states: "Representatives for Delaney, Chapter 7 trustee Gregory Messer and Sullivan & Cromwell could not immediately be reached Friday for comment." This article was deliberately rushed through to make Mr. Delaney look bad and to prevent him from commenting.

This article was published on March 24, 2023 at 4:25 PM. Your reporter emailed my client requesting a comment at 3:03 PM claiming to have a 4:30 PM deadline. This was 3:03 AM Manila time where Mr. Delaney lives. The order was issued on March 20, 2023, *four days before.*

Instead of including a comment from my client or me, the article contains all kinds of quotes from Mr. Delaney implying that he agreed with the chapter 7 trustee and the court that the Sullivan       &       Cromwell       suit       was       "worthless"       or "worth $0". This makes no sense. Why would Mr. Delaney spend time and money on a lawsuit that he filed in 2019 if it was worthless. It is not true that he agreed with the trustee and the court.

This article falsely and slanderously depicts Andrew Delaney and imputes misconduct to him.

2

Your article seeks to unlawfully mislead your readers that your article's depiction of Andrew Delancy was accurate in form or substance. At a minimum, you acted with negligence in your depiction of him. As a result of your publication of the article, you have defamed him. This damaged him and resulted in financial and other losses to him. As this is not non-fiction literature, you must immediately remove the article and issue a specific retraction thereof in the same place, form, and level of visibility.

The undersigned hereby demands that you also remove all posts on your social media and any other print references to the aforesaid article.

This is a pre-suit notice.

Please be advised that this communication is without prejudice to, and shall not affect in any manner, the rights, claims, remedies, actions, or causes of action which Andrew Delancy has, or may have, against you, in law, in equity, or otherwise.

Very truly yours,

DocuSigned by:

*Christopher Beres*

764E72407AE145E

Christopher T. Beres

Filing # 172968207 E-Filed 05/11/2023 03:15:47 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

                Plaintiffs,          CASE NO.  05-2023-CA-016793-XXXX-XX

v.                                DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA
and
PORTFOLIO MEDIA, INC.,

                Defendants.
_____/

## PLAINTIFFS' MOTION FOR 57.105 SANCTIONS

        Plaintiffs John Doe No. 1 and John Doe No. 2, by their attorney Christopher T. Beres,

Esq., move for sanctions against defendants and their counsel for filing 1) a bad faith motion to

dismiss, 2) a bad faith and untimely motion for attorneys' fees and costs, and 3) a bad faith pro

hac vice motion.

        1.     Florida Statutes § 57.105 states in pertinent part:

        2)   At any time in any civil proceeding or action in which the moving party proves by a
preponderance of the evidence that *any action taken by the opposing party, including, but
not limited to, the filing of any pleading or part thereof,* the assertion of or response to
any discovery demand, the assertion of any claim or defense, or the response to any
request by any other party, was taken primarily for the purpose of unreasonable delay, the
court shall award damages to the moving party for its reasonable expenses incurred in
obtaining the order, which may include attorney's fees, and other loss resulting from the
improper delay.

(Emphasis added)

        I.     DEFENDANTS' MOTION TO DISMISS IS SANTIONABLE

1

2.     On March 27, 2023, defendants' counsel e-filed a motion to dismiss arguing bad law to the court. (Docket No. 12)

3.     As they have doing since April 2020, defendants' counsel have been exposing the John Doe parties who are protected under Florida law. Their motion to dismiss unilaterally decided in footnote 2: "Defendants' will use Plaintiffs' legal names." (M.D. p. 3) Defendants' publication was the first to expose the John Does in April 2020, which they did at the behest of their board of advisors member Kasowitz Benson Torres LLP ("KTB"), and which they have continued up until the present. Defendants' illegal John Doe exposure violated this Circuit's policy allowing a plaintiff to proceed anonymously if the plaintiff possesses "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings" and which the Florida court allowed. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)

4.     While this case was pending, defendants have gone further to continue to *publish new defamatory content about plaintiffs.*

5.     On March 6, 2023, defendants published yet another defamatory article about John Doe No. 1 "Fla. Atty Denies Attempt To Extort Toyota, WilmerHale."[1] This falsely and defamatorily made it appear that John Doe No. 1 had been sued for extortion. In fact, John Doe No. 1 was *the plaintiff* and had not been sued by anyone.

6.     On March 24, 2023, defendants also published a defamatory article about John Doe No. 2 "Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld."[2] This article contained defamatory statements about John Doe No. 2.

---

[1] David Minsky, "Fla. Atty Denies Attempt To Extort Toyota, WilmerHale," Law360, Mar. 6, 2023.

[2] Vince Sullivan, "Fla Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld," Law360, Mar. 24, 2023. https://www.law360.com/articles/1589745/sullivan-cromwell-s-12-5k-deal-with-bankrupt-atty-upheld

2

7.    Plaintiffs have sent additional pre-suit notices pursuant to Fla. Stat. § 770.01 and intend to add these defamatory articles in an amended complaint which it plans to file against defendants.

8.    As with their defamatory reporting, defendants' motion to dismiss misleads the court by misquoting a New York court's May 27, 2020 opinion in the case of *HC2, Inc. v. Delaney.* The motion *deliberately and repeatedly recites judicially disproven allegations against plaintiffs* made by their board member and business partner KTB, while not informing this court about *what the judge actually decided,* which was:

> Delaney's lawyer makes the allegation that plaintiff violated Delaney's rights and then states "I hereby grant you seven days from the date of this letter to contact me with your offer to settle this case. If you fail to contact me by this date, I will commence legal action against you without further notice." The evidence is that letter was only given to the plaintiff in this case shortly before the state court complaint was filed and not with the full seven days. <u>Even then it is a routine demand letter and it's not an extortion. *See U.S. v. Jackson*, 180 F.3d 55, 61, that a claim of right is not an extortion.</u>

(Emphasis added) The motion purposely tries to mislead this court about what the New York judge *actually ruled.*

9.    It is incredible that almost four years later, defendants' counsel are continuing to lie about plaintiffs in their motion to dismiss.

10.    Defendants' counsel also improperly attached documents to their motion to dismiss. They did not file a motion for the court to take judicial notice of such attachments. (M.D. p. 4 fn. 3)

II.    <u>DEFENDANTS' ARGUING BAD LAW TO THIS COURT IS SANCTIONABLE</u>

11.    On pp. 6-7 of their motion, as a supposed basis for dismissal of this action, defendants' counsel cite and would have this court rely on a case that was *vacated* by the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit") in *Andrew John*

3

*Delaney v. Daily Journal Corporation* and the United States District Court for the Southern

District of Florida ("FLSD") in *Beres v. Daily Journal Corporation*.

12.    The Eleventh Circuit and FLSD decisions dismissing the *Daily Journal* case and

vacating the FLSD's order that defendants' counsel cites here are attached hereto as Exhibits A

and B.

13.    An attorney has a duty of candor to the tribunal. *Aquasol Condo. Ass'n, Inc. v.*

*HSBC Bank USA, Nat'l Ass'n*, 312 So.3d 105, 110-111 (Fla. App. 2018) ("See Rule Regulating

the Florida Bar 4-3.3(a)(3), which provides that "[a] lawyer shall not knowingly ... fail to

disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be

directly adverse to the position of the client and not disclosed by opposing counsel." *See Dilallo*

*v. Riding Safely, Inc.*, 687 So.2d 353, 355 (Fla. 4th DCA 1997) (observing that "the Rules of

Professional Conduct of the Florida Bar require candor toward the tribunal, and a duty of

competence.  Rule 4–1.1 and Rule 4–3.3(3) imply a duty to know and disclose to the court

adverse legal authority.") *See also Lieberman v. Lieberman*, 160 So.3d 73 (Fla. 4th DCA 2014)

(awarding appellate attorney's fees as a sanction for counsel's failure to acknowledge clear and

unambiguous controlling case law directly adverse to his client's position, resulting in

unnecessary and protracted litigation).").

14.    There could not be a more egregious and serious example of citing bad law to the

court than defendants' counsel's motion to dismiss.

15.    In a section of the motion titled "Plaintiffs' Prior Federal Litigation", defendants

unethically and dishonestly present bad caselaw to this court.

16.    The motion states:

In *Beres v. Daily Journal Corporation*, No. 0:22-CV-60123-WPD, 2022 U.S. Dist.
LEXIS 49092 (S.D. Fla. Mar. 8, 2022), the Southern District of Florida dismissed with

4

prejudice Plaintiffs' libel lawsuit against *The Daily Journal*. Similar to this suit, Plaintiffs claimed defamation based on *The Daily Journal*'s report on the HC2 Complaint. *Id.* at *15-16. In dismissing Plaintiffs' complaint, the *Daily Journal* Court held that the article's use of the phrase "scheme to exort a significant payment from Corporate Client" was not false or defamatory because the HC2 Complaint itself used the term "extort". *Id.* The court also rejected Plaintiffs' argument that Judge Liman's preliminary finding that no extortion had occurred rendered the article's use of "extort" false, since "whether the allegations in the SDNY Action were judicially determined to be untrue is not relevant to whether Defendant's parenthetical accurately and fairly describes the allegations." *Id.* at *16-17.

(M.D. p. 7)

17.    Defendants' counsel knew and know perfectly well that this decision, which was anyway not final and on appeal on the merits, had been *vacated* and was *bad law*. The motion acknowledges that the order which they presented to this court as authority for this case was vacated but tries to argue that it is "[s]imilar to this suit" and that this court should rely on it as a basis for dismissing this case. In their words:

> Plaintiffs' appealed the *Daily Journal* to the Eleventh Circuit, during which time the Southern District of Florida litigation against Defendants was stayed and then voluntarily dismissed by Plaintiffs. *Beres, et al.*, No. 22-cv-20429, Dkt. Nos 40 & 42. Solely on the grounds that John Doe is a U.S. citizen and foreign resident and therefore diversity jurisdiction could not exist over his claims in federal court, the Eleventh Circuit vacated the *Daily Journal* decision. *See Delaney v. Daily J. Corp.*, No. 22-10788-GG, 2023 U.S. App. LEXIS, at 1-2 (11th Cir. Feb. 13, 2023).

*Id.*

18.    The question arises as to what defendants' counsel's point was in citing and interpreting a vacated decision and what they could have been possibly been thinking in doing so.

19.    The only plausible answer is that they thought using the vacated decision as authority in this court would be beneficial to their clients in trying to dismiss this action and that they wanted to "use it" even though it had been vacated.

5

20.    Dishonestly, defendants' counsel presents to this court that the March 8, 2022

*Daily Journal* decision was only vacated: "[s]olely on the grounds that John Doe is a U.S. citizen

and foreign resident and therefore diversity jurisdiction could not exist over his claims in federal

court" but that it is still good law that this court should rely on in dismissing this case.

21.    Otherwise, what is their point in spending *page after page* in the motion to

dismiss and the motion for attorneys' fees trying to persuade this court that the decision is

"similar to this suit", quoting from it, and applying the quotes to this case.  None of their other

citations go on for over a page as is the case with this vacated decision.

22.    The centerpiece of defendants' counsel's authority for both motions is the vacated

*Daily Journal* decision.

23.    A paralegal and a first-year law student know how to shepardize a case.

Defendants' counsel are lawyers.  But they wanted to try to get a vacated decision in front of the

court and try to benefit from it in order to win their motion to dismiss.  Anything in order to win.

24.    In the case of "pro hac vice counsel" Elizabeth A. McNamara, it is noteworthy

that this is not the first time the law firm where she is a partner, Davis Wright Tremaine, faced

santctions for lack of candor toward the court and misrepresenting authority in a case.[3]

25.    *Azran Miami 2, LLC v. U.S. Bank Tr*, No. 3D20-1712 (Fla. App. 2022) found

sanctions where an attorney cited a vacated decision:

> As a second example of arguments made, or positions taken, frivolously or in bad faith,
> Mr. Jacobs' Motion quotes from and relies upon- as ostensible support for his legal
> position - a 2018 trial court order issued in an unrelated case (*Bank of New York Mellon
> v. Lisa S. Dulberg de Morales*, Circuit Court Case Number 13-808). That order, dated
> August 10, 2018, granted a motion to impose sanctions upon Bank of New York Mellon
> and Bank of America. However, less than two weeks later, the trial  judge vacated that

---

[3] Joseph A. Corsmeier, Esq., "U. S. District Judge orders over $40,000.00 in sanctions for failure to cite 'long-standing settled caselaw' in motion for injunction," Lawyer Ethics Alerts Blog, Dec. 28, 2021.
https://jcorsmeier.wordpress.com/category/florida-bar-rule-4-3-3-requirement-to-cite-to-controlling-authority/

sanctions order, and ultimately denied the motion for sanctions after holding a subsequent hearing.[7] *While it is true that Mr. Jacobs' Motion acknowledges that the August 10, 2018 order in that unrelated case was vacated by the trial court judge, Mr. Jacobs nevertheless fails to explain why he would quote from a vacated order in an unrelated case, or how such a vacated order from an unrelated case is anything more than a legal nullity, much less an order upon which this court should rely as persuasive authority for some legal proposition advanced by him.*[8]."

*Id.* at 13 (Emphasis added).

III.    DEFENDANTS' MOTION FOR ATTORNEYS' FEES IS SANCTIONABLE

26.     But defendants' counsel's sanctionable conduct did not end there.

27.     Defendants' motion to dismiss forecasts their motion for attorneys' fees.  (M.D. pp. 24-26)  It states:  "Prevailing defendants are entitled to recover fees where, as here, a plaintiff files a meritless lawsuit in violation of the statute.  Fla. Stat. § 768.295(4)." (M.D. p. 25)

28.     Fla. Stat. § 768.295(4) states:

(4)     A person or entity sued by a governmental entity or another person in violation of this section has a right to an expeditious resolution of a claim that the suit is in violation of this section. A person or entity may move the court for an order dismissing the action or granting final judgment in favor of that person or entity.  The person or entity may file a motion for summary judgment, together with supplemental affidavits, seeking a determination that the claimant's or governmental entity's lawsuit has been brought in violation of this section. The claimant or governmental entity shall thereafter file a response and any supplemental affidavits.  As soon as practicable, the court shall set a hearing on the motion, which shall be held at the earliest possible time after the filing of the claimant's or governmental entity's response.  The court may award, subject to the limitations in s. 768.28, the party sued by a governmental entity actual damages arising from a governmental entity's violation of this section.  The court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section.

29.     On April 11, 2023, defendants' counsel filed a motion for attorneys' fees and costs.  This was *after* the case had been voluntarily dismissed on April 5, 2023.

30.     Defendants' motion for attorneys' fees and costs was in bad faith, untimely, and improper and is sanctionable.

7

31.     Defendants' motion for attorneys' fees and costs is based on Fla. Stat. §

768.295(4). However, defendants are not the prevailing party and are not entitled to attorney

fees and costs.

32.     Defendants' motion for attorneys' fees and costs presents that plaintiffs' lawsuit

"was unsupported by existing law." This is coming from lawyers who for pages argue a vacated

decision to this court in support of their fraudulent motion to dismiss.

33.     Moreover, defendants' motion for attorneys' fees and costs also relies on the same

vacated caselaw as their motion to dismiss.

> What's more, Plaintiffs have long known that this lawsuit lacked legal merit. Last year,
> Plaintiffs commenced four libel litigations in federal court against media organizations -
> including Defendants - attacking each organizations' similar reporting on litigations
> involving Plaintiffs. Not one of Plaintiffs' federal cases prevailed. Not only did Plaintiffs
> voluntarily dismiss their substantially identical federal case against Defendants, but their
> similar defamation action against the Daily Journal was dismissed with prejudice by
> Judge William Dimitrouleas of the Southern District of Florida (which the Eleventh
> Circuit later dismissed for lack of diversity jurisdiction, not reaching the merits).
> Nonetheless, on February 21, 2023, Plaintiffs filed the above-captioned lawsuit which
> was substantively the same as the action they voluntarily dismissed last year.

(M.AFC. p. 2) Defendants' lawyers falsely state to the court that the *Daily Journal* case "the

Eleventh Circuit later dismissed for lack of diversity jurisdiction, not reaching the merits." *Id.*

34.     They do not mention that the order was *vacated*. Also they dishonestly write:

"Not only did Plaintiffs voluntarily dismiss their substantially identical federal case against

Defendants..." *Id.* Their case had nothing to do with *Daily Journal*. Moreover, the *Daily*

*Journal* judge approved the dismissal *without prejudice* to refiling in state court since the reason

for the dismissal was purely jurisdictional.

35.     Worse, Defendants' counsel flat-out lie when they state: "Not one of Plaintiffs'

federal cases prevailed." In other words, according to defendants' counsel, plaintiffs lost those

cases (including theirs). This is a fraud on this court. The *Daily Journal* case was dismissed

8

without prejudice to refiling, and the order they keep citing here like a broken record was

vacated. The other three "Plaintiffs' federal cases" were voluntarily dismissed *pre-answer* due to

lack of jurisdiction, not because plaintiffs did not "prevail". The FLSD judges *all* ordered the

dismissal of the cases without prejudice. There was no decision on the merits in any of those

cases. See the attached FLSD orders as Exhibit C hereto.

36.    But defendants' misrepresentation of what happened in the FLSD and their

reliance on the *Daily Journal* decision continued for page after page. It is their *central*

*argument.* Never did they inform this court that what they were asking it to adopt was bad

caselaw.

37.    In their "Background" section of their motion for attorneys' fees, defendants

write:

> Contemporaneously, Plaintiffs commenced three other similar lawsuits against publisher
> defendants for their respective reporting on the HC2 Complaint's allegations, including
> *Beres v. Daily Journal Corp.*, No. 0:22-CV-60123-WPD, 2022 U.S. Dist. LEXIS 49092
> (S.D. Fla. Mar. 8, 2022).
>
> In *Daily Journal Corp.*, Judge Dimitrouleas of the Southern District of Florida dismissed
> Plaintiffs' libel lawsuit against *The Daily Journal* with prejudice. Id. at *17. Akin to this
> lawsuit, Plaintiffs claimed that *The Daily Journal*'s reporting on the HC2 Complaint -
> including *The Daily Journal*'s use of the word "extort" to capture the HC2 Complaint's
> allegations against Plaintiffs - was libelous. Id. at *15-16. In dismissing Plaintiffs'
> complaint, the *Daily Journal* Court held that the article's use of the phrase "scheme to
> extort a significant payment from Corporate Client" was not false or defamatory because
> the HC2 Complaint itself used the term "extort" to describe Plaintiffs' conduct. *Id.*

(M.AFC. p. 3)

38.    Not stopping there, defendants' counsel misrepresent the truth again:

> Making Plaintiffs' conduct particularly egregious, Judge Dimitrouleas' decision in *Daily*
> *Journal* alerted Plaintiffs to the baselessness of a defamation lawsuit that primarily rested
> on reporting that the HC2 Complaint alleged that Doe Nos. 1 and 2 tried to "extort" HC2
> – reporting that was squarely protected by the fair report privilege and other defenses.
> That awareness is crystallized by Plaintiffs' decisions to voluntarily dismiss both their
> original federal action....

(M.AFC. p. 6). Defendants are back to arguing the vacated decision and fraudulently applying it to themselves *again*.

39.    Defendants' counsel falsely state again: "That awareness is crystallized by Plaintiffs' decisions to voluntarily dismiss both their original federal action...." As they know perfectly well but are misrepresenting to this court, Plaintiffs dismissed the FLSD case due to *lack of federal jurisdiction*, which was raised as an issue and determined by the Eleventh Circuit. It was not – as defendants' counsel falsely state – due to plaintiffs' supposed "awareness" of the "baselessness" of the lawsuit against defendants. Moreover, the judge in that case ordered that the dismissal was *without prejudice*. It was plaintiffs' legal right to refile and to continue the action as they intend to subject to inclusion of defendants' new defamatory articles.

IV.    DEFENDANTS' MOTION FOR ATTORNEYS' FEES IS A VIOLATION OF THE AUTOMATIC STAY AND IS SANCTIONABLE

40.    As defendants and their counsel know perfectly well as shown in their defamatory article about John Doe No. 2 as a "Bankrupt Attorney" in paragraph 6 *supra*, John Doe No. 2 has a pending Chapter 7 case and is subject to the automatic stay.

41.    Once a debtor files Chapter 7 bankruptcy, the court declares an automatic stay that stops creditors from filing lawsuits.

42.    Defendants' motion for attorneys' fees and costs against him is a clear violation of the automatic stay. 11 U.S.C. § 362

43.    John Doe No. 2 reserves all rights against defendants and their counsel for their willful violation of the automatic stay.

V.    DEFENDANTS' PRO HAC VICE MOTION IS SANCTIONABLE

10

45.     On April 13, 2023, *eight days after* this case had been voluntarily dismissed, defendants' counsel Deanna K. Shullman emailed plaintiffs' counsel proposing a pro hac vice counsel motion for McNamara.

46.     As another tactic, Shullman asked plaintiffs' counsel to agree to the pro hac vice motion but only attached the *order, not the actual motion*: "Please review the attached proposed order on Ms. McNamara's pro hac motion, and let me know if it is ok to submit for entry by the Court. If you oppose the motion, please advise so we can set the matter at the earliest UMC opportunity." See Exhibit D hereto.

47.     This was "conveniently" *two days after* defendants filed their motion for attorneys' fees and costs.

48.     The question is of course why did defendants wait two months from the filing of this action on February 21, 2023 to finally propose making a pro hac vice motion for a non-Florida attorney who has been signing pleadings in the case throughout "*Pro hac vice application forthcoming." This was not proper because there was no "pro hac vice *pending*".

49.     The pro hac vice motion was also made in bad faith and is sanctionable.

<u>CONCLUSION</u>

50.     Defendants' motions were based on a false premise manufactured by them about the applicability of a federal court decision in *Daily Journal* that they present for page after page as good law, and also informing this court that plaintiffs did "not prevail in any of their federal cases." What they falsely state is that plaintiffs *lost all the cases* in federal court – a total lie. Also, they commit a fraud on the court when they falsely present that the federal cases, including theirs, were withdrawn because plaintiffs thought they had no merit, not the truth that the FLSD ordered their dismissal on motion due to lack of jurisdiction *without prejudice*. Defendants and

11

their counsel should have known that the challenged claim or defense was not supported by the facts, or by the application of then-existing law to those facts.

51.    Defendants' counsel's conduct in this regard is blatantly dishonest and highly sanctionable.  As such, it has caused needlessly protracted and delayed the litigation and wasted the court's and plaintiffs' valuable time.

WHEREFORE, plaintiffs respectfully request the court to grant this motion.

Dated:         May 11, 2023                    /s/Christopher Beres
               Melbourne, Florida              Christopher Beres, Esq.
                                               Florida Bar No. 588261
                                               *Attorney for plaintiffs*
                                               1600 Sarno Road Ste. 1
                                               Melbourne, Florida 32935
                                               (321) 339-9301
                                               christopherberes8@gmail.com

12

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system to <u>dshullman@shullmanfugate.com</u> and

<u>spapadelias@shullmanfugate.com</u>.

Dated:      May 11, 2023                         /s/Christopher Beres
            Melbourne, Florida                   Christopher Beres, Esq.
                                                 Florida Bar No. 588261
                                                 *Attorney for plaintiffs*
                                                 1600 Sarno Road Ste. 1
                                                 Melbourne, Florida 32935
                                                 (321) 339-9301
                                                 <u>christopherberes8@gmail.com</u>

13

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 13, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 22-10788-GG
Case Style: Andrew John Delaney v. Daily Journal Corporation
District Court Docket No: 0:22-cv-60123-WPD

The enclosed copy of this Court's order of remand is issued as the mandate of this Court.
Counsel and parties are advised that with this order of remand this appeal is concluded. If
further review is to be sought in the future a timely new notice of appeal must be filed.

Clerk's Office Phone Numbers
| | |
|---|---|
| General Information | 404-335-6100 |
| New / Before Briefing Cases | 404-335-6135 |
| Cases in Briefing / After Opinion | 404-335-6130 |
| Cases Set for Oral Argument | 404-335-6141 |
| Capital Cases | 404-335-6200 |
| Attorney Admissions | 404-335-6122 |
| CM/ECF Help Desk | 404-335-6125 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 22-10788-GG

ANDREW JOHN DELANEY,

Plaintiff - Appellant,

CHRISTOPHER TENY BERES, et al.,

Plaintiffs,

versus

DAILY JOURNAL CORPORATION,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Florida

Before: WILSON, JORDAN, and NEWSOM, Circuit Judges.

BY THE COURT:

In light of the responses to the jurisdictional question, we remanded this case to the district court so it could determine in the first instance whether it had subject matter jurisdiction. The district court concluded that, when the complaint was filed, it lacked subject matter jurisdiction. Diversity jurisdiction did not exist because Andrew Delaney was a United States citizen domiciled in the Republic of the Philippines and, thus, was neither a citizen of a State under 28 U.S.C. § 1332(a) nor a citizen or subject of a foreign state. *See* 28 U.S.C. § 1332(a)(1)-(2); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *Molinos Valle Del Cibao, C.*

*por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011) ("U.S. citizens domiciled abroad are neither
'citizens of a State' under § 1332(a) nor 'citizens or subjects of a foreign state' and therefore are
not proper parties to a diversity action in federal court.").

Because the district court did not have subject matter jurisdiction, the district court's March
7, 2022, final order is VACATED, and we REMAND the case to be dismissed without prejudice.

Any outstanding motions are DENIED as moot.

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-cv-60123-WPD

CHRISTOPHER T. BERES
and ANDREW DELANEY,

　　　　　Plaintiffs,

v.

DAILY JOURNAL CORPORATION,

　　　　　Defendant.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

THIS CAUSE is before the Court upon the Mandate of the Eleventh Circuit Court of Appeals [DE 60], filed herein on February 13, 2023. The Court has carefully considered the record in this case and is otherwise fully advised in the premises. The Eleventh Circuit has vacated the district court's order and remanded this action with instructions to dismiss without prejudice. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F. 3d 1330, 1341 (11th Cir. 2011); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.　　The above-styled action is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and

2.　　This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 14th day of February, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of record

Case 6:25-cv-00726-PGB-DCI    Document 1-4    Filed 04/07/25    Page 102 of 296 PageID
142
Case 1:22-cv-20429-JEM   Document 42   Entered on FLSD Docket 05/23/2022   Page 1 of 1

Exhibit C

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE No. 22-20429-CIV-MARTINEZ-BECERRA**

CHRISTOPHER T. BERES and ANDREW
DELANEY

      Plaintiffs,

v.

RELX INC. d/b/a LexisNexis USA and
PORTFOLIO MEDIA, INC.,

      Defendants.

_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    **THIS MATTER** is before the Court upon Plaintiff's Notice of Dismissal of Complaint

without prejudice. (ECF No. 41). It is hereby:

    **ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice.** This

case is **CLOSED** and all pending motions are **DENIED as moot.**

    DONE AND ORDERED in Chambers at Miami, Florida, this 23 day of May, 2022.

                                  _____
                                  JOSE E. MARTINEZ
                                  UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record

Case 6:25-cv-00726-PGB-DCI    Document 1-4    Filed 04/07/25    Page 103 of 296 PageID
143
Case 0:21-cv-62588-RKA    Document 30    Entered on FLSD Docket 04/12/2022    Page 1 of 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-62588-CIV-ALTMAN/Hunt

**CHRISTOPHER T. BERES**
and **ANDREW DELANEY,**

      *Plaintiffs,*

*v.*

**TAX ANALYSTS d/b/a TAX NOTES,**

      *Defendant.*

_____/

### ORDER OF DISMISSAL

The Plaintiff filed a Notice of Voluntary Dismissal [ECF No. 29] pursuant to Fed. R. Civ. P

41(a)(1)(A)(i). Being fully advised, the Court hereby **ORDERS** that this action is **DISMISSED**

**without prejudice.** The Clerk shall **CLOSE** the case. All pending deadlines are **TERMINATED,**

and any pending motions are **DENIED** as moot.

    **DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of April 2022.

                            _____

                            **ROY K. ALTMAN**
                            **UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

Case 6:25-cv-00726-PGB-DCI    Document 1-4    Filed 04/07/25    Page 104 of 296 PageID
144
Case 1:22-cv-20273-RKA   Document 36   Entered on FLSD Docket 04/05/2022   Page 1 of 1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20273-CIV-ALTMAN/Reid**

CHRISTOPHER T. BERES,

    *Plaintiff,*

v.

NATIONAL LAW FORUM LLC,

    *Defendant.*

_____/

## ORDER OF DISMISSAL

The Plaintiff filed a Notice of Voluntary Dismissal [ECF No. 35] pursuant to Fed. R. Civ. P

41(a)(1)(A)(i). Being fully advised, the Court hereby **ORDERS** that this action is **DISMISSED**

**without prejudice**. The Clerk shall **CLOSE** the case. All pending deadlines are **TERMINATED**,

and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of April 2022.

                               _____

                               ROY K. ALTMAN
                               UNITED STATES DISTRICT JUDGE

cc:    counsel of record

Exhibit D

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

              Plaintiffs,

    v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

              Defendants.

Case No. 05-2023-CA-016793

## AGREED ORDER GRANTING VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

THIS CAUSE is before the Court on the Verified Motion for Admission to Appear Pro Hac Vice Pursuant to Florida Rule of Judicial Administration 2.510 (the "Motion") filed by Movant, Elizabeth A. McNamara. Having reviewed the Motion and being otherwise fully advised in the premises, it is hereby

**ORDERED** and **ADJUDGED** as follows:

1. The Motion is GRANTED.

2. Elizabeth A. McNamara is permitted to appear in this Court as attorney of record for Defendants RELX Inc. and Portfolio Media, Inc.

**DONE AND ORDERED** in Viera, Brevard County, Florida, on DDDD.

              JJJJ
              SCOTT BLAUE
              CIRCUIT COURT JUDGE

Copies furnished to:
CCCC

Filing # 174092928 E-Filed 05/26/2023 02:56:16 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

              Plaintiffs,

   v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

              Defendants.

Case No. 05-2023-CA-016793

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on July 17, 2023, at 9:00 a.m., or as soon thereafter as counsel may be heard, counsel for Defendants RELX Inc. ("RELX") and Portfolio Media Inc. ("PMI") (collectively, "Defendants") shall call up for hearing *Plaintiff's Motion to Reopen Case* before the Honorable Scott Blaue, Moore Justice Center, 2825 Judge Fran Jamieson Way, Viera, FL 32940. The hearing shall be conducted remotely via the Microsoft Teams platform with video appearance. Court attire is required.

       Time reserved: 15 minutes

Dated: May 26, 2023

                  Respectfully submitted,

                  */s/ Deanna K. Shullman*
                  Deanna K. Shullman (Fla. Bar No. 514462)
                  Sarah M. Papadelias (Fla. Bar No. 125098)
                  SHULLMAN FUGATE PLLC
                  2101 Vista Parkway, Suite 5006
                  West Palm Beach, FL 33411
                  dshullman@shullmanfugate.com

1

spapadelias@shullmanfugate.com
Tel: (561) 429-3619

-and-

Elizabeth McNamara*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
lizmcnamara@dwt.com
Tel.: (212) 489-8230
Fax: (212) 489-8340

*Pro Hac Vice admission pending

Attorneys for Defendants RELX Inc. and
Portfolio Media, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May 2023, a true and correct copy of the foregoing is being forwarded via electronic service from the Florida Court E-Portal to counsel for Plaintiffs, Christopher T. Beres.

/s/ Deanna K. Shullman
Deanna K. Shullman
Shullman Fugate PLLC
Florida Bar No. 514462

Filing # 174038338 E-Filed 05/26/2023 05:55:30 AM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

          Plaintiffs,       CASE NO.  05-2023-CA-016793-XXXX-XX

v.                    DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA    The Honorable Scott Allen Blaue
and
PORTFOLIO MEDIA, INC.,

          Defendants.
_____/

## RESPONSE TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND

Plaintiffs oppose defendants' open-ended motion for an extension of time (ECF No. 29) dated May 17, 2023 to respond to plaintiffs' amended complaint (ECF No. 26) dated May 8, 2023.

1.    There is no reason given for the extension of time.

2.    Also, defendants do not propose a time period and is completely open-ended.

3.    Plaintiffs' counsel spoke to the clerk of the court and was informed that the case is already reopened.

4.    The amendments to the complaint were necessitated by defendants' own actions.

Dated:    May 26, 2023      /s/Christopher Beres
         Melbourne, Florida   Christopher Beres, Esq.
                       Florida Bar No. 588261
                       *Attorney for plaintiffs*
                       1600 Sarno Road Ste. 1
                       Melbourne, Florida 32935
                       (321) 339-9301
                       christopherberes8@gmail.com

1

11332135.1.168-355

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system and to dshullman@shullmanfugate.com and

mminchin@shullmanfugate.com.

| | | |
|---|---|---|
| Dated: | May 26, 2023 | /s/Christopher Beres |
| | Melbourne, Florida | Christopher Beres, Esq. |
| | | Florida Bar No. 588261 |
| | | *Attorney for plaintiffs* |
| | | 1600 Sarno Road Ste. 1 |
| | | Melbourne, Florida 32935 |
| | | (321) 339-9301 |
| | | christopherberes8@gmail.com |

2

Filing # 178781581 E-Filed 08/02/2023 02:55:43 PM

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT
## IN AND FOR BREVARD COUNTY, FLORIDA

### CASE NO.: 05-2023-CA-016793

JOHN DOE NO. 1 and
JOHN DOE NO. 2,
     Plaintiffs,

vs.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,
     Defendants.

_____/

### NOTICE OF UNAVAILABILITY

Please be advised that Plaintiffs' counsel, Christopher T. Beres, Esq., is unavailable on October 13, 2023.

Despite having advised Defendants' counsel, Sarah M. Papadelias, Esq., in writing of his unavailability on October 13, 2023, Defendants' counsel unilaterally scheduled *"Defendant RELX Inc. and Portfolio Media Inc.'s Motion for Attorneys' Fees and Costs"* for this date.

Therefore, Plaintiffs' counsel respectfully moves the Court to cancel/adjourn Defendants' unilaterally scheduled hearing until a mutually agreed upon date for same is reached.

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy hereof was sent to counsel of record via the Florida Court E-Filing Portal on this 2nd day of August 2023.

        */s/Christopher T. Beres*
        Christopher T. Beres, Esq.
        Florida Bar No. 0588261
        1600 Sarno Road, Ste. 1
        Melbourne, FL 32935
        christopherberes8@gmail.com
        Tel: (321) 339-9301

Filing # 172693567 E-Filed 05/08/2023 07:04:02 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

        Plaintiffs,        CASE NO.  05-2023-CA-016793-XXXX-XX

v.                DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA    The Honorable Michelle Naberhaus
and
PORTFOLIO MEDIA, INC.,

        Defendants.
_____/

*Reply to defendants' opposition to plaintiffs' motion to reopen*

Defendants, who themselves reopened this case after it was mistakenly closed, now claim that plaintiffs cannot reopen the case.

Plaintiffs erroneously dismissed this case on April 3, 2023 when they intended to amend the complaint.

This case was filed on February 21, 2023.

After it was filed, defendants published more defamation about plaintiffs.

On March 7, 2023 and March 25, 2023, plaintiffs mailed defendants two additional pre-suit notices advising it of their intention to sue defendants due to the new defamation.

On April 4-5, 2023, plaintiffs attempted to call the clerk to withdraw the motion to voluntarily dismiss, which had not yet been posted to the docket, but due to new laws the queue was 30 people even at 5.00 p.m.

Eventually, plaintiffs' counsel was able to speak to the clerk and filed a motion to reopen the case within 60 days.

1

Dated:      May 8, 2023            /s/Christopher Beres
            Melbourne, Florida     Christopher Beres, Esq.
                                   Florida Bar No. 588261
                                   *Attorney for plaintiffs*
                                   1600 Samo Road Ste. 1
                                   Melbourne, Florida 32935
                                   (321) 339-9301
                                   christopherberes8@gmail.com

2

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system and to <u>dshullman@shullmanfugate.com</u> and

<u>mminchin@shullmanfugate.com</u>.

Dated:        May 8, 2023              <u>/s/Christopher Beres</u>
               Melbourne, Florida         Christopher Beres, Esq.
                                        Florida Bar No. 588261
                                        *Attorney for plaintiffs*
                                        1600 Samo Road Ste. 1
                                        Melbourne, Florida 32935
                                        (321) 339-9301
                                        <u>christopherberes8@gmail.com</u>

*Christopher T. Beres, Esq.*
*1600 Sarno Road Ste. 1*
*Melbourne, Florida 32935*
*(321) 339-9301*
*christopherberes8@gmail.com*

March 7, 2023

RELX, Inc. d/b/a LexisNexis USA and
David Minsky, Law360
CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

Portfolio Media, Inc.
CT Corporation System
28 Liberty Street
New York, New York 10005

Re:     *Pre-suit notice pursuant to Florida Statute § 770.01*

Ladies and Gentlemen:

Your article "Fla. Atty Denies Attempt To Extort Toyota, WilmerHale" published in Law360 on March 6, 2023 is defamatory.

This article purports to write about a lawsuit Christopher Beres, Esq. ("Beres") recently filed in the Fifteenth Judicial Circuit Court for Palm Beach County as plaintiff against Toyota Motor Corporation ("Toyota"), Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer Hale"), Kasowitz Benson Torres LLP, and Stephanos Zannikos, for libel and libel per se.

But your headline falsely implies that Beres, a member of the Florida Bar, was *sued by* "Toyota" and "Wilmer Hale". It is *the opposite of the truth*. It tries to portray him – a lawyer – as the defendant in an extortion case. This is the latest in a long line of libel against the undersigned from you.

The reason why you published this new defamatory article was because you had just been served process in a lawsuit against you in the Eighteenth Judicial Circuit Court for Brevard County as retaliation and to distort the truth in that case against you.

The first sentence of your article defames Beres: "A Florida attorney has denied trying to extort Toyota Motor Corp. and its law firm, WilmerHale, over alleged wrongful termination of his client, saying accusations of demanding $450,000 and threats to disclose confidential information that were revealed in a state court lawsuit are defamatory." This falsely implies that Beres was sued and was responding in court to a case accusing him of extortion. In fact, Beres is

1

*the plaintiff* who sued the four defendants named in his lawsuit. You also falsely and vaguely state that "threats to disclose confidential information" "were revealed in a state court lawsuit" without providing a scintilla of evidence that any such threats were ever made in the first place. In fact, *again just the opposite*: the United States District Court for the Southern District of New York specifically ruled in a May 27, 2020 decision in the case *HC2, Inc. v. Delaney* at a hearing at which one of your reporters attended that Beres did *not* make threats to disclose confidential information.

Your second paragraph libelously states: "In a suit filed Friday in Palm Beach County, attorney Christopher Beres alleged defamation against Toyota and several other parties, saying he never tried to extort the companies and that they lied about the contents of a letter sent to Toyota's chief executive officer and board of directors in filings related to a separate lawsuit." This sentence tries to libelously imply that Beres was sued for extortion, something Law360 has written in the past. It also falsely implies that Beres is or was a party to the *HC2* case. Underscoring this libel, you state that he "filed a letter" to Toyota's chief executive order and board of directors in the *HC2* case. He was neither a party, a counsel, or a witness in the *HC2* case and did not file any documents in it.

Your fourth paragraph libelously states: "In his complaint, Beres said the defendants defamed him over a period of a year through a series of statements published in court documents and news articles regarding his client, who was a contract attorney involved in a project reviewing confidential documents for Toyota. Beres alleged the client was terminated from the project in 2020 over COVID-19 safety concerns during the pandemic." Beres' complaint alleged that the defendants defamed him "for years". The "news articles" his complaint referenced were almost all in your publication, Law360, which you fail to disclose. You also falsely state that "Beres said..... his client..... was a contract attorney involved in a project reviewing confidential documents for Toyota." That, once again, is the *opposite of the truth*. Beres's complaint in Palm Beach County does not refer to "his client" or any work that he may or may not have done. Previously, Beres alleged that his *former client* in that case was *not an attorney* but was a Thai language translator and that the documents were *not confidential*. He never wrote or said that "his client" was "a contract attorney" "reviewing confidential documents for Toyota." You are *lying*.

Your fifth paragraph libelously states: "While Beres' client is listed as a John Doe in the suit, web links to online articles identify the client as Andrew Delaney, who previously worked for staffing company HC2 Inc., also known as Hire Counsel. Delaney was hired as a Thai-language reviewer for WilmerHale on the Toyota project." You are illegally exposing Beres' John Doe client the same way Law360 first did in your April 23, 2020 article "Agency Says Atty Used Virus To Blackmail Toyota, WilmerHale." Moreover, Beres' "client" is not "listed as a John Doe" in his new Palm Beach lawsuit and is not a party to it. You are trying to mix up cases and parties to deliberately publish disinformation about Beres and the John Doe.

Your sixth paragraph falsely, libelously, and misleadingly states: "HC2 accused Delaney of breach of contract in a 2020 suit filed in New York federal court, seeking to prevent him from disclosing confidential information, including attorney-client information, obtained over the course of reviewing Toyota's documents." Your publication has previously falsely referred to

2

this "breach of contract" case as the "Wilmer Hale Extortion Case" and the "Blackmail Case". Moreover, you very deceptively do not write that the judge in the *HC2* case, the Honorable Lewis J. Liman, *denied* HC2's application for a temporary restraining order on April 22, 2020 and also *denied* its preliminary injunction on May 27, 2020. That has not stopped you from continuing to repeat and distort the facts in that case and imply that HC2's judicially disproven allegations are true or might have merit.

Your seventh paragraph libelously states: "In HC2's suit, the company said the project was suspended due to the increasing COVID-19 infections. HC2 said Delaney was disgruntled because he wanted to continue with the project, but instead manufactured a complaint that he was terminated from the project for raising pandemic-related concerns." It is not possible that "Delaney" could have "manufactured a complaint that he was terminated from the project for raising pandemic-related concerns" "In HC2's suit" because the John Doe made *counterclaims* against HC2 *after* the complaint was filed.

Your eighth paragraph libelously repeats and reasserts as truth HC2's judicially disproven allegations: "According to the staffing company, Delaney hired Beres to send a letter to Toyota demanding to be paid $450,000 or they would initiate legal action and disclose confidential information. The company didn't capitulate, according to HC2, and a state court complaint followed days later. A suit was initiated by a John Doe in April 2020 against Toyota in Brevard County, Florida, and its complaint remains sealed, records show." You are repeating the defamatory statements made by the defendants as if they were true and had not been ruled against by Judge Liman in the *HC2* case.

This article falsely and slanderously depicts the undersigned and imputes misconduct to him and was published by you to benefit yourself at his expense.

Your article seeks to unlawfully mislead your readers that your article's depiction of the undersigned was accurate in form or substance. At a minimum, you acted with negligence in your depiction of him. As a result of your publication of the article, you have defamed him. This damaged him and resulted in financial and other losses to him. As this is not non-fiction literature, you must immediately remove the article and issue a specific retraction thereof in the same place, form, and level of visibility.

The undersigned hereby demands that you also remove all posts on your social media and any other print references to the aforesaid article.

This is a pre-suit notice.

3

Please be advised that this communication is without prejudice to, and shall not affect in any manner, the rights, claims, remedies, actions, or causes of action which the undersigned has, or may have, against you, in law, in equity, or otherwise.

Very truly yours,

Christopher T. Beres

4

11332135.1.177-355

*Christopher T. Beres, Esq.*
*1600 Sarno Road Ste. 1*
*Melbourne, Florida 32935*
*(321) 339-9301*
*christopherberes8@gmail.com*

March 25, 2023

RELX, Inc. d/b/a LexisNexis USA and
Vince Sullivan, Law360
CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

Portfolio Media, Inc.
CT Corporation System
28 Liberty Street
New York, New York 10005

Re:    *Pre-suit notice pursuant to Florida Statute § 770.01*

Ladies and Gentlemen:

I am a member of the Florida Bar and represent Andrew Delaney in Florida in sending this
notice to you.

This is a pre-suit notice to you that your article "Sullivan & Cromwell's $12.5K Deal With
Bankrupt Atty Upheld" Law360 (March 24, 2023, 4:25 PM EDT) is defamatory.

Your headline refers to my client as a "Bankrupt Atty". Your third paragraph refers to "Delaney,
formerly with Skadden Arps Slate Meagher & Flom LLP…." This libelously states that Mr.
Delaney being a lawyer from Skadden, Arps, Slate, Meagher & Flom, a famous law firm, is
bankrupt. As you know, Mr. Delaney immediately moved to voluntarily dismiss the bankruptcy
petition which he mistakenly filed based on malpractice and misinformation from Upsolve and
he has not been declared bankrupt nor does he expect to be.

Your fifth paragraph further defamed Mr. Delaney: "But Judge Donnelly determined the
bankruptcy court was correct to approve the deal because of Delaney's own sworn statements and
legal filings that valued the litigation at $0." Mr. Delaney's amended bankruptcy petition which
he filed with the United States Bankruptcy Court for the Eastern District of New York is not a
"sworn statement". This falsely ascribes perjury to my client.

Mr. Delaney's amended petition which was the last version which he filed long before the
settlement of the Sullivan & Cromwell lawsuit which your article is writing about listed the
current value of the portion he owns as "Disputed". Rule 1009(a) of the Federal Rules of

Bankruptcy Procedure states in part, "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby." The Rule's meaning is unambiguous. That amendment was accepted by the bankruptcy court over the trustee's objections since a debtor has a right to amend the petition. Mr. Delaney e-mailed the listing of the Sullivan & Cromwell lawsuit on the petition to your newsroom and reporter Vince Sullivan on March 24, 2023:

Case 1-20-44372-jmm   Doc 120   Filed 11/05/21   Entered 11/05/21 14:49:19

**2. For any property you list on Schedule A/B that you claim as exempt, fill in the information below.**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| Delaney v. Sullivan & Cromwell LLP, Index No. 657556/2019 (N.Y. Sup. Ct. filed December 31, 2019) Line from Schedule A/B: 34.1 | Disputed | Disputed | 11 U.S.C. § 522(d)(5) |

Your tenth paragraph states: "Representatives for Delaney, Chapter 7 trustee Gregory Messer and Sullivan & Cromwell could not immediately be reached Friday for comment." This article was deliberately rushed through to make Mr. Delaney look bad and to prevent him from commenting.

This article was published on March 24, 2023 at 4:25 PM. Your reporter emailed my client requesting a comment at 3:03 PM claiming to have a 4:30 PM deadline. This was 3:03 AM Manila time where Mr. Delaney lives. The order was issued on March 20, 2023, *four days before.*

Instead of including a comment from my client or me, the article contains all kinds of quotes from Mr. Delaney implying that he agreed with the chapter 7 trustee and the court that the Sullivan & Cromwell suit was "worthless" or "worth $0". This makes no sense. Why would Mr. Delaney spend time and money on a lawsuit that he filed in 2019 if it was worthless. It is not true that he agreed with the trustee and the court.

This article falsely and slanderously depicts Andrew Delaney and imputes misconduct to him.

2

Your article seeks to unlawfully mislead your readers that your article's depiction of Andrew Delaney was accurate in form or substance. At a minimum, you acted with negligence in your depiction of him. As a result of your publication of the article, you have defamed him. This damaged him and resulted in financial and other losses to him. As this is not non-fiction literature, you must immediately remove the article and issue a specific retraction thereof in the same place, form, and level of visibility.

The undersigned hereby demands that you also remove all posts on your social media and any other print references to the aforesaid article.

This is a pre-suit notice.

Please be advised that this communication is without prejudice to, and shall not affect in any manner, the rights, claims, remedies, actions, or causes of action which Andrew Delaney has, or may have, against you, in law, in equity, or otherwise.

Very truly yours,

DocuSigned by:

*Christopher Beres*

7B4E72493AE145E

Christopher T. Beres

3

Filing # 181124702 E-Filed 09/05/2023 02:47:21 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

            Plaintiffs,            CASE NO.  05-2023-CA-016793-XXXX-XX

v.                              DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA
and
PORTFOLIO MEDIA, INC.,

            Defendants.
_____/

### WITHDRAWAL OF NOTICE OF UNAVAILABILITY AND ADDING OF MOTION

Plaintiffs' counsel Christopher T. Beres hereby withdraws his notice of unavailability dated August 2, 2023 (No. 38) and respectfully requests the Court to reinstate the hearing on October 13, 2023 at 10 o'clock.

Plaintiffs' counsel misunderstood that the hearing would be in-person while he is out of the State.  However, he is available for the remote Microsoft Teams hearing.  He apologizes to the Court for his error.

Additionally, plaintiffs respectfully request to schedule their motion for sanctions dated May 11, 2023 (No. 28) as a piggy-back motion at the same hearing.

Plaintiffs' counsel has already informed defendants' counsel as to his availability on October 13, 2023 for the hearing.

Dated:        September 5, 2023        /s/Christopher Beres
                Melbourne, Florida      Christopher Beres, Esq.
                                      Florida Bar No. 588261
                                      *Attorney for plaintiffs*
                                      1600 Sarno Road Ste. 1
                                      Melbourne, Florida 32935
                                      (321) 339-9301
                                      christopherberes8@gmail.com

1

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system to dshullman@shullmanfugate.com and

spapadelias@shullmanfugate.com.

Dated:          September 5, 2023                    /s/Christopher Beres
                Melbourne, Florida                   Christopher Beres, Esq.
                                                     Florida Bar No. 588261
                                                     *Attorney for plaintiffs*
                                                     1600 Sarno Road Ste. 1
                                                     Melbourne, Florida 32935
                                                     (321) 339-9301
                                                     christopherberes8@gmail.com

2

Filing # 181627214 E-Filed 09/12/2023 01:35:16 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

     Plaintiffs,    CASE NO.  05-2023-CA-016793-XXXX-XX

v.            DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA
and
PORTFOLIO MEDIA, INC.,

     Defendants.
            /

___

## CROSS-NOTICE OF HEARING ON PLAINTIFFS' MOTION FOR 57.105 SANCTIONS

  Plaintiffs respectfully cross-move for a hearing on their pending motion for sanctions at

the hearing scheduled for October 13, 2023 at 10 o'clock.

Dated:  September 13, 2023    /s/Christopher Beres
    Melbourne, Florida     Christopher Beres, Esq.
              Florida Bar No. 588261
              *Attorney for plaintiffs*
              1600 Sarno Road Ste. 1
              Melbourne, Florida 32935
              (321) 339-9301
              christopherberes8@gmail.com

1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system to dshullman@shullmanfugate.com and

spapadelias@shullmanfugate.com.

Dated:          September 13, 2023          /s/Christopher Beres
                Melbourne, Florida          Christopher Beres, Esq.
                                            Florida Bar No. 588261
                                            *Attorney for plaintiffs*
                                            1600 Sarno Road Ste. 1
                                            Melbourne, Florida 32935
                                            (321) 339-9301
                                            christopherberes8@gmail.com

2

Filing # 183244032 E-Filed 10/04/2023 03:37:21 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

              Plaintiffs,

v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

              Defendants.

Case No. 05-2023-CA-016793

## VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

Comes now John M. Browning, Movant herein, and respectfully represents the following:

1.    Movant resides in Brooklyn, New York. Movant is not a resident of Florida.

2.    Movant is an attorney and associate in the law firm Davis Wright Tremaine LLP, whose office is located at 1251 Avenue of the Americas, 21st Floor, New York NY 10020. The telephone number is (212) 489-8230.

3.    Movant's firm was retained on or about March 8, 2023 by Defendants RELX Inc. and Portfolio Media, Inc. to provide legal representation in connection with the above-captioned matter now pending before the above-named court of the State of Florida.

4.    Movant is an active member in good standing and currently eligible to practice in the following jurisdictions: New York (NY Bar No. 5213038) and has also been admitted to practice before the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, the United States Court of Appeals, First Circuit, the United States Court of Appeals, Second Circuit, the United States Court of Appeals,

Third Circuit, the United States Court of Appeals, Ninth Circuit and the United States Court of Appeals, Eleventh Circuit.

5.    A judicial officer or the entity responsible for attorney regulation has neither initiated disciplinary, suspension, disbarment, or contempt proceedings or disciplined, suspended, disbarred, or held Movant in contempt in the preceding 5 years.

6.    Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

7.    Movant is not an inactive member of The Florida Bar.

8.    Movant is not now a member of The Florida Bar.

9.    Movant is not a suspended member of The Florida Bar.

10.    Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation or disciplinary revocation from The Florida Bar.

11.    Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510.

12.    Movant has filed one prior motion to appear as counsel in Florida state courts during the past five (5) years. On September 28, 2023, Movant filed a motion for pro hac admission in a related matter, *John Doe No. 1 and John Doe No. 2 v. RELX Inc. and Portfolio Media, Inc.*, Case No. 05-2023-CA-039786 (the "Subsequent Action"). After Plaintiffs voluntarily dismissed their complaint in this action and the Court declined to reopen the case so that Plaintiffs could file an amended complaint, Plaintiffs commenced the Subsequent Action which involves the same parties, many of the same allegations, and a substantially overlapping

2

set of operative facts to this action. Movant's motion for pro hac vice admission in the Subsequent Action is pending.

13.     Local counsel of record associated with Movant in this matter is Deanna K. Shullman (Fla. Bar No. 514462) of Shullman Fugate PLLC, who is an active member in good standing of The Florida Bar and has offices located at 2101 Vista Parkway, Suite 5006, West Palm Beach, FL 33411. The telephone number is (561) 429-3619.

14.     Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1.310 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

15.     Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this court for this cause only.

DATED: October 4, 2023

Respectfully Submitted,

*/s/ John M. Browning*
John M. Browning
Davis Wright Tremaine LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
jackbrowning@dwt.com

STATE OF NEW YORK

I, John M. Browning, do hereby swear or affirm under penalty and perjury that I am the Movant in the above-styled matter, that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.


*/s/ John M. Browning*
John M. Browning


I hereby consent to be associated as local counsel of record in this case pursuant to Florida Rule of Judicial Administration 2.510.

Dated: October 4, 2023

*/s/ Deanna K. Shullman*
Deanna K. Shullman (Fla. Bar No. 514462)
Sarah Papadelias (Fla. Bar. No. 125098)
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 5006
West Palm Beach, FL 33411
dshullman@shullmanfugate.com
spapadelias@shullmanfugate.com
Tel: (561) 429-3619


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October, 2023, a true and correct copy of

the foregoing is being forwarded via electronic service from the Florida Court E-Portal to

counsel for Plaintiffs, Christopher T. Beres, christopherberes8@gmail.com.

*/s/ Deanna K. Shullman*
Deanna K. Shullman
Shullman Fugate PLLC
Florida Bar No. 514462

4

Filing # 183562170 E-Filed 10/09/2023 04:13:50 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

              Plaintiffs,

   v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

              Defendants.

Case No. 05-2023-CA-016793

## DEFENDANTS RELX INC. AND PORTFOLIO MEDIA INC.'S
## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS

Pursuant to Section 57.105, *Florida Statutes*, Defendants RELX Inc. ("RELX") and

Portfolio Media Inc. ("PMI") (collectively, "Defendants") file their response in opposition to

Plaintiffs' Motion for Sanctions and state as follows:

## INTRODUCTION

This is a frivolous defamation action filed pseudonymously by Plaintiffs. In their

Complaint, Plaintiffs claim that Defendant defamed them in a series of articles reporting on John

Doe No. 2's involvement in certain legal proceedings. Defendant filed a Motion to Dismiss

Plaintiffs' Complaint because the allegedly defamatory statements are protected by Florida's fair

report privilege and are therefore not actionable.

Shortly after the Motion to Dismiss was filed, Plaintiffs filed a Notice of Voluntary

Dismissal without prejudice. Defendant then moved for attorneys' fees and costs pursuant to

Florida's Anti-SLAPP Statute as the prevailing party following the dismissal.

1

Plaintiffs filed a Motion for Sanctions claiming that every motion that Defendants have

filed in this matter has been in bad faith. For the reasons set forth in detail below, Plaintiffs'

Motion for Sanctions is without merit. Defendants' filings are supported by the facts and the

application of existing law. Accordingly, Plaintiffs' Motion for Sanctions should be denied.

## BACKGROUND

This lawsuit arises out of Defendants' accurate reporting in four articles published by

PMI's *Law360* from February 24, 2021 to January 6, 2022 (the "Articles"). These Articles

accurately reported on two lawsuits involving Doe No. 2—one filed by Doe No. 2 in Florida

state court and the other filed against him by his former employer, HC2, Inc. ("HC2") in the

Southern District of New York. HC2's lawsuit alleged that Doe No. 2 tried to "coerce" HC2 to

"pay him hundreds of thousands of dollars by threatening to and publicly disclosing confidential

and privileged information" and that Doe No. 2 and his lawyer, Doe No. 1,[1] carried out a

"scheme to extort." *HC2, Inc. v. Delaney*, 20-cv-03178 (S.D.N.Y.) ("HC2 Complaint").

Despite Defendants' accurate—and privileged—reporting on the lawsuits, Plaintiffs

previously filed a substantially similar version of this libel lawsuit in the Southern District of

Florida, proceeding under their real names. *See Beres, et al. v. RELX PLC et al.*, No. 22-cv-

20429 (S.D. Fla.). Among other alleged concerns, Plaintiffs contended that the Law360 Articles'

use of the term "extort" was defamatory, despite the term's identical use in the HC2 Complaint.

*Id.*, Dkt. 9. Contemporaneously, Plaintiffs commenced three other similar lawsuits against

publisher defendants for their respective reporting on the HC2 Complaint's allegations, including

---

[1] Although Plaintiffs filed this action as Does, they included unredacted versions of the articles in suit which identify
them by their names. In keeping with the Complaint's exhibits, where quoting the Articles or underlying court
records, Defendants will use Plaintiffs' legal names.

*Beres v. Daily Journal Corp.*, No. 0:22-CV-60123-WPD, 2022 U.S. Dist. LEXIS 49092 (S.D. Fla. Mar. 8, 2022).[2]

Shortly after voluntarily withdrawing their federal libel action, Plaintiffs filed the instant lawsuit pseudonymously on February 21, 2023, for defamation based on the Articles. On March 27, 2023, Defendants filed a Motion to Dismiss or, in the alternative, for Summary Judgment ("Motion to Dismiss"). In their Motion to Dismiss, Defendants explained the background of the instant case in detail, including the HC2 Complaint, the Article, and the specific statements at issue in the lawsuit. *Id.* at 3-6. The Motion to Dismiss also included a section discussing Plaintiffs' prior federal litigations concerning reporting done on the HC2 Complaint to demonstrate that Plaintiffs have a history of filing and withdrawing defamation lawsuits on the same or very similar subject matter. *Id.* at 6-7. In this context, Defendants explained that the Southern District of Florida dismissed with prejudice Plaintiffs' libel lawsuit against *The Daily Journal* on the merits on grounds that are highly relevant to the ones Defendants raised on their motion to dismiss the instant case. *See Beres v. Daily Journal Corp.*, No. 0:22-CV-60123-WPD, 2022 WL 805733 (S.D. Fla. Mar. 8, 2022). More specifically, The *Daily Journal* court held that certain phrases in the article at issue there were not defamatory because they used the same words and phrases found in the HC2 Complaint and that the statements in suit were not "of and concerning" Doe No. 1. *Id.* at *6. In discussing the *Daily Journal* decision further, Defendants expressly acknowledged that the district court's decision had been vacated by the Eleventh Circuit on purely procedural grounds:

> Plaintiffs appealed the *Daily Journal* decision to the Eleventh Circuit. Solely on the grounds that Doe No. 2 is a U.S. citizen and foreign resident and therefore diversity jurisdiction could not exist over his claims in federal court, **the Eleventh Circuit**

---

[2] The other two lawsuits were *Beres, et al. v. Tax Analysts*, No. 0:21-cv-62588-RKA (S.D. Fla.) and *Beres v. Nat'l Law Forum LLC*, No. 1:22-cv-20273-RKA (S.D. Fla.).

vacated the *Daily Journal* decision. *See Delaney v. Daily J. Corp.*, No. 22-10788-GG, 20232023 WL 2025592, at *1 (11th Cir. Feb. 13, 2023).

Motion to Dismiss, at 6 (emphasis added).

Defendant moved to dismiss Plaintiffs' Complaint in the instant case on the following grounds: (1) the Articles are privileged under Florida's fair report privilege for accurately reporting on court proceedings; (2) the Articles are not "of and concerning" Doe No. 1; (3) Plaintiffs failed to plausibly allege negligence; (4) RELX is not a proper Defendant in this matter; and (5) Defendants are entitled to attorneys' fees pursuant to Florida's Anti-SLAPP statute. Defendants, in the alternative, moved for summary judgment because there is no genuine issue of material fact. Defendants attached several documents to the Motion to Dismiss that Plaintiffs incorporated by reference into their Complaint. *Id*. at 4 n.3. These documents included the HC2 Complaint and a hearing transcript from the HC2 litigation.

Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice less than a week later on April 3, 2023. On April 11, in response to the dismissal, Defendants filed a Motion for Attorneys' Fees and Costs pursuant to Florida's Anti-SLAPP Statute as the prevailing party. On the same date, Defendants filed a Verified Motion for Admission to Appear Pro Hac Vice on behalf of Elizabeth McNamara ("Pro Hac Vice Motion").

On April 17, Plaintiffs filed a Motion to Reopen Case, claiming that the notice of dismissal was filed in error. Plaintiffs also filed separate oppositions to the Motion to Dismiss, Motion for Attorneys' Fees, and the Pro Hac Vice Motion. Plaintiffs then filed the instant Motion for Sanctions on May 11, 2023, which contained the same arguments as their prior opposition filings.

On July 17, 2023, this Court denied Plaintiffs' Motion to Reopen Case, finding that the filing of a voluntary dismissal without prejudice divested the trial court of jurisdiction to relieve

Plaintiffs of the dismissal. The Court retained jurisdiction to hear Defendants' pending Motion

for Attorneys' Fees and Motion to Appear Pro Hac Vice. The Court granted Defendants' Pro Hac

Vice motion on July 21, 2023. A hearing on Defendants' Motion for Attorneys' Fees is set for

October 13, 2023. Plaintiffs have now unilaterally cross-noticed their Motion for Sanctions to be

heard at the same time.

## ARGUMENT

Section 57.105(1), Florida Statutes states in pertinent part that:

(1) Upon the court's initiative or motion of any party, the court shall award a
reasonable attorney's fee, including prejudgment interest, to be paid to the
prevailing party in equal amounts by the losing party and the losing party's attorney
on any claim or defense at any time during a civil proceeding or action in which the
court finds that the losing party or the losing party's attorney knew or should have
known that a claim or defense when initially presented to the court or at any time
before trial:

(a) Was not supported by the material facts necessary to establish the claim or
defense; or

(b) Would not be supported by the application of then-existing law to those material
facts.

§57.105(1), Fla. Stat. "A claim is supported by the material facts within the meaning of the

statute when the party possesses admissible evidence sufficient to establish the fact if accepted

by the finder of fact." *McAlister v. Bevis Const., Inc.*, 164 So. 3d 773, 776 (Fla. 2d DCA 2015)

(quoting *Siegel v. Rowe*, 71 So. 3d 205, 211 (Fla. 2d DCA 2011)). To award fees under the

statute, "the trial court must find that the action was frivolous or so devoid of merit both on the

facts and the law as to be completely untenable." *Trust Mortg., LLC v. Ferlanti*, 193 So. 3d 997,

1000 (Fla. 4th DCA 2016) (quoting *Wapnick v. Veterans Council of Indian River County, Inc.*,

123 So. 3d 622, 624 (Fla. 4th DCA 2013)). "Where there is an arguable basis in law and fact for

5

a party's claim, a trial court may not sanction that party under section 57.105." *Minto PBLH, LLC v. 1000 Friends of Fla., Inc.*, 228 So. 3d 147, 149 (Fla. 4th DCA2017).

To deem an action frivolous, the court must make a finding on the record that "there is a total or absolute lack of justiciable issues of either law or fact, this being tantamount to a finding that the action is frivolous or completely untenable." *Vasquez v. Provincial South, Inc.*, 795 So. 2d 216, 218 (Fla. 4th DCA 2001). "An award of attorney's fees is not appropriate" if the filing at issue "alleges some justiciable issue." *Id*.

The court's award of fees "must be based on substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial court record." *Trust Mortg.*, 193 So. 3d at 1000. Courts must apply sanctions under this statute "with restraint to ensure that it serves its intended purpose of discouraging baseless claims without casting a chilling effect of use of the courts." *Id*. (quoting *MacAlister*, 164 So. 3d at 776).

The basis for Plaintiffs' Motion for Sanctions is that (1) Defendants allegedly cite and argue vacated case law in the Motion to Dismiss; (2) Defendants' counsel misrepresented other authority in the Motion to Dismiss; (3) Defendants improperly included documents in their Motion to Dismiss; (4) Defendants' Motion for Attorneys' Fees is unsupported by existing case law; (5) Defendant's claim for attorneys' fees pursuant to Florida's Anti-SLAPP Statute violates Doe No. 2's bankruptcy stay; and (6) Defendants filed Elizabeth McNamara's Motion for Pro Hac Vice Admission in bad faith. All of Plaintiffs' arguments are without merit. Plaintiffs have not met their burden that *any* of Defendants' filings are frivolous or completely devoid of merit based on the facts or the law; further, they have not demonstrated that the filings lack any justiciable issue. The Court should deny Plaintiffs' Motion for Sanctions.

6

**I.      Defendants cited the *Daily Journal* opinion as background and stated that the decision was vacated.**

The primary ground of Plaintiffs' Motion for Sanctions is that Defendants allegedly mislead the Court by unethically and dishonestly present[ing] bad case law" (*i.e.*, the district court decision in *Beres v. Daily Journal*) in its Motion to Dismiss. Motion for Sanctions, ¶¶11-25. This is inaccurate because there was nothing remotely misleading or dishonest about Defendants' discussion of this decision. To the contrary, Defendants clearly stated in their Motion that the *Daily Journal* decision was vacated on appeal on diversity jurisdiction grounds because Doe No. 2 is a U.S. citizen residing overseas. Motion to Dismiss, at 7. Defendants were thus explicitly candid with the Court concerning the status of the *Daily Journal* order dismissing Plaintiffs' libel claims.  And there is nothing inappropriate about Defendants' informing this Court of a sister court's assessment of the merits of similar defamation claims brought by Plaintiffs – particularly because nothing in the Eleventh Circuit's purely procedural decision on appeal cast doubt on the federal district court's substantive analysis.

The cases that Plaintiffs cite in their Motion for Sanctions regarding candor to the tribunal are not applicable here. Motion for Sanctions, ¶13. These cases focus on the knowing failure to disclose adverse legal authority in the controlling jurisdiction. *See Aquasol Condo. Assoc., Inc. v. HSBC Bank USA, N.A.*, 312 So. 3d 105, 110 (Fla. 3d DCA 2018) (observing this principle as dicta and not imposing sanctions); *Dilallo By and Through Dilallo v. Riding Safely, Inc.*, 687 So. 2d 353, 355 (Fla. 4th DCA 1997) (same); *Lieberman v. Lieberman*, 160 So. 3d 73, 74 (Fla. 4th DCA 2014) (awarding appellate attorneys' fees for counsel's failure "to acknowledge clear and unambiguous controlling law directly adverse to his client's position"). That is not the situation presented here for the basic reasons set forth above, and Plaintiffs do not present a shred of evidence indicating a lack of candor to this Court.

7

## II.    Defendants did not misrepresent the HC2 ruling.

Plaintiffs also attempt to litigate the correct interpretation of a specific ruling from the

bench in the HC2 case in their Motion for Sanctions. Motion for Sanctions, ¶8. Plaintiffs'

position is that Defendants "mischaracterized" the holding of Southern District of New York

Judge Liman when ruling on HC2's motion for preliminary injunction. *Id.* The Complaint alleges

that the HC2 court ruled that the demand letter in that case was "not an extortion," and that

Defendants ignored this ruling when making false and defamatory accusations of extortion in the

Articles. Compl. ¶¶18-20. As a threshold matter, Plaintiffs claim that HC2's allegations were

"judicially disproven" is not accurate.  While Judge Liman made the statements Plaintiffs

attributed to him and denied HC2's request for a preliminary injunction, he simultaneously noted

the "limits of the Court's ruling" and that "the Court is expressly not holding that the complaint

contains only public information." McNamara Decl. Ex. B at 15:22-16:1. Judge Liman observed

that he was not "pretermitting any argument" from HC2 that Doe No. 2 "disclosed confidential

or privileged information." *Id.* at 16:1-3. In issuing his decision, Judge Liman noted that HC2

had "claim[ed] that defendant ***attempted to extort*** plaintiff by publicly disclosing confidential

information if Delaney was not paid." *Id.* at 20:11-16 (emphasis added). Judge Liman further

observed that this assertion appeared in the "parties' briefing." *Id.* at 20:14-15.  Indeed, Plaintiff

made this same argument in *Daily Journal* action and the argument was rejected by the Court

below (*see Beres*, 2022 WL 805733, at *6) before the case was procedurally vacated on appeal

and dismissed for lack of jurisdiction.

There was nothing "mislead[ing]" about Plaintiffs' relation of these facts.  Motion for

Sanctions, ¶9. Defendants included the transcript as an exhibit to their Motion to Dismiss to

clarify that Defendants accurately reported on the HC2 lawsuit, and therefore the fair report

8

privilege applies. Motion to Dismiss, at 5; *see also Folta v. N.Y. Times Co.*, No. 1:17-cv-246-MW/GRJ, 2019 WL 1486776 at *2 (N.D. Fla. Feb. 27, 2019) (explaining that the fair report privilege is a qualified privilege that protects reporting on court proceedings). Moreover, Plaintiffs were well within their rights to present and broadly discuss Judge Liman's decision because it is highly relevant to their argument Plaintiffs' reporting on that decision should be dismissed under the fair report privilege. Plaintiffs have no basis for their claim that Defendants' inclusion of the HC2 ruling in their Motion to Dismiss is sanctionable. The Motion for Sanctions should therefore be denied.

### III.    Defendant properly referenced and included documents in its Motion to Dismiss.

Plaintiffs also claim that sanctions are appropriate because Defendants included extrinsic documents with its Motion to Dismiss submission to the Court. Motion for Sanctions, ¶10. Plaintiffs claim that Defendants "did not file a motion for the court to take judicial notice of such attachments." *Id*. This is a misunderstanding of both Defendants' Motion to Dismiss and the relevant case law on this issue. A motion to dismiss may include attachments without converting the motion into a motion for summary judgment if those attachments are incorporated by reference into a plaintiff's complaint. *Hillcrest Pac. Corp. v. Yamamura*, 727 So. 2d 1053, 1055 (Fla. 4th DCA 1999); *Skupin v. Hemisphere Media Grp., Inc.*, 314 So. 3d 353, 356 (Fla. 3d DCA 2020); *Point Conversions, LLC v. Omkar Hotels, Inc.*, 321 So. 3d 326, 328 (Fla. 1st DCA 2021); Motion to Dismiss, at 4 n.1.

Each of the exhibits included in Defendants' Motion to Dismiss was specifically mentioned in the Complaint and incorporated by reference therein.[3] *See One Call Property*

---

[3] Defendant attached as exhibits to its Motion to Dismiss the HC2 Complaint (Exhibit A) and the transcript of the court's oral ruling denying HC2's motion for preliminary injunction (Exhibit B). Motion to Dismiss, at 4 n.1. These documents are referenced and cited in the Complaint in paragraphs 18-21.

9

*Servs., Inc. v. Sec. First Ins. Co.*, 165 So. 3d 749, 752 (Fla. 4th DCA 2015) (finding that where the complaint refers to a document, it is incorporated by reference therein and properly considered on a motion to dismiss). The exhibits provide the necessary context for the Court to determine whether the statements at issue are privileged, a decision frequently made by courts as a matter of law on motions to dismiss. *Huszar v. Gross*, 468 So. 2d 512, 516 (Fla. 1st DCA 1985) ("courts, upon motions to dismiss, routinely make decisions as to whether a privilege applies to protect an allegedly defamatory statement."). The Court was properly able to consider them at this procedural stage.[4] *See id.*

Moreover, Defendants alternatively moved for summary judgment pursuant to Rule 1.510. Motion to Dismiss, at 4 n.1. Florida's Anti-SLAPP Statute allows a party to file a motion to dismiss and motion for summary judgment in one document, in the alternative. *Gundel v. AV Homes, Inc.*, 264 So. 3d 304, 313 (Fla. 2d DCA 2019). Thus, the Court could have considered the motion as one for summary judgment, and there was absolutely nothing frivolous about Defendants' invitation to the Court to do so.

In sum, Defendants presented the Court with two avenues by which to consider the exhibits: (1) as part of the Motion to Dismiss because they had been incorporated by reference into Plaintiffs' Complaint; or (2) as part of the alternative Motion for Summary Judgment. These procedural mechanisms are supported by case law. *Huszar*, 468 So. 2d at 516; *Gundel*, 264 So. 3d at 313. Plaintiffs have failed to meet their burden, and sanctions are not warranted on this basis.

---

[4] The Court was also able to consider the exhibits, which were court records, pursuant to the doctrine of judicial notice. §90.202(6), Fla. Stat.; *see also Allstate Ins. Co. v. Greyhound Rent-A-Car, Inc.*, 586 So. 2d 482, 483 (Fla. 4th DCA 1991).

**IV.    The law is clear that Defendants are entitled to attorneys' fees under Florida's Anti-SLAPP Statute.**

Plaintiffs also argue that Defendants' Motion to Dismiss is "sanctionable" because it was filed after the case was dismissed, and Defendants are not the prevailing parties as a matter of law. Motion for Sanctions, ¶¶26-31. As set forth in detail in Defendants' Motion for Attorneys' Fees, Plaintiffs' understanding of the law is incorrect. Defendants are entitled to attorneys' fees as the prevailing party because Plaintiffs filed a notice of voluntary dismissal after Defendants filed a Motion to Dismiss based on Florida's Anti-SLAPP Statute.

The Florida Anti-SLAPP Statute prohibits a person from filing a cause of action that is (1) "without merit;" and (2) "primarily because such person . . . has exercised the constitutional right of free speech in connection with a public issue." Fla. Stat. § 768.295(3). The statute defines "free speech in connection with a public issue" broadly to include "any written or oral statement that is protected under applicable law," and "is made in or in connection with a play, movie, television program, radio broadcast, audiovisual work, book, magazine article, musical work, news report, or other similar work." *Id.* § 768.295(2)(a); *see also Rosenthal v. Council on Am.-Islamic Relations, Fla., Inc.*, No. CACE 16-021357, 2017 WL 6390102, at *3–4 (Fla. Cir. Ct. Nov. 8, 2017) (noting that the Florida Anti-SLAPP Statute covers "any protected statement made in a news report"). Prevailing defendants are entitled to recover fees where, as here, a plaintiff files a meritless lawsuit in violation of this statute. *See* Fla. Stat. § 768.295(4). Moreover, when the plaintiff voluntarily dismisses a defamation action after the defendant files a dispositive motion to dismiss, the defendant is the prevailing party and entitled to fees under the Florida Anti-SLAPP Statute. *See Cory Lakes Isles Property Owners Ass'n, Inc. v. McIntyre*, No. 20-CA-004738, 2020 WL 10731846, at *4 (Fla. 13th Cir. Ct. Sept. 17, 2020) (awarding fees

11

pursuant to the anti-SLAPP statute after plaintiff voluntarily dropped the lawsuit). Such is the case here.

Plaintiffs provide no case law in support of their argument that Defendants' Motion for Attorneys' Fees is sanctionable. Instead, Plaintiffs again take aim at Defendants' citation to the *Daily Journal* opinion in their Motion for Attorneys' Fees,[5] claiming that the "misrepresentation" of this case means that Defendants' request for fees is "unsupported by existing law." Motion for Sanctions, ¶¶32-39. This is incorrect. In reality, Defendants citation to the *Daily Journal* decision was entirely appropriate for the reasons set forth above and they have a clear basis in law for the award of attorneys' fees as the prevailing party. *See Cory Lakes*, 2020 WL 10731846 at *4. Once again, Plaintiffs have failed to meet their burden to demonstrate that sanctions are warranted as to Defendants' Motion for Attorneys' Fees. Their Motion for Sanctions must be denied.

**V.    A bankruptcy stay does not apply to this case.**

Plaintiffs also claim in their Motion for Sanctions that Doe No. 2 is currently a party to bankruptcy proceedings and therefore any request for attorneys' fees is subject to an automatic stay. Motion for Sanctions, ¶¶40-43. Plaintiffs allege that "defendants and their counsel know perfectly well … [that] John Doe No. 2 has a pending Chapter 7 case and is subject to an automatic stay." *Id*. at ¶40. They argue that Defendants' Motion for Attorneys' Fees violates the bankruptcy stay, and sanctions are warranted on this basis. *Id*. at ¶42.

Plaintiffs claim that a bankruptcy stay "stops creditors from filing lawsuits." *Id*. at ¶41. Section 362 provides, in pertinent part, that a bankruptcy petition "operates as a stay" of "the commencement or continuation … of a judicial, administrative, or other action proceeding

---

[5] Defendants' Motion for Attorneys' Fees also explains that the *Daily Journal* decision was vacated on jurisdictional grounds. *See* Motion for Attorneys' Fees, at 4 n.3.

against the debtor." 11 U.S.C. §362(a)(1). A stay under section 362 does not apply to actions *brought by a debtor. Trans Caribbean Lines, Inc. v. Tracor Marine, Inc.*, 49 B.R. 360, 362 (S.D. Fla. 1985) (citing *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) (emphasis in original); *see also Monster Energy Co. v. Consol. Distrib., Inc.*, 2013 WL 12153585 at *3 (M.D. Fla. 2013) (finding that "the court examines the debtor's status at the time the proceedings were initiated" to determine whether an action is against a debtor).

Further, the award of fees or costs against a debtor, in an action brought by the debtor, is not affected by a stay under section 362. *Matter of Property Mgmt. & Invs., Inc.*, 67 B.R. 889, 892 (M.D. Fla. 1986) (finding that bankruptcy stay did not prohibit the award of costs against a debtor because it would be "absurd" to allow a debtor to bring a claim against a third party but preclude the debtor from "be[ing] exposed to rules and procedures which may be used against him in the event he was unsuccessful in his lawsuit").

This is not an action against a debtor. This matter was initiated by Doe No. 1 and Doe No. 2, *after Doe No. 2 filed for bankruptcy*. Once again, Defendants' position is supported by case law and therefore not sanctionable. Plaintiffs' Motion for Sanctions should be denied with respect to Doe No. 2's bankruptcy status.

### VI. Defendants' Pro Hac Vice Motion was submitted in accordance with the Rules of Civil Procedure and granted.

Finally, Plaintiffs take issue with the timing of Elizabeth McNamara's Pro Hac Vice Motion. Motion for Sanctions, ¶¶45-49. They argue that since the Pro Hac Vice Motion was filed eight days after Plaintiffs filed the notice of voluntary dismissal and two days after Defendants filed their Motion for Attorneys' Fees, that the Pro Hac Vice Motion was "made in bad faith and is sanctionable." *Id*. Once again, Plaintiffs provide no support for their argument and do not explain why the Pro Hac Vice Motion was unsupported by facts or the law.

13

Florida Rule of Judicial Administration 2.510 governs the admission of foreign attorneys pro hac vice. It does not include a timeline or deadline for filing a verified motion. McNamara's Pro Hac Vice Motion contained all the required information under Rule 2.510 and was verified before submission to the Court. Though Plaintiffs filed an Opposition to Defendants' Pro Hac Vice Motion (which contained the same arguments as the Motion for Sanctions) forcing the matter to a hearing as opposed, Plaintiffs' counsel failed to appear at the hearing on the Pro Hac Vice Motion. The motion was granted, which completely obliterates any assertion that it was frivolous. Here too Plaintiffs cannot carry their burden with respect sanctions, and Plaintiffs' Motion must be denied.

## CONCLUSION

Plaintiffs have not met their burden under section 57.105 to establish that sanctions are warranted against Defendants for filing its motions in this case. Their Motion for Sanctions should be denied.

Dated: October 9, 2023

Respectfully submitted,

/s/ Deanna K. Shullman
Deanna K. Shullman (Fla. Bar No. 514462)
Sarah Papadelias (Fla. Bar. No. 125098)
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 5006
West Palm Beach, FL 33411
dshllman@shullmanfugate.com
Tel: (561) 429-3619

-and-

Elizabeth A. McNamara*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
lizmcnamara@dwt.com

14

Tel.: (212) 489-8230
Fax: (212) 489-8340

*Admitted *Pro Hac Vice*

*Attorneys for Defendants RELX Inc. and
Portfolio Media, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October 2023, a true and correct copy of the

foregoing is being forwarded via electronic service from the Florida Court E-Portal to counsel for

Plaintiffs, Christopher T. Beres.

*/s/ Deanna K. Shullman*
Deanna K. Shullman
Shullman Fugate PLLC
Florida Bar No. 0125098

Filing # 177998454 E-Filed 07/21/2023 04:52:10 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

                Plaintiffs,

v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

                Defendants.

Case No. 05-2023-CA-016793

## ORDER GRANTING VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

THIS CAUSE came before the Court on July 20, 2023, for hearing of the Verified Motion for Admission to Appear Pro Hac Vice Pursuant to Florida Rule of Judicial Administration 2.510 (the "Motion") filed by Movant, Elizabeth A. McNamara. Having reviewed the Motion and Plaintiffs' opposition, conducted a duly noticed hearing and being otherwise fully advised in the premises, it is hereby

**ORDERED** and **ADJUDGED** as follows:

1. The Motion is GRANTED.

2. Elizabeth A. McNamara is permitted to appear in this Court as attorney of record for the Defendants.

It is further ADJUDGED that within five days from the date of eservice of this Order, Plaintiff's counsel shall:

Furnish a copy of this Order to each self-represented party by U.S. Mail, first class, postage paid; and

File a certificate signed by Plaintiff's counsel that delivery of this Order has been made as set forth herein.

**DONE AND ORDERED** in Viera, Brevard County, Florida, on Friday, July 21, 2023.

05-2023-CA-016793 07/21/2023 02:56:32 PM

Scott Blaue, JUDGE
05-2023-CA-016793 07/21/2023 02:56:32 PM

I HEREBY CERTIFY that a true copy of the foregoing was served via the e-Filing Portal to all counsel of record this Friday, July 21, 2023.

BERES, CHRISTOPHER

christopherberes8@gmail.com

SHULLMAN, DEANNA

dshullman@shullmanfugate.com

aallbright@shullmanfugate.com

pleadings@shullmanfugate.com

ELIZABETH A MCNAMARA

1251 AVENUE OF THE AMERICAS FL 21

NEW YORK, NY 10020-1104

PORTFOLIO MEDIA INC

28 LIBERTY ST

NEW YORK, NY 10005-1400

Sarah M. Papadelias

spapadelias@shullmanfugate.com

aallbright@shullmanfugate.com

pleadings@shullmanfugate.com

05-2023-CA-016793 07/21/2023 04:51:56 PM

*Jennifer C. Johnston*

Jennifer Johnston, Judicial Assistant
05-2023-CA-016793 07/21/2023 04:51:56 PM

Filing # 177998373 E-Filed 07/21/2023 04:51:36 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

               Plaintiffs,

    v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

               Defendants.

Case No. 05-2023-CA-016793

## ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE

THIS CAUSE is before the Court on the hearing on Plaintiffs' Motion to Reopen Case held on July 17, 2023. This Court, having considered the Motion, the parties' argument at the hearing, and being otherwise fully advised in the premises, it is hereby

**ORDERED** and **ADJUDGED** as follows:

1.    Plaintiff's Motion to Reopen Case is **DENIED**. Plaintiffs' filing of a voluntary dismissal without prejudice divests the trial court of jurisdiction to relieve Plaintiffs of the dismissal. *Randle-Eastern Ambulance Serv., Inc., v. Vasta*, 360 So. 2d 68, 69 (Fla. 1978). The case remains dismissed without prejudice.

2.    The Court retains jurisdiction to hear Defendants' pending motions.

It is further ADJUDGED that within five days from the date of eservice of this Order, Plaintiff's counsel shall:

Furnish a copy of this Order to each self-represented party by U.S. Mail, first class, postage paid; and

File a certificate signed by Plaintiff's counsel that delivery of this Order has been made as set forth herein.

**DONE AND ORDERED** in Viera, Brevard County, Florida, on Friday, July 21, 2023.

05-2023-CA-016793 07/21/2023 02:55:50 PM

_____

Scott Blaue, JUDGE
05-2023-CA-016793 07/21/2023 02:55:50 PM

I HEREBY CERTIFY that a true copy of the foregoing was served electronically via the

e-Portal to all counsel of record this Friday, July 21, 2023.

BERES, CHRISTOPHER

christopherberes8@gmail.com

SHULLMAN, DEANNA

dshullman@shullmanfugate.com

aallbright@shullmanfugate.com

pleadings@shullmanfugate.com

ELIZABETH A MCNAMARA

1251 AVENUE OF THE AMERICAS FL 21

NEW YORK, NY 10020-1104

PORTFOLIO MEDIA INC

28 LIBERTY ST

NEW YORK, NY 10005-1400

Sarah M. Papadelias

spapadelias@shullmanfugate.com

aallbright@shullmanfugate.com

pleadings@shullmanfugate.com

05-2023-CA-016793 07/21/2023 04:51:22 PM

Jennifer Johnston, Judicial Assistant
05-2023-CA-016793 07/21/2023 04:51:22 PM

Filing 177998373                    JOHN 1 DOE, et al. v. RELX INC, et al.                    05-2023-CA-016793-XXXX-XX

Filing # 181670263 E-Filed 09/12/2023 06:21:35 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

           Plaintiffs,        CASE NO.  05-2023-CA-016793-XXXX-XX

v.                             DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA    THE HONORABLE SCOTT BLAUE
and
PORTFOLIO MEDIA, INC.,

           Defendants.
_____/

### AMENDED CROSS-NOTICE OF HEARING ON PLAINTIFFS' MOTION FOR 57.105 SANCTIONS

      Plaintiffs respectfully cross-move for a hearing on their pending motion for sanctions at

the hearing scheduled for October 13, 2023 at 10 o'clock before Judge Scott Blaue.

Dated:      September 13, 2023      /s/Christopher Beres
           Melbourne, Florida        Christopher Beres, Esq.
                                  Florida Bar No. 588261
                                  *Attorney for plaintiffs*
                                  1600 Sarno Road Ste. 1
                                  Melbourne, Florida 32935
                                  (321) 339-9301
                                  christopherberes8@gmail.com

1

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

email through the e-filing system to <u>dshullman@shullmanfugate.com</u> and

<u>spapadelias@shullmanfugate.com</u>.

Dated:           September 13, 2023           /s/Christopher Beres
                 Melbourne, Florida           Christopher Beres, Esq.
                                              Florida Bar No. 588261
                                              *Attorney for plaintiffs*
                                              1600 Sarno Road Ste. 1
                                              Melbourne, Florida 32935
                                              (321) 339-9301
                                              <u>christopherberes8@gmail.com</u>

2

Filing # 183244032 E-Filed 10/04/2023 03:37:21 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

                Plaintiffs,

v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

                Defendants.

Case No. 05-2023-CA-016793

## VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE
## PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

Comes now John M. Browning, Movant herein, and respectfully represents the following:

1.      Movant resides in Brooklyn, New York. Movant is not a resident of Florida.

2.      Movant is an attorney and associate in the law firm Davis Wright Tremaine LLP,
whose office is located at 1251 Avenue of the Americas, 21st Floor, New York NY 10020. The
telephone number is (212) 489-8230.

3.      Movant's firm was retained on or about March 8, 2023 by Defendants RELX Inc.
and Portfolio Media, Inc. to provide legal representation in connection with the above-captioned
matter now pending before the above-named court of the State of Florida.

4.      Movant is an active member in good standing and currently eligible to practice in
the following jurisdictions: New York (NY Bar No. 5213038) and has also been admitted to practice
before the United States District Court for the Southern District of New York, the United States
District Court for the Eastern District of New York, the United States Court of Appeals, First
Circuit, the United States Court of Appeals, Second Circuit, the United States Court of Appeals,

Third Circuit, the United States Court of Appeals, Ninth Circuit and the United States Court of Appeals, Eleventh Circuit.

5.    A judicial officer or the entity responsible for attorney regulation has neither initiated disciplinary, suspension, disbarment, or contempt proceedings or disciplined, suspended, disbarred, or held Movant in contempt in the preceding 5 years.

6.    Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

7.    Movant is not an inactive member of The Florida Bar.

8.    Movant is not now a member of The Florida Bar.

9.    Movant is not a suspended member of The Florida Bar.

10.    Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation or disciplinary revocation from The Florida Bar.

11.    Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510.

12.    Movant has filed one prior motion to appear as counsel in Florida state courts during the past five (5) years. On September 28, 2023, Movant filed a motion for pro hac admission in a related matter, *John Doe No. 1 and John Doe No. 2 v. RELX Inc. and Portfolio Media, Inc.*, Case No. 05-2023-CA-039786 (the "Subsequent Action"). After Plaintiffs voluntarily dismissed their complaint in this action and the Court declined to reopen the case so that Plaintiffs could file an amended complaint, Plaintiffs commenced the Subsequent Action which involves the same parties, many of the same allegations, and a substantially overlapping

2

set of operative facts to this action. Movant's motion for pro hac vice admission in the Subsequent Action is pending.

13.    Local counsel of record associated with Movant in this matter is Deanna K. Shullman (Fla. Bar No. 514462) of Shullman Fugate PLLC, who is an active member in good standing of The Florida Bar and has offices located at 2101 Vista Parkway, Suite 5006, West Palm Beach, FL 33411. The telephone number is (561) 429-3619.

14.    Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1.310 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

15.    Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this court for this cause only.

DATED: October 4, 2023

Respectfully Submitted,

*/s/ John M. Browning*
John M. Browning
Davis Wright Tremaine LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
jackbrowning@dwt.com

3

STATE OF NEW YORK

I, John M. Browning, do hereby swear or affirm under penalty and perjury that I am the Movant in the above-styled matter, that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

/s/ John M. Browning
John M. Browning

I hereby consent to be associated as local counsel of record in this case pursuant to Florida Rule of Judicial Administration 2.510.

Dated: October 4, 2023

/s/ Deanna K. Shullman
Deanna K. Shullman (Fla. Bar No. 514462)
Sarah Papadelias (Fla. Bar. No. 125098)
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 5006
West Palm Beach, FL 33411
dshullman@shullmanfugate.com
spapadelias@shullmanfugate.com
Tel: (561) 429-3619

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October, 2023, a true and correct copy of

the foregoing is being forwarded via electronic service from the Florida Court E-Portal to

counsel for Plaintiffs, Christopher T. Beres, christopherberes8@gmail.com.

/s/ Deanna K. Shullman
Deanna K. Shullman
Shullman Fugate PLLC
Florida Bar No. 514462

4

Filing # 183562170 E-Filed 10/09/2023 04:13:50 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

                Plaintiffs,

    v.

                Case No. 05-2023-CA-016793

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

                Defendants.

## DEFENDANTS RELX INC. AND PORTFOLIO MEDIA INC.'S
## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS

Pursuant to Section 57.105, *Florida Statutes*, Defendants RELX Inc. ("RELX") and

Portfolio Media Inc. ("PMI") (collectively, "Defendants") file their response in opposition to

Plaintiffs' Motion for Sanctions and state as follows:

## INTRODUCTION

This is a frivolous defamation action filed pseudonymously by Plaintiffs. In their

Complaint, Plaintiffs claim that Defendant defamed them in a series of articles reporting on John

Doe No. 2's involvement in certain legal proceedings. Defendant filed a Motion to Dismiss

Plaintiffs' Complaint because the allegedly defamatory statements are protected by Florida's fair

report privilege and are therefore not actionable.

Shortly after the Motion to Dismiss was filed, Plaintiffs filed a Notice of Voluntary

Dismissal without prejudice. Defendant then moved for attorneys' fees and costs pursuant to

Florida's Anti-SLAPP Statute as the prevailing party following the dismissal.

1

Plaintiffs filed a Motion for Sanctions claiming that every motion that Defendants have filed in this matter has been in bad faith. For the reasons set forth in detail below, Plaintiffs' Motion for Sanctions is without merit. Defendants' filings are supported by the facts and the application of existing law. Accordingly, Plaintiffs' Motion for Sanctions should be denied.

## BACKGROUND

This lawsuit arises out of Defendants' accurate reporting in four articles published by PMI's *Law360* from February 24, 2021 to January 6, 2022 (the "Articles"). These Articles accurately reported on two lawsuits involving Doe No. 2—one filed by Doe No. 2 in Florida state court and the other filed against him by his former employer, HC2, Inc. ("HC2") in the Southern District of New York. HC2's lawsuit alleged that Doe No. 2 tried to "coerce" HC2 to "pay him hundreds of thousands of dollars by threatening to and publicly disclosing confidential and privileged information" and that Doe No. 2 and his lawyer, Doe No. 1,[1] carried out a "scheme to extort." *HC2, Inc. v. Delaney*, 20-cv-03178 (S.D.N.Y.) ("HC2 Complaint").

Despite Defendants' accurate—and privileged—reporting on the lawsuits, Plaintiffs previously filed a substantially similar version of this libel lawsuit in the Southern District of Florida, proceeding under their real names. *See Beres, et al. v. RELX PLC et al.*, No. 22-cv-20429 (S.D. Fla.). Among other alleged concerns, Plaintiffs contended that the Law360 Articles' use of the term "extort" was defamatory, despite the term's identical use in the HC2 Complaint. *Id.*, Dkt. 9. Contemporaneously, Plaintiffs commenced three other similar lawsuits against publisher defendants for their respective reporting on the HC2 Complaint's allegations, including

---

[1] Although Plaintiffs filed this action as Does, they included unredacted versions of the articles in suit which identify them by their names. In keeping with the Complaint's exhibits, where quoting the Articles or underlying court records, Defendants will use Plaintiffs' legal names.

2

*Beres v. Daily Journal Corp.*, No. 0:22-CV-60123-WPD, 2022 U.S. Dist. LEXIS 49092 (S.D. Fla. Mar. 8, 2022).[2]

Shortly after voluntarily withdrawing their federal libel action, Plaintiffs filed the instant lawsuit pseudonymously on February 21, 2023, for defamation based on the Articles. On March 27, 2023, Defendants filed a Motion to Dismiss or, in the alternative, for Summary Judgment ("Motion to Dismiss"). In their Motion to Dismiss, Defendants explained the background of the instant case in detail, including the HC2 Complaint, the Article, and the specific statements at issue in the lawsuit. *Id.* at 3-6. The Motion to Dismiss also included a section discussing Plaintiffs' prior federal litigations concerning reporting done on the HC2 Complaint to demonstrate that Plaintiffs have a history of filing and withdrawing defamation lawsuits on the same or very similar subject matter. *Id.* at 6-7. In this context, Defendants explained that the Southern District of Florida dismissed with prejudice Plaintiffs' libel lawsuit against *The Daily Journal* on the merits on grounds that are highly relevant to the ones Defendants raised on their motion to dismiss the instant case. *See Beres v. Daily Journal Corp.*, No. 0:22-CV-60123-WPD, 2022 WL 805733 (S.D. Fla. Mar. 8, 2022). More specifically, The *Daily Journal* court held that certain phrases in the article at issue there were not defamatory because they used the same words and phrases found in the HC2 Complaint and that the statements in suit were not "of and concerning" Doe No. 1. *Id.* at *6. In discussing the *Daily Journal* decision further, Defendants expressly acknowledged that the district court's decision had been vacated by the Eleventh Circuit on purely procedural grounds:

> Plaintiffs appealed the *Daily Journal* decision to the Eleventh Circuit. Solely on the grounds that Doe No. 2 is a U.S. citizen and foreign resident and therefore diversity jurisdiction could not exist over his claims in federal court, **the Eleventh Circuit**

---

[2] The other two lawsuits were *Beres, et al. v. Tax Analysts*, No. 0:21-cv-62588-RKA (S.D. Fla.) and *Beres v. Nat'l Law Forum LLC*, No. 1:22-cv-20273-RKA (S.D. Fla.).

3

**vacated the *Daily Journal* decision.** *See Delaney v. Daily J. Corp.*, No. 22-10788-GG, 20232023 WL 2025592, at *1 (11th Cir. Feb. 13, 2023).

Motion to Dismiss, at 6 (emphasis added).

Defendant moved to dismiss Plaintiffs' Complaint in the instant case on the following grounds: (1) the Articles are privileged under Florida's fair report privilege for accurately reporting on court proceedings; (2) the Articles are not "of and concerning" Doe No. 1; (3) Plaintiffs failed to plausibly allege negligence; (4) RELX is not a proper Defendant in this matter; and (5) Defendants are entitled to attorneys' fees pursuant to Florida's Anti-SLAPP statute. Defendants, in the alternative, moved for summary judgment because there is no genuine issue of material fact. Defendants attached several documents to the Motion to Dismiss that Plaintiffs incorporated by reference into their Complaint. *Id.* at 4 n.3. These documents included the HC2 Complaint and a hearing transcript from the HC2 litigation.

Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice less than a week later on April 3, 2023. On April 11, in response to the dismissal, Defendants filed a Motion for Attorneys' Fees and Costs pursuant to Florida's Anti-SLAPP Statute as the prevailing party. On the same date, Defendants filed a Verified Motion for Admission to Appear Pro Hac Vice on behalf of Elizabeth McNamara ("Pro Hac Vice Motion").

On April 17, Plaintiffs filed a Motion to Reopen Case, claiming that the notice of dismissal was filed in error. Plaintiffs also filed separate oppositions to the Motion to Dismiss, Motion for Attorneys' Fees, and the Pro Hac Vice Motion. Plaintiffs then filed the instant Motion for Sanctions on May 11, 2023, which contained the same arguments as their prior opposition filings.

On July 17, 2023, this Court denied Plaintiffs' Motion to Reopen Case, finding that the filing of a voluntary dismissal without prejudice divested the trial court of jurisdiction to relieve

4

Plaintiffs of the dismissal. The Court retained jurisdiction to hear Defendants' pending Motion

for Attorneys' Fees and Motion to Appear Pro Hac Vice. The Court granted Defendants' Pro Hac

Vice motion on July 21, 2023. A hearing on Defendants' Motion for Attorneys' Fees is set for

October 13, 2023. Plaintiffs have now unilaterally cross-noticed their Motion for Sanctions to be

heard at the same time.

## ARGUMENT

Section 57.105(1), Florida Statutes states in pertinent part that:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

§57.105(1), Fla. Stat. "A claim is supported by the material facts within the meaning of the

statute when the party possesses admissible evidence sufficient to establish the fact if accepted

by the finder of fact." *McAlister v. Bevis Const., Inc.*, 164 So. 3d 773, 776 (Fla. 2d DCA 2015)

(quoting *Siegel v. Rowe*, 71 So. 3d 205, 211 (Fla. 2d DCA 2011)). To award fees under the

statute, "the trial court must find that the action was frivolous or so devoid of merit both on the

facts and the law as to be completely untenable." *Trust Mortg., LLC v. Ferlanti*, 193 So. 3d 997,

1000 (Fla. 4th DCA 2016) (quoting *Wapnick v. Veterans Council of Indian River County, Inc.*,

123 So. 3d 622, 624 (Fla. 4th DCA 2013)). "Where there is an arguable basis in law and fact for

5

a party's claim, a trial court may not sanction that party under section 57.105." *Minto PBLH, LLC v. 1000 Friends of Fla., Inc.*, 228 So. 3d 147, 149 (Fla. 4th DCA2017).

To deem an action frivolous, the court must make a finding on the record that "there is a total or absolute lack of justiciable issues of either law or fact, this being tantamount to a finding that the action is frivolous or completely untenable." *Vasquez v. Provincial South, Inc.*, 795 So. 2d 216, 218 (Fla. 4th DCA 2001). "An award of attorney's fees is not appropriate" if the filing at issue "alleges some justiciable issue." *Id.*

The court's award of fees "must be based on substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial court record." *Trust Mortg.*, 193 So. 3d at 1000. Courts must apply sanctions under this statute "with restraint to ensure that it serves its intended purpose of discouraging baseless claims without casting a chilling effect of use of the courts." *Id.* (quoting *MacAlister*, 164 So. 3d at 776).

The basis for Plaintiffs' Motion for Sanctions is that (1) Defendants allegedly cite and argue vacated case law in the Motion to Dismiss; (2) Defendants' counsel misrepresented other authority in the Motion to Dismiss; (3) Defendants improperly included documents in their Motion to Dismiss; (4) Defendants' Motion for Attorneys' Fees is unsupported by existing case law; (5) Defendant's claim for attorneys' fees pursuant to Florida's Anti-SLAPP Statute violates Doe No. 2's bankruptcy stay; and (6) Defendants filed Elizabeth McNamara's Motion for Pro Hac Vice Admission in bad faith. All of Plaintiffs' arguments are without merit. Plaintiffs have not met their burden that *any* of Defendants' filings are frivolous or completely devoid of merit based on the facts or the law; further, they have not demonstrated that the filings lack any justiciable issue. The Court should deny Plaintiffs' Motion for Sanctions.

**I.     Defendants cited the *Daily Journal* opinion as background and stated that the decision was vacated.**

The primary ground of Plaintiffs' Motion for Sanctions is that Defendants allegedly mislead the Court by unethically and dishonestly present[ing] bad case law" (*i.e.*, the district court decision in *Beres v. Daily Journal*) in its Motion to Dismiss. Motion for Sanctions, ¶¶11-25. This is inaccurate because there was nothing remotely misleading or dishonest about Defendants' discussion of this decision. To the contrary, Defendants clearly stated in their Motion that the *Daily Journal* decision was vacated on appeal on diversity jurisdiction grounds because Doe No. 2 is a U.S. citizen residing overseas. Motion to Dismiss, at 7. Defendants were thus explicitly candid with the Court concerning the status of the *Daily Journal* order dismissing Plaintiffs' libel claims.  And there is nothing inappropriate about Defendants' informing this Court of a sister court's assessment of the merits of similar defamation claims brought by Plaintiffs – particularly because nothing in the Eleventh Circuit's purely procedural decision on appeal cast doubt on the federal district court's substantive analysis.

The cases that Plaintiffs cite in their Motion for Sanctions regarding candor to the tribunal are not applicable here. Motion for Sanctions, ¶13. These cases focus on the knowing failure to disclose adverse legal authority in the controlling jurisdiction. *See Aquasol Condo. Assoc., Inc. v. HSBC Bank USA, N.A.*, 312 So. 3d 105, 110 (Fla. 3d DCA 2018) (observing this principle as dicta and not imposing sanctions); *Dilallo By and Through Dilallo v. Riding Safely, Inc.*, 687 So. 2d 353, 355 (Fla. 4th DCA 1997) (same); *Lieberman v. Lieberman*, 160 So. 3d 73, 74 (Fla. 4th DCA 2014) (awarding appellate attorneys' fees for counsel's failure "to acknowledge clear and unambiguous controlling law directly adverse to his client's position"). That is not the situation presented here for the basic reasons set forth above, and Plaintiffs do not present a shred of evidence indicating a lack of candor to this Court.

7

## II.    Defendants did not misrepresent the HC2 ruling.

Plaintiffs also attempt to litigate the correct interpretation of a specific ruling from the

bench in the HC2 case in their Motion for Sanctions. Motion for Sanctions, ¶8. Plaintiffs'

position is that Defendants "mischaracterized" the holding of Southern District of New York

Judge Liman when ruling on HC2's motion for preliminary injunction. *Id.* The Complaint alleges

that the HC2 court ruled that the demand letter in that case was "not an extortion," and that

Defendants ignored this ruling when making false and defamatory accusations of extortion in the

Articles. Compl. ¶¶18-20. As a threshold matter, Plaintiffs claim that HC2's allegations were

"judicially disproven" is not accurate.  While Judge Liman made the statements Plaintiffs

attributed to him and denied HC2's request for a preliminary injunction, he simultaneously noted

the "limits of the Court's ruling" and that "the Court is expressly not holding that the complaint

contains only public information." McNamara Decl. Ex. B at 15:22-16:1. Judge Liman observed

that he was not "pretermitting any argument" from HC2 that Doe No. 2 "disclosed confidential

or privileged information." *Id.* at 16:1-3. In issuing his decision, Judge Liman noted that HC2

had "claim[ed] that defendant ***attempted to extort*** plaintiff by publicly disclosing confidential

information if Delaney was not paid." *Id.* at 20:11-16 (emphasis added). Judge Liman further

observed that this assertion appeared in the "parties' briefing." *Id.* at 20:14-15.  Indeed, Plaintiff

made this same argument in *Daily Journal* action and the argument was rejected by the Court

below (*see Beres*, 2022 WL 805733, at *6) before the case was procedurally vacated on appeal

and dismissed for lack of jurisdiction.

There was nothing "mislead[ing]" about Plaintiffs' relation of these facts.  Motion for

Sanctions, ¶9. Defendants included the transcript as an exhibit to their Motion to Dismiss to

clarify that Defendants accurately reported on the HC2 lawsuit, and therefore the fair report

8

privilege applies. Motion to Dismiss, at 5; *see also Folta v. N.Y. Times Co.*, No. 1:17-cv-246-MW/GRJ, 2019 WL 1486776 at *2 (N.D. Fla. Feb. 27, 2019) (explaining that the fair report privilege is a qualified privilege that protects reporting on court proceedings). Moreover, Plaintiffs were well within their rights to present and broadly discuss Judge Liman's decision because it is highly relevant to their argument Plaintiffs' reporting on that decision should be dismissed under the fair report privilege. Plaintiffs have no basis for their claim that Defendants' inclusion of the HC2 ruling in their Motion to Dismiss is sanctionable. The Motion for Sanctions should therefore be denied.

### III.    Defendant properly referenced and included documents in its Motion to Dismiss.

Plaintiffs also claim that sanctions are appropriate because Defendants included extrinsic documents with its Motion to Dismiss submission to the Court. Motion for Sanctions, ¶10. Plaintiffs claim that Defendants "did not file a motion for the court to take judicial notice of such attachments." *Id*. This is a misunderstanding of both Defendants' Motion to Dismiss and the relevant case law on this issue. A motion to dismiss may include attachments without converting the motion into a motion for summary judgment if those attachments are incorporated by reference into a plaintiff's complaint. *Hillcrest Pac. Corp. v. Yamamura*, 727 So. 2d 1053, 1055 (Fla. 4th DCA 1999); *Skupin v. Hemisphere Media Grp., Inc.*, 314 So. 3d 353, 356 (Fla. 3d DCA 2020); *Point Conversions, LLC v. Omkar Hotels, Inc.*, 321 So. 3d 326, 328 (Fla. 1st DCA 2021); Motion to Dismiss, at 4 n.1.

Each of the exhibits included in Defendants' Motion to Dismiss was specifically mentioned in the Complaint and incorporated by reference therein.[3] *See One Call Property*

---

[3] Defendant attached as exhibits to its Motion to Dismiss the HC2 Complaint (Exhibit A) and the transcript of the court's oral ruling denying HC2's motion for preliminary injunction (Exhibit B). Motion to Dismiss, at 4 n.1. These documents are referenced and cited in the Complaint in paragraphs 18-21.

9

*Servs., Inc. v. Sec. First Ins. Co.*, 165 So. 3d 749, 752 (Fla. 4th DCA 2015) (finding that where the complaint refers to a document, it is incorporated by reference therein and properly considered on a motion to dismiss). The exhibits provide the necessary context for the Court to determine whether the statements at issue are privileged, a decision frequently made by courts as a matter of law on motions to dismiss. *Huszar v. Gross*, 468 So. 2d 512, 516 (Fla. 1st DCA 1985) ("courts, upon motions to dismiss, routinely make decisions as to whether a privilege applies to protect an allegedly defamatory statement."). The Court was properly able to consider them at this procedural stage.[4] *See id.*

Moreover, Defendants alternatively moved for summary judgment pursuant to Rule 1.510. Motion to Dismiss, at 4 n.1. Florida's Anti-SLAPP Statute allows a party to file a motion to dismiss and motion for summary judgment in one document, in the alternative. *Gundel v. AV Homes, Inc.*, 264 So. 3d 304, 313 (Fla. 2d DCA 2019). Thus, the Court could have considered the motion as one for summary judgment, and there was absolutely nothing frivolous about Defendants' invitation to the Court to do so.

In sum, Defendants presented the Court with two avenues by which to consider the exhibits: (1) as part of the Motion to Dismiss because they had been incorporated by reference into Plaintiffs' Complaint; or (2) as part of the alternative Motion for Summary Judgment. These procedural mechanisms are supported by case law. *Huszar*, 468 So. 2d at 516; *Gundel*, 264 So. 3d at 313. Plaintiffs have failed to meet their burden, and sanctions are not warranted on this basis.

---

[4] The Court was also able to consider the exhibits, which were court records, pursuant to the doctrine of judicial notice. §90.202(6), Fla. Stat.; *see also Allstate Ins. Co. v. Greyhound Rent-A-Car, Inc.*, 586 So. 2d 482, 483 (Fla. 4th DCA 1991).

IV.    **The law is clear that Defendants are entitled to attorneys' fees under Florida's Anti-SLAPP Statute.**

Plaintiffs also argue that Defendants' Motion to Dismiss is "sanctionable" because it was filed after the case was dismissed, and Defendants are not the prevailing parties as a matter of law. Motion for Sanctions, ¶¶26-31. As set forth in detail in Defendants' Motion for Attorneys' Fees, Plaintiffs' understanding of the law is incorrect. Defendants are entitled to attorneys' fees as the prevailing party because Plaintiffs filed a notice of voluntary dismissal after Defendants filed a Motion to Dismiss based on Florida's Anti-SLAPP Statute.

The Florida Anti-SLAPP Statute prohibits a person from filing a cause of action that is (1) "without merit;" and (2) "primarily because such person . . . has exercised the constitutional right of free speech in connection with a public issue." Fla. Stat. § 768.295(3). The statute defines "free speech in connection with a public issue" broadly to include "any written or oral statement that is protected under applicable law," and "is made in or in connection with a play, movie, television program, radio broadcast, audiovisual work, book, magazine article, musical work, news report, or other similar work." *Id.* § 768.295(2)(a); *see also Rosenthal v. Council on Am.-Islamic Relations, Fla., Inc.*, No. CACE 16-021357, 2017 WL 6390102, at *3–4 (Fla. Cir. Ct. Nov. 8, 2017) (noting that the Florida Anti-SLAPP Statute covers "any protected statement made in a news report"). Prevailing defendants are entitled to recover fees where, as here, a plaintiff files a meritless lawsuit in violation of this statute. *See* Fla. Stat. § 768.295(4). Moreover, when the plaintiff voluntarily dismisses a defamation action after the defendant files a dispositive motion to dismiss, the defendant is the prevailing party and entitled to fees under the Florida Anti-SLAPP Statute. *See Cory Lakes Isles Property Owners Ass'n, Inc. v. McIntyre*, No. 20-CA-004738, 2020 WL 10731846, at *4 (Fla. 13th Cir. Ct. Sept. 17, 2020) (awarding fees

11

pursuant to the anti-SLAPP statute after plaintiff voluntarily dropped the lawsuit). Such is the case here.

Plaintiffs provide no case law in support of their argument that Defendants' Motion for Attorneys' Fees is sanctionable. Instead, Plaintiffs again take aim at Defendants' citation to the *Daily Journal* opinion in their Motion for Attorneys' Fees,[5] claiming that the "misrepresentation" of this case means that Defendants' request for fees is "unsupported by existing law." Motion for Sanctions, ¶¶32-39. This is incorrect. In reality, Defendants citation to the *Daily Journal* decision was entirely appropriate for the reasons set forth above and they have a clear basis in law for the award of attorneys' fees as the prevailing party. *See Cory Lakes*, 2020 WL 10731846 at *4. Once again, Plaintiffs have failed to meet their burden to demonstrate that sanctions are warranted as to Defendants' Motion for Attorneys' Fees. Their Motion for Sanctions must be denied.

### V.     A bankruptcy stay does not apply to this case.

Plaintiffs also claim in their Motion for Sanctions that Doe No. 2 is currently a party to bankruptcy proceedings and therefore any request for attorneys' fees is subject to an automatic stay. Motion for Sanctions, ¶¶40-43. Plaintiffs allege that "defendants and their counsel know perfectly well … [that] John Doe No. 2 has a pending Chapter 7 case and is subject to an automatic stay." *Id*. at ¶40. They argue that Defendants' Motion for Attorneys' Fees violates the bankruptcy stay, and sanctions are warranted on this basis. *Id*. at ¶42.

Plaintiffs claim that a bankruptcy stay "stops creditors from filing lawsuits." *Id*. at ¶41. Section 362 provides, in pertinent part, that a bankruptcy petition "operates as a stay" of "the commencement or continuation … of a judicial, administrative, or other action proceeding

---

[5] Defendants' Motion for Attorneys' Fees also explains that the *Daily Journal* decision was vacated on jurisdictional grounds. *See* Motion for Attorneys' Fees, at 4 n.3.

against the debtor." 11 U.S.C. §362(a)(1). A stay under section 362 does not apply to actions *brought by a debtor. Trans Caribbean Lines, Inc. v. Tracor Marine, Inc.*, 49 B.R. 360, 362 (S.D. Fla. 1985) (citing *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) (emphasis in original); *see also Monster Energy Co. v. Consol. Distrib., Inc.*, 2013 WL 12153585 at *3 (M.D. Fla. 2013) (finding that "the court examines the debtor's status at the time the proceedings were initiated" to determine whether an action is against a debtor).

Further, the award of fees or costs against a debtor, in an action brought by the debtor, is not affected by a stay under section 362. *Matter of Property Mgmt. & Invs., Inc.*, 67 B.R. 889, 892 (M.D. Fla. 1986) (finding that bankruptcy stay did not prohibit the award of costs against a debtor because it would be "absurd" to allow a debtor to bring a claim against a third party but preclude the debtor from "be[ing] exposed to rules and procedures which may be used against him in the event he was unsuccessful in his lawsuit").

This is not an action against a debtor. This matter was initiated by Doe No. 1 and Doe No. 2, *after Doe No. 2 filed for bankruptcy.* Once again, Defendants' position is supported by case law and therefore not sanctionable. Plaintiffs' Motion for Sanctions should be denied with respect to Doe No. 2's bankruptcy status.

**VI.    Defendants' Pro Hac Vice Motion was submitted in accordance with the Rules of Civil Procedure and granted.**

Finally, Plaintiffs take issue with the timing of Elizabeth McNamara's Pro Hac Vice Motion. Motion for Sanctions, ¶¶45-49. They argue that since the Pro Hac Vice Motion was filed eight days after Plaintiffs filed the notice of voluntary dismissal and two days after Defendants filed their Motion for Attorneys' Fees, that the Pro Hac Vice Motion was "made in bad faith and is sanctionable." *Id*. Once again, Plaintiffs provide no support for their argument and do not explain why the Pro Hac Vice Motion was unsupported by facts or the law.

13

Florida Rule of Judicial Administration 2.510 governs the admission of foreign attorneys pro hac vice. It does not include a timeline or deadline for filing a verified motion. McNamara's Pro Hac Vice Motion contained all the required information under Rule 2.510 and was verified before submission to the Court. Though Plaintiffs filed an Opposition to Defendants' Pro Hac Vice Motion (which contained the same arguments as the Motion for Sanctions) forcing the matter to a hearing as opposed, Plaintiffs' counsel failed to appear at the hearing on the Pro Hac Vice Motion. The motion was granted, which completely obliterates any assertion that it was frivolous. Here too Plaintiffs cannot carry their burden with respect sanctions, and Plaintiffs' Motion must be denied.

## **CONCLUSION**

Plaintiffs have not met their burden under section 57.105 to establish that sanctions are warranted against Defendants for filing its motions in this case. Their Motion for Sanctions should be denied.

Dated: October 9, 2023

Respectfully submitted,

*/s/ Deanna K. Shullman*
Deanna K. Shullman (Fla. Bar No. 514462)
Sarah Papadelias (Fla. Bar. No. 125098)
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 5006
West Palm Beach, FL 33411
dshllman@shullmanfugate.com
Tel: (561) 429-3619

-and-

Elizabeth A. McNamara*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
lizmcnamara@dwt.com

14

Tel.: (212) 489-8230
Fax: (212) 489-8340

*Admitted *Pro Hac Vice*

*Attorneys for Defendants RELX Inc. and
Portfolio Media, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 9th day of October 2023, a true and correct copy of the

foregoing is being forwarded via electronic service from the Florida Court E-Portal to counsel for

Plaintiffs, Christopher T. Beres.

*<u>/s/ Deanna K. Shullman</u>*
Deanna K. Shullman
Shullman Fugate PLLC
Florida Bar No. 0125098

15

Filing # 183725096 E-Filed 10/11/2023 11:35:23 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

                Plaintiffs,          CASE NO. 05-2023-CA-016793-XXXX-XX

v.                            DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA    JUDGE SCOTT BLAUE
and
PORTFOLIO MEDIA, INC.,

                Defendants.

_____/

<u>DECLARATION OF CHRISTOPHER T. BERES IN OPPOSITION TO FEE MOTION</u>

I, CHRISTOPHER T. BERES, declare that:

1.      I am the attorney in the above action.

2.      I am submitting this declaration in opposition to the correspondence which the defendants sent to the court "Subject: Hearing Materials for 10/13/23: Case# 05-2023-CA-016793-XXXX-XX (Defendants' Motion for Attorneys' Fees and Costs)." This motion, together with the plaintiffs' motion for sanctions, are set for a hearing on October 13, 2023.

3.      The six cases cited by the defendants as authority are either irrelevant (<u>Bongino</u>, <u>Corsi</u>, <u>Cory Lakes</u>, and <u>Rosenthal</u>) or have both been **vacated** and are irrelevant (the two <u>Daily Journal Corp.</u> cases). The plaintiffs have a pending motion against the defendants for continuing to cite bad law to the court which is continuing.

4.      As the court will recall, this is a case where, days after this case was filed, the defendants published <u>two new defamatory articles</u> about the plaintiffs. The plaintiffs, both attorneys in good standing, plausibly alleged that the defendants had defamed them by repeatedly accusing them of crimes, which are not a "fair report" of anything, and lied repeatedly about

1

them for years, including two new articles after they filed this case. Because the plaintiffs

needed to amend the complaint to include the two new articles, they mistakenly voluntarily

dismissed the action with the intent of re-filing it which they immediately tried to correct. At the

last hearing, the court correctly determined that the plaintiffs would have to file a new case

which we have done but that it would be the same result in the end as amending the complaint.

See <u>John Doe et al. v. RELX et al.</u>, 05-2023-CA-039786-XXXX-XX (Fla. 18th Cir. filed July

18, 2034).

    5.    To respectfully remind the court of the relevant dates:

| February 21, 2023 | plaintiffs filed the case |
| March 6, 2023 | defendants published new defamatory article about John Doe No. 1 |
| March 21, 2023 | defendants filed motion for extension of time |
| March 24, 2023 | defendants published new defamatory article about John Doe No. 2 |
| April 3, 2023 | plaintiffs filed notice of voluntary dismissal to amend |
| April 5, 2023 | plaintiffs filed a notice to the clerk to withdraw the voluntary dismissal |
| April 11, 2023 | defendants filed a motion for attorneys' fees and costs per Stat. 768.295(4) |
| May 11, 2023 | plaintiffs filed motion for 57.105 sanctions |
| July 17, 2023 | hearing – ordered that new case filing was required |
| July 18, 2023 | plaintiffs re-file as new case |
| October 13, 2023 | hearing TBD |

## The Cory Lakes Case (1)

    6.    Thus, the so-called "anti-SLAPP" motion which was filed by the defendants was

filed <u>after</u> the plaintiffs had already voluntarily dismissed the case. That is distinguishable from

2

one of the six cases they cite, <u>Cory Lakes Isles Property Owners Ass'n, Inc. v. McIntyre</u>, 2020

WL 10731846 (2020).   See <u>Stubbs v. Strickland</u>, 297 P.3d 326, 129 Nev. Adv. Op. 15 (Nev.

2013): "In this appeal, we consider whether a defendant can file an anti-SLAPP (Strategic

Lawsuit Against Public Participation) suit after the plaintiff voluntarily dismisses the initial

lawsuit.  We conclude that if the plaintiff voluntarily dismisses the action before the defendant

files either an initial responsive pleading or a special motion to dismiss pursuant to NRS 41.670,

the defendant cannot file an anti-SLAPP suit against the plaintiff based on that action."

### Bongino (2), Corsi (3), and Rosenthal (4)

7.     The next three cases it cites, <u>Bongino v. Daily Beast LLC</u>, 19-14472-CV-

MARTINEZ-MAYNARD (S.D. Fla. August 6, 2020), <u>Corsi v. Newsmax Media, Inc.</u>, Case No.

20-CV-81396-RAR  (S.D. Fla. February 12, 2021), and <u>Rosenthal v. Council on American-

Islamic Rels.</u>, Case No. CACE 16-021357 (Fla. 17th Cir. November 8, 2017), all involve anti-

SLAPP motions to dismiss that were <u>granted on the merits</u> which did not happen here.  In

<u>Bongino</u>, <u>Corsi</u>, and <u>Rosenthal</u>, there was <u>no voluntary dismissal and re-filing</u> by the plaintiffs

and the defendants' motions to dismiss were adjudicated on the merits against the plaintiffs.

### Daily Journal Corp. (5 and 6)

8.     Inexplicably, the defendants' October 11, 2023 e-mail to this court finally

presents the two <u>Daily Journal Corp.</u> cases as good law to the court.  As the plaintiffs have

argued in their sanctions motion, those cases, which are actually the same case, were ordered

**vacated** by the United States Court of Appeals for the Eleventh Circuit.  <u>Delaney v. Daily

Journal Corp.</u>, Case No. 22-cv-10788 (11th Cir. February 13, 2023).  The case was also vacated

3

and dismissed without prejudice by the United States District Court for the Southern District of Florida. <u>Beres v. Daily Journal Corp.</u>, Case No. 0:22-cv-60123-WPD (S.D. Fla. February 15, 2023). There <u>were no anti-SLAPP sanctions in those cases</u> which involved entirely different defamatory content and different parties. The defendants here were not a party to <u>Daily Journal Corp.</u> and are citing it as a part of their continuing bad faith.

9.      The defendants have already filed a motion to dismiss on September 26, 2023 (Doc. No. 17) in the newly filed case seeking anti-SLAPP sanctions. As in the cases they cite, <u>Bongino</u>, <u>Corsi</u>, and <u>Rosenthal</u>, their anti-SLAPP sanctions will be considered by that court if their motion to dismiss is granted in that case, as occurred in <u>Bongino</u>, <u>Corsi</u>, and <u>Rosenthal</u>. In fact, <u>Bongino</u>, <u>Corsi</u>, and <u>Rosenthal</u> disprove their point and argue that their anti-SLAPP sanctions should be determined if the plaintiffs' case is actually dismissed on the merits.

10.      While a court "can" of course always impose sanctions, that does not mean that it has to or should do so in this case. The plaintiffs only sought to amend the original complaint. Also, the plaintiffs' claims have merit which is shown by the fact that the defendants changed the headlines and content. This is an admission. The plaintiffs should have the opportunity to prove their case at trial.

11.      Finally, what <u>is</u> sanctionable, and which should be the basis of sanctions from this court, is the defendants' continued citation of bad law to the court, a violation of their duty of candor to the tribunal. <u>Azran Miami 2, LLC v. U.S. Bank Tr</u>, No. 3D20-1712 (Fla. App. 2022) ("While it is true that Mr. Jacobs' Motion acknowledges that the August 10, 2018 order in that unrelated case was vacated by the trial court judge, Mr. Jacobs nevertheless fails to explain why he would quote from a vacated order in an unrelated case, or how such a vacated order from an unrelated case is anything more than a legal nullity, much less an order upon which this court

4

should rely as persuasive authority for some legal proposition advanced by him.[8]."). <u>Id</u>. at 13

(emphasis added).


Dated:         October 11, 2023              Respectfully submitted,
                                             <u>/s/Christopher T. Beres</u>
                                             CHRISTOPHER T. BERES


cc:      Tino Gonzalez, Esq.

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Court's ePortal system, which will provide an email copy of the same to all counsel of record on this October 11, 2023.

/s/ Christopher Beres
Fla. Bar No., 588261
Designated email: christopherberes8@gmail.com

6

Filing # 183997428 E-Filed 10/16/2023 08:03:40 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH
JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

CASE NO.  05-2023-CA-016793-XXXX-XX
JOHN DOE NO. 1
et al.,
Plaintiffs/Petitioners
v.
RELX, INC. d/b/a LEXIS NEXIS USA
PORTFOLIO MEDIA, INC.,
Defendants/Respondents.
_____/

<u>Notice of Discharge of Attorney</u>

    I the undersigned, JOHN DOE NO. 2( ANDREW DELANEY), being one of the
plaintiffs in the above-captioned action, do hereby notify Christopher T. Beres, Esq., my attorney
of record with offices located at 1600 Sarno Road Ste. 1, Melbourne, Florida 32935, that I am
discharging him as my attorney of record, and am electing to proceed in this action pro se.  As I
am now representing myself pro se, I am further requesting that Christopher T. Beres, Esq. turn
over my file.

Dated: October 16, 2023          PLAINTIFF:

                              _____
                              Andrew Delaney
                              Sen. Gil Puyat Avenue
                              Makati Central P.O. No. 1057
                              Brgy. San Antonio
                              Makati 1250
                              Republic of the Philippines
                              Tel. 63-94-2677-8826
                              rajadamri@proton.me

cc:    All counsel of record

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Court's ePortal system, which will provide an email copy of the same to all counsel of record on this October 16, 2023.

/s/Andrew Delaney
ANDREW DELANEY
Designated email: rajadamri@proton.me

Filing # 183997428 E-Filed 10/16/2023 08:03:40 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH
JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

CASE NO.  05-2023-CA-016793-XXXX-XX
JOHN DOE NO. 1
et al.,
Plaintiffs/Petitioners
v.
RELX, INC. d/b/a LEXIS NEXIS USA
PORTFOLIO MEDIA, INC.,
Defendants/Respondents.

_____/

## Notice of Discharge of Attorney

    I the undersigned, JOHN DOE NO. 2( ANDREW DELANEY), being one of the plaintiffs in the above-captioned action, do hereby notify Christopher T. Beres, Esq., my attorney of record with offices located at 1600 Sarno Road Ste. 1, Melbourne, Florida 32935, that I am discharging him as my attorney of record, and am electing to proceed in this action pro se.  As I am now representing myself pro se, I am further requesting that Christopher T. Beres, Esq. turn over my file.

Dated: October 16, 2023          PLAINTIFF:

                              _____
                              Andrew Delaney
                              Sen. Gil Puyat Avenue
                              Makati Central P.O. No. 1057
                              Brgy. San Antonio
                              Makati 1250
                              Republic of the Philippines
                              Tel.  63-94-2677-8826
                              rajadamri@proton.me

cc:    All counsel of record

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the
Court's ePortal system, which will provide an email copy of the same to all counsel of record on
this October 16, 2023.

/s/Andrew Delaney
ANDREW DELANEY
Designated email: rajadamri@proton.me

Filing # 184875265 E-Filed 10/27/2023 03:00:46 AM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

                Plaintiffs,          CASE NO.  05-2023-CA-016793-XXXX-XX

v.                              DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA      The Honorable Scott Allen Blaue
and
PORTFOLIO MEDIA, INC.,

                Defendants.
_____/

## JOHN DOE NO. 1'S NOTICE OF VOLUNTARY DISMISSAL

    Pursuant to Fla. R. Civ. Pro. 1420(a)(1), Plaintiff John Doe No. 1 hereby voluntarily
dismisses all of his claims without prejudice against the above-named Defendants.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a copy hereof was sent to all counsel of record via the
Florida Court E-Filing Portal on this 27th day of October 2023.

                      */s/Christopher T. Beres*
                      Christopher T. Beres, Esq.
                      Florida Bar No. 0588261
                      1600 Sarno Road, Ste. 1
                      Melbourne, FL 32935
                      christopherberes8@gmail.com
                      Tel: (321) 339-9301

Filing # 187648171 E-Filed 12/08/2023 11:46:27 AM

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA
CASE NO. 052023CA016793XXXXXX
JOHN DOE NO. 1,
JOHN DOE NO. 2,
Plaintiffs,
against
RELX, Inc. d/b/a LEXISNEXIS USA,
PORTFOLIO MEDIA, INC.,
Defendants
_____/

### VERIFIED MOTION TO DISQUALIFY JUDGE SCOTT BLAUE

COMES NOW, the plaintiff, JOHN DOE NO. 1, pursuant to Rule 2.330, Florida Rules of

Judicial Administration, § 38.02 and § 38.10, Fla. Stat. (1997), and the Fla. Code Jud. Conduct,

Canon 3E, hereby files this Verified Motion to Disqualify and Incorporated Memorandum of

Law, and in support thereof, states as follows:

1.      Rule 2.330, Fla. R. Jud. Admin. allows a party to seek disqualification of the

assigned trial judge where the party feels he will not receive a fair trial or hearing because of a

specifically described prejudice or bias of the judge.  Rule 2.330 (f), Fla. R. Jud. Admin.

provides that, upon receipt of a legally sufficient motion to disqualify, "the judge shall

immediately enter an order granting disqualification and proceed no further in the action."

2.      Under the circumstances as outlined below, the plaintiff has an ethical

responsibility to seek the remedy of disqualification.

3.      The plaintiff fears he will not receive a fair hearing, because of the Court's

relationships with the plaintiff's adversaries and continuing demonstrable prejudice against him.

4.      Judge Scott became a judge recently.  Prior to that time, he was a name partner in

the local law firm Eisenmenger, Robinson, Blaue & Peters, P.A. ("Eisenmenger").  He is

described in online reviews as having been an "associate" under Eisenmenger partner Mark

1

Peters ("Peters").[1]  The Eisenmenger law firm is known to have good connections to judges in this court, especially Judge Blaue.

    5.    The Eisenmenger connection is a serious issue in this court.  So much so that on January 3, 2023 Chief Judge Jessica Recksiedler issued Administrative Order No. 23-04-B "Reassignment of Cases Assigned to Judge Scott Blaue."  The chief judge specifically referred to Peters: "The court having determined that Judge Scott Blaue should not hear cases in which attorneys R. Scott Robinson, Bar#91615, Mark S. Peters, Bar#321631, and Gregory W. Eisenmenger, Bar#237175 appears, it is ORDERED that all pending or newly filed cases in which R. Scott Robinson, Bar#91615, Mark S. Peters, Bar#321631, and Gregory W. Eisenmenger, Bar#237175 appears as attorney of record for any party shall be reassigned to the next judge in rotation pursuant to pending or existing administrative orders."

    6.    This case is a related case to the case in this court *John Doe No. 1 et al. v. Upsolve, Inc.*, Case No. 052023CA018273XXXXXX, involving the same plaintiff in which Peters represents Harvard University.  The defendants' counsel, Deanna Shullman ("Shullman"), has been coordinating the related litigation with Peters.[2]

    7.    Peters has made numerous verbal and written threats against the plaintiff including to seek sanctions against him in his litigations in this court.  He also made it sound as if his winning was a foregone conclusion.

    8.    Peters appears to have a history in this regard including having undisclosed discussions with the State which have resulted in previous motions to disqualify.  Attachment 2.

---

[1] https://www.avvo.com/attorneys/32955-fl-mark-peters-1258144.html ("He and his associate, Scott Blaue....")

[2] After ruling that there was no jurisdiction over the defendants, on November 30, 2023, Judge Michelle Naberhaus dismissed that case *with prejudice*.  Since that makes no legal sense, Peters' influence is once again suspected.

2

9.    Peters has been coordinating litigation against the plaintiff with Shullman. Unfortunately, the plaintiff has had previous experience with Shullman who is related to a judge and who always claims to have a special relationship with the judge. In the federal case which the plaintiff was forced to have dismissed due to no federal jurisdiction, Shullman constantly claimed that "she knew the judge" and "knew what he wanted" in terms of documents.

10.    Moreover, Judge Blaue's actions in this case show that he is biased and not qualified to hear it.

11.    As stated, the plaintiff originally sued the defendants in the United States District Court for the Southern District of Florida. However, the United States Court of Appeals for the Eleventh Circuit ruled that John Doe No. 2 was stateless and not subject to federal jurisdiction on diversity of citizenship grounds and that the case would have to be refiled in state court. The plaintiff filed this case on February 10, 2023. On March 7, 2023 and March 24, 2023, the defendants published two more defamatory articles about the plaintiffs so that the complaint had to be amended. On April 3, 2023, the plaintiff mistakenly dismissed the case in order to file the amended complaint and tried to withdraw the document and correct it with the clerk. The plaintiff also filed a motion to reopen the case to amend the complaint and filed the amended complaint. At a hearing, Judge Blaue ordered that the plaintiffs would have to refile the case but that "it didn't matter because it would get you [the plaintiffs] to the same place." Based on Judge Blaue's ruling, the plaintiff refiled the case.

12.    However, at a hearing on October 13, 2023, Judge Blaue completely reversed his position from the earlier hearing, which the plaintiff relied on in refiling the amended complaint including the new defamatory material, and asserted the "double dismissal" rule against the

3

plaintiffs. That was after he had ruled that the plaintiffs could re-file the case, which they had already done.

13.  Even worse, Judge Blaue, due to his relationships with Peters and Shullman, put attorney Christopher Beres on mute throughout the hearing call so that he could not speak or make objections. This also prevented Beres from fulfilling his legal duty of making a record in the case. In his 20 years of practice in the courts of Florida, the plaintiff has never seen a judge mute an attorney and prevent him from participating in the hearing. This shows Judge Blaue's Pervasive Bias and actual prejudice for which he should be disqualified.

14.  The chief judge's concerns in issuing an administrative order preventing Judge Blaue from hearing cases involving Eisenmenger and Peters are well-founded as shown by his actions in this case.

MEMORANDUM OF LAW

15.  Rule 2.330, Fla. R. Jud. Admin., allows a party to seek disqualification of the assigned trial judge where the party feels he will not receive a fair trial or hearing because of a specifically described prejudice or bias of the judge. Rule 2.330(f), Fla. R. Jud. Admin. provides that, upon receipt of a legally sufficient motion to disqualify, "the judge shall immediately enter an order granting disqualification and proceed no further in the action." The plaintiff believes Judge Blaue is prejudiced against him and is not an impartial arbitrator in this matter. Thus, the plaintiff's fear that he will not receive a fair hearing is well-founded, objective, and reasonable.

16.  "Prejudice of a judge is a delicate question to raise, but when raised as a bar to the trial of a cause, if predicated on grounds with a modicum of reason, the judge against whom raised should be prompt to recuse himself." *Livingston v. State*, 441 So.2d 1083, 1085 (emphasis added). Where there is any legally sufficient basis, whether factually accurate or not, for a

4

founded fear of possible prejudice to exist in the mind of a plaintiff, recusal is mandated. *See, e.g., Management Corporation of America, Inc. v. Grossman*, 396 So.2d 1169 (Fla. 3rd DCA 1981). A motion to disqualify a judge must establish a fear on the part of the movant that he or she will not receive a fair and impartial hearing. *See, Quince v. State*, 592 So. 2d 669, 670 (Fla. 1992). The instant motion clearly establishes such a fear. The motion "must be well-founded and contain facts germane to the judge's undue bias, prejudice, or sympathy." *Rivera v. State*, 717 So. 2d 477, 480-81 (Fla. 1998). The instant motion is well founded, based on the record, and respectfully consists of germane facts showing the bias and prejudice of the Court.

17.    In determining the legal sufficiency of a motion to disqualify, a court looks to see whether the facts alleged would place a reasonably prudent person in fear of not receiving fair and impartial treatment from the trial judge. *See, e.g., Johnson v. State*, 769 So. 2d 990 (Fla. 2000). In the instant case, a reasonably prudent person, would be in fear that the Court, because of its prejudice or bias deprived him of fair and impartial treatment. The fear of judicial bias must be objectively reasonable. *State v. Shaw*, 643 So. 2d 1163, 1164 (Fla. 4th DCA 1994). Thus, he has shown an objectively reasonable fear that he will not receive a fair trial or hearing in this cause, based on a specifically described prejudice or bias of this Court.

18.    Pursuant to Fla. Code Jud. Conduct, Canon 3E, a "judge shall disqualify herself.... [when] the Judge's impartiality might reasonably be questioned." Canon 3E(1)(a) further adds that personal bias against a party's attorney is reason for disqualification. The plaintiff feels that the circumstances discussed in this motion mandate that Judge Blanc recuse himself from any further proceedings regarding the plaintiff.

19.    Finally, the plaintiff bases this motion on § 38.02 and § 38.10, Fla. Stat. (1997). The plaintiff has met the requirements of the statutes and offers the following cases in support of

5

his motion.  In *Ginsburg v. Holt*, 86 So. 2d 650 (Fla. 1956) the Florida Supreme Court found that

bias against a party's attorney can be detrimental enough to warrant recusal by a judge.  Beres,

the attorney in this case, has a long history of bad relations with the Eisenmenger law firm,

including when Judge Blaue was recently a partner there.  In *Bundy v. Rudd*, 366 So. 2d 440

(Fla. 1978), the Florida Supreme Court stated that a judge shall not pass on the truth of the

allegations or look beyond the legal sufficiency of a motion for disqualification.  If a judge does

exceed the proper scope of inquiry, then that alone is a basis for disqualification.  *See also*

*Rogers v. State*, 630 S. 2d  513 (Fla. 1993).

    20.    The facts are set forth in the accompanying affidavit.

    WHEREFORE, the plaintiff requests the Court to enter an order of recusal of Judge

Blaue, that Judge Blaue's orders be vacated, and that this case be transferred to another court.

    I HEREBY CERTIFY this motion to disqualify is made in good faith.

    WHEREFORE the plaintiff requests Judge Blaue to grant the motion to disqualify and

recuse himself from the civil matter of the plaintiff.

6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed on the Florida E-Filing Portal and sent by U.S. mail to Deanna Shullman, Esq., Shullman Fugate PLLC, 2101 Vista Pkwy Ste 4006, West Palm Beach, FL 33411-2706, and to the Honorable Scott Blaue, 18th Judicial Circuit 2825 Judge Fran Jamieson Way Viera, FL 32940-8006 on this December 8, 2023.

Christopher Beres

_____
Christopher T. Beres
1600 Sarno Road Ste. 1
Melbourne, FL 32935
(321) 339-9301
christopherberes8@gmail.com

7

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA
CASE NO. 052023CA016793XXXXXX
JOHN DOE NO. 1,
JOHN DOE NO. 2,
Plaintiffs,
against
RELX, Inc. d/b/a LEXISNEXIS USA,
PORTFOLIO MEDIA, INC.,
Defendants
_____/

### AFFIDAVIT IN SUPPORT OF MOTION TO DISQUALIFY

I, CHRISTOPHER T. BERES, being duly sworn, depose and say:

**I**

I am the plaintiff JOHN DOE NO. 1 in the above-titled case and am acquainted with the

facts in this case. I have personal knowledge of the matters set forth in this affidavit.

**II**

I am informed and believe, and based on such information and belief, allege that the

Honorable Scott Blaue, the judge before whom this cause is pending, has a relationship with my

litigation opponents Mark Peters ("Peters") and the law office Eisenmenger, Robinson, Blaue &

Peters, P.A. ("Eisenmenger"), including having been an associate under Peters and then partner,

and has a personal bias or prejudice against me. This bias and prejudice dates back for years

between his law firm and me. The chief judge's administrative order shows that this conflict

requires reassignment of cases from Judge Blaue.

**III**

The facts and reasons for such belief that such bias or prejudice exists are explained in

the following:

8

When Judge Blaue was a partner at Eisenmenger, I had a poor relationship with his law firm and its partners based on personal conflicts.

This case is part of related litigation in this same court in which Judge Blaue's former boss and partner, Peters, represents one of the parties against the same plaintiffs including me. Peters has been coordinating litigation with Deanna Shullman ("Shullman"), the lawyer in this case who, from my experience, whether true or not, brags about her supposed special relationship with judges. Peters has been threatening me for months to get me to drop the cases, including seeking sanctions, as his litigation ally Shullman is coordinating with him.

Judge Blaue assured me at the first hearing that re-filing the complaint in this case would "get me to the same place" as amending the complaint in the existing lawsuit. However, at the October 13, 2023 hearing, he reversed from his assurances from the bench on which I reasonably relied that I would be able to proceed and asserted the "double dismissal rule" against me. This was after ruling the opposite. I never intended to dismiss the case at all, only to amend it. The first dismissal from federal court was due to a ruling from the Eleventh Circuit.

Judge Blaue evinced his prejudice against me in shocking fashion when he muted me on the October 13, 2023 remote hearing and would not allow me to object, present my arguments, and create a record. His actions clearly show bias and prejudice against the party and the attorney.

Peters and Shullman have been successfully trying to prevent my meritorious case against them from being heard. Judge Blaue should be disqualified and all of his orders in this case be

9

vacated. The plaintiff is justifiably concerned that the bias and prejudice is spilling over to other judges in this court and that the case should be transferred.

_____

CHRISTOPHER T. BERES

Sworn to before me this

_____ day of December 2023.

_____

NOTARY PUBLIC

ANDREW DELANEY
NOTARY PUBLIC - NEW YORK
COMMISSION #
02DE6173795
MY COMM. EXPIRES
12/10/2027

10

ATTACHMENT 1

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

**ADMINISTRATIVE ORDER NO.:
23-04-B**

**IN RE: JUDGES – CASELOAD ASSIGNMENT – REASSIGNMENT OF CASES ASSIGNED TO
JUDGE SCOTT BLAUE**

The court having determined that Judge Scott Blaue should not hear cases in which attorneys R. Scott Robinson, Bar#91615, Mark S. Peters, Bar#321631, and Gregory W. Eisenmenger, Bar#237175 appears, it is

ORDERED that all pending or newly filed cases in which R. Scott Robinson, Bar#91615, Mark S. Peters, Bar#321631, and Gregory W. Eisenmenger, Bar#237175 appears as attorney of record for any party shall be reassigned to the next judge in rotation pursuant to pending or existing administrative orders.

DONE and ORDERED this 3rd day of January, 2023.


JESSICA RECKSIEDLER
JESSICA RECKSIEDLER
CHIEF JUDGE


Distribution:
All Circuit and County Judges (Brevard County)
Court Administration (Brevard and Seminole Counties)
Clerk of Court (Brevard County)
Public Defender (Brevard County)
State Attorney (Brevard County)
Sheriff (Brevard County)
Bar Association (Brevard County)
Law Library (Brevard County)
Eisenmenger, Robinson, Blaue & Peters  scottrobinson@ebplaw.com, markpeters@ebplaw.com, gregeisenmenger@ebplaw.com

Filing # 44453105 E-Filed 07/26/2016 04:44:13 PM

**ATTACHMENT 2**

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

STATE OF FLORIDA,

        Plaintiff,                CASE NO.: 05-2015-CF-039871-AXXX-XX

vs.

DANA LYNN LOYD

        Defendant.

_____/

## MOTION TO DISQUALIFY JUDGE DUE TO BIAS OR PREJUDICE

COMES NOW, the Defendant DANA LYNN LOYD, by and through her undersigned counsel and respectfully moves this Honorable Court, and Honorable Robin Lemonidis to disqualify herself from sitting on further proceedings in the above referenced case. The Plaintiff hereby files this Motion pursuant to § 38.02 and § 38.10, Fla. Stat. (1997), and the Fla. Code Jud. Conduct, Canon 3E. In support of this Motion, the Defendant alleges the following:

       1.     The Defendant DANA LYNN LOYD runs an online publication in which the crux of her stories reveal corruption regarding high powered officials in law enforcement and the judicial system of the Eighteenth Judicial Circuit.

       2.     On or about May 23, 2016, this Honorable Court heard the Defendant's Motion for Contempt against the State of Florida for violating this Honorable Court's Order in reference to the Confidentiality of this entire case file. This Motion for Contempt alleged that confidentiality was breached when the State Attorney reached out to Attorney Mark Peters, attorney of record for the alleged victim, ███ family law case with confidential information and that Attorney Peters was supplied with documents from the criminal case that had already been deemed confidential. At this hearing the State denied ever speaking to Attorney Mark

Peters, denied issuing documents to Attorney Peters and stated that they only reached out to the alleged victim, ███ and never to his family law attorney.

3.      This Honorable Court denied said Motion for Contempt by stating she has worked with the State every day for the last year and the State consists of people with ethics and candor and she did not believe that this was an intentional violation of the Court's Order. This Honorable Court further stated that the undersigned counsel and the Defendant are attempting to passive aggressively harass Mr. ███

4.      On or about May 23, 2016, the State Attorney reached out **again** to Attorney Mark Peters and relayed specifics about the Defendant's criminal case. (See Exhibit "B", Letter from Mark Peters, Esquire) After this contact was made, the undersigned attorney received the attached letter with significant confidential details regarding this matter. The Defendant believes that she will not be able to receive a fair and impartial trial.

5.      The Defendant believes that this Honorable Court has shown an obvious prejudice towards her. This prejudice will have an inevitable negative impact on her criminal proceedings that are yet to be presented before the Honorable Robin Lemonidis. Her bias will affect how she rules on certain issues throughout this criminal trial. The Defendant believes that for the foregoing reason, Judge Robin Lemondis cannot be neutral and impartial in this matter.

6.      As a result of all of the aforementioned actions, the Defendant has a well grounded fear that she will not receive a fair trial at the hands of the Honorable Judge Robin Lemonidis.

7.      Defendant submits that pursuant to Florida Code of Judicial Conduct, Canon 3E, a "judge shall disqualify herself ...[when] the Judge's impartiality might be reasonably questioned." Canon 3E(1)(a) further adds that personal bias against a party's attorney is reason

for disqualification. The Defendant feels that the circumstances discussed in this Motion mandate that Judge Lemonidis recuse herself from any further proceedings regarding the Defendant.

8.    As further basis the Defendant would offer the following cases in support of her Motion to Disqualify. In **Livingston v. State**, 441 So.2d 1083 (Fla 1984), states that the "question of disqualification focuses on the matters from which a litigant may reasonably questions a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially." (*Id*, at 1086). Additionally, **Livingston**, supra, stands for the position that the position of disqualification focuses on matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially (*Id* at 1086). *See also*, **Hayslip v. Douglas**, 400 So. 2d 533, (Fla. 4th DCA 1981).

9.    Additionally, the Defendant bases this Motion on § 38.02 and § 38.10 of the Florida Statutes Plaintiff has met the requirements of the statutes and offers the following cases in support of her Motion. In **Ginsberg v. Holt**, 86 So. 2d 650, (Fla. 1956) the Florida Supreme Court found that bias against a party's attorney can be detrimental enough to warrant recusal by a judge. The determination should be made as to whether a reasonable prudent person would be in fear of not receiving a fair trial (*Id* at 1087). In **Bundy v. Rudd**, 366 So. 2d 440, (Fla. 1978), the Florida Supreme Court stated that a judge shall not pass on the truth of the allegations or look beyond the legal sufficiency of a Motion for Disqualification. If a judge does exceed the proper scope of inquiry, then that alone is basis for disqualification, *See also*, **Rogers v. State**, 630 So. 2d 513, (Fla. 1993).

10.    The facts are set forth in the accompanying Affidavit.

**WHEREFORE,** the Defendant DANA LYNN LOYD prays the Honorable Robin Lemonidis proceed no further in this cause and that another judge be designated in this cause.

**I HEREBY CERTIFY** this Motion to Disqualify the Honorable Judge Robin Lemonidis is made in good faith.

**WHEREFORE** the Defendant respectfully requests the Honorable Judge Robin Lemonidis grant the Motion to Disqualify and recuse herself from the civil matter of the Defendent.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing has furnished by U.S. Mail delivery to the, Sean Sendra at 400 South Street, Suite D, Titusville, Florida 32780 and the Honorable Judge Robin Lemonidis, County Court Judge, Titusville Courthouse, 506 S. Palm Ave., Titusville, Florida 32796, this _____ day of July 2016.

**Law Office of Jessica Burgess, P.A.**

_____ /s/ Jessica L. Burgess .
JESSICA BURGESS, ESQUIRE
14E Marina Isles Blvd.
Indian Harbour Beach, Florida  32937
(321) 759-7626
Florida Bar No.: 115698
pleadingsburgess@mail.com
burgess.jessica87@gmail.com

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

STATE OF FLORIDA,

        Plaintiff,        CASE NO.: 05-2015-CF-039871-AXXX-XX

vs.

DANA LYNN LOYD

        Defendant.

_____/

## AFFIDAVIT IN SUPPORT OF MOTION TO DISQUALIFY JUDGE FOR BIAS OR PREJUDICE

I, DANA LYNN LOYD, being first duly sworn, deposes and says:

### I

I am the Defendant in the above-entitled case and am acquainted with the facts in this case and have personal knowledge of the matter set forth in this Affidavit.

### II

I am informed and believe, and based on such information and belief, allege that the Honorable Robin Lemonidis, the Judge before whom this cause is pending, has a personal bias or prejudice against me.

### III

The facts and the reasons for the belief that such bias or prejudice exists are explained in the following:

I run an online publication in which the crux of my stories reveal corruption regarding high powered officials in law enforcement and the judicial system of the Eighteenth Judicial Circuit.

On or about May 23, 2016, this Honorable Court heard my Motion for Contempt against

EXHIBIT A

the State of Florida for violating this Honorable Court's Order in reference to the Confidentiality of this entire case file. This Motion for Contempt alleged that confidentiality was breached when the State Attorney reached out to Attorney Mark Peters, attorney of record for the alleged victim, █████ family law case with confidential information and that Attorney Peters was supplied with documents from the criminal case that had already been deemed confidential. At this hearing the State denied ever speaking to Attorney Mark Peters, denied issuing documents to Attorney Peters and stated that they only reached out to the alleged victim, ████ and never to his family law attorney.

This Honorable Court denied said Motion for Contempt by stating she has worked with the State every day for the last year and the State consists of people with ethics and candor and she did not believe that this was an intentional violation of the Court's Order. This Honorable Court further stated that my attorney and I are attempting to passive aggressively harass Mr. ████

On or about May 23, 2016, the State Attorney reached out **again** to Attorney Mark Peters and relayed specifics about my criminal case.  (See exhibit "A") After this contact was made, my attorney received the attached letter with significant confidential details regarding this matter. I feel that had this been me that violated this Order, I would have been incarcerated.

I do not believe that I will receive a fair and impartial trial.

## IV.

This Honorable Court has shown an obvious prejudice towards me. This prejudice will have an inevitable negative impact on my criminal proceedings that are yet to be presented before the Honorable Robin Lemonidis. Her bias will affect how she rules on certain issues throughout my criminal trial. I believe that for the foregoing reason, Judge Robin Lemondis cannot be neutral and impartial in this matter.

**WHEREFORE,** the Defendant DANA LYNN LOYD prays the Honorable Robin Lemonidis proceed no further in this cause and that another judge be designated in this cause.

_7/26/16_
DATE

_____
DANA LYNN LOYD

**STATE OF FLORIDA**

**COUNTY OF BREVARD**

**SWORN TO AND SUBSCRIBED** before me personally appeared DANA LYNN LOYD, who is personally known to me or produced _____, as identification, this _26_ day of _July_, 2016.

_____
Notary Public State of Florida
My Commission expires:

DENISE DODSON
Notary Public · State of Florida
Commission # FF 983576
My Comm Expires Apr 18, 2020
Bonded through National Notary Assn

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that this Motion and supporting Affidavit signed this _26th_ day of June 2016 _July_ are made in good faith and not for the purposes of delay.

_____
JESSICA L. BURGESS, Esquire



Law Offices of
**Eisenmenger, Berry,
Blaue & Peters, P.A.**
5450 Village Drive, Viera, FL 32955
www.EBPLaw.com

Gregory W. Eisenmenge
*Board Certified Criminal Trial Attorn*
Robert R. Berr
*Board Certified Criminal Trial and Appellate Attorn*
Scott A. Blau
Mark S. Pete
Phone: (321) 504-032
Facsimile: (321) 504-032

May 23, 2016

*VIA EMAIL*
Jessica L. Burgess, Esquire
Law Office of Jessica L. Burgess, P.A.
14E Marina Isles Boulevard
Indian Harbour Beach, FL 32937

In Re:     The Former Marriage of: ██████████ and ██████████
           n/k/a ██████████████
           Case No. ████████████████

Dear Ms. Burgess:

I am in receipt of your Motion to Intervene, in the above-referenced action. By telephone conversation on May 23, 2016, I confirmed with Assistant State Attorney, Susan Stewart, that the State does not intend to call ██████ as a witness in the prosecution of Dana Loyd. Further, the factual bases for the prosecution of Ms. Loyd is predicated on Ms. Loyd's false reporting that she was a substitute teacher at ██████ school and overheard a conversation that either directly or indirectly suggested ████ was a victim of sexual abuse.

Since Ms. Loyd is not a substitute teacher and overheard no conversation at ██████ school, the bases for the charges are not something ████ can testify about. The School Board's records substantiate Ms. Loyd was not a substitute teacher on the day she claims she overheard a conversation.

If Ms. Loyd, you or ██████ have some other agenda, I expect consideration of this request to withdraw your Motion to Intervene will not be well received. The consequences for pursuing a motion not supported by the law or the facts should already be well known by you and your client.

Sincerely,

Mark S. Peters

MSP/jp

cc: Client

Exhibit B

Filing # 187990295 E-Filed 12/13/2023 05:24:41 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

                Plaintiffs,

v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

                Defendants.

Case No. 05-2023-CA-016793

**ORDER GRANTING DEFENDANTS RELX INC. AND
PORTFOLIO MEDIA INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS**

        THIS CAUSE came before the Court on October 13, 2023, for hearing on the motion of

defendants RELX Inc. and Portfolio Media Inc. (collectively, "Defendants") to recover

attorneys' fees and costs pursuant to § 768.295(4), Fla. Stat. This Court, having considered the

Motion, the parties' argument at the hearing, and being otherwise fully advised in the premises, it

is hereby **ORDERED** and **ADJUDGED** as follows:

        1.      Defendants Motion for Attorneys' Fees and Costs is **GRANTED**. Based on the

findings of fact and law set forth below, this Court holds that this action is subject to the

mandatory fee-shifting provisions of the Florida Anti-SLAPP law, § 768.295, Fla. Stat., and that

Defendants are "prevailing parties" who are entitled to an award of attorneys' fees and costs.

**PROCEDURAL HISTORY AND FINDINGS OF FACT**

        2.      The Complaint in this action alleges that Defendants defamed plaintiffs John Doe

No. 1 and John Doe No. 2 (collectively, "Plaintiffs") by publishing news articles on the *Law360*

legal news website reporting allegations of extortion made against Plaintiffs in a civil lawsuit

filed in the United States District Court for the Southern District of New York, *HC2 Inc. v. Delaney*, 1:30-cv-03178. *See* Dkt. 1.

3.      The Court takes judicial notice of the fact that Plaintiffs previously filed a substantially identical defamation complaint against Defendants in the United States District Court for the Middle District of Florida on or about February 10, 2022. *See Beres v. RELX, Inc.*, 22-cv-20429-JEM.  On May 23, 2022, Plaintiffs voluntarily dismissed their federal-action complaint (*id.* at Dkt. 41) and subsequently refiled their libel claims against Defendants in this Court.

4.      Defendants filed a motion to dismiss the Complaint in this action on March 27, 2023, which asserted that Plaintiff's defamation claims should be dismissed with prejudice on multiple grounds – including that the news articles at issue are not actionable pursuant to Florida's privilege for fair and accurate reporting on judicial proceedings.  Dkts. 12-16. Defendants' motion to dismiss additionally sought to recover attorneys' fees and costs pursuant to the Florida anti-SLAPP statute, § 768.295, Fla. Stat.

5.      On April 3, 2023, instead of opposing Defendants' motion to dismiss and permitting the Court to reach a decision on the merits, Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice. Dkt. 17.

6.      Plaintiffs subsequently moved to reverse the voluntary dismissal and reopen the case. Dkt. 21. The Court denied this request because it lacked jurisdiction to relieve Plaintiffs of their voluntary dismissal, but retained jurisdiction over Defendants' motion seeking attorneys' fees and costs.  Dkt. 37.

7.      Defendants filed the Motion for Attorneys' Fees and Costs currently before the Court on April 11, 2023, renewing their demand for attorneys' fees and costs on the basis that the Plaintiffs' voluntary dismissal of the Complaint made Defendants the "prevailing parties" in this action. Dkt. 18-19. Plaintiffs filed their opposition brief on May 3, 2023 and Defendants filed their reply the next day.

## CONCLUSIONS OF LAW

8.      Section 768.295 requires that the Court "shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action an action was filed in violation" of "the right of persons to exercise [their] constitutional rights of free speech in connection with public issues." § 768.295(4), Fla. Stat.

9.      This Court finds that the Florida Anti-SLAPP statute applies to this action, in which Plaintiffs allege that they were defamed by news articles published on the *Law360* news website reporting allegations made against Plaintiffs in a separate civil lawsuit. *See* Fla. Stat. § 768.295(2)(a) (prohibiting the filing of any lawsuit that is "without merit and [filed] primarily because" the defendant has made a "written statement ... in or in connection with a ... news report"); *Rosenthal v. Council on Am.-Islamic Relations, Fla., Inc.*, No. CACE 16-021357, 2017 WL 6390102, at *3–4 (Fla. Cir. Ct. Nov. 8, 2017) (noting that Florida Anti-SLAPP Statute covers "any protected statement made in a news report").

10.      Section 768.295(4) mandates an award of attorneys' fees and costs to the "prevailing parties" in this action. *See* § 768.295(4), Fla. Stat. ("The court *shall* award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section.") The statute does not require an adjudication or that

the merits of the Complaint be weighed in determining whether Defendants are "prevailing parties." *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990).

11.     The Court holds that Defendants are the "prevailing parties" in this action on two separate grounds.

12.     *First*, Plaintiffs' voluntary dismissal of this action operates as an adjudication of the Complaint on the merits, and dismissal with prejudice, because it was Plaintiffs' second voluntary dismissal of substantively identical claims against Defendants. Florida Rule of Civil Procedure 1.420(a)(1) states that a voluntary dismissal is "without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim." Fla. R. Civ. P. 1.420(a)(1)

13.     Here, Plaintiffs' voluntarily dismissed defamation claims against Defendants in the federal action they filed in the Southern District of Florida (*see Beres*, 22-cv-20429-JEM, Dkt. 41) before voluntarily dismissing the substantively identical defamation Complaint in this action. This amounts to an adjudication on the merits in Defendants' favor, as well as dismissal with prejudice, which triggers the Anti-SLAPP law's mandatory fee-shifting provision.

14.     *Second*, and independently from the "two dismissal rule," Plaintiffs' voluntary dismissal of the Complaint in this action also requires a finding that Defendants were the "prevailing parties" under the Anti-SLAPP law. Florida Supreme Court precedent holds that "[a] determination on the merits is not a prerequisite to an award of attorneys' fees where the statute provides that they will inure to the prevailing party." *Thornber*, 568 So. 2d at 919. To the contrary, "[i]n general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." *Id*.

15.     In the Anti-SLAPP context, attorneys' fees must be awarded if the plaintiff
voluntarily dismisses a defamation claim when the defendants have served a pending motion to
dismiss claiming violation of the Anti-SLAPP law. *See Cory Lakes Isles Property Owners Assn
Inc. v. McIntyre*, No. 20-CA-004738, 2020 WL 10731846, at *4 (Fla. 13th Cir. Ct. Sept. 17,
2020).

16.     Here, the Court holds that Defendants are "prevailing parties" because Plaintiffs
voluntarily dismissed the Complaint after Defendants filed a motion to dismiss, which asserted
that Plaintiffs violated Florida's Anti-SLAPP law and were required to pay Defendants'
attorneys' fees and costs.

17.     Accordingly, Defendants are entitled to an award of attorneys' fees and costs
pursuant to § 768.295, Fla. Stat.

It is further **ADJUDGED** that within thirty days from the date of eservice of this Order,
Defendants' counsel shall submit an application for the amount of attorneys' fees and costs
requested that conforms with this Court's procedures and guidelines.

It is further **ADJUDGED** that within 5 days from the date of eservice of this
order/judgment, Defendants shall:

1.     Furnish a copy of this order/judgment to each self-represented party, if any, by
U.S. Mail, First Class, Postage Paid; and

2.     E-file a certificate signed by Defendants' counsel that delivery of this
order/judgment has been made as set forth herein.

**DONE AND ORDERED** in Viera, Brevard County, Florida, on Wednesday, December
13, 2023.

05-2023-CA-016793 12/13/2023 05:12:48 PM

Scott Blaue, JUDGE
05-2023-CA-016793 12/13/2023 05:12:48 PM

Copies furnished to:

BERES, CHRISTOPHER

christopherberes8@gmail.com


ELIZABETH A MCNAMARA

1251 AVENUE OF THE AMERICAS FL 21

NEW YORK, NY 10020-1104


SHULLMAN, DEANNA

dshullman@shullmanfugate.com

aallbright@shullmanfugate.com

pleadings@shullmanfugate.com


JOHN M BROWNING

1251 AVENUE OF THE AMERICAS FL 21

NEW YORK, NY 10020-1104


JOHN 2 DOE

CLERK DATA MISSING,


PORTFOLIO MEDIA INC

28 LIBERTY ST

NEW YORK, NY 10005-1400

Andrew Delaney

centric23-app@yahoo.com

Tino Gonzalez

tino@tinolegal.com

Sarah M. Papadelias

spapadelias@shullmanfugate.com

aallbright@shullmanfugate.com

pleadings@shullmanfugate.com

Elizabeth McNamara

lizmcnamara@dwt.com

Filing # 187990029 E-Filed 12/13/2023 05:20:49 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

   Plaintiffs,

v.

RELX, INC., d/b/a LEXISNEXIS USA
and PORTFOLIO MEDIA, INC.,

   Defendants.

_____/

Case No. 05-2023-CA-016793

## ORDER DENYING MOTION TO DISQUALIFY JUDGE

THIS CAUSE having come before the Court, without hearing, for consideration of Plaintiff's, JOHN DOE NO. 1's, Verified Motion to Disqualify Judge Scott Blaue, filed on December 8, 2023 [DOC. #52, 53], the Court having reviewed the Motion and the record in this cause, and being otherwise fully advised in the premises.

The Court finds that, on October 7, 2023, Plaintiff JOHN DOE NO. 1 filed a Notice of Voluntary Dismissal of all of his claims against the Defendants. Therefore, JOHN DOE NO. 1 was not a party to this action at the time when he filed the Verified Motion to Disqualify.

WHEREFORE, it is ORDERED and ADJUDGED that Plaintiff JOHN DOE NO. 1's Verified Motion to Disqualify Judge Scott Blaue is DENIED as a nullity.

DONE and ORDERED at Viera, Brevard County, Florida, this Wednesday, December 13, 2023.

05-2023-CA-016793 12/13/2023 05:12:34 PM

Scott Blaue, JUDGE
05-2023-CA-016793 12/13/2023 05:12:34 PM

I HEREBY CERTIFY that a true copy of the foregoing was served via U.S. mail or electronically via the e-Filing Portal to the following this Wednesday, December 13, 2023.

BERES, CHRISTOPHER
christopherberes8@gmail.com

ELIZABETH A MCNAMARA
1251 AVENUE OF THE AMERICAS FL 21
NEW YORK, NY 10020-1104

SHULLMAN, DEANNA
dshullman@shullmanfugate.com
aallbright@shullmanfugate.com
pleadings@shullmanfugate.com

JOHN M BROWNING
1251 AVENUE OF THE AMERICAS FL 21
NEW YORK, NY 10020-1104

PORTFOLIO MEDIA INC
28 LIBERTY ST
NEW YORK, NY 10005-1400

Andrew Delaney
centric23-app@yahoo.com

Tino Gonzalez
tino@tinolegal.com

Sarah M. Papadelias
spapadelias@shullmanfugate.com
aallbright@shullmanfugate.com
pleadings@shullmanfugate.com

Elizabeth McNamara
lizmcnamara@dwt.com

05-2023-CA-016793 12/13/2023 05:15:03 PM

Jennifer Johnston, Judicial Assistant
05-2023-CA-016793 12/13/2023 05:15:03 PM

Filing # 188140377 E-Filed 12/15/2023 02:54:30 PM

Christopher Beres
1600 Sarno Road Ste. 1
Melbourne, FL 32935
(321) 339-9301
christopherberes8@gmail.com

December 15, 2023

Via Court E-Filing Portal

HON. CHARLES CRAWFORD
Chief Judge
18th Judicial Circuit
2825 Judge Fran Jamieson Way
Viera, FL 32940-8006
tatum.reed@flcourts18.org

      RE:    DISQUALIFICATION OF JUDGE SCOTT BLAUE FROM CASE NO.
               052023CA016793XXXXXX, JOHN DOE V RELX

Dear Judge Crawford:

The plaintiff filed a legally sufficient motion to disqualify Judge Scott Blaue from the above case. Judge Blaue was legally required to immediately recuse himself from the case and to stop issuing orders. We are requesting you to order his removal from this case in accordance with the Florida Statutes and the former Chief Judge Recksiedler's Administrative Order 23-04-B.

On December 15, 2023, Judge Blaue denied the motion to disqualify using the pretext that it was a "nullity" because the plaintiffs had dismissed the case. However, Judge Blaue retained jurisdiction and is continuing to enter orders against the plaintiffs in this case. This includes orders that were never sent to the plaintiffs for comments and that represented his unilateral communications with defendant's counsel, Deanna Shullman, the sister of a judge in Palm Beach County. He did not cite any authority whatsoever for declaring my legally sufficient disqualification motion and did not rule that it was legally insufficient. As soon as he denied my disqualification motion, he immediately entered yet another order on behalf of Shullman against the plaintiffs which was per her unilateral draft.

I have been a lawyer in this court and the courts of Florida for more than 20 years. I am very familiar with the normal procedures for disqualification which Judge Blaue is flouting, raising more concerns. Judge Blaue should have immediately disqualified himself once he received my legally sufficient disqualification motion.

There appears to be a hidden agenda in Judge Blaue's refusal to follow the law and to disqualify himself and to continue to issue orders in favor of the defendants, who are part of a group litigation with Judge Blaue's best friend, former partner, and former boss Mark Peters, who has threatened me. It is noteworthy as per my disqualification motion that Judge Blaue's partner Peters was formerly tied to a disqualification motion in which he threatened the other side about

1

how the court "would receive" their motion. The implication was that he had ex parte dealings with the court, as he secretly had with the prosecutor in that case. This is not the court of Eisenmenger, Robinson, Blaue & Peters, P.A.

Judge Blaue is not following the judicial procedure for disqualifications. If a judge exceeds the proper scope of inquiry, then that alone is the basis for disqualification. *Bundy v. Rudd*, 366 So. 2d 440 (Fla. 1978). *See also Rogers v. State*, 630 S. 2d 513 (Fla. 1993). Judge Blaue's dogged efforts to continue to issue orders against the plaintiffs is only further proof that he should be disqualified. He is impermissibly looking at issues beyond the legal sufficiency of the disqualification motion.

I look forward to your immediate removal of Judge Blaue and your appointment of a new judge for this case. I will request the new judge to reconsider and vacate any orders issued by Judge Blaue, including on December 14, 2023. Thank you.

Respectfully submitted,
/s/Christopher T. Beres
Christopher T. Beres.

cc:     HON. JESSICA J. RECKSIEDLER
        Vanessa.Lau@flcourts18.org

        All counsel of record (via-efiling)

2

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA
CASE NO. 052023CA016793XXXXXX
JOHN DOE NO. 1,
JOHN DOE NO. 2,
Plaintiffs,
against
RELX, Inc. d/b/a LEXISNEXIS USA,
PORTFOLIO MEDIA, INC.,
Defendants
_____/

### VERIFIED MOTION TO DISQUALIFY JUDGE SCOTT BLAUE

COMES NOW, the plaintiff, JOHN DOE NO. 1, pursuant to Rule 2.330, Florida Rules of

Judicial Administration, § 38.02 and § 38.10, Fla. Stat. (1997), and the Fla. Code Jud. Conduct,

Canon 3E, hereby files this Verified Motion to Disqualify and Incorporated Memorandum of

Law, and in support thereof, states as follows:

1.    Rule 2.330, Fla. R. Jud. Admin. allows a party to seek disqualification of the

assigned trial judge where the party feels he will not receive a fair trial or hearing because of a

specifically described prejudice or bias of the judge. Rule 2.330 (f), Fla. R. Jud. Admin.

provides that, upon receipt of a legally sufficient motion to disqualify, "the judge shall

immediately enter an order granting disqualification and proceed no further in the action."

2.    Under the circumstances as outlined below, the plaintiff has an ethical

responsibility to seek the remedy of disqualification.

3.    The plaintiff fears he will not receive a fair hearing, because of the Court's

relationships with the plaintiff's adversaries and continuing demonstrable prejudice against him.

4.    Judge Scott became a judge recently. Prior to that time, he was a name partner in

the local law firm Eisenmenger, Robinson, Blaue & Peters, P.A. ("Eisenmenger"). He is

described in online reviews as having been an "associate" under Eisenmenger partner Mark

1

Peters ("Peters").[1]  The Eisenmenger law firm is known to have good connections to judges in this court, especially Judge Blaue.

5.    The Eisenmenger connection is a serious issue in this court.  So much so that on January 3, 2023 Chief Judge Jessica Recksiedler issued Administrative Order No. 23-04-B "Reassignment of Cases Assigned to Judge Scott Blaue."  The chief judge specifically referred to Peters:  "The court having determined that Judge Scott Blaue should not hear cases in which attorneys R. Scott Robinson, Bar#91615, Mark S. Peters, Bar#321631, and Gregory W. Eisenmenger, Bar#237175 appears, it is ORDERED that all pending or newly filed cases in which R. Scott Robinson, Bar#91615, Mark S. Peters, Bar#321631, and Gregory W. Eisenmenger, Bar#237175 appears as attorney of record for any party shall be reassigned to the next judge in rotation pursuant to pending or existing administrative orders."

6.    This case is a related case to the case in this court *John Doe No. 1 et al. v. Upsolve, Inc.*, Case No. 052023CA018273XXXXXX, involving the same plaintiff in which Peters represents Harvard University.  The defendants' counsel, Deanna Shullman ("Shullman"), has been coordinating the related litigation with Peters.[2]

7.    Peters has made numerous verbal and written threats against the plaintiff including to seek sanctions against him in his litigations in this court.  He also made it sound as if his winning was a foregone conclusion.

8.    Peters appears to have a history in this regard including having undisclosed discussions with the State which have resulted in previous motions to disqualify.  Attachment 2.

---

[1] https://www.avvo.com/attorneys/32955-fl-mark-peters-1258144.html ("He and his associate, Scott Blaue....")

[2] After ruling that there was no jurisdiction over the defendants, on November 30, 2023, Judge Michelle Naberhaus dismissed that case *with prejudice*.  Since that makes no legal sense, Peters' influence is once again suspected.

2

9.  Peters has been coordinating litigation against the plaintiff with Shullman. Unfortunately, the plaintiff has had previous experience with Shullman who is related to a judge and who always claims to have a special relationship with the judge. In the federal case which the plaintiff was forced to have dismissed due to no federal jurisdiction, Shullman constantly claimed that "she knew the judge" and "knew what he wanted" in terms of documents.

10. Moreover, Judge Blaue's actions in this case show that he is biased and not qualified to hear it.

11. As stated, the plaintiff originally sued the defendants in the United States District Court for the Southern District of Florida. However, the United States Court of Appeals for the Eleventh Circuit ruled that John Doe No. 2 was stateless and not subject to federal jurisdiction on diversity of citizenship grounds and that the case would have to be refiled in state court. The plaintiff filed this case on February 10, 2023. On March 7, 2023 and March 24, 2023, the defendants published two more defamatory articles about the plaintiffs so that the complaint had to be amended. On April 3, 2023, the plaintiff mistakenly dismissed the case in order to file the amended complaint and tried to withdraw the document and correct it with the clerk. The plaintiff also filed a motion to reopen the case to amend the complaint and filed the amended complaint. At a hearing, Judge Blaue ordered that the plaintiffs would have to refile the case but that "it didn't matter because it would get you [the plaintiffs] to the same place." Based on Judge Blaue's ruling, the plaintiff refiled the case.

12. However, at a hearing on October 13, 2023, Judge Blaue completely reversed his position from the earlier hearing, which the plaintiff relied on in refiling the amended complaint including the new defamatory material, and asserted the "double dismissal" rule against the

3

plaintiffs. That was after he had ruled that the plaintiffs could re-file the case, which they had already done.

13.    Even worse, Judge Blaue, due to his relationships with Peters and Shullman, put attorney Christopher Beres on mute throughout the hearing call so that he could not speak or make objections. This also prevented Beres from fulfilling his legal duty of making a record in the case. In his 20 years of practice in the courts of Florida, the plaintiff has never seen a judge mute an attorney and prevent him from participating in the hearing. This shows Judge Blaue's Pervasive Bias and actual prejudice for which he should be disqualified.

14.    The chief judge's concerns in issuing an administrative order preventing Judge Blaue from hearing cases involving Eisenmenger and Peters are well-founded as shown by his actions in this case.

MEMORANDUM OF LAW

15.    Rule 2.330, Fla. R. Jud. Admin., allows a party to seek disqualification of the assigned trial judge where the party feels he will not receive a fair trial or hearing because of a specifically described prejudice or bias of the judge. Rule 2.330(f), Fla. R. Jud. Admin. provides that, upon receipt of a legally sufficient motion to disqualify, "the judge shall immediately enter an order granting disqualification and proceed no further in the action." The plaintiff believes Judge Blaue is prejudiced against him and is not an impartial arbitrator in this matter. Thus, the plaintiff's fear that he will not receive a fair hearing is well-founded, objective, and reasonable.

16.    "Prejudice of a judge is a delicate question to raise, but when raised as a bar to the trial of a cause, if predicated on grounds with a modicum of reason, the judge against whom raised should be prompt to recuse himself." *Livingston v. State*, 441 So.2d 1083, 1085 (emphasis added). Where there is any legally sufficient basis, whether factually accurate or not, for a

4

founded fear of possible prejudice to exist in the mind of a plaintiff, recusal is mandated. *See, e.g., Management Corporation of America, Inc. v. Grossman*, 396 So.2d 1169 (Fla. 3rd DCA 1981). A motion to disqualify a judge must establish a fear on the part of the movant that he or she will not receive a fair and impartial hearing. *See, Quince v. State*, 592 So. 2d 669, 670 (Fla. 1992). The instant motion clearly establishes such a fear. The motion "must be well-founded and contain facts germane to the judge's undue bias, prejudice, or sympathy." *Rivera v. State*, 717 So. 2d 477, 480-81 (Fla. 1998). The instant motion is well founded, based on the record, and respectfully consists of germane facts showing the bias and prejudice of the Court.

17. In determining the legal sufficiency of a motion to disqualify, a court looks to see whether the facts alleged would place a reasonably prudent person in fear of not receiving fair and impartial treatment from the trial judge. *See, e.g., Johnson v. State*, 769 So. 2d 990 (Fla. 2000). In the instant case, a reasonably prudent person, would be in fear that the Court, because of its prejudice or bias deprived him of fair and impartial treatment. The fear of judicial bias must be objectively reasonable. *State v. Shaw*, 643 So. 2d 1163, 1164 (Fla. 4th DCA 1994). Thus, he has shown an objectively reasonable fear that he will not receive a fair trial or hearing in this cause, based on a specifically described prejudice or bias of this Court.

18. Pursuant to Fla. Code Jud. Conduct, Canon 3E, a "judge shall disqualify herself.... [when] the Judge's impartiality might reasonably be questioned." Canon 3E(1)(a) further adds that personal bias against a party's attorney is reason for disqualification. The plaintiff feels that the circumstances discussed in this motion mandate that Judge Blaue recuse himself from any further proceedings regarding the plaintiff.

19. Finally, the plaintiff bases this motion on § 38.02 and § 38.10, Fla. Stat. (1997). The plaintiff has met the requirements of the statutes and offers the following cases in support of

5

his motion. In *Ginsburg v. Holt*, 86 So. 2d 650 (Fla. 1956) the Florida Supreme Court found that bias against a party's attorney can be detrimental enough to warrant recusal by a judge. Beres, the attorney in this case, has a long history of bad relations with the Eisenmenger law firm, including when Judge Blaue was recently a partner there. In *Bundy v. Rudd*, 366 So. 2d 440 (Fla. 1978), the Florida Supreme Court stated that a judge shall not pass on the truth of the allegations or look beyond the legal sufficiency of a motion for disqualification. If a judge does exceed the proper scope of inquiry, then that alone is a basis for disqualification. *See also Rogers v. State*, 630 S. 2d 513 (Fla. 1993).

20.     The facts are set forth in the accompanying affidavit.

WHEREFORE, the plaintiff requests the Court to enter an order of recusal of Judge Blaue, that Judge Blaue's orders be vacated, and that this case be transferred to another court.

I HEREBY CERTIFY this motion to disqualify is made in good faith.

WHEREFORE the plaintiff requests Judge Blaue to grant the motion to disqualify and recuse himself from the civil matter of the plaintiff.

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed on the

Florida E-Filing Portal and sent by U.S. mail to Deanna Shullman, Esq., Shullman Fugate PLLC,

2101 Vista Pkwy Ste 4006, West Palm Beach, FL 33411-2706, and to the Honorable Scott

Blaue, 18th Judicial Circuit 2825 Judge Fran Jamieson Way Viera, FL 32940-8006 on this

December 8, 2023.

_____
Christopher T. Beres
1600 Sarno Road Ste. 1
Melbourne, FL 32935
(321) 339-9301
christopherberes8@gmail.com

7

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA
CASE NO. 052023CA016793XXXXXX
JOHN DOE NO. 1,
JOHN DOE NO. 2,
Plaintiffs,
against
RELX, Inc. d/b/a LEXISNEXIS USA,
PORTFOLIO MEDIA, INC.,
Defendants
_____/

## AFFIDAVIT IN SUPPORT OF MOTION TO DISQUALIFY

I, CHRISTOPHER T. BERES, being duly sworn, depose and say:

### I

I am the plaintiff JOHN DOE NO. 1 in the above-titled case and am acquainted with the facts in this case. I have personal knowledge of the matters set forth in this affidavit.

### II

I am informed and believe, and based on such information and belief, allege that the Honorable Scott Blaue, the judge before whom this cause is pending, has a relationship with my litigation opponents Mark Peters ("Peters") and the law office Eisenmenger, Robinson, Blaue & Peters, P.A. ("Eisenmenger"), including having been an associate under Peters and then partner, and has a personal bias or prejudice against me. This bias and prejudice dates back for years between his law firm and me. The chief judge's administrative order shows that this conflict requires reassignment of cases from Judge Blaue.

### III

The facts and reasons for such belief that such bias or prejudice exists are explained in the following:

8

When Judge Blaue was a partner at Eisenmenger, I had a poor relationship with his law firm and its partners based on personal conflicts.

This case is part of related litigation in this same court in which Judge Blaue's former boss and partner, Peters, represents one of the parties against the same plaintiffs including me. Peters has been coordinating litigation with Deanna Shullman ("Shullman"), the lawyer in this case who, from my experience, whether true or not, brags about her supposed special relationship with judges. Peters has been threatening me for months to get me to drop the cases, including seeking sanctions, as his litigation ally Shullman is coordinating with him.

Judge Blaue assured me at the first hearing that re-filing the complaint in this case would "get me to the same place" as amending the complaint in the existing lawsuit. However, at the October 13, 2023 hearing, he reversed from his assurances from the bench on which I reasonably relied that I would be able to proceed and asserted the "double dismissal rule" against me. This was after ruling the opposite. I never intended to dismiss the case at all, only to amend it. The first dismissal from federal court was due to a ruling from the Eleventh Circuit.

Judge Blaue evinced his prejudice against me in shocking fashion when he muted me on the October 13, 2023 remote hearing and would not allow me to object, present my arguments, and create a record. His actions clearly show bias and prejudice against the party and the attorney.

Peters and Shullman have been successfully trying to prevent my meritorious case against them from being heard. Judge Blaue should be disqualified and all of his orders in this case be

9

vacated. The plaintiff is justifiably concerned that the bias and prejudice is spilling over to other judges in this court and that the case should be transferred.

_____
CHRISTOPHER T. BERES

Sworn to before me this

___ day of December 2023.

_____
NOTARY PUBLIC

ANDREW DELANEY
NOTARY PUBLIC - NEW YORK
COMMISSION #
02DE6173795
MY COMM. EXPIRES
12/10/2027

10

ATTACHMENT 1

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

ADMINISTRATIVE ORDER NO.:
23-04-B

IN RE: JUDGES - CASELOAD ASSIGNMENT - REASSIGNMENT OF CASES ASSIGNED TO
JUDGE SCOTT BLAUE

The court having determined that Judge Scott Blaue should not hear cases in which attorneys R.
Scott Robinson, Bar#91615, Mark S. Peters, Bar#321631, and Gregory W. Eisenmenger, Bar#237175
appears, it is

ORDERED that all pending or newly filed cases in which R. Scott Robinson, Bar#91615, Mark S.
Peters, Bar#321631, and Gregory W. Eisenmenger, Bar#237175 appears as attorney of record for any party
shall be reassigned to the next judge in rotation pursuant to pending or existing administrative orders.

DONE and ORDERED this 3rd day of January, 2023.

JESSICA RECKSIEDLER
JESSICA RECKSIEDLER
CHIEF JUDGE

Distribution:
All Circuit and County Judges (Brevard County)
Court Administration (Brevard and Seminole Counties)
Clerk of Court (Brevard County)
Public Defender (Brevard County)
State Attorney (Brevard County)
Sheriff (Brevard County)
Bar Association (Brevard County)
Law Library (Brevard County)
Eisenmenger, Robinson, Blaue & Peters  scottrobinson@ebplaw.com,  markpeters@ebplaw.com,
gregeisenmenger@ebplaw.com

Filing # 44453105 E-Filed 07/26/2016 04:44:13 PM

# ATTACHMENT 2

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

STATE OF FLORIDA,

          Plaintiff,

vs.

CASE NO.: 05-2015-CF-039871-AXXX-XX

DANA LYNN LOYD

          Defendant.

_____/

## MOTION TO DISQUALIFY JUDGE DUE TO BIAS OR PREJUDICE

COMES NOW, the Defendant DANA LYNN LOYD, by and through her undersigned

counsel and respectfully moves this Honorable Court, and Honorable Robin Lemonidis to

disqualify herself from sitting on further proceedings in the above referenced case. The Plaintiff

hereby files this Motion pursuant to § 38.02 and § 38.10, Fla. Stat. (1997), and the Fla. Code Jud.

Conduct, Canon 3E. In support of this Motion, the Defendant alleges the following:

    1.    The Defendant DANA LYNN LOYD runs an online publication in which the

crux of her stories reveal corruption regarding high powered officials in law enforcement and the

judicial system of the Eighteenth Judicial Circuit.

    2.    On or about May 23, 2016, this Honorable Court heard the Defendant's Motion

for Contempt against the State of Florida for violating this Honorable Court's Order in reference

to the Confidentiality of this entire case file. This Motion for Contempt alleged that

confidentiality was breached when the State Attorney reached out to Attorney Mark Peters,

attorney of record for the alleged victim, ▆▆▆▆ family law case with confidential information

and that Attorney Peters was supplied with documents from the criminal case that had already

been deemed confidential. At this hearing the State denied ever speaking to Attorney Mark

Peters, denied issuing documents to Attorney Peters and stated that they only reached out to the alleged victim, ▮ and never to his family law attorney.

3.      This Honorable Court denied said Motion for Contempt by stating she has worked with the State every day for the last year and the State consists of people with ethics and candor and she did not believe that this was an intentional violation of the Court's Order. This Honorable Court further stated that the undersigned counsel and the Defendant are attempting to passive aggressively harass Mr. ▮

4.      On or about May 23, 2016, the State Attorney reached out **again** to Attorney Mark Peters and relayed specifics about the Defendant's criminal case. (See Exhibit "B", Letter from Mark Peters, Esquire) After this contact was made, the undersigned attorney received the attached letter with significant confidential details regarding this matter. The Defendant believes that she will not be able to receive a fair and impartial trial.

5.      The Defendant believes that this Honorable Court has shown an obvious prejudice towards her. This prejudice will have an inevitable negative impact on her criminal proceedings that are yet to be presented before the Honorable Robin Lemonidis. Her bias will affect how she rules on certain issues throughout this criminal trial. The Defendant believes that for the foregoing reason, Judge Robin Lemondis cannot be neutral and impartial in this matter.

6.      As a result of all of the aforementioned actions, the Defendant has a well grounded fear that she will not receive a fair trial at the hands of the Honorable Judge Robin Lemonidis.

7.      Defendant submits that pursuant to Florida Code of Judicial Conduct, Canon 3E, a "judge shall disqualify herself …[when] the Judge's impartiality might be reasonably questioned." Canon 3E(1)(a) further adds that personal bias against a party's attorney is reason

for disqualification. The Defendant feels that the circumstances discussed in this Motion mandate that Judge Lemonidis recuse herself from any further proceedings regarding the Defendant.

8.      As further basis the Defendant would offer the following cases in support of her Motion to Disqualify. In **Livingston v. State**, 441 So.2d 1083 (Fla 1984), states that the "question of disqualification focuses on the matters from which a litigant may reasonably questions a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially." (*Id*, at 1086). Additionally, **Livingston**, supra, stands for the position that the position of disqualification focuses on matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially (*Id* at 1086). *See also*, **Hayslip v. Douglas,** 400 So. 2d 533, (Fla. 4th DCA 1981).

9.      Additionally, the Defendant bases this Motion on § 38.02 and § 38.10 of the Florida Statutes Plaintiff has met the requirements of the statutes and offers the following cases in support of her Motion. In **Ginsberg v. Holt**, 86 So. 2d 650, (Fla. 1956) the Florida Supreme Court found that bias against a party's attorney can be detrimental enough to warrant recusal by a judge. The determination should be made as to whether a reasonable prudent person would be in fear of not receiving a fair trial (*Id* at 1087). In **Bundy v. Rudd**, 366 So. 2d 440, (Fla. 1978), the Florida Supreme Court stated that a judge shall not pass on the truth of the allegations or look beyond the legal sufficiency of a Motion for Disqualification. If a judge does exceed the proper scope of inquiry, then that alone is basis for disqualification, *See also*, **Rogers v. State**, 630 So. 2d 513, (Fla. 1993).

10.     The facts are set forth in the accompanying Affidavit.

**WHEREFORE,** the Defendant DANA LYNN LOYD prays the Honorable Robin Lemonidis proceed no further in this cause and that another judge be designated in this cause.

**I HEREBY CERTIFY** this Motion to Disqualify the Honorable Judge Robin Lemonidis is made in good faith.

**WHEREFORE** the Defendant respectfully requests the Honorable Judge Robin Lemonidis grant the Motion to Disqualify and recuse herself from the civil matter of the Defendent.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing has furnished by U.S. Mail delivery to the, Sean Sendra at 400 South Street, Suite D, Titusville, Florida 32780 and the Honorable Judge Robin Lemonidis, County Court Judge, Titusville Courthouse, 506 S. Palm Ave., Titusville, Florida 32796, this _____ day of July 2016.

Law Office of Jessica Burgess, P.A.

_____ /s/ Jessica L. Burgess .
JESSICA BURGESS, ESQUIRE
14E Marina Isles Blvd.
Indian Harbour Beach, Florida 32937
(321) 759-7626
Florida Bar No.: 115698
pleadingsburgess@mail.com
burgess.jessica87@gmail.com

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

STATE OF FLORIDA,

        Plaintiff,

vs.

DANA LYNN LOYD

        Defendant.

_____/

CASE NO.: 05-2015-CF-039871-AXXX-XX

## AFFIDAVIT IN SUPPORT OF MOTION TO DISQUALIFY JUDGE FOR BIAS OR PREJUDICE

I, DANA LYNN LOYD, being first duly sworn, deposes and says:

### I

I am the Defendant in the above-entitled case and am acquainted with the facts in this case and have personal knowledge of the matter set forth in this Affidavit.

### II

I am informed and believe, and based on such information and belief, allege that the Honorable Robin Lemonidis, the Judge before whom this cause is pending, has a personal bias or prejudice against me.

### III

The facts and the reasons for the belief that such bias or prejudice exists are explained in the following:

I run an online publication in which the crux of my stories reveal corruption regarding high powered officials in law enforcement and the judicial system of the Eighteenth Judicial Circuit.

On or about May 23, 2016, this Honorable Court heard my Motion for Contempt against

the State of Florida for violating this Honorable Court's Order in reference to the Confidentiality of this entire case file. This Motion for Contempt alleged that confidentiality was breached when the State Attorney reached out to Attorney Mark Peters, attorney of record for the alleged victim, ██████ family law case with confidential information and that Attorney Peters was supplied with documents from the criminal case that had already been deemed confidential. At this hearing the State denied ever speaking to Attorney Mark Peters, denied issuing documents to Attorney Peters and stated that they only reached out to the alleged victim, ████ and never to his family law attorney.

This Honorable Court denied said Motion for Contempt by stating she has worked with the State every day for the last year and the State consists of people with ethics and candor and she did not believe that this was an intentional violation of the Court's Order. This Honorable Court further stated that my attorney and I are attempting to passive aggressively harass Mr. ████

On or about May 23, 2016, the State Attorney reached out **again** to Attorney Mark Peters and relayed specifics about my criminal case.  (See exhibit "A") After this contact was made, my attorney received the attached letter with significant confidential details regarding this matter. I feel that had this been me that violated this Order, I would have been incarcerated.

I do not believe that I will receive a fair and impartial trial.

## IV.

This Honorable Court has shown an obvious prejudice towards me. This prejudice will have an inevitable negative impact on my criminal proceedings that are yet to be presented before the Honorable Robin Lemonidis. Her bias will affect how she rules on certain issues throughout my criminal trial. I believe that for the foregoing reason, Judge Robin Lemondis cannot be neutral and impartial in this matter.

**WHEREFORE,** the Defendant DANA LYNN LOYD prays the Honorable Robin Lemonidis proceed no further in this cause and that another judge be designated in this cause.

_____
DATE

_____
DANA LYNN LOYD

**STATE OF FLORIDA**
**COUNTY OF BREVARD**

**SWORN TO AND SUBSCRIBED** before me personally appeared DANA LYNN LOYD, who is personally known to me or produced _____, as identification, this _____ day of _____, 2016.

_____
Notary Public State of Florida
My Commission expires:

DENISE DODSON
Notary Public - State of Florida
Commission # FF 983576
My Comm. Expires Apr 18, 2020
Bonded through National Notary Assn

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that this Motion and supporting Affidavit signed this _____ day of June 2016 are made in good faith and not for the purposes of delay.

_____
JESSICA L. BURGESS, Esquire



Gregory W. Eisenmenge
*Board Certified Criminal Trial Attorn*
Robert R. Bern
*Board Certified Criminal Trial and Appellate Attorn*
Scott A. Blau
Mark S. Peter
Phone: (321) 504-032
Facsimile: (321) 504-032

Law Offices of
**Eisenmenger, Berry,**
**Blaue & Peters, P.A.**
6450 Village Drive, Viera, FL 32955
www.EBBLaw.com

May 23, 2016

*VIA EMAIL*
Jessica L. Burgess, Esquire
Law Office of Jessica L. Burgess, P.A.
14E Marina Isles Boulevard
Indian Harbour Beach, FL 32937

In Re:     The Former Marriage of: ███████ and ███████
           n/k/a ███████
           Case No. ███████

Dear Ms. Burgess:

I am in receipt of your Motion to Intervene, in the above-referenced action. By telephone conversation on May 23, 2016, I confirmed with Assistant State Attorney, Susan Stewart, that the State does not intend to call ███████ as a witness in the prosecution of Dana Loyd. Further, the factual bases for the prosecution of Ms. Loyd is predicated on Ms. Loyd's false reporting that she was a substitute teacher at ███████ school and overheard a conversation that either directly or indirectly suggested ███ was a victim of sexual abuse.

Since Ms. Loyd is not a substitute teacher and overheard no conversation at ███████ school, the bases for the charges are not something ███ can testify about. The School Board's records substantiate Ms. Loyd was not a substitute teacher on the day she claims she overheard a conversation.

If Ms. Loyd, you or ███████ have some other agenda, I expect consideration of this request to withdraw your Motion to Intervene will not be well received. The consequences for pursuing a motion not supported by the law or the facts should already be well known by you and your client.

Sincerely,

Mark S. Peters

MSP/jp

cc: Client

*Exhibit B*

Filing # 188372165 E-Filed 12/19/2023 05:04:34 PM

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and                    Case No.: 05-2023-CA-016793
JOHN DOE NO. 2,

      Plaintiffs,

v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

      Defendants.

_____/

### FEE HEARING PROCEDURES AND MANAGEMENT ORDER

THIS COURT having entered an Order on December 13, 2023, granting Defendants' Motion for Attorney's Fees and Costs, in an amount to be determined upon application.

WHEREFORE, it is hereby ORDERED and ADJUDGED as follows:

### A. Review Costs and Fees.

1.    The parties and the Court will benefit by pre-hearing disclosures and party conferences to clarify the extent and basis of any objections to the motion on an item-by-item basis and resolve as much as possible through good faith negotiations and mediation.

2.    Within ten (10) days of the date of this Order, the movant(s) shall submit to the parties from whom fees or costs sought, the name and address of the fee/cost expert(s) that will be used in support of the motion, along with copies of all billing records, time sheets, invoices for costs, and any other documentary evidence relating to attorneys' fees and/or court costs claimed (collectively "the claim"). Failure to specifically identify and itemize any fee or cost may result in a waiver of the right to have it awarded or taxed.

3.    Within ten (10) days after service of the movant's itemized claim described in paragraph two (2) above, counsel for any non-moving party opposing any part of the claim shall respond in writing to each item of cost and each fee entry submitted by the movant. This response shall state whether counsel agrees or objects to said item. For each objection counsel

shall state the basis and cite the supporting legal authority. They shall also identify the name and address of any expert it intends to use in rebuttal. Failure of a party to specifically object to an item may result in a waiver of any right to object.

4.      Within ten (10) days of receipt of said objections, the moving party shall respond in writing to each objection, stating whether said party concurs with the objection and, if not, state the basis and cite the contrary legal authority.

5.      In the event there is an agreement to a particular cost item or fee request, but disagreement with the amount, the non-moving party shall state the objection and the amount believed to be reasonable.

6.      *The Statewide Uniform Guidelines for Taxation of Costs in Civil Actions*[1] shall be used in an attempt to resolve disputes over taxation of costs.

## B. Mediation.

1.      This case is hereby referred to mediation with respect to the award of attorney's fees and costs. Within twenty (20) days from the date of this Order, the parties will agree upon a mediator and a date for the mediation conference. Counsel for the moving party shall take the lead in coordinating the mediation. In the event the parties cannot agree, the parties shall file a Joint Statement of No Agreement and email a copy to the Judicial Assistant, whereupon the Court will select a mediator.

2.      The costs of the mediation shall be shared equally by the parties involved in the pending motion.

3.      Not later than ten (10) days immediately preceding the mediation, counsel for the parties shall meet and confer to review the disputed items and reduce any agreements to a written joint pre-mediation stipulation.

## C. Expert Affidavits.

1.      Each party shall disclose their experts' opinions in affidavit form no later than fifteen (15) days prior to the mediation.

## D. Setting of the Evidentiary Hearing.

---

[1] Appendix II, Fla. R. Civ. P.

1.     Within twenty (20) days after completion of the mediation requirement set forth above, counsel shall provide to the Court, and file with the Clerk, in writing, a joint preliminary pre-hearing stipulation containing the following:

    a.  A list of the line items of costs or attorney's fees[2] that remain in dispute within the claim.

    b.  Identify by line item the legal and factual basis for each objection and dispute by the non-movant and the specific response of the movant(s) to each objection, together with legal authorities in support of each party's position.

    c.  A list of all non-expert witnesses that will testify and the subject matter about which they will testify to at the hearing.

    d.  A list of each expert who will testify at the hearing and the specific opinions he/she will render if not already contained within the affidavit previously filed.[3]

    e.  Whether experts will testify by affidavit or live.

    f.  The timeframe within which discovery on this matter will be completed and when each side will be ready for hearing on the issue of fees and costs.

    g.  A good faith estimate, of the total amount of time needed (in hours) for both sides to complete the hearing.

2.     Counsel shall deliver a copy of the preliminary pre-hearing stipulation to the Court via email to the Judicial Assistant, and shall advise the Court of the estimated amount of time required in advance of the hearing date in order to complete the pre-hearing deadlines described below.

3.     The Judicial Assistant will assist the Court and the parties in selecting a date for the hearing based upon both the amount of hearing time requested and the amount of time required for completion of pre-hearing deadlines.

4.     Within ten (10) days after the Court and counsel for the parties have agreed upon a date for the hearing, counsel shall meet and confer to prepare an appropriate proposed Case Management Order ("CMO") scheduling the evidentiary hearing on the Motion to Tax Costs and Award Attorney's Fees, and setting pre-hearing deadlines (to be stated as a number of days prior to the fee hearing date) including the following:

    a.  Deadline(s) for disclosure of fact witnesses, retained expert witnesses and rebuttal expert witnesses, if any.

    b.  Discovery completion deadline(s), including completion of depositions of fact and expert witnesses;

    c.  Deadline for resolution of *Daubert* or other expert witness issues;

    d.  Deadline for disclosure of *Northrup* impeachment materials;

---

[2] Which specific attorney's fee issues remain such as: the attorney's hourly rate, number of hours, hourly rates of paralegal and associates, application of an entitlement to a multiplier, etc.

[3] Opinions not expressed within the affidavits, or by a supplemental submittal, will not be permitted at the hearing.

e.  Deadline for filing parties to exchange and file deposition designations of witnesses whose testimony the party expects to be presented by deposition, whether by transcript or video. No later than 5 days after receiving such designations, all parties shall exchange and file written notice of objections and counter-designations to the same. No later than 5 days after receiving counter-designations, all parties shall exchange and file written notice(s) of objections to counter-designations, and counter-counter designations, if necessary. (The parties shall "meet and confer" to resolve any issues, objections and/or completeness concerns related to such deposition designations before scheduling a hearing.);

f.  Such other pre-hearing deadlines as the parties agree to include in the Case Management Order.

5.     The overall deadline for completion of discovery shall be twenty (20) days prior to the hearing, unless counsel have agreed to extend the time for said completion.

6.     At least fourteen (14) days prior to the hearing, counsel shall meet to submit all exhibits for inspection. The movant's counsel shall be held responsible for arranging and holding this meeting.

### E.  Final Pre-Hearing Stipulation

7.     At least ten (10) days prior to the hearing, the parties shall file with the Clerk and deliver to the Court via email to the Judicial Assistant a Final Pre-Hearing Stipulation containing the following:

a.  A statement of the matters that have been agreed to by the parties;

b.  A statement of the matters to be decided by the Court;

c.  A list of the line items of costs or attorney's fees that remain in dispute within the claim.

d.  Identify by line item the legal and factual basis for each objection and dispute by the non-movant and the specific response of the movant(s) to each objection, together with legal authorities in support of each party's position.

e.  A list of all non-expert witnesses that will testify and the subject matter about which each will testify at the hearing.

f.  A list of each expert who will testify at the hearing and the specific opinions he/she will render if not already contained within the affidavit previously filed.

g.  A good faith estimate, of the amount of time needed (in hours) for each side to complete its portion of the hearing.

h.  A schedule of each party's exhibits to be offered at the hearing, as well as a schedule of stipulated exhibits (if any). Exhibits must be marked with letters for identification.

i.  A statement of each party's objections, if any, to the opposing party's exhibits.

**F. Good Faith.**

1.      Counsel and the parties are directed to exercise good faith in complying with these procedures.  The Court may consider appropriate sanctions with regard to unreasonable requests for taxation of costs, and requests for attorney's fees, objections thereto, or failure to comply with these procedures.

2.      Failure to comply with these procedures in the time frames set forth above may result in the motion being deemed abandoned and thus denied as moot.

**G. Hearing Briefs.[4]**

1.      Any memoranda of law must be filed no later than three (3) business days before the date of the hearing and a copy provided directly to the Court via email to the Judicial Assistant.

2.      Any caselaw must be submitted with the memorandum and highlighting is not only permitted but also appreciated by the Court.

**DONE AND ORDERED** at Viera, Brevard County, Florida, this Monday, December 18, 2023.

05-2023-CA-016793 12/18/2023 06:08:50 PM

Scott Blaue, JUDGE
05-2023-CA-016793 12/18/2023 06:08:50 PM

I HEREBY CERTIFY that a true copy of the foregoing was served electronically via the e-Portal to all counsel of record this Tuesday, December 19, 2023.

| | |
|---|---|
| BERES, CHRISTOPHER | SHULLMAN, DEANNA |
| christopherberes8@gmail.com | dshullman@shullmanfugate.com |
| | aallbright@shullmanfugate.com |
| | pleadings@shullmanfugate.com |

---

[4] The Court may rule at the conclusion of the hearing and, therefore, would like to review any caselaw submitted by counsel, analysis and arguments prior to the start of the hearing.

PORTFOLIO MEDIA INC

28 LIBERTY ST

NEW YORK, NY 10005-1400


Tino Gonzalez

tino@tinolegal.com


Elizabeth McNamara

lizmcnamara@dwt.com

Andrew Delaney

centric23-app@yahoo.com


Sarah M. Papadellas

spapadelias@shullmanfugate.com

aallbright@shullmanfugate.com

pleadings@shullmanfugate.com

05-2023-CA-016793 12/19/2023 05:02:33 PM

Jennifer Johnston, Judicial Assistant
05-2023-CA-016793 12/19/2023 05:02:33 PM

Filing # 188622905 E-Filed 12/24/2023 04:18:59 PM

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA
CASE NO. 052023CA016793XXXXXX
JOHN DOE NO. 1,
JOHN DOE NO. 2,
Plaintiffs,
against
RELX, Inc. d/b/a LEXISNEXIS USA,
PORTFOLIO MEDIA, INC.,
Defendants
_____/

## PLAINTIFF'S MOTION TO VACATE COURT ORDER

1.      The undersigned party moves the Court for an order vacating two orders of

the Court dated December 13, 2023 (Order Granting Defendant RELX, Inc. and Portfolio

Media, Inc.'s Motion for Attorneys' Fees and Costs) and December 19, 2023 (Fee Hearing

Procedure and Management Order).

A hearing was held before Hon. Scott Blaue on October 13, 2023.


*The Defendants violated the court's order that the parties had to agree on the order*

At the hearing, Judge Blaue ordered the parties to agree on an order and for the

Defendants submit it to him.[1]

However, the Defendants never had the Undersigned, attorney Tino Gonzalez, or John

Doe No. 2 "agree to the form of that order." Instead, as soon as the Undersigned filed a

disqualification motion, *two months after the hearing,* the Defendants' lawyer sent the

---

[1] "THE COURT: Okay.  When you do that and you send -- and you and Mr. Beres and all of the other lawyers, Mr. Gonzalez -- everybody -- everybody agrees to the form of that order, it needs to be submitted through the e-portal." Tr. at 54 (emphasis added).

1

Undersigned an e-mail giving him a 24-hour deadline to review the order. The Undersigned e-mailed the Defendants' lawyer back and advised her that 24 hours was not sufficient time and that he would respond within two weeks. The Defendants' lawyer was obviously in no hurry because she waited two months to send the court a draft order. But suddenly due to the Undersigned's legally sufficient disqualification motion she wanted to have Judge Blaue quickly sign her ex parte draft – which he did with not a single change.

### *The Defendants did not e-mail or mail the draft to John Doe No. 2*

The Defendants' lawyer did not wait for the Undersigned to review the draft. Nor did she send her draft order to either Gonzalez or to John Doe No. 2, who is a resident and domiciliary of the Philippines. She completely ignored the other Plaintiff altogether as if he did not exist. Nor did the court require that he be noticed. Instead, after the Undersigned filed a disqualification motion, the Defendants' lawyer sent it to the judge ex parte for his signature.

### *The order is not a proper settle order*

The preparation of court orders is governed by Florida law. Once an order is drafted, it is sent to the other party or their attorney for review and approval. The Undersigned would never have agreed to the proposed order as drafted. In such case, he should have had an opportunity to present his *own version* of the order to the court. In the end, the order is supposed to be the judge's product, not one of the parties'.

When a court asks the moving party to prepare an order, it is supposed to be based on his or her rulings and authority from the hearing. Usually it is a simple document stating the court's

2

findings and order.[2]  Here, the order went on for pages and pages with the Defendants' legal

arguments far beyond what the court actually ruled at the hearing.  It had nothing to do with the

judge's limited order at the hearing.  Instead, the Defendants' lawyer wrote the court's ***opinion***

for it.

### *The Defendants' order was untimely and they waived their right to submit it*

The Defendants' lawyer informed the court at the October 13, 2023 hearing that it would

prepare the order.  This is normally done in 5-7 days.[3]  Instead, they waited a full ***60 days*** before

submitting it to the court – on December 12, 2023.  The court should instead have allowed the

Plaintiffs' lawyer to draft the order due to the Defendants' default in their verbal undertaking to

the court.

### *Judge Blaue has been disqualified and has no authority to enter orders*

Notwithstanding, two days after the Defendants' lawyer unilaterally filed their ex parte

draft order, on December 13, 2023, Judge Blaue denied the Undersigned's disqualification

motion declaring it to be a "nullity" and *immediately* thereafter signed the Defendants' seven-

page order *word for word*.  His signing of their absurd over-the-top order was clear retaliation for

---

[2] The 18th Judicial Circuit has a simple "SAMPLE PROPOSED ORDER".
https://flcourts18.org/docs/sem/Procedure_for_Submitting_Proposed_Orders_in_Seminole_County.pdf

[3] For example, the 9th Circuit's Procedures for Orders Submitted to Chambers states that the drafter "If counsel are
asked to prepare an order, **the order should be drafted and circulated within three (3) working days and must
be submitted to the Court within seven (7) days of the hearing, with a copy to opposing counsel**. All Orders
must describe,in the caption, the subject and ruling of the court, i.e. 'Order Granting Plaintiff's Motion for Partial
Summary Judgment on Liability.' See Fla.R.Civ.P. 1.100(c)(2). Counsel must advise the Court in the e-filed cover
letter, of any objection to, or agreement on, the form of the proposed order when the order is submitted.  All parties
must be copied on all email submissions. If the parties are unable to agree on the form of the order, both sides shall
email their proposed order in Word to the Court for consideration within the seven (7) days with an e-filed cover
letter." (emphasis added)
https://ninthcircuit.org/sites/default/files/2021-11/Div-37-Procedures-for-Orders-Submitted-to-Chambers.pdf
The court never gave the Plaintiffs the opportunity to prepare their version of the order.

the Undersigned's filing of a legally sufficient disqualification motion against him. Attached is a comparison which makes it clear that Judge Blaue did not even read the Defendants' draft order.

2.    **The order should be rescinded for the following reasons:**

Judge Blaue had no authority to issue any orders or to take any actions in this case after a legally sufficient motion for his disqualification had been filed.

Judge Blaue's order denying the disqualification motion did not find it to be legally insufficient in any way, in other words it was legally sufficient, but merely wrote: "The Court finds that, on October 7, 2023, Plaintiff JOHN DOE NO. 1 filed a Notice of Voluntary Dismissal of all of his claims against the Defendants. Therefore, JOHN DOE NO. 1 was not a party to this action at the time he filed the Verified Motion to Disqualify. WHEREFORE, it is ORDERED and ADJUDGED that Plaintiff JOHN DOE NO. 1's Verified Motion to Disqualify Judge Scott Blaue is DENIED as a nullity."

If the Undersigned is no longer a party to the case, then the judge cannot continue to enter in orders in the case against him. If he is still a party to the case, he had the right to file a disqualification motion and the judge was prohibited from issuing this or any other order. Both cannot be true.

The judge's bias in favor of the Defendants' lawyer Deanna Shullman, the sister of a Florida judge, is further shown by his signing their ridiculous "order".

***The December 13, 2023 order's contents are not per the judge's order from the hearing***

None of paragraphs 2, 3, 4, 5, 6, 9, 10, 12, 13, 15, or 16 is contained in the October 13, 2023 hearing transcript. It is all new content added in the Defendants' settle order.

4

The order goes far beyond the issue of attorney's fees and presents findings on the merits all in the Defendants' favor. In fact, ***Judge Blaue said at the hearing that there was no – and that there was no need for an - adjudication on the merits***. But the Defendants added all this new self-serving content that was not from the judge at the hearing.

Paragraph 3 of the Defendant-written order states: "The Court takes judicial notice of the fact that Plaintiffs previously filed a substantially identical defamation complaint against Defendants in the United States District Court for the Middle District of Florida on or about February 10, 2022." ***The words "judicial notice" do not appear in the transcript nor did this ever happen***. Moreover, the judge never made such a determination at the hearing. In fact, the hearing transcript makes clear that ***Judge Blaue was unfamiliar with and never read the federal complaint***.[4] He therefore could not have ruled and did not rule that it was "substantially identical" to this case.

The order then writes: "On May 23, 2022, Plaintiffs voluntarily dismissed their federal-action complaint (id. at Dkt. 41) and subsequently refiled their libel claims against Defendants in this Court." The court at the hearing did not know anything about this. The order also does not mention that the case was dismissed because the United States Court of Appeals for the Eleventh Circuit, the highest court in this judicial circuit, determined that there was ***no diversity jurisdiction***. That is different from dismissing a case because it is "frivolous" or "meritless".

Paragraph 4 of the so-called "order" is not an order but just a repetition of Defendants' arguments: "Defendants filed a motion to dismiss the Complaint in this action on March 27,

---

[4] "THE COURT: Give me the name for that action. MR. BROWNING: Sure. I believe it is Beres versus Relx. I can get Your Honor the case number in just a moment THE COURT: I don't need the case number necessarily, but where. **Where was it filed?** MR. BROWNING: The Southern District of Florida -- THE COURT: Okay." Tr. at 16 (emphasis added). Judge Blaue clearly never read the federal complaint. He could not – and did not – rule that it was "substantially identical" to the complaint in this case as the Defendants put in the order. He only accepted the Defendants' lawyer's conclusion that it was at face value.

5

2023, which asserted that Plaintiff's defamation claims should be dismissed with prejudice on multiple grounds – including that the news articles at issue are not actionable pursuant to Florida's privilege for fair and accurate reporting on judicial proceedings." This sounds like a party's argument in a brief, not a judicial finding.

Paragraph 5 is again just the Defendants' one-sided argument: "On April 3, 2023, instead of opposing Defendants' motion to dismiss and permitting the Court to reach a decision on the merits, Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice." How could this court rule that the Plaintiffs filed a dismissal "instead of opposing Defendants' motion to dismiss" and because they did not want to permit "the Court to reach a decision on the merits." Moreover, it is a flat-out lie. The Plaintiffs *did file opposition papers* to the Defendants' motion to dismiss and wanted to proceed. It was *the Defendants who refused to allow them to proceed on the merits* and forced them to file a new case. For the court to rule that the Plaintiffs did not oppose the Defendants' motion to dismiss and did not want the court to make a decision on the merits is the opposite of the facts. It is just the Defendants' false narrative inserted in the court order.

Paragraph 7 then reads: "The Court denied this request because it lacked jurisdiction to relieve Plaintiffs of their voluntary dismissal, but retained jurisdiction over Defendants' motion seeking attorneys' fees and costs." Actually this is contrary to *Cory Lakes*, which the court supposedly "followed". In *Cory Lakes* the case did proceed to discovery after the motion to voluntary dismiss was withdrawn. In *Cory Lakes* the court never awarded attorneys' fees and the parties filed a stipulation of dismissal after the case had proceeded to pre-trial.

Paragraph 8 cites Fla. Stat. § 768.295. It isn't in the hearing transcript.

Paragraph 9 is based on § 768.295(2)(a) and *Rosenthal v. Council on Am.-Islamic Relations, Fla., Inc.* – neither is in the hearing transcript.

Paragraph 10 is based on § 768.295(4) and *Thornber v. City of Ft. Walton Beach* – neither was cited by the court at the hearing.

The statement in paragraph 11 "The Court holds that Defendants are the 'prevailing parties' in this action on two separate grounds." was never made by the court.

Paragraph 12 is about Fla. R. Civ. P. 1.420(a)(1) – it is also not in the hearing transcript.

Paragraph 13 presents a conclusion that the court never made at the hearing. *Judge Blaue never stated that the claims in the federal case were "substantially identical" to those in this case.* In fact, it was clear he had never read the federal complaint. Nor did the court rule "This amounts to an adjudication on the merits in Defendants' favor." In fact, the court made the opposite ruling at the hearing.[5]

Paragraph 14 is *Thornber* - not in the transcript.

The court did not order at the hearing that John Doe No. 2, an unrepresented party, could be served by mail as the Defendants' order "added". Fla. R. Gen. prac. Jud. Admin. 2.516.

When the court asked if the Defendants could draft the order, it was supposed to be based on *what the court actually ordered* at the hearing.[6]

### *There was no finding that the anti-SLAPP statute applied to the content in this case*

The order should also be rescinded because there was no determination that the lawsuit was frivolous based on the statute.[7]   However, the court never determined that the lawsuit was

---

[5] "And I don't -- I don't find necessarily where the language of the Statute requires an adjudication on the merits." Tr. at 39.

[6] Judge Blaue stated "But I have set out clearly the -- the -- the reasons for my -- reasons for my -- my holding." Tr. at 62.

frivolous or meritless nor did it rule that the content even fit within the anti-SLAPP statute. The court erred in ordering anti-SLAPP attorney's fees without even determining whether or not the statute applied in the first place.

At the hearing, the Defendants' lawyer made false assertions about the federal case.[8] *Daily Journal Corp.* was not "substantially similar defamation claims".

### *The court ignored the weight of the caselaw*

The order did not address the four out of five cases in the Defendants' motion which the Undersigned showed went against them. It relied solely on *Cory Lakes*. The Defendants' central argument is they were denied the opportunity to argue their motion to dismiss on the merits.[9] But if this is true it is only because the Defendants opposed the Plaintiffs' proceeding. This is the opposite of what happened in *Cory Lakes*.

### *Cory Lakes is distinguishable and there were no attorney's fees*

The court ignored all the caselaw and purported to rely on a single case, *Cory Lakes*. However, in *Cory Lakes*, no attorney's fees were ultimately awarded. The parties stipulated to dismiss the case.

---

[7] The Defendants' lawyer argued: "So this is a frivolous and meritless defamation case that calls out for application of the Florida SLAPP law's automatic fee shifting mechanism." Tr. at 10.

[8] "I know that there were -- there were four I guess previous suits. In that matter the District Court dismissed Mr. Beres' substantially similar defamation claims based on The Daily Journal reporting on a lawsuit filed against Plaintiffs in this action by Doe No. 2's former employer, HS2." Tr. at 12.

[9] "Which is clear that the SLAPP statute requires fee shifting when, as Plaintiffs have done here, a libel complaint is withdrawn particularly before the Court has an opportunity to decide a pending motion to dismiss on the merits." Tr. at 10.

8

### *There was no "double dismissal"*

The federal case against the Defendants had to be dismissed due to lack of federal jurisdiction. There was no voluntary choice as to it.

This case was never intended to be dismissed. This court held that the Plaintiffs could file a new case and "it would take them to the same place" as continuing this case. The court never mentioned he would apply a "double dismissal rule" against them if they did.

This case needed to be amended due to the Defendants' continuing defamation against the Plaintiffs. The court made it clear that the Plaintiffs could proceed by filing a new action which they did.

### *The court's orders violate the double dismissal caselaw*

As noted supra, Judge Blaue could not have found that the complaints in the federal case and this case were "identical" because he did not even read the federal complaint as shown from the transcript.

Also, at the October 13, 2023, he never made a determination that the complaints were "substantially identical" as the Defendants' order which he signed falsely wrote.

Moreover, it is not sufficient for the complaints to be "substantially identical" per the December 13, 2023 order. They have to be *identical*. A claim must be identical in all respects, not merely substantially similar. *Moreno v. Palm Beach County School Board*, Docket No. 1D14–1142 (Fla. 1st DCA 2014).

Finally, the double dismissal rule does not apply where, as in the case of the Plaintiffs' complaint in the United States District Court for the Southern District of Florida, the dismissal

9

was based on lack of personal jurisdiction. *Poloron Prods, Inc. v. Lybrand Ross Bros. & Montgomery,* 534 F.2d 1012, 1018 (2d Cir. 1976).

### *The court's rulings at the July 17, 2023 are res judicata as to the dismissal issue*

At the July 17, 2023 hearing, the court previously ruled that the Plaintiffs could file a new action without invoking the "double dismissal rule" or other financial cost to the Plaintiffs.

Judge Blaue stated: "I just want to let you know I did read -- I've got an idea of what happened. It looks like there was a mistake. Somehow somebody mixed up the notice of voluntary dismissal with the amended complaint, because those two documents are so similar in nature." July 17, 2023 Tr. at 5-6. Thus, the judge understood that there was no dismissal of the Plaintiffs' action.

*__Judge Blaue then held: "And then, two, I mean, can this be remedied by yet the filing of -- I mean, it seems to me that the filings of another action might be a course that will get you to the same place that I think you want to be.__"* *Id. at 11.*

Judge Blaue repeated this later in the transcript: *__"And, again, frankly, I don't know that you can't get, Mr. Beres, where you want to be by just filing another action.__"* *Id.* at 13.

The Plaintiffs then filed a new action per the judge's ruling. But then the judge assessed attorneys' fees against the Plaintiffs for going so. That is not "a course that" got the Plaintiffs to the same place" that they wanted to be.

***At the July 17, 2023 hearing the court ruled there was no case to issue orders as to***

At the July 17, 2023 hearing the court also ruled: "Well, we don't have a case anymore to have that hearing time to do it. So that's why I mentioned maybe you can address it as part of further proceedings." *Id.* at 14.

By its own admission, the court could not enter orders in a dismissed case. The court itself found that it had no jurisdiction to act.

Thus, the court had no authority to issue the two orders dated December 13, 2023 and December 19, 2023.

***This case was dismissed and the court has held Plaintiff is no longer a party***

This court ruled on the same day that it issued the order that John Doe No. 1 is no longer a party in this case because the Plaintiffs voluntarily dismissed the case. Defendants' motion for attorneys' fees was filed after dismissal of the action and this court lacks jurisdiction to consider it

This Court no longer had jurisdiction to rule on defendant's SLAPP motion or to award attorneys' fees to defendant. *Pomeranz & Landsman Corporation v. Miami Marlins Baseball Club, L.P.*, 143 So.3d 1182 (Fla. 4th DCA 2014). The trial court loses jurisdiction over a matter upon the filing of a voluntary dismissal. *Pomeranz*, supra. A voluntary dismissal terminates litigation instantaneously. *Randle-Eastern Ambulance Service, Inc. v. Vasta*, 360 So.2d 68 (Fla. 1978) The trial court lacks jurisdiction to award attorneys' fees after a voluntary dismissal, except in dissolution of marriage cases. *Wiggins v. Wiggins*, 417 So.2d 691 (Fla. 2d DCA 1982). The trial judge subjects him or her self to a writ of prohibition if he or she proceeds in such an action. *See Pomeranz*, supra. The court does not have authority to enter orders in a case after a

11

voluntary dismissal. *Marvella Associates, Inc. v. Johnson*, 512 So.2d 1111 (Fla. 2d DCA 1987). It is error for the trial court to take any further action in a case after a voluntary dismissal. *Ambory v. Ambory*, 442 So.2d 1087 (Fla. 2d DCA 1983) "The effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction." *Randle-Eastern, supra* at 69  The Plaintiffs filed a voluntary dismissal of this action and this Court has and had no jurisdiction to consider defendant's motion for attorneys' fees or to rule on her motion for summary judgment under the SLAPP statutes.

### *The court never determined that the anti-SLAPP statute applied and it does not*

The court never determined that the anti-SLAPP statute even applies to this case, and on its face it clearly does not.

Fla. Stat. § 720.306 prohibits lawsuits brought against individuals for exercising their right of free speech in connection with a public issue or their rights to peacefully assemble, to instruct representatives of government, or to petition the government for a redress of grievances. Fla. Stat. Ann. § 768.295(3) (2019) (emphasis added).  The statute does not apply to the Defendants' defamatory statements about the Plaintiffs in this case.  It is not a petition to the government for a redress of grievances.  There was no showing nor any finding that Florida's anti-SLAPP statute even applied to this case.

In the absence of a presentation to a governmental entity, the statute does not apply. Here, the Defendants' false and defamatory statements were merely published online, which is not to a governmental entity.  Accordingly, the statute does not apply to this action and cannot form the basis for an award of attorneys' fees.  There is no governmental entity involved, and the

12

Defendants were not asserting their rights before a governmental entity. In the absence of a governmental entity, the statute cannot apply.

In *Wentz v. Project Veritas*, 2019 WL 4621069 (M.D. Florida 2019), a magistrate judge for the Federal Court for the Middle District of Florida held that attorneys' fees were not recoverable where the litigation was concluded by means other than the SLAPP motion. Here, the litigation was not concluded by the SLAPP motion, which was never ruled upon.

### *Florida's anti-SLAPP statute is unconstitutional and should first be reviewed by the Supreme Court*

Finally, Florida's anti-SLAPP statute, and as interpreted by Judge Blaue, violates the Plaintiffs' First Amendment rights and right of access to the courts and is clearly unconstitutional. The Defendants so-called media organization, which is in truth a $57 billion corporate monopoly, uses the anti-SLAPP motion to shut down people's First Amendment rights and to prevent them from going to the courts to stop their defamation. Shullman, the sister of a Florida judge who brags about her relationships to judges in the state, uses this unconstitutional statute to violate the First Amendment rights of ordinary citizens on behalf of her rich corporate clientele. Law360 has no right to defame people with impunity and then to demand legal fees from them from friendly courts. The First Amendment is not a one-way street for RELX and to enrich its judge-connected lawyers like Shullman in Florida. Defendants defamed Plaintiffs and this lawsuit is not a SLAPP suit nor was it ever determined to be one.

Bloomberg News ran an article "Florida Justices Skeptical of Broader Media Defamation Shield." It stated that the Florida Supreme Court questioned the statute in question here. Specifically, Chief Justice Carlos G. Muñiz said that the "Strategic Lawsuits Against Public

13

Participation" ("anti-SLAPP") act in Florida "doesn't make sense". "The whole concept, that you're immune from a meritless suit. As a concept the immunity thing just doesn't seem to fit."[10] *In Re Amendments to Florida Rule of Appellate Procedure 9.130,* Fla. No. SC22-1084 (April 2023).

The court's December 13, 2023 and December 19, 2023 orders should be vacated. The Plaintiffs do not owe the Defendants $1 and quite the contrary the Defendants owe substantial damages to the Plaintiffs for their defamatory statements about them. The Defendants did not prevail as to any issue. Unlike in *Cory Lakes*, the court did not allow the Plaintiffs to proceed to discovery and with the case, despite the Defendants' "new" argument that they were "denied the opportunity" to have their motion to dismiss decided "on the merits" when they were the ones who opposed the case's proceeding in the first place.

Dated: Melbourne, Florida

/s/Christopher Beres
Christopher Beres, Esq.
*for Plaintiff John Doe No. 1*
1600 Sarno Road Ste. 1
Melbourne, FL 32935
(321) 339-9301
christopherberes8@gmail.com

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a copy hereof has been furnished by E-filing to Deanna Shullman dshullman@shullmanfugate.com and Jack Browning jackbrowning@dwt.com below this December 23, 2023.

/s/Christopher Beres
Christopher Beres, Esq.
1600 Sarno Road Ste. 1
Melbourne, FL 32935

---

[10] Alex Ebert, "Florida Justices Skeptical of Broader Media Defamation Shield," Bloomberg News, April 2023. https://news.bloomberglaw.com/litigation/florida-justices-skeptical-of-shield-against-defamation-lawsuits

14

(321) 339-9301
christopherberes8@gmail.com

15

Filing # 189333856 E-Filed 01/08/2024 06:23:20 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

              Plaintiffs,

v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

              Defendants.

Case No. 05-2023-CA-016793

## NOTICE OF MEDIATION

In accordance with this Court's Fee Hearing Procedures and Management Order, the

parties have agreed on mediator David Dugan. The mediation will be held via Zoom on March

29, 2024 at 9:00 a.m.

Dated: January 8, 2024

Respectfully submitted,

*/s/ Sarah M. Papadelias*
Deanna K. Shullman (Fla. Bar No. 514462)
Sarah M. Papadelias (Fla. Bar No. 125098)
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 5006
West Palm Beach, FL 33411
dshullman@shullmanfugate.com
spapadelias@shullmanfugate.com
Tel: (561) 429-3619

-and-

Elizabeth McNamara*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
lizmcnamara@dwt.com

Tel.: (212) 489-8230
Fax: (212) 489-8340

*Admitted *Pro Hac Vice*

*Attorneys for Defendants RELX Inc. and Portfolio Media, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of January, 2024, a true and correct copy of the foregoing is being forwarded via electronic service from the Florida Court E-Portal to Christopher T. Beres, christopherberes8@gmail.com, and Andrew Delaney, pradiphat@yahoo.com.

*/s/ Sarah M. Papadelias*
Sarah M. Papadelias
Shullman Fugate PLLC
Florida Bar No. 125098

Filing # 215130224 E-Filed 01/22/2025 06:30:45 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT,
IN AND FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1 and
JOHN DOE NO. 2,

              Plaintiffs,

    v.

RELX Inc. d/b/a LEXIS NEXIS USA and
PORTFOLIO MEDIA, INC.,

              Defendants.

Case No. 05-2023-CA-016793

## DEFENDANTS RELX INC. AND PORTFOLIO MEDIA INC.'S
## SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to Fla. Stat. § 768.295(4), Defendants RELX Inc. ("RELX") and Portfolio Media Inc. ("PMI") (collectively, "Defendants") hereby move for an order awarding Defendants their fees and costs incurred in defending this matter in the amount of $113,994.00 from Plaintiffs John Doe 1 and John Doe 2 (collectively "Plaintiffs"). As grounds for this supplemental motion,[1] Defendants state:

## BACKGROUND

1.      This is a defamation action arising out of Defendants' accurate reporting in four articles published by PMI's Law360 from February 24, 2021 to January 6, 2022 (the "Articles"). These Articles concerned two lawsuits involving Doe No. 2, one filed by Doe No. 2 in Florida state court and the other filed against him by his former employer, HC2 Inc. ("HC2") in the Southern District of New York.

---

[1] The purpose of this supplemental motion is to present the amount of attorneys' fees to be awarded to Defendants, as both the trial court and appellate court have already determined that Defendants are entitled to fees.

2.      Plaintiffs initially filed a defamation lawsuit substantially similar to the instant case in the Southern District of Florida, proceeding under their real names. *See Beres, et al. v. RELX PLC et al.*, No. 22-cv-20429 (S.D. Fla.). Plaintiffs voluntarily dismissed the Southern District of Florida action against Defendants on May 23, 2022. *See id.* at Dkt. Nos. 40 & 42.

3.      Plaintiffs then filed the instant action on February 21, 2023, this time, inexplicably, as Does. On March 27, 2023, Defendants moved to dismiss the Complaint. *See* Dkt. No. 12. On April 3, 2023, Plaintiffs voluntarily dismissed their Complaint. *See* Dkt. No. 12.

4.      On April 11, 2023, less than a week after the voluntary dismissal was filed, Defendants filed their Motion for Attorneys' Fees and Costs in the trial court ("Trial Court Fee Motion"). *See* Dkt. No. 18. The Trial Court Fee Motion sought a determination that Defendants were entitled to their fees and costs incurred in the trial court in this matter as the prevailing parties pursuant to Florida's Anti-SLAPP Statute.

5.      Plaintiffs continued to litigate this case after they filed the voluntary dismissal. On April 17, 2023, Plaintiffs filed a motion to reopen the case, claiming that the notice of dismissal was filed in error. Plaintiffs also filed an opposition to the Trial Court Fee Motion and a motion for sanctions, among other filings. Plaintiffs filed a motion to disqualify the trial court judge in this matter (Dkt. 52) before filing a writ of prohibition regarding the disqualification, which was denied by the Fifth District Court of Appeal. *See* Case No. 5D2024-0001.[2]

6.      On December 13, 2023, the trial court entered an order granting the Trial Court Fee Motion ("Fee Order"). Dkt. 55. In the Fee Order, the Court determined that this case was "subject to the mandatory fee-shifting provisions of Florida's Anti-SLAPP law, §768.295, Fla. Stat., and

---

[2] Defendants are not seeking fees or costs associated with the writ of prohibition filed in the Fifth District Court of Appeal.

that Defendants are 'prevailing parties' entitled to an award of attorneys' fees and costs." On December 19, 2023, the trial court entered an order setting forth the procedures governing the amount of fees to be awarded (the "Fee Procedures Order"). Dkt. 58.

7.      On January 10, 2024, Plaintiffs filed a Notice of Appeal of both the Fee Order and the Fee Procedures Order. *See* Case No. 5D2024-0087.

8.      Plaintiff Christopher Beres filed his initial brief on March 11, 2024. Plaintiff Andrew Delaney filed his initial brief on April 1, 2024. Defendants filed their Answer Brief on April 22, 2024, arguing that the appeal was premature because the trial court had not yet determined the amount of fees. In addition to the Answer Brief, Defendants also filed a Motion for Appellate Attorneys' Fees and Costs (the "Appellate Fee Motion").

9.      On October 18, 2024, the Fifth District Court of Appeal dismissed the appeal, agreeing with Defendants and finding that it was premature because the Court had not yet determined an amount of attorneys' fees and costs to be awarded. The Appellate Court also granted Defendants' Appellate Fee Motion and ordered that "the above-styled cause is remanded to the trial court, pursuant to Florida Rule of Appellate Procedure 9.400(a), (b), to determine and assess reasonable attorneys' fees and costs for this appeal" (the "DCA Fee Order").

10.     On November 2, 2024, Plaintiffs filed in the Fifth District Court of Appeal a motion to rehear the case *en banc* and for certification. Defendants filed their opposition on November 19, 2024. The Appellate Court denied the motion on December 3, 2024.

11.     The Fifth District Court of Appeal issued its mandate on December 23, 2024.

12.     The purpose of this supplemental motion is to seek an order fixing the amount of fees to be awarded in defending this action in the trial court and fixing the amount of appellate fees to be awarded as directed by the DCA Fee Order.

## ARGUMENT

**A. $113,994.00 Are Reasonable Fees and Costs For the Defense of this Action.**

Because both the trial and appellate courts in this case have determined Defendants are entitled to their fees in defending this lawsuit, and the appellate court has remanded the matter to this Court for a determination of amount, only the issue of the amount of fees to be awarded remains before this Court. In determining whether fees are reasonable, courts review the hourly rates charged and the number of hours spent. *Philip Morris USA Inc. v. Jordan*, 333 So. 3d 300, 301 (Fla. 1st DCA 2022) (affirming fee award). The product of these two factors yields the lodestar, the baseline for Defendants' fee award. *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d· 1145, 1151 (Fla. 1985). To that end, the Declaration of Elizabeth McNamara ("McNamara Decl.") and Declaration of Deanna Shullman ("Shullman Decl.") are filed simultaneously with this motion. These Declarations detail the attorneys' fees incurred in this matter. Moreover, the affidavits of expert Martin Reeder ("Reeder Trial Aff." And "Reeder Appellate Aff.") regarding the reasonableness of the attorneys' fees and related issues are likewise filed simultaneously herewith.

*First*, the hourly rates are reasonable. "Perhaps the strongest and best evidence of an attorney's market rate is the hourly rate he/she charges clients." *Smith v. School Bd. of Palm Beach Cty.*, 981 So. 2d 6, 9 (Fla. 4th DCA 2007). Here, as explained in the McNamara and Shullman Declarations, Defendants' counsel seeks the hourly rates paid by Defendants, which represent a discount to counsel's standard hourly rates. To that end, Defendants' counsel staffed this matter with attorney billing rates ranging from $300 to $800 per hour. McNamara Decl. ¶9; Shullman Decl. ¶15. These rates are reasonable and consistent with the work performed by lawyers of comparable experience and skill in the community. *Id.*; *see also* Reeder Trial Aff. ¶¶16-18, 20-22;

Reeder Appellate Aff. ¶¶10-13, 15-17. Defendants' counsel also staffed this matter with paralegals who have billing rates ranging from $200 to $378 per hour. These rates are also reasonable and consistent with the work performed by paralegals of comparable experience and skill in the community. McNamara Decl. ¶9. Thus, the hourly rates sought by Defendants are reasonable in the market and under the circumstances.

*Second*, the hours billed are also reasonable. From the inception of the case in February 2023 through the denial of Plaintiff's motion for rehearing *en banc* in December 2024, Defendants spent a total of 241.1 hours litigating the case. During this time, Elizabeth McNamara expended a total of 12.5 hours at rates of $778 and $800 per hour litigating the action. McNamara Decl. ¶¶9, 11. John M. Browning, one of the attorneys assigned to this matter, expended a total of 32.4 hours of his time at rates of $549 and $652.50 litigating the case. *Id.* Nimra Azmi, another associate, expended a total of 39.6 hours of her time at a rate of $481.50. DWT's paralegals spent a total of 7.7 hours at rates of $310.50 and $378 during the pendency of the case. *Id.* Local counsel Deanna Shullman expended a total of 33.7 hours of her time at a rate of $495 litigating the case. Shullman Decl. ¶¶15, 17. Local counsel Sarah Papadelias spent a total of 109.9 hours of her time at a rate of $350 litigating this case, much of which was in connection with appellate proceedings, wherein the Shullman Fugate law firm took the lead. *Id.* The total lodestar amount of fees sought is $107,221.90. *See* Reeder Trial Aff. ¶¶20-22; Reeder Appellate Aff. ¶¶15-17. Additionally, Defendants incurred $6,772.10 in costs in the trial court.[3] *See* Shullman Decl. ¶23. This amount is

---

[3] Defendants are also entitled to recover the cost of hiring Mr. Reeder, a fee expert, to testify as to the reasonableness of counsel's fees and costs in this matter. An expert fee is a taxable cost under the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. Defendants have already paid Mr. Reeder $5,237.10 to evaluate the reasonableness of their trial court fees but will pay more as Mr. Reeder's work is not yet complete as of the date of this motion. Since the total cost will not be known until Mr. Reeder completes his work, Defendants will supplement their request with the details on Mr. Reeder's total fee at that time.

both reasonable and appropriate in light of the nature of this litigation. McNamara Decl. ¶¶9-11, 14; Shullman Decl. ¶¶15-17, 20; *see also* Reeder Trial Aff. ¶¶16-18, 20-22; Reeder Appellate Aff. ¶¶10-13, 15-17.

The Court may consider the nature of Plaintiffs' litigation efforts and whether they contributed to the effort required by counsel. *See City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986). A party cannot "litigate tenaciously and then be heard to complain about the time necessarily spent by the [opposing party] in response." *Id.* Here, Plaintiffs filed the Complaint in the instant matter and quickly filed a notice of voluntary dismissal. However, Plaintiffs continued to actively litigate this case after the dismissal, filing a motion to reopen the case, a response in opposition to Defendants' Trial Court Fee Motion, a motion for sanctions, and a motion to disqualify the trial court judge, among other things. Plaintiffs then appealed the Trial Court Fee Motion prematurely and filed multiple successive motions and requests for relief in the appeal, which were all denied. Defendants' counsel made every effort to defend this case as efficiently as possible given Plaintiffs' litigation strategy.

The amount of time expended is reasonable and consistent with defense counsels' vast experience in defending a defamation action. Moreover, when a prevailing party achieves "excellent results," its attorney is entitled to a "fully compensatory fee" that "[n]ormally . . . will encompass all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *see also Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) ("If the result was excellent, then the court should compensate for all hours reasonably expended."). Indeed, in some instances, "an enhanced award may be justified." *Hensley*, 461 U.S. at 435.

6

In the instant case, Defendants obtained a degree of success that can be characterized as excellent. This Court determined that Defendants were the prevailing party in this matter after Plaintiffs filed and then voluntarily dismissed this case—a pattern which Plaintiffs have repeated multiple times in both state and federal court. Defendants then achieved a dismissal of the appeal of the Trial Court Fee Order. Defendants are not seeking an enhancement of fees; rather, they simply seek reimbursement of the fees reasonably incurred in defending this action.

Ultimately, Defendants' counsel charged a reasonable rate in this market and billed a reasonable number of hours in this action. Accordingly, this Court should find that Defendants' attorneys' fees are reasonable and award the full amount sought.

## CONCLUSION

Defendants are entitled to their lodestar amount of attorneys' fees incurred in connection with this action, including the appeal in the Fifth District Court of Appeal. These fees are reasonable and compensable, were incurred only because Plaintiffs filed a meritless defamation action and are necessary to protect Defendants' First Amendment rights. As such, Defendants request that this Court award Defendants their reasonable fees incurred in the amount of $107,221.90 and costs in the amount of $6,772.10 for their efforts in litigating the case both in the trial court and on appeal.

WHEREFORE, Defendants respectfully request that this Court grant this motion and enter a judgment for Defendants, taxing attorneys' fees and costs against Plaintiffs/Appellants in the amount of $113,994.00.

Dated: January 22, 2025

Respectfully submitted,

*/s/ Sarah M. Papadelias*

Deanna K. Shullman (Fla. Bar No. 514462)
Sarah M. Papadelias (Fla. Bar No. 125098)
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 5006
West Palm Beach, FL 33411
dshullman@shullmanfugate.com
spapadelias@shullmanfugate.com
Tel: (561) 429-3619

-and-

Elizabeth McNamara*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
lizmcnamara@dwt.com
Tel.: (212) 489-8230
Fax: (212) 489-8340

*Admitted *Pro Hac Vice*

*Attorneys for Defendants RELX Inc. and Portfolio Media, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January, 2025, a true and correct copy of the foregoing is being forwarded via electronic service from the Florida Court E-Portal to Christopher T. Beres, christopherberes8@gmail.com and Andrew Delaney, pradhiphat@yahoo.com.

/s/ *Sarah M. Papadelias*
Sarah M. Papadelias
Shullman Fugate PLLC
Florida Bar No. 125098

8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
-----------------------------------------------------x
In Re:

ANDREW DELANEY,

          Debtor.
-----------------------------------------------------x

JOHN DOE NO. 1 and JOHN DOE
NO. 2,

          Plaintiffs,

v.

RELX, INC. D/B/A LEXISNEXIS
USA and PORTFOLIO MEDIA, INC.,

          Defendants.
-----------------------------------------------------x

Bankruptcy Case No. No. 1-20-44372
(United States Bankruptcy Court for
the Eastern District of New York
(Brooklyn)) (Chapter 7)

Case No.

## CONSENT TO REMOVAL

     John Doe No. 1, plaintiff, hereby consents to the removal of the case John

Doe No. 1 et al. v. RELX, Inc. et al., Case No. 052023CA016793XXXXXX (Fla.

18th Jud. Cir. Ct. February 21, 2023) to the United States District Court for the

Middle District of Florida Jacksonville Division.

Dated: Jacksonville, Florida
       March 29, 2025

/s/Christopher Beres
Christopher Beres
Plaintiff (for John Doe No. 1)
4 Center Street
Wolfeboro, NH 03894
(603) 200-8089 or (321) 339-9309

bereschristopherteny@gmail.com

**MEANSU, IFP, RESCIND, DoNOTDisc, APPEAL**

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
## Bankruptcy Petition #: 1-20-44372-jmm

| | |
|---|---|
| *Date filed:* | 12/23/2020 |
| *341 meeting:* | 02/02/2021 |
| *Deadline for filing claims:* | 06/16/2021 |
| *Deadline for objecting to discharge:* | 08/13/2021 |
| *Deadline for financial mgmt. course:* | 04/05/2021 |

*Assigned to:* Jil Mazer-Marino
Chapter 7
Voluntary
Asset

**Debtor**
**Andrew John Delaney**
330-340 Baychester Ave #1009
Bronx, NY 10475
QUEENS-NY
SSN / ITIN: xxx-xx-0803

represented by **Andrew John Delaney**
PRO SE

**Christopher Teny Beres**
1600 Sarno Road
Suite 1
Melbourne, FL 32935
321-339-9301
Email: christopherberes8@gmail.com
*TERMINATED: 10/06/2021*

**Rachel S. Blumenfeld**
(See above for address)
*TERMINATED: 07/01/2021*

**Trustee**
**Gregory Messer**
Law Offices of Gregory Messer, PLLC
26 Court Street
Suite 2400
Brooklyn, NY 11242
(718) 858-1474

represented by **Melanie A FitzGerald**
LaMonica Herbst & Maniscalco LLP
3305 Jerusalem Avenue
Suite 201
Wantagh, NY 11793
516-826-6500
Fax : 516-826-0222
Email: MFitzgerald@lhmlawfirm.com

**Gary F. Herbst**
LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh
Wantagh, NY 11793
(516) 826-6500
Fax : (516) 826-0222
Email: gh@lhmlawfirm.com

**Salvatore LaMonica**
LaMonica Herbst and Maniscalco
3305 Jerusalem Ave
Wantagh, NY 11793
(516) 826-6500

Fax : (516) 826-0222
Email: sl@lhmlawfirm.com

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Suite 201
Wantagh, NY 11793
516-826-6500

**Cristina Mihaela Lipan**
LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
(516) 826-6500
Fax : (516) 826-0222
Email: cl@lhmlawfirm.com

**Gregory Messer**
Law Offices of Gregory Messer, PLLC
26 Court Street
Suite 2400
Brooklyn, NY 11242
(718) 858-1474
Fax : (718) 797-5360
Email: gremesser@aol.com

*U.S. Trustee*
**Office of the United States Trustee**
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004-1408
(212) 206-2580

| Filing Date | # | Docket Text |
|---|---|---|
| 12/23/2020 | <u>1</u><br>(57 pgs) | Chapter 7 Voluntary Petition for Individuals. IFP Fee Waived Filed by Andrew John Delaney **Filed Via Electronic Dropbox** (jjk) (Entered: 12/23/2020) |
| 12/23/2020 | | Meeting of Creditors Chapter 7 No Asset & Appointment of Chapter 7 Trustee, Gregory Messer, 341(a) Meeting to be held on 02/02/2021 at 01:30 PM at 271-C Cadman Plaza East, Room 4515, Brooklyn, NY. Last day to oppose discharge or dischargeability is 04/05/2021. Financial Management Certificate due by 04/05/2021. (Entered: 12/23/2020) |
| 12/23/2020 | <u>3</u><br>(1 pg) | Certificate of Credit Counseling for Debtor Filed by Andrew John Delaney **Filed Via Electronic Dropbox** (jjk) (Entered: 12/23/2020) |

| | | |
|---|---|---|
| 12/23/2020 | <u>4</u><br>(1 pg) | Employee Income Records / Copies of Pay Statements Filed by Andrew John Delaney **Filed Via Electronic Dropbox** (jjk) (Entered: 12/23/2020) |
| 12/23/2020 | <u>5</u><br>(3 pgs) | Application to have the Chapter 7 Filing Fee Waived Filed by Andrew John Delaney. **Filed Via Electronic Dropbox** (jjk) (Entered: 12/23/2020) |
| 12/23/2020 | <u>6</u><br>(7 pgs; 4 docs) | Request for Notice - Meeting of Creditors Chapter 7 No Asset (jjk) (Entered: 12/23/2020) |
| 12/25/2020 | <u>7</u><br>(4 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 12/25/2020. (Admin.) (Entered: 12/26/2020) |
| 12/25/2020 | <u>8</u><br>(5 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 12/25/2020. (Admin.) (Entered: 12/26/2020) |
| 12/28/2020 | <u>9</u><br>(1 pg) | Certificate of Financial Management Course, Certificate 14912-NYE-DE-035206230 Filed for Debtor Andrew John Delaney by 001 DebtorEdu LLC (1007bAdmin). (Entered: 12/28/2020) |
| 12/29/2020 | <u>10</u><br>(3 pgs; 2 docs) | Order Granting Application To Have the Chapter 7 Filing Fee Waived. (Related Doc # <u>5</u>) Signed on 12/29/2020. (sem) (Entered: 12/30/2020) |
| 12/30/2020 | | Receipt of Chapter 7 IFP Filing Fee - $0.00. Receipt Number 328721. (MM) (admin) (Entered: 01/04/2021) |
| 01/01/2021 | <u>11</u><br>(3 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 01/01/2021. (Admin.) (Entered: 01/02/2021) |
| 01/19/2021 | <u>12</u><br>(2 pgs; 2 docs) | Notice of Rescheduled Telephonic 341 Meeting with Instructions. Meeting scheduled for February 2, 2021 at 1:30pm Filed by Gregory Messer. (Messer, Gregory) (Entered: 01/19/2021) |
| 01/21/2021 | <u>13</u><br>(3 pgs) | BNC Certificate of Mailing with Notice of Reset of Section 341 Meeting of Creditors Notice Date 01/21/2021. (Admin.) (Entered: 01/22/2021) |
| 02/04/2021 | | Chapter 7 Trustee's Report of No Distribution: I, Gregory Messer, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 1110.00, Assets Exempt: Not Available, Claims Scheduled: $ 44434.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 44434.00. (Messer, Gregory) (Entered: 02/04/2021) |

3/29/25, 8:47 PM                                                            Live Database: nyeb_live

| 03/09/2021 | <u>14</u><br>(1 pg) | Recision Filed by Gregory Messer (RE: related document(s) Chapter 7 Trustee's Report of No Distribution). (Messer, Gregory) (Entered: 03/09/2021) |
| 03/12/2021 | <u>15</u><br>(1 pg) | Notice of Change of Debtor's Address of Andrew John Delaney from 182-30 Wexford Terrace, Apt. 6R, Jamaica Estates, NY 11432 to 127 West 80th Street, New York, NY 10024 Filed by Andrew John Delaney **Filed Via Electronic Dropbox** (jjk) (Entered: 03/12/2021) |
| 03/12/2021 | <u>16</u><br>(4 pgs) | Motion to Dismiss Case Filed by Andrew John Delaney. Hearing scheduled for 4/8/2021 at 02:00 PM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. **Filed Via Electronic Dropbox** (jjk) (Entered: 03/12/2021) |
| 03/15/2021 | <u>17</u><br>(10 pgs) | Amended Schedule(s), Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1009-1(a): Schedule A/B Filed by Andrew John Delaney **Filed Via Electronic Dropbox** (jjk) (Entered: 03/15/2021) |
| 03/15/2021 | <u>18</u><br>(9 pgs) | Amended Schedule and Affidavit Pursuant to E.D.N.Y. LBR LR1009-1(a): Schedule E/F, Matrix Fee Amount $32 Filed by Andrew John Delaney (FEE NOT PAID) **Filed Via Electronic Dropbox** (drk) (Entered: 03/16/2021) |
| 03/16/2021 | <u>19</u><br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Douglas A Goldstein on behalf of HC2, Inc. (Goldstein, Douglas) (Entered: 03/16/2021) |
| 03/17/2021 | | Trustee's Discovery of Assets Filed by Gregory Messer. (Messer, Gregory) (Entered: 03/17/2021) |
| 03/18/2021 | <u>20</u><br>(2 pgs; 2 docs) | Notice of Discovery of Assets Proofs of Claims due by 06/16/2021. (discassets) (Entered: 03/18/2021) |
| 03/20/2021 | <u>21</u><br>(3 pgs) | BNC Certificate of Mailing with Notice of Discovery of Assets Notice Date 03/20/2021. (Admin.) (Entered: 03/21/2021) |
| 03/25/2021 | | Receipt of Amendment to Schedules Filing Fee - $32.00. Receipt Number 328883. (JK) (admin) (Entered: 03/26/2021) |
| 03/26/2021 | <u>22</u><br>(71 pgs; 4 docs) | Objection *to Debtor's Motion to Dismiss* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)<u>16</u> Motion to Dismiss Case filed by Debtor Andrew John Delaney) (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C) (Herbst, Gary) (Entered: 03/26/2021) |
| 03/26/2021 | <u>23</u><br>(7 pgs; 2 docs) | Motion to Extend Time to Object to Discharge Filed by Gary F. Herbst on behalf of Gregory Messer. Hearing scheduled for 4/20/2021 at 10:00 AM at Teleconference - Brooklyn. (Attachments: # <u>1</u> Proposed Order) (Herbst, Gary) (Entered: 03/26/2021) |
| 03/26/2021 | <u>24</u><br>(2 pgs) | Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)<u>22</u> Objection filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 03/26/2021) |

3/29/25, 8:47 PM                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 03/26/2021 | **25**<br>(2 pgs) | Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)23 Motion to Extend Time to Object to Discharge filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 03/26/2021) |
| 03/26/2021 | **26**<br>(160 pgs; 8 docs) | Motion to Extend Time to Object to Discharge *and to Challenge Dischargeability of Debt* Filed by Douglas A Goldstein on behalf of HC2, Inc.. Hearing scheduled for 4/20/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # 1 Application in support of motion # 2 Certification of Stephanos Zannikos # 3 Exhibits 1-3 to Zannikos Certification # 4 Exhibits 4-6 to Zannikos Certification # 5 Exhibit 7 to Zannikos Certification # 6 Exhibits 8-9 to Zannikos Certification # 7 Proposed Order) (Goldstein, Douglas) (Entered: 03/26/2021) |
| 03/26/2021 | **27**<br>(159 pgs; 7 docs) | Objection *to Debtor's Motion to Dismiss Case* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)16 Motion to Dismiss Case filed by Debtor Andrew John Delaney) (Attachments: # 1 Certification of Stephanos Zannikos # 2 Exhibits 1-3 to Zannikos Certification # 3 Exhibits 4-6 to Zannikos Certification # 4 Exhibit 7 to Zannikos Certification # 5 Exhibits 8-9 to Zannikos Certification # 6 Certificate of Service) (Goldstein, Douglas) (Entered: 03/26/2021) |
| 03/26/2021 | **28**<br>(4 pgs) | Affidavit/Certificate of Service Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)26 Motion to Extend Time to Object to Discharge filed by Creditor HC2, Inc.) (Goldstein, Douglas) (Entered: 03/26/2021) |
| 03/26/2021 | **29**<br>(2 pgs) | Amended Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)23 Motion to Extend Time to Object to Discharge filed by Trustee Gregory Messer, 25 Affidavit/Certificate of Service filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 03/26/2021) |
| 03/26/2021 | **30**<br>(4 pgs) | Amended Affidavit/Certificate of Service Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)26 Motion to Extend Time to Object to Discharge filed by Creditor HC2, Inc.) (Goldstein, Douglas) (Entered: 03/26/2021) |
| 03/26/2021 | **31**<br>(2 pgs) | Amended Affidavit/Certificate of Service Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)27 Objection filed by Creditor HC2, Inc.) (Goldstein, Douglas) (Entered: 03/26/2021) |
| 03/29/2021 | **32**<br>(1 pg) | Notice of Change of Debtor's Address of Andrew Delaney from 127 West 80th Street, New York, NY 10024 to 330-340 Baychester Ave #1009, Bronx, NY 10475 Filed by Andrew John Delaney (drk) (Entered: 03/30/2021) |
| 03/30/2021 | **33**<br>(2 pgs) | Supplemental Affidavit/Certificate of Service Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)26 Motion to Extend Time to Object to Discharge filed by Creditor HC2, Inc.) (Goldstein, Douglas) (Entered: 03/30/2021) |
| 03/30/2021 | **34**<br>(2 pgs) | Supplemental Affidavit/Certificate of Service Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)27 Objection filed by Creditor HC2, Inc.) (Goldstein, Douglas) (Entered: 03/30/2021) |

3/29/25, 8:47 PM                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 03/31/2021 | **35**<br>(1 pg) | Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)22 Objection filed by Trustee Gregory Messer, 23 Motion to Extend Time to Object to Discharge filed by Trustee Gregory Messer, 32 Notice of Change of Debtor's Address filed by Debtor Andrew John Delaney) (Lipan, Cristina) (Entered: 03/31/2021) |
| 04/05/2021 | **36**<br>(1 pg) | Response to HC2, Inc. Objection to Motion to Dismiss Filed by Andrew John Delaney (RE: related document(s)16 Motion to Dismiss Case filed by Debtor Andrew John Delaney, 27 Objection filed by Creditor HC2, Inc.) **Filed Via Electronic Dropbox** (jjk) (Entered: 04/05/2021) |
| 04/06/2021 | **37**<br>(8 pgs) | Application to Employ LaMonica Herbst & Maniscalco, LLP as Counsel *for the Trustee and Declaration in Support of the Trustee's Application to employ*. Filed by Gary F. Herbst on behalf of Gregory Messer. (Herbst, Gary) (Entered: 04/06/2021) |
| 04/08/2021 | | Hearing Held; Appearances: Gregory Messer Trustee, Gary Herbst and Christine Lipan Representing Trustee, Andrew Delaney Debtor, Douglas Goldstein Representing HC2 (RE: related document(s)16 Motion to Dismiss Case filed by Debtor Andrew John Delaney) - Denied; Trustee to Submit Order (tml) (Entered: 04/09/2021) |
| 04/09/2021 | **38**<br>(53 pgs) | Motion to Modify Automatic Stay Regarding 1:20-cv-03178 and Proposed Order Fee Amount $188 (Fee not Paid). Filed by Andrew John Delaney. Hearing scheduled for 5/4/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. **Filed Via Electronic Dropbox** (drk) Modified on 4/15/2021 for clarification (drk). (Entered: 04/12/2021) |
| 04/13/2021 | **40**<br>(8 pgs) | Objection to HC2, Inc. Motion to Extend Time to Object to Discharge and to Challenge Dischargeability of Debt Filed by Andrew John Delaney (RE: related document(s)26 Motion to Extend Time to Object to Discharge filed by Creditor HC2, Inc.) **Filed Via Electronic Dropbox** (drk) (Entered: 04/14/2021) |
| 04/14/2021 | **39**<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Rachel S. Blumenfeld on behalf of Andrew John Delaney (Blumenfeld, Rachel) (Entered: 04/14/2021) |
| 04/14/2021 | **41**<br>(3 pgs) | Order Granting Application to Employ LaMonica Herbst & Maniscalco, LLP., as counsel to the Trustee effective as of March 8, 2021 (Related Doc # 37) Signed on 4/14/2021. (sem) (Entered: 04/14/2021) |
| 04/14/2021 | **42**<br>(6 pgs) | Amended Motion to Modify Automatic Stay Regarding 1:20-cv-03178 and Waive the Filing Fee Filed by Andrew John Delaney (RE: related document(s)38 Motion for Relief From Stay filed by Debtor Andrew John Delaney) Hearing scheduled for 5/4/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. **Filed Via Electronic Dropbox** (drk) Modified on 4/15/2021 for clarification (drk). (Entered: 04/14/2021) |
| 04/15/2021 | **43**<br>(3 pgs) | Notice of Proposed Stipulation to Extend Time to Object to the Debtor's Discharge/Dischargeability until August 13, 2021 Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)23 Motion to Extend Time to Object to Discharge filed by Trustee Gregory Messer) |

3/29/25, 8:47 PM                                    Live Database: nyeb_live

| | | |
|---|---|---|
| | | (Herbst, Gary) Modified on 4/16/2021 to Correct Objection Date (jjk). (Entered: 04/15/2021) |
| 04/15/2021 | 44 (3 pgs) | Stipulation and Order by and between the Debtor and the Trustee that the Trustees time to object to the Debtors discharge pursuant to 11 U.S.C. § 727 is extended up to and including August 13, 2021, without prejudice to the Trustees right to seek a further extension or extensions of such time. The Trustee may make further applications for extension of time to object to the Debtors discharge beyond this date as the circumstances may warrant, provided that such Application is made on or before August 13, 2021. Signed on 4/15/2021. Last day to oppose discharge or dischargeability is 8/13/2021. (sem) (Entered: 04/16/2021) |
| 04/16/2021 | 45 (8 pgs; 2 docs) | Reply Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)26 Motion to Extend Time to Object to Discharge filed by Creditor HC2, Inc., 40 Objection filed by Debtor Andrew John Delaney) (Attachments: # 1 Certificate of Service) (Goldstein, Douglas) (Entered: 04/16/2021) |
| 04/20/2021 | 46 (1 pg) | (Duplicate - See Document 47) - Letter of Adjournment: Hearing rescheduled from May 4, 2021 to June 15, 2021 at 10:00 a.m. Filed by Rachel S. Blumenfeld on behalf of Andrew John Delaney (Blumenfeld, Rachel) Modified on 4/21/2021 (tml). (Entered: 04/20/2021) |
| 04/20/2021 | | Hearing Held;Appearances: Rachel S. Blumenfeld Representing the Debtor, Stefan Zannikos Interested Party, Douglas A. Goldstein Representing the Creditor (RE: related document(s)26 Motion to Extend Time to Object to Discharge Filed by Creditor HC2, Inc.) - Granted; Submit Order (tmg) Modified on 4/21/2021 (tmg). (Entered: 04/20/2021) |
| 04/20/2021 | | Marked Off Without Hearing / Stipulation and Order Signed on 4/15/2021 (RE: related document(s) 23 Motion to Extend Time to Object to Discharge Filed by Gary F. Herbst on behalf of Gregory Messer. ) (tmg) (Entered: 04/20/2021) |
| 04/20/2021 | 47 (1 pg) | Letter of Adjournment: Hearing rescheduled from May 4, 2021 to June 15, 2021 at 10:00 a.m. Filed by Rachel S. Blumenfeld on behalf of Andrew John Delaney (RE: related document(s)38 Motion for Relief From Stay filed by Debtor Andrew John Delaney) (Blumenfeld, Rachel) (Entered: 04/20/2021) |
| 04/20/2021 | 48 (17 pgs) | Amended Schedule(s), Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1009-1(a) Schedule A/B, Schedule C, : Statement of Financial Affairs Filed by Rachel S. Blumenfeld on behalf of Andrew John Delaney (Blumenfeld, Rachel) (Entered: 04/20/2021) |
| 04/24/2021 | 49 (1 pg) | Order Extending the Time of HC2, Inc. to Object to the Debtor's Discharge and to Challenge the Dischargeability of HC2., Inc.'s Claims Through and Including June 4, 2021. (Related Doc # 26) Signed on 4/24/2021. (vea) (Entered: 04/26/2021) |
| 05/04/2021 | | Adjourned Without Hearing - Hearing scheduled for 06/15/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (RE: related document(s) 38 Motion to Modify Automatic Stay Regarding 1:20-cv-03178) (tml) (Entered: 05/04/2021) |

| 05/20/2021 | <u>50</u><br>(25 pgs; 3 docs) | Ex Parte Motion for 2004 Examination *Authorizing HC2, Inc. to Issue Subpoenas Duces Tecum* Filed by Douglas A Goldstein on behalf of HC2, Inc.. (Attachments: # <u>1</u> Certification # <u>2</u> Proposed Order) (Goldstein, Douglas) (Entered: 05/20/2021) |
| 05/24/2021 | <u>51</u><br>(13 pgs; 2 docs) | Objection *to HC2's ex-parte motion to issuance of subpoenas* Filed by Rachel S. Blumenfeld on behalf of Andrew John Delaney (RE: related document(s)<u>50</u> Motion for 2004 Examination filed by Creditor HC2, Inc.) (Attachments: # <u>1</u> Affidavit in Support of Opposition) (Blumenfeld, Rachel) (Entered: 05/24/2021) |
| 05/25/2021 | <u>52</u><br>(13 pgs; 2 docs) | Motion to Object/Reclassify/Reduce/Expunge Claims: Number 2 filed by HC2, Inc.. Objections to be filed on June 17, 2021 at 4:00 p.m.. Filed by Rachel S. Blumenfeld on behalf of Andrew John Delaney. Hearing scheduled for 6/24/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # <u>1</u> Andrew Delaney Declaration in Support of Motion) (Blumenfeld, Rachel) (Entered: 05/25/2021) |
| 05/25/2021 | <u>53</u><br>(3 pgs) | Ex Parte Order, pursuant to Bankruptcy Rules 2004(a) and 9016, Authorizing HC2, Inc to issue subpoenas duces tecum upon Financial Institutions for records and documents pertaining to the Debtor's assets and financial affairs (Related Doc # <u>50</u>) Signed on 5/25/2021. (ads) (Entered: 05/26/2021) |
| 06/04/2021 | <u>54</u><br>(22 pgs) | Adversary case 1-21-01047. Complaint by HC2, Inc. against Andrew John Delaney. Fee Amount $350. Nature(s) of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))). (Goldstein, Douglas) (Entered: 06/04/2021) |
| 06/09/2021 | <u>55</u><br>(1 pg) | Motion to Withdraw Documents #38 AND #42 Filed by Rachel S. Blumenfeld on behalf of Andrew John Delaney (RE: related document(s)<u>38</u> Motion for Relief From Stay filed by Debtor Andrew John Delaney). (Blumenfeld, Rachel) Modified on 6/10/2021 (tmg). (Entered: 06/09/2021) |
| 06/14/2021 | <u>56</u><br>(1 pg) | Proposed Stipulation Substituting Counsel to the Debtor Filed by Rachel S. Blumenfeld on behalf of Andrew John Delaney. (Blumenfeld, Rachel) Modified on 6/15/2021 (ads). (Entered: 06/14/2021) |
| 06/14/2021 | | Withdrawn Off Without Hearing - PER LETTER - SEE DOCUMENT <u>55</u> - (RE: related document(s) <u>38</u> Motion to Modify Automatic Stay Regarding 1:20-cv-03178) (tml) (Entered: 06/15/2021) |
| 06/16/2021 | <u>57</u><br>(1 pg) | Affidavit/Certificate of Service *of Rule 2004 Subpoena on Bank of America* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)<u>53</u> Order on Motion for Examination) (Goldstein, Douglas) (Entered: 06/16/2021) |
| 06/16/2021 | <u>58</u><br>(1 pg) | Affidavit/Certificate of Service *of Rule 2004 Subpoena on E-Trade* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)<u>53</u> Order on Motion for Examination) (Goldstein, Douglas) (Entered: 06/16/2021) |
| 06/16/2021 | <u>59</u><br>(1 pg) | Affidavit/Certificate of Service *of Rule 2004 Subpoena on Charles Schwab* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: |

3/29/25, 8:47 PM
Live Database: nyeb_live

| | | |
|---|---|---|
| | | related document(s)53 Order on Motion for Examination) (Goldstein, Douglas) (Entered: 06/16/2021) |
| 06/16/2021 | 60 (1 pg) | Affidavit/Certificate of Service *of Rule 2004 Subpoena on Wells Fargo* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)53 Order on Motion for Examination) (Goldstein, Douglas) (Entered: 06/16/2021) |
| 06/16/2021 | 61 (263 pgs; 10 docs) | [FILED INCORRECTLY - ATTORNEY ADVISED TO RESUBMIT] Opposition Response *and Cross-Motion* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)52 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Andrew John Delaney) (Attachments: # 1 Opposition of HC2, Inc. to Claim Objection Filed by Debtor and Cross-Motion For Leave to File Amended Proof of Claim # 2 Declaration of Stephanos Zannikos, Esq. # 3 Exhibits A-D to Zannikos Declaration # 4 Exhibits E-H to Zannikos Declaration # 5 Exhibit I to Zannikos Declaration # 6 Exhibits J-K to Zannikos Declaration # 7 Certification of Douglas A. Goldstein, Esq. # 8 Proposed Order # 9 Certificate of Service) (Goldstein, Douglas) Modified on 6/17/2021 (sem). (Entered: 06/16/2021) |
| 06/16/2021 | 62 (1 pg) | Notice of Appearance and Request for Notice Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Beres, Christopher) (Entered: 06/16/2021) |
| 06/17/2021 | 63 (263 pgs; 10 docs) | Cross Motion to Filed Proof of Claim *(Claim #2)* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)52 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Andrew John Delaney). (Attachments: # 1 Cross-Motion For Leave to File Amended Proof of Claim # 2 Declaration of Stephanos Zannikos, Esq. # 3 Exhibits A-D to Declaration of Stephanos Zannikos, Esq. # 4 Exhibits E-H to Declaration of Stephanos Zannikos, Esq. # 5 Exhibit I to Declaration of Stephanos Zannikos, Esq. # 6 Exhibits J-K to Declaration of Stephanos Zannikos, Esq. # 7 Certification of Douglas A Goldstein, Esq. # 8 Proposed Order # 9 Certificate of Service) (Goldstein, Douglas) Modified on 6/21/2021 (tmg). (Entered: 06/17/2021) |
| 06/17/2021 | 64 (2 pgs) | Summons Served on Andrew John Delaney 6/8/2021 . (Goldstein, Douglas) (Entered: 06/17/2021) |
| 06/17/2021 | 65 (62 pgs; 11 docs) | Motion For Sanctions for Violation of the Automatic Stay Filed by Christopher Teny Beres on behalf of Andrew John Delaney. Hearing scheduled for 7/15/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # 1 Debtor's Motion to Enforce Automatic Stay and for Sanctions # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Certificate of mailing) (Beres, Christopher) (Entered: 06/17/2021) |
| 06/19/2021 | 66 (1 pg) | Amended Notice of Motion For Sanctions for Violation of the Automatic Stay *(typo corrected)* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s)65 Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Andrew John Delaney). (Beres, Christopher) Modified on 6/21/2021 (tmg). (Entered: 06/19/2021) |
| 06/22/2021 | 67 (2 pgs) | Request for pre-motion conference for summary judgment against Adv. Pro. No. 1-21- 01047 per E.D.N.Y. Local Bankruptcy Rule 7056-1 Filed |

| | | by Christopher Teny Beres on behalf of Andrew John Delaney. (Beres, Christopher) Modified on 6/23/2021 (ads). (Entered: 06/22/2021) |
|---|---|---|
| 06/22/2021 | **68**<br>(2 pgs) | Request for pre-motion conference for summary judgment against Adv. Pro. No. 1-21- 01047 per E.D.N.Y. Local Bankruptcy Rule 7056-1 Filed by Christopher Teny Beres on behalf of Andrew John Delaney. (Beres, Christopher) Modified on 6/23/2021 (ads). (Entered: 06/22/2021) |
| 06/24/2021 | | Hearing Held and Adjourned; Appearances: Christopher Beres Representing Debtor, Douglas Goldstein Representing HC2 Inc - Hearing scheduled for 09/28/2021 at 11:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY.(RE: related document(s) **52** Motion to Object/Reclassify/Reduce/Expunge Claims Number 2 filed by HC2, Inc.) - 9/24/21 Discovery cutoff; Parties cannot extend without cause (tml) (Entered: 06/24/2021) |
| 06/27/2021 | **69**<br>(1 pg) | *Letter that Law Office of Rachel S. Blumenfeld PLLC no longer represents the Debtor* Filed by Rachel S. Blumenfeld on behalf of Andrew John Delaney (Blumenfeld, Rachel) (Entered: 06/27/2021) |
| 07/01/2021 | **70**<br>(1 pg) | Stipulation and Order by and between Andrew John Delaney and Rachel S. Blumenfeld, Esq., Substituting attorney Christopher T. Beres, Esq. is hereby substituted in the place and stead of Rachel S. Blumenfeld, Esq. as counsel for the Debtor. (Related Doc **56**) Signed on 7/1/2021 (sem) (Entered: 07/02/2021) |
| 07/08/2021 | **71**<br>(74 pgs; 5 docs) | Objection Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)**65** Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Andrew John Delaney, **66** Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Andrew John Delaney) (Attachments: # **1** Certification of Douglas A. Goldstein and Exhibit 1 # **2** Exhibit 2 to Goldstein Certification # **3** Exhibits 3-8 to Goldstein Certification # **4** Certificate of Service) (Goldstein, Douglas) (Entered: 07/08/2021) |
| 07/12/2021 | **72**<br>(14 pgs) | *Letter Requesting Conference Pursuant to E.D.N.Y. LBR 7007-1* Filed by Douglas A Goldstein on behalf of HC2, Inc. (Goldstein, Douglas) (Entered: 07/12/2021) |
| 07/13/2021 | **73**<br>(8 pgs) | *Letter in Opposition to HC2 Letter (72)* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Beres, Christopher) (Entered: 07/13/2021) |
| 07/14/2021 | | Conference Scheduled; Conference scheduled for 7/15/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (RE: related document(s)**72** Letter requesting conference filed by Creditor HC2, Inc., **73** Letter in opposition) (tml) (Entered: 07/15/2021) |
| 07/15/2021 | | Hearing Held; Appearances: Christopher Beres Representing Debtor, Douglas Goldstein Representing HC2 Inc (RE: related document(s) **72** Letter Requesting Conference Pursuant to E.D.N.Y. LBR 7007-1 Filed by Douglas A Goldstein on behalf of HC2, Inc.) - Marked Off. (gaa) (Entered: 07/16/2021) |
| 07/15/2021 | | Hearing Held; Appearances: Christopher Beres Representing Debtor, Douglas Goldstein Representing HC2 Inc (RE: related document(s) **65** Motion For Sanctions for Violation of the Automatic Stay Filed by |

3/29/25, 8:47 PM

Live Database: nyeb_live

| | | Christopher Teny Beres on behalf of Andrew John Delaney) - Denied; Counsel for HC2 Submit Order. (gaa) (Entered: 07/16/2021) |
|---|---|---|
| 07/16/2021 | 74 (80 pgs; 7 docs) | Motion For Sanctions *Pursuant to Fed. R. Bankr. P. 9011* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)65 Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Andrew John Delaney, 66 Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Andrew John Delaney). Telephonic Hearing scheduled for 8/10/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # 1 Motion of HC2, Inc. d/b/a Hire Counsel for Entry of an Order for Sanctions # 2 Certification of Douglas A. Goldstein with Exhibit 1 # 3 Exhibit 2 to Goldstein Certification # 4 Exhibits 3 through 9 to Goldstein Certification # 5 Proposed Order # 6 Certificate of Service) (Goldstein, Douglas) Modified on 7/16/2021 (sem). (Entered: 07/16/2021) |
| 07/19/2021 | 75 (2 pgs) | Letter *Regarding Withdrawal of Claim 2 and Cross-Motion (Doc. 63)* Filed by Douglas A Goldstein on behalf of HC2, Inc. (Goldstein, Douglas). Related document(s) 63 Cross Motion to File Amended Proof of Claim *(Claim #2)* filed by Creditor HC2, Inc.. Modified on 7/20/2021 (ads). (Entered: 07/19/2021) |
| 07/19/2021 | 76 (12 pgs; 4 docs) | Motion to Dismiss/Withdraw Claim 2 (proof of claim of HC2, Inc.) Filed by Douglas A Goldstein on behalf of HC2, Inc.. Telephonic Hearing scheduled for 8/10/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # 1 Motion to Withdraw # 2 Proposed Order # 3 Certificate of Service) (Goldstein, Douglas) Modified on 7/20/2021 (sem). (Entered: 07/19/2021) |
| 07/20/2021 | 77 (6 pgs; 3 docs) | Ex Parte Motion to Limit Notice *and Schedule Expedited Hearing* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)76 Motion to Dismiss/Withdraw Document filed by Creditor HC2, Inc.). (Attachments: # 1 Certification in Support # 2 Proposed Order) (Goldstein, Douglas) (Entered: 07/20/2021) |
| 07/21/2021 | 78 (1 pg) | Letter *of Consent and No Objection to Motions Documents Nos. 76 and 77* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s)76 Motion to Dismiss/Withdraw Document filed by Creditor HC2, Inc., 77 Motion to Limit Notice filed by Creditor HC2, Inc.) (Beres, Christopher) (Entered: 07/21/2021) |
| 07/22/2021 | 79 (1 pg) | Letter Providing Notice of Court Hearing Filed by Douglas A Goldstein on behalf of HC2, Inc. Hearing scheduled for 7/27/2021 at 10:30 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (RE: related document(s)75 Letter filed by Creditor HC2, Inc., 76 Motion to Dismiss/Withdraw Document filed by Creditor HC2, Inc., 77 Motion to Limit Notice filed by Creditor HC2, Inc., 78 Letter filed by Debtor Andrew John Delaney) (Goldstein, Douglas) (Entered: 07/22/2021) |
| 07/23/2021 | 80 (1 pg) | Order Denying Motion For Sanctions for Violation of the Automatic Stay (Related Doc # 66) Signed on 7/23/2021. (sem) (Entered: 07/23/2021) |

3/29/25, 8:47 PM                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 07/29/2021 | <u>81</u><br>(3 pgs; 2 docs) | Letter *With Proposed Order* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s)<u>76</u> Motion to Dismiss/Withdraw Document filed by Creditor HC2, Inc., <u>77</u> Motion to Limit Notice filed by Creditor HC2, Inc.) (Attachments: # <u>1</u> Proposed Order) (Beres, Christopher) (Entered: 07/29/2021) |
| 07/30/2021 | <u>82</u><br>(4 pgs) | Response *to Proposed Order Filed on Behalf of the Debtor* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)<u>81</u> Letter filed by Debtor Andrew John Delaney) (Goldstein, Douglas) (Entered: 07/30/2021) |
| 08/01/2021 | <u>83</u><br>(1 pg) | Ordered, that the Motion is granted as set forth below: 1. Claim 2 of HC2 is hereby withdrawn, with prejudice to HC2s right to file another proof of claim in this bankruptcy case. 2. Discovery concerning Claim 2 and concerning the objection filed by the Debtor against Claim 2 in this case is hereby terminated. 3. The hearing scheduled for September 28, 2021 at 11:00 a.m. concerning the objection filed by the Debtor against Claim 2 in this case is hereby cancelled. 4. The entry of this Order does not limit or affect the jurisdiction of this Court over HC2 or over any adversary proceeding currently pending before this Court that involves HC2. (Related Doc # <u>76</u>) Signed on 8/1/2021. (sem) (Entered: 08/02/2021) |
| 08/06/2021 | <u>84</u><br>(3 pgs) | Notice of Proposed Stipulation By and Between HC2, Inc. and Andrew John Delaney to Withdrawal of Motion for Entry of an Order for Sanctions Against Christopher T. Beres, Esq. and Andrew John Delaney Pursuant to Fed. R. Bankr. P. 9011 Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)<u>74</u> Motion for Sanctions filed by Creditor HC2, Inc.) (Goldstein, Douglas) (Entered: 08/06/2021) |
| 08/09/2021 | <u>85</u><br>(5 pgs; 3 docs) | Affidavit Re: *Affidavit of Debtor No Consideration Paid to HC2 for Withdrawals* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Attachments: # <u>1</u> Certification of Debtor's Counsel # <u>2</u> Affirmation of Service) (Beres, Christopher) (Entered: 08/09/2021) |
| 08/09/2021 | <u>86</u><br>(3 pgs) | Notice of Proposed Stipulation By and Between HC2, Inc. and Andrew John Delaney to Withdrawal of Motion for Entry of an Order for Sanctions Against Christopher T. Beres, Esq. and Andrew John Delaney Pursuant to Fed. R. Bankr. P. 9011 Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)<u>74</u> Motion for Sanctions filed by Creditor HC2, Inc.) (Goldstein, Douglas) (Entered: 08/09/2021) |
| 08/09/2021 | <u>87</u><br>(3 pgs) | Stipulation and Order by and between Creditor HC2, Inc., d/b/a Hire Counsel and Debtor Andrew John Delaney of Withdrawal of Motions for Sanctions (RE: related document(s)<u>74</u>). Signed on 8/9/2021 (sem) (Entered: 08/10/2021) |
| 08/10/2021 | | Withdrawn Without Hearing - STIPULATION AND AGREED ORDER SIGNED ON 8/9/21 - SEE DOCUMENT 87 - (RE: related document(s) <u>74</u> Motion For Sanctions Pursuant to Fed. R. Bankr. P. 9011 Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s) <u>65</u> Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Andrew John Delaney, <u>66</u> Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Andrew John Delaney). (tml) (Entered: 08/10/2021) |

3/29/25, 8:47 PM                                Live Database: nyeb_live

| | | |
|---|---|---|
| 08/10/2021 | | Withdrawn Without Hearing - STIPULATION AND AGREED ORDER SIGNED ON 8/9/21 - SEE DOCUMENT 87 - (RE: related document(s) 76 Motion to Dismiss/Withdraw Claim 2 (proof of claim of HC2, Inc.) (tml) (Entered: 08/10/2021) |
| 08/27/2021 | 88 (1 pg) | Letter *Regarding Report and Petition* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Beres, Christopher) (Entered: 08/27/2021) |
| 08/30/2021 | 89 (8 pgs; 3 docs) | Motion to Compel *Seeking Issuance of Discharge* Filed by Christopher Teny Beres on behalf of Andrew John Delaney. Hearing scheduled for 9/23/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # 1 Application in Support of Motion # 2 Certificate of Service) (Beres, Christopher) (Entered: 08/30/2021) |
| 09/01/2021 | 90 (20 pgs; 3 docs) | Motion to Approve Stipulation *of Settlement Between the Trustee and HC2, Inc..* Objections to be filed on September 21, 2021 at 4:00 p.m.. Filed by Salvatore LaMonica on behalf of Gregory Messer. Telephonic Hearing scheduled for 9/28/2021 at 02:00 PM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # 1 Exhibit A - Stipulation # 2 Proposed Order) (LaMonica, Salvatore) Modified on 9/2/2021 (sem). (Entered: 09/01/2021) |
| 09/02/2021 | 91 (8 pgs) | Letter *Regarding Consideration Paid for Withdrawals* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Rel Doc # 63, 75, 76, 85, 88, 90) (Beres, Christopher) (Entered: 09/02/2021) |
| 09/02/2021 | 92 (2 pgs) | Letter *Regarding Goldstein E-Mail* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Beres, Christopher) (Entered: 09/02/2021) |
| 09/02/2021 | 93 (2 pgs) | Letter *Regarding Goldstein and Zannikos Florida Activities* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Beres, Christopher) (Entered: 09/02/2021) |
| 09/02/2021 | 94 (3 pgs) | Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)90 Motion to Approve Stipulation filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 09/02/2021) |
| 09/03/2021 | 95 (3 pgs) | Letter Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)91 Letter filed by Debtor Andrew John Delaney, 92 Letter filed by Debtor Andrew John Delaney, 93 Letter filed by Debtor Andrew John Delaney) (Goldstein, Douglas) (Entered: 09/03/2021) |
| 09/07/2021 | 96 (2 pgs; 2 docs) | Letter *Debtor's Termination of Counsel and Counsel's Consent* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Attachments: # 1 Debtor's Counsel's Consent to Termination) (Beres, Christopher) (Entered: 09/07/2021) |
| 09/08/2021 | 97 (2 pgs) | Response *and Limited Objection to the Debtor's Motion to Issue a Discharge* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)89 Motion to Compel filed by Debtor Andrew John Delaney) (Herbst, Gary) (Entered: 09/08/2021) |

3/29/25, 8:47 PM                                     Live Database: nyeb_live

| | | |
|---|---|---|
| 09/15/2021 | **98**<br>(4 pgs; 3 docs) | Order Directing the Debtor and Christopher Teny Beres to appear at a hearing to Show Cause why this Court should not sanction Beres for not complying with Local Bankruptcy Rules 2090-1(b) and 2090-2(RE: related document(s)96 Letter filed by Debtor Andrew John Delaney). Signed on 9/15/2021. Telephonic Show Cause hearing to be held on 9/28/2021 at 02:00 PM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # 1 Exhibit Service List) (sem) (Entered: 09/15/2021) |
| 09/15/2021 | **99**<br>(4 pgs) | Letter *Letter to the Court regarding OSC* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Beres, Christopher) (Entered: 09/15/2021) |
| 09/15/2021 | **100**<br>(9 pgs; 4 docs) | [INCORRECT CASE NUMBER - ATTORNEY ADVISED TO RESUBMIT] Motion to Withdraw as Attorney . Objections to be filed on September 30, 2021. Hearing on Objections, if any, will be held on: October 14, 2021 10 o'clock. Filed by Christopher Teny Beres on behalf of Andrew John Delaney. Hearing scheduled for 10/14/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY.Order to be presented for signature on 9/15/2021. (Attachments: # 1 Motion to Withdraw # 2 Proposed Order # 3 Certificate of Service) (Beres, Christopher) Modified on 9/16/2021 (sem). (Entered: 09/15/2021) |
| 09/16/2021 | **101**<br>(3 pgs; 2 docs) | [NOTICE OF HEARING OMITTED - ATTORNEY ADVISED TO RESUBMIT] Motion to Withdraw as Attorney *Application of Debtor* Filed by Christopher Teny Beres on behalf of Andrew John Delaney. (Attachments: # 1 Certificate of Service) (Beres, Christopher) Modified on 9/16/2021 (sem). (Entered: 09/16/2021) |
| 09/16/2021 | **102**<br>(9 pgs; 4 docs) | Motion to Withdraw as Attorney . Objections to be filed on September 30, 2021 4:00 p.m.. Hearing on Objections, if any, will be held on: October 14, 2021 10:00 a.m.. Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s)100 Motion to Withdraw as Attorney filed by Debtor Andrew John Delaney). Hearing scheduled for 10/14/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY.Order to be presented for signature on 9/16/2021. (Attachments: # 1 Motion to Withdraw as Counsel to Debtor # 2 Proposed Order # 3 Certificate of Service) (Beres, Christopher) (Entered: 09/16/2021) |
| 09/16/2021 | **103**<br>(5 pgs; 4 docs) | Amended Motion to Withdraw as Attorney *Application of Debtor* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s)101 Motion to Withdraw as Attorney filed by Debtor Andrew John Delaney). (Attachments: # 1 Application by Debtor for Termination/Withdrawal of Counsel # 2 Proposed Order # 3 Certificate of Service) (Beres, Christopher) (Entered: 09/16/2021) |
| 09/17/2021 | **104**<br>(4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 09/17/2021. (Admin.) (Entered: 09/18/2021) |
| 09/20/2021 | **105**<br>(6 pgs) | Objection *Debtor's Objection to Trustee's Motion to Approve HC2 Stipulation* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s)90 Motion to Approve Stipulation filed by Trustee Gregory Messer) (Beres, Christopher) (Entered: 09/20/2021) |

3/29/25, 8:47 PM                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 09/20/2021 | [106](1 pg) | Affidavit/Certificate of Service Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s)105 Objection filed by Debtor Andrew John Delaney) (Beres, Christopher) (Entered: 09/20/2021) |
| 09/21/2021 | [107](7 pgs; 3 docs) | Motion to Dismiss Case Filed by Christopher Teny Beres on behalf of Andrew John Delaney. Hearing scheduled for 10/14/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # 1 Application in Support of Debtor's Motion to Dismiss Chapter 7 Petition # 2 Certficate of Service) (Beres, Christopher) (Entered: 09/21/2021) |
| 09/21/2021 | [108](1 pg) | Motion to Dismiss/Withdraw *Dkt. No. 107 and Cancel Hearing Date* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s)107 Motion to Dismiss Case filed by Debtor Andrew John Delaney). Hearing scheduled for 10/14/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Beres, Christopher) (Entered: 09/21/2021) |
| 09/23/2021 | | Hearing Held; Appearances: Christopher Teny Beres for Debtor; Andrew Delaney, Debtor; Gary Herbst and Cristina Lipan for the Trustee (related document(s): 89 Motion to Compel, Seeking Discharge of Debtor filed by Andrew John Delaney) - MOTION DENIED - Submit Order by Gary Herbst - (AlviannaDobson) (Entered: 09/23/2021) |
| 09/23/2021 | | Hearing Held and Adjourned; Appearances: Christopher Teny Beres for Debtor; Andrew Delaney, Debtor; Gary Herbst and Cristina Lipan for the Trustee. Hearing scheduled for 9/28/2021 at 02:00 PM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (RE: related document(s)101 Motion to Withdraw as Attorney filed by Debtor Andrew John Delaney, 103 Motion to Withdraw as Attorney filed by Debtor Andrew John Delaney) (ads) (Entered: 09/23/2021) |
| 09/23/2021 | [109](6 pgs) | Reply *In Support of Chapter 7 Trustee's Motion to Approve Stipulation* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)90 Motion to Approve Stipulation filed by Trustee Gregory Messer, 105 Objection filed by Debtor Andrew John Delaney) (Goldstein, Douglas) (Entered: 09/23/2021) |
| 09/23/2021 | [110](7 pgs; 2 docs) | Amended Reply *In Support of Chapter 7 Trustee's Motion to Approve Stipulation* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)90 Motion to Approve Stipulation filed by Trustee Gregory Messer, 105 Objection filed by Debtor Andrew John Delaney) (Attachments: # 1 Certificate of Service) (Goldstein, Douglas) (Entered: 09/23/2021) |
| 09/23/2021 | [111](7 pgs) | Reply *Trustee's Reply to Debtor's Objection to Trustee's Motion to Settle with HC2* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)90 Motion to Approve Stipulation filed by Trustee Gregory Messer, 105 Objection filed by Debtor Andrew John Delaney) (Herbst, Gary) (Entered: 09/23/2021) |
| 09/24/2021 | [112](2 pgs) | Letter *Regarding Timing of Filing of Declaration* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Beres, Christopher) (Entered: 09/24/2021) |

3/29/25, 8:47 PM                                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 09/25/2021 | <u>113</u><br>(13 pgs; 2 docs) | Affirmation in Opposition *Sur-Reply Affirmation in Opposition* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s)<u>90</u> Motion to Approve Stipulation filed by Trustee Gregory Messer) (Attachments: # <u>1</u> Chapter 13 Plan Summary Certificate of Service) (Beres, Christopher) (Entered: 09/25/2021) |
| 09/27/2021 | <u>114</u><br>(3 pgs; 2 docs) | Order Denying Motion to Compel Discharge and Adjourning Hearings on Motions for Withdrawal of Christopher T Beres as Counsel for the Debtor; the hearings on the motions of Christopher Beres to Withdraw as Attorney (Doc. Nos. 100 and 101) and the Motions of the Debtor to Permit the Termination or Withdrawal of Christopher Beres as counsel to the Debtor (Doc. Nos. 102 and 103) are hereby adjourned to September 28, 2021 at 2:00 p.m. (related documents <u>100</u>, <u>101</u>, <u>102</u>, <u>103</u> Motion to Withdraw as Attorney). Signed on 9/27/2021 (ads) (Entered: 09/27/2021) |
| 09/28/2021 | | Marked Off without hearing - Order Signed - See Document 83 - (RE: related document(s) <u>52</u> Motion to Object/Reclassify/Reduce/Expunge Claims Number 2 filed by HC2, Inc.) (tml) (Entered: 09/28/2021) |
| 09/28/2021 | | Hearing Held; RE: Related document(s) <u>90</u> Motion to Approve Stipulation of Settlement Between the Trustee and HC2, Inc - Granted As Reflected in the Record; Submit Order (tml) (Entered: 09/28/2021) |
| 09/28/2021 | | Hearing Held; RE: Related document(s) <u>98</u> Order Directing the Debtor and Christopher Teny Beres to appear at a hearing to Show Cause why this Court should not sanction Beres for not complying with Local Bankruptcy Rules 2090-1(b) and 2090-2(RE: related document(s) <u>96</u> Letter filed by Debtor Andrew John Delaney) - Marked Off (tml) (Entered: 09/28/2021) |
| 09/28/2021 | | Hearing Held; (RE: Related document(s) <u>103</u> Amended Motion to Withdraw as Attorney Application of Debtor Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s) <u>101</u> Motion to Withdraw as Attorney) - No Opposition - Granted; Submit Order (tml) (Entered: 09/28/2021) |
| 09/29/2021 | <u>115</u><br>(4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 09/29/2021. (Admin.) (Entered: 09/30/2021) |
| 10/06/2021 | <u>116</u><br>(9 pgs; 2 docs) | Order, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), Approving the Stipulation by and between the Chapter 7 Trustee and HC2, Inc., Resolving all Claims (Related Doc # <u>90</u>) Signed on 10/6/2021. (Attachments: # <u>1</u> Exhibit Stipulation of Settlement) (sem) (Entered: 10/06/2021) |
| 10/06/2021 | <u>117</u><br>(1 pg) | **IT IS HEREBY ORDERED**, that Christopher T. Beres, Esq. is withdrawn as an attorney of record on behalf of the Debtor Andrew Delaney; and **IT IS FURTHER ORDERED**, that Christopher T. Beres, Esq. shall no longer receive electronic notices from the Courts CM/ECF system in this proceeding (Related Doc # <u>103</u>) Signed on 10/6/2021. (sem) (Entered: 10/06/2021) |
| 10/07/2021 | <u>118</u><br>(38 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 09/23/21. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for |

|  |  |  |
|---|---|---|
|  |  | contact information for the Transcription Service Agency]. (RE: related document(s) 89 Motion to Compel, 101 Motion to Withdraw as Attorney). Notice of Intent to Request Redaction Due By 10/14/2021. Redaction Request Due By 10/28/2021. Redacted Transcript Submission Due By 11/8/2021. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 01/5/2022 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Veritext) (Entered: 10/07/2021) |
| 10/10/2021 | 119 (3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 10/10/2021. (Admin.) (Entered: 10/11/2021) |
| 10/14/2021 |  | Marked Off Without Hearing - Order Signed; See Document 117 - (RE: related document(s) 102 Motion to Withdraw as Attorney Filed by Debtor Andrew John Delaney) (tml) (Entered: 10/14/2021) |
| 10/14/2021 |  | Marked Off Without Hearing - Order Signed; See Document 117 - (RE: related document(s) 107 Motion to Dismiss Case Filed by Debtor Andrew John Delaney) (tml) (Entered: 10/14/2021) |
| 10/21/2021 |  | Adversary Case 1:21-ap-1047 Closed (gaa) (Entered: 10/21/2021) |
| 11/05/2021 | 120 (17 pgs; 2 docs) | Amended Schedule(s), Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1009-1(a) Schedule A/B, Schedule C, Filed by Andrew John Delaney (Attachments: # 1 Exhibit) **Filed via Electronic Dropbox** (jmf) (Entered: 11/05/2021) |
| 11/24/2021 | 121 (6 pgs) | Notice of Motion to Voluntarily Dismiss Case Filed by Andrew John Delaney. Hearing scheduled for 12/14/2021 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. **Filed via Electronic Dropbox** (jmf) (Entered: 11/24/2021) |
| 12/03/2021 | 122 (11 pgs) | [INCORRECT HEARING YEAR - ATTORNEY ADVISED TO RESUBMIT] Motion to Object to Debtor's Claim of Exemptions Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)120 Amended Schedule(s), Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1009-1(a) (No Fee) filed by Debtor Andrew John Delaney). Hearing scheduled for 1/11/2021 at 11:00 AM at - Teleconference - Brooklyn. (Herbst, Gary) Modified on 12/6/2021 (sem). (Entered: 12/03/2021) |
| 12/03/2021 | 123 (8 pgs) | Objection - *Trustee's Objection to the Debtor's Motion to Voluntarily Dismiss the Chapter 7 Case* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)121 Motion to Dismiss Case filed by Debtor Andrew John Delaney) (Herbst, Gary) (Entered: 12/03/2021) |
| 12/03/2021 | 124 (2 pgs) | Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)122 Motion to Object to Debtor's Claim of Exemptions filed by Trustee Gregory Messer, 123 Objection filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 12/03/2021) |
| 12/06/2021 | 125 (5 pgs; 2 docs) | Objection *and Joinder* Filed by Douglas A Goldstein on behalf of HC2, Inc. (RE: related document(s)121 Motion to Dismiss Case filed by Debtor Andrew John Delaney, 123 Objection filed by Trustee Gregory Messer) (Attachments: # 1 Certificate of Service) (Goldstein, Douglas) (Entered: 12/06/2021) |

| | | |
|---|---|---|
| 12/06/2021 | <u>126</u><br>(11 pgs) | Motion to Object to Debtor's Claim of Exemptions - *Amended Notice of Hearing* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)<u>122</u> Motion to Object to Debtor's Claim of Exemptions filed by Trustee Gregory Messer). Telephonic Hearing scheduled for 1/11/2022 at 11:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY . (Herbst, Gary) (Entered: 12/06/2021) |
| 12/08/2021 | <u>127</u><br>(4 pgs) | Response *in Opposition to Joinder of HC2, Inc. to the Chapter 7 Trustee's Objection, and HC2, Inc.'s Objection, to the Debtor's Motion to Voluntarily Dismiss the Chapter 7 Case* Filed by Andrew John Delaney (RE: related document(s)<u>121</u> Motion to Dismiss Case, <u>123</u> Objection, <u>125</u> Objection) **Filed via electronic Dropbox** (jmf) (Entered: 12/08/2021) |
| 12/09/2021 | <u>128</u><br>(10 pgs; 2 docs) | Response *to the Chapter 7 Trustee's Objection to the Debtor's Motion to Voluntarily Dismiss the Chapter 7 Case* Filed by Andrew John Delaney (RE: related document(s)<u>121</u> Motion to Dismiss Case filed by Debtor Andrew John Delaney, <u>123</u> Objection filed by Trustee Gregory Messer) (Attachments: # <u>1</u> Exhibit) **Filed via Electronic Dropbox** (jmf) (Entered: 12/09/2021) |
| 12/09/2021 | <u>129</u><br>(10 pgs; 2 docs) | Debtor's Response in Opposition to Chapter 7 Trustee's Motion (i) Objecting to the Debtor's Claimed Exemption in Amended Schedule C and (ii) for Related Relief Filed by Andrew John Delaney (RE: related document(s)<u>120</u>, <u>122</u>, <u>126</u>) (Attachments: # <u>1</u> Exhibit) **Filed via Electronic Dropbox** (jmf) (Entered: 12/09/2021) |
| 12/13/2021 | <u>130</u><br>(2 pgs) | Affidavit/Certificate of Service - *Amended Notice of Hearing Re: Trustee's Motion Objecting to Claimed Exemptions* Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)<u>126</u> Motion to Object to Debtor's Claim of Exemptions filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 12/13/2021) |
| 12/14/2021 | | Hearing Held; Appearances: Douglas A Goldstein Representing HC2, Cristina Mihaela Lipan and Gary F. Herbst Representing Trustee, Andrew John Delaney Debtor - (RE: related document(s) <u>121</u> Motion to Dismiss Case Filed by Debtor Andrew John Delaney) - Denied; Court to issue order (tml) (Entered: 12/15/2021) |
| 12/22/2021 | <u>131</u><br>(2 pgs) | Ordered, that for the reasons given at the hearing on December 14, 2021, the Motion to Dismiss is denied.(Related Doc # <u>121</u>) Signed on 12/22/2021. (sem) (Entered: 12/27/2021) |
| 01/11/2022 | | Hearing Held and Adjourned; Appearances: Gregory Messer Trustee, Cristina Mihaela Lipan and Gary F. Herbst Representing Trustee - Hearing scheduled for 02/17/2022 at 11:30 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY.(RE: related document(s) <u>126</u> Motion to Object to Debtor's Claim of Exemptions in amended schedule C) (tml) (Entered: 01/11/2022) |
| 02/17/2022 | <u>132</u><br>(20 pgs; 3 docs) | Motion to Approve Stipulation *of Settlement Between Chapter 7 Trustee and Sullivan & Cromwell LLP.* Objections to be filed on March 10, 2022. Filed by Gary F. Herbst on behalf of Gregory Messer. Hearing scheduled for 3/17/2022 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # <u>1</u> Exhibit A - Stipulation of Settlement # <u>2</u> Proposed Order) (Herbst, Gary) (Entered: 02/17/2022) |

| | | |
|---|---|---|
| 02/17/2022 | | Hearing Held and Adjourned; Appearances: Gregory Messer Trustee, Cristina Mihaela Lipan and Gary F. Herbst Representing Trustee, Andrew John Delaney Debtor (related document(s): 126 Motion to Object to Debtor's Claim of Exemptions filed by Gregory Messer) - Hearing scheduled for 04/05/2022 at 02:00 PM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (ADobson) (Entered: 02/18/2022) |
| 02/22/2022 | 133 (2 pgs) | Affidavit/Certificate of Service *of Motion to Approve Settlement with Sullivan & Cromwell* Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)132 Motion to Approve Stipulation filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 02/22/2022) |
| 02/28/2022 | 134 (7 pgs) | Motion to Dismiss Case Filed by Andrew John Delaney. Hearing scheduled for 4/12/2022 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. **Filed via Electronic Dropbox** (jmf) (Entered: 02/28/2022) |
| 03/02/2022 | 135 (6 pgs) | Objection *to Debtor's Motion to Dismiss the Chapter 7 Case* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)134 Motion to Dismiss Case filed by Debtor Andrew John Delaney) (Herbst, Gary) (Entered: 03/02/2022) |
| 03/03/2022 | 136 (2 pgs) | Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)135 Objection filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 03/03/2022) |
| 03/09/2022 | 137 (5 pgs) | Debtor's Objection to Motion to Approve Stipulation of Settlement Between Chapter 7 Trustee and Sullivan & Cromwell LLP Filed by Andrew John Delaney (RE: related document(s)132 Motion to Approve Stipulation filed by Trustee Gregory Messer) **Filed via Electronic Dropbox** (jmf) (Entered: 03/10/2022) |
| 03/14/2022 | 138 (3 pgs) | Reply - *Trustee's Reply to the Debtor's Objection to the Trustee's Motion to Approve Settlement with Sullivan & Cromwell LLP* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)132 Motion to Approve Stipulation filed by Trustee Gregory Messer) (Herbst, Gary) (Entered: 03/14/2022) |
| 03/15/2022 | 139 (1 pg) | Email Correspondence pertaining to wire instructions Filed by Andrew John Delaney **Filed via Electronic Dropbox** (jmf) (Entered: 03/15/2022) |
| 03/17/2022 | | Hearing Held; Appearances: Gregory Messer Trustee, Cristina Mihaela Lipan and Gary F. Herbst Representing Trustee, Jacob Singer and Brian Glueckstein Representing from Sullivan & Cromwell - (RE: related document(s) 132 Motion to Approve Stipulation of Settlement Between Chapter 7 Trustee and Sullivan & Cromwell LLP ) - No Opposition - Granted; Submit Order (tml) (Entered: 03/18/2022) |
| 03/18/2022 | 140 (3 pgs) | Affidavit Re: Supplemental Affidavit Disclosing Increase In Hourly Rates Effective April 4, 2022 Filed by Melanie A FitzGerald on behalf of Gregory Messer (FitzGerald, Melanie). (Related document(s) 41 Order on Application to Employ). Modified on 3/22/2022 (ads). (Entered: 03/18/2022) |

11332135.1 341-355

3/29/25, 8:47 PM                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 03/18/2022 | <u>141</u><br>(2 pgs) | Reply to Trustee's Objections to Debtor's Motion to Voluntarily Dismiss the Chapter 7 Case Filed by Andrew John Delaney (RE: related document(s)<u>135</u> Objection filed by Trustee Gregory Messer) **Filed Via Electronic Dropbox** (drk) (Entered: 03/21/2022) |
| 03/18/2022 | <u>142</u><br>(2 pgs) | Objection to Increase in Hourly Rates of Trustee's Lawyers Filed by Andrew John Delaney (RE: related document(s)<u>140</u> Affidavit filed by Trustee Gregory Messer) **Filed Via Electronic Dropbox** (drk) (Entered: 03/21/2022) |
| 03/22/2022 | <u>143</u><br>(8 pgs; 2 docs) | Ordered, that the Trustee has the authority to settle or otherwise resolve all of the Pre-Petition Claims (as defined in the Stipulation); and it is furtherOrdered, that pursuant to the Stipulation, Sullivan waives claim 5 asserted against the Estate (Related Doc # <u>132</u>) Signed on 3/22/2022. (Attachments: # <u>1</u> Exhibit A) (sem) (Entered: 03/22/2022) |
| 03/23/2022 | <u>144</u><br>(8 pgs; 3 docs) | Notice of Appeal to District Court. Fee Amount $298 ($5 FEE NOT PAID) Filed by Andrew John Delaney (RE: related document(s)<u>143</u> Order on Motion to Approve Stipulation). Appellant Designation due by 4/6/2022. Transmission of Designation to District Court Due by 4/22/2022. (Attachments: # <u>1</u> Fee Waiver Application) **Filed Via Electronic Dropbox** (drk) (Entered: 03/23/2022) |
| 03/25/2022 | <u>145</u><br>(2 pgs; 2 docs) | Appeal Deficiency Notice (RE: related document(s)<u>144</u> Notice of Appeal filed by Debtor Andrew John Delaney) (rjl) (Entered: 03/25/2022) |
| 03/25/2022 | <u>146</u><br>(2 pgs; 2 docs) | Notice to Parties of requirements, deadlines (RE: related document(s)<u>144</u> Notice of Appeal filed by Debtor Andrew John Delaney) (rjl) (Entered: 03/25/2022) |
| 03/25/2022 | <u>147</u><br>(80 pgs; 4 docs) | Transmittal of Notice of Appeal to District Court (RE: related document(s)<u>143</u> Ordered, that the Trustee has the Authority to Settle or otherwise Resolve all of the Pre-Petition Claims <u>144</u> Notice of Appeal filed by Debtor Andrew John Delaney, <u>145</u> Appeal Deficiency Notice, <u>146</u> Notice to Parties BK) (Attachments: Civil Cover Sheet (1) ) (rjl). (Entered: 03/25/2022) |
| 03/25/2022 | <u>148</u><br>(7 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 03/25/2022. (Admin.) (Entered: 03/26/2022) |
| 03/27/2022 | <u>149</u><br>(3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 03/27/2022. (Admin.) (Entered: 03/28/2022) |
| 03/28/2022 | <u>150</u><br>(2 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 1:22-cv-01664 District Court Judge Ann M. Donnelly assigned. (RE: related document(s)<u>144</u> Notice of Appeal filed by Debtor, Andrew John Delaney) (rjl) (Entered: 03/28/2022) |
| 03/30/2022 | <u>151</u><br>(15 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 3/17/22. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) <u>132</u> Motion to Approve Stipulation). Notice of Intent to Request Redaction Due By 04/6/2022. Redaction Request Due By 04/20/2022. Redacted Transcript Submission Due By 05/2/2022. |

Live Database: nyeb_live

| | | |
|---|---|---|
| | | TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 06/28/2022 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Veritext) (Entered: 03/30/2022) |
| 03/31/2022 | 152 (5 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Andrew John Delaney (RE: related document(s)144 Notice of Appeal filed by Debtor Andrew John Delaney). Appellee designation due by 4/14/2022. **Filed Via Electronic Dropbox** (drk) (Entered: 03/31/2022) |
| 03/31/2022 | | Receipt of Notice of Appeal - $5.00. Receipt Number 329592. (DK) (admin) (Entered: 04/01/2022) |
| 04/01/2022 | 153 (3 pgs) | Reply *Chapter 7 Trustee's Supplemental Statement in Support of the Trustee's Motion Objecting to the Debtor's Claimed Exemptions* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)122 Motion to Object to Debtor's Claim of Exemptions filed by Trustee Gregory Messer, 126 Motion to Object to Debtor's Claim of Exemptions filed by Trustee Gregory Messer) (Herbst, Gary) (Entered: 04/01/2022) |
| 04/02/2022 | 154 (3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 04/02/2022. (Admin.) (Entered: 04/03/2022) |
| 04/03/2022 | 155 (1 pg) | Letter Withdrawing Motion to Dismiss Filed by Andrew John Delaney (RE: related document(s)134 Motion to Dismiss Case filed by Debtor Andrew John Delaney) **Filed via Electronic Dropbox** (jmf) (Entered: 04/04/2022) |
| 04/05/2022 | | Hearing Held; Appearances: Cristina Mihaela Lipan Representing Trustee, Debtor - (RE: related document(s)126 Motion to Object to Debtor's Claim of Exemptions in amended schedule C) - No Opposition - Granted; Submit Order (tml) Modified on 5/12/2022 to include debtor was present (tml). (Entered: 04/08/2022) |
| 04/12/2022 | | Withdrawn without hearing (related document(s): 134 Motion to Dismiss Case filed by Andrew John Delaney) (ADobson) (Entered: 04/13/2022) |
| 04/13/2022 | 156 (2 pgs) | ORDERED, that the relief requested in the Motion is denied, except to the extent as set forth in this Order; and that the Debtors asserted exemption in the HC2 Assets in the amount of $25,000 is denied; and, it is further Ordered, that the Debtor may not claim more than $13,900, in the aggregate, of exempt assets pursuant to Section 522(d)(5) of the Bankruptcy Code, and that the Debtor is limited to claim an exemption of no more than $12,387.92 in the HC2 Assets, pursuant to Section 522(d)(5) of the Bankruptcy Code; and, it is further Ordered, that the Debtor has fully claimed his exemptions under Section 522(d)(5) of the Bankruptcy Code; and, it is further Ordered, that the Trustee is authorized to do such things, take such steps and perform such acts as may be reasonably necessary to implement and effectuate the terms of this Order (Related Doc 122, 126, 153) Signed on 4/13/2022. (sem) (Entered: 04/13/2022) |
| 04/14/2022 | 157 (2 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)144 Notice of Appeal filed by Debtor Andrew John Delaney). (Herbst, Gary) (Entered: 04/14/2022) |

11332135.1 344-355

| | | |
|---|---|---|
| 04/14/2022 | <u>158</u><br>(1 pg) | Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)<u>157</u> Appellee Designation filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 04/14/2022) |
| 04/25/2022 | <u>159</u><br>(304 pgs; 7 docs) | Transmittal of ADDITIONAL Record on Appeal to District Court in reference to Civil Case Number: 1:22-cv-01664-AMD (RE: related document(s)<u>144</u> Notice of Appeal filed by Debtor Andrew John Delaney) <u>143</u> (Attachments: # <u>1</u> Exhibit Part 1 # <u>2</u> Exhibit Part 2 # <u>3</u> Exhibit Part 3 # <u>4</u> Claim No. 5) (rjl) (Entered: 04/25/2022) |
| 04/27/2022 | <u>160</u><br>(3 pgs) | Motion to Reconsider *Part of the Court's Order dated April 13, 2022* Filed by Andrew John Delaney (RE: related document(s)<u>156</u> Order on Motion To Object to Debtor's Claim of Exemptions, Order on Motion To Object to Debtor's Claim of Exemptions). Hearing scheduled for 5/17/2022 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. **Filed via Electronic Dropbox** (jmf) (Entered: 04/27/2022) |
| 04/27/2022 | <u>161</u><br>(5 pgs) | Application in Support of Motion to Reconsider and Modify Order Dated April 13, 2022 Pursuant to Fed. R. Civ. P. 60(b)(1)(3) Filed by Andrew John Delaney (RE: related document(s)<u>160</u> Motion to Reconsider filed by Debtor Andrew John Delaney) **Filed via Electronic Dropbox** (jmf) (Entered: 04/27/2022) |
| 04/27/2022 | <u>162</u><br>(7 pgs; 4 docs) | Notice of Appeal to District Court. . Fee Amount $298 ($5 NOT PAID) Filed by Andrew John Delaney (RE: related document(s)<u>156</u> Order on Motion To Object to Debtor's Claim of Exemptions, Order on Motion To Object to Debtor's Claim of Exemptions). Appellant Designation due by 5/11/2022. Transmission of Designation to District Court Due by 5/27/2022. (Attachments: # <u>1</u> Civil Cover Sheet # <u>2</u> Fee Waiver) **Filed via Electronic Dropbox** (jmf) (Entered: 04/27/2022) |
| 04/28/2022 | <u>163</u><br>(2 pgs; 2 docs) | Notice to Parties of requirements, deadlines (RE: related document(s)<u>162</u> Notice of Appeal filed by Debtor Andrew John Delaney) (ads) (Entered: 04/28/2022) |
| 04/28/2022 | <u>164</u><br>(32 pgs; 3 docs) | Transmittal of Notice of Appeal to District Court (RE: related document(s)<u>156</u> Order on Motion To Object to Debtor's Claim of Exemptions, Order on Motion To Object to Debtor's Claim of Exemptions, <u>162</u> Notice of Appeal filed by Debtor Andrew John Delaney) (ads) (Entered: 04/28/2022) |
| 04/28/2022 | <u>165</u><br>(2 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 22-cv-02432-AMD. District Court Judge Ann M Donnelly assigned. (RE: related document(s)<u>162</u> Notice of Appeal filed by Debtor Andrew John Delaney) (ads) (Entered: 04/28/2022) |
| 04/29/2022 | <u>166</u><br>(4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 04/29/2022. (Admin.) (Entered: 04/30/2022) |
| 04/30/2022 | <u>167</u><br>(3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 04/30/2022. (Admin.) (Entered: 05/01/2022) |
| 05/03/2022 | | Receipt of Notice of Appeal - $5.00. Receipt Number 329688. (CS) (admin) (Entered: 05/03/2022) |

3/29/25, 8:47 PM                                    Live Database: nyeb_live

| 05/10/2022 | [168](#)<br>(31 pgs) | Objection *to Debtor's Motion to Reconsider* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)160 Motion to Reconsider filed by Debtor Andrew John Delaney, 161 Affirmation in Support filed by Debtor Andrew John Delaney) (Herbst, Gary) (Entered: 05/10/2022) |
|---|---|---|
| 05/11/2022 | [169](#)<br>(19 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 02/17/22. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency). (RE: related document(s) 126 Motion to Object to Debtor's Claim of Exemptions). Notice of Intent to Request Redaction Due By 05/18/2022. Redaction Request Due By 06/1/2022. Redacted Transcript Submission Due By 06/13/2022. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/9/2022 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Veritext) (Entered: 05/11/2022) |
| 05/11/2022 | [170](#)<br>(23 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 1/11/22. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency). (RE: related document(s) 162 Notice of Appeal). Notice of Intent to Request Redaction Due By 05/18/2022. Redaction Request Due By 06/1/2022. Redacted Transcript Submission Due By 06/13/2022. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/9/2022 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Veritext) (Entered: 05/11/2022) |
| 05/12/2022 | [171](#)<br>(1 pg) | Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)168 Objection filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 05/12/2022) |
| 05/15/2022 | [172](#)<br>(3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 05/15/2022. (Admin.) (Entered: 05/16/2022) |
| 05/15/2022 | [173](#)<br>(3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 05/15/2022. (Admin.) (Entered: 05/16/2022) |
| 05/15/2022 | [174](#)<br>(5 pgs) | (Per Debtor, please disregard - See below for Amended) - Reply to Chapter 7 Trustee's Objection to Debtor's Motion to Reconsider and Modify Order Dated April 13, 2022 Pursuant to Fed. R. Civ. P. 60(b)(1)(3) Filed by Andrew John Delaney (RE: related document(s)168 Objection filed by Trustee Gregory Messer) **Filed via Electronic Dropbox** (jmf) Modified on 5/16/2022 (jmf). (Entered: 05/16/2022) |
| 05/15/2022 | [175](#)<br>(5 pgs) | (Per Debtor, please disregard - See below for Amended) - Amended Reply to Chapter 7 Trustee's Objection to Debtor's Motion to Reconsider and Modify Order Dated April 13, 2022 Pursuant to Fed. R. Civ. P. 60(b)(1)(3) Filed by Andrew John Delaney (RE: related document(s)168 Objection filed by Trustee Gregory Messer, 174 Reply filed by Debtor Andrew John Delaney) **Filed via Electronic Dropbox** (jmf) (Entered: 05/16/2022) |

| 05/15/2022 | <u>176</u><br>(3 pgs) | Amended Reply to Chapter 7 Trustee's Objection to Debtor's Motion to Reconsider and Modify Order Dated April 13, 2022 Pursuant to Fed. R. Civ. P. 60(b)(1)(3) Filed by Andrew John Delaney (RE: related document(s)<u>168</u>, <u>174</u>, <u>175</u>) **Filed via Electronic Dropbox** (jmf) (Entered: 05/16/2022) |
| --- | --- | --- |
| 05/16/2022 | <u>177</u><br>(62 pgs; 3 docs) | Response - *Trustee's Response re: Debtor's Motion to Reconsider Order Limiting Exemptions* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)<u>160</u> Motion to Reconsider filed by Debtor Andrew John Delaney, <u>168</u> Objection filed by Trustee Gregory Messer, <u>176</u> Reply filed by Debtor Andrew John Delaney) (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Herbst, Gary) (Entered: 05/16/2022) |
| 05/17/2022 | | Hearing Held; Appearances: Cristina Lapin representing Trustee; Andrew John Delaney (related document(s): <u>160</u> Motion to Reconsider filed by Andrew John Delaney) - Memorandum and Decision read into the record - Motion is Denied - Trustee to Submit Order (ADobson) (Entered: 05/19/2022) |
| 05/18/2022 | <u>178</u><br>(5 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues *and Certificate of Service* Filed by Andrew John Delaney (RE: related document(s)<u>162</u> Notice of Appeal filed by Debtor Andrew John Delaney). Appellee designation due by 6/1/2022. **Filed via Electronic Dropbox** (jmf) (Entered: 05/18/2022) |
| 05/20/2022 | <u>179</u><br>(2 pgs) | Order Denying Debtor's Motion for Reconsideration and Finding the Debtor is not entitled to claim further exemption (Related Doc # <u>160</u>) Signed on 5/20/2022. (ads) (Entered: 05/20/2022) |
| 05/20/2022 | <u>180</u><br>(3 pgs; 2 docs) | Court's Service List (RE: related document(s)<u>179</u> Order on Motion to Reconsider) (ads) (Entered: 05/20/2022) |
| 05/22/2022 | <u>181</u><br>(4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 05/22/2022. (Admin.) (Entered: 05/23/2022) |
| 05/25/2022 | <u>182</u><br>(67 pgs; 3 docs) | Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 22-CV-2432 (RE: related document(s)<u>116</u> Order on Motion to Approve Stipulation, <u>120</u> Amended Schedule(s), Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1009-1(a) (No Fee) filed by Debtor Andrew John Delaney, <u>126</u> Motion to Object to Debtor's Claim of Exemptions filed by Trustee Gregory Messer, <u>129</u> Affirmation in Opposition filed by Debtor Andrew John Delaney, <u>144</u> Notice of Appeal filed by Debtor Andrew John Delaney, <u>153</u> Reply filed by Trustee Gregory Messer, <u>156</u> Order on Motion To Object to Debtor's Claim of Exemptions, Order on Motion To Object to Debtor's Claim of Exemptions, <u>161</u> Affirmation in Support filed by Debtor Andrew John Delaney, <u>178</u> Appellant Designation & Statement of Issues filed by Debtor Andrew John Delaney) (aac) (Entered: 05/25/2022) |
| 05/31/2022 | <u>183</u><br>(40 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 5/17/22. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) <u>160</u> Motion to Reconsider). Notice of Intent to Request Redaction Due By 06/7/2022. Redaction Request Due By 06/21/2022. Redacted Transcript Submission Due By 07/1/2022. TRANSCRIPT |

Live Database: nyeb_live

| | | |
|---|---|---|
| | | ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/29/2022 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Veritext) (Entered: 05/31/2022) |
| 05/31/2022 | <u>184</u><br>(3 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)<u>162</u> Notice of Appeal filed by Debtor Andrew John Delaney). (Herbst, Gary) (Entered: 05/31/2022) |
| 06/03/2022 | <u>185</u><br>(3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 06/03/2022. (Admin.) (Entered: 06/04/2022) |
| 06/22/2022 | <u>186</u><br>(34 pgs; 2 docs) | Motion to Dismiss Case Filed by Andrew John Delaney. Hearing scheduled for 7/21/2022 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # <u>1</u> Certificate of Service) **Filed via Electronic Drop box** (cns) (Entered: 06/22/2022) |
| 06/22/2022 | <u>187</u><br>(30 pgs) | Motion to Vacate the HC2 Settlement Order dated October 6, 2021 Filed by Andrew John Delaney (RE: related document(s)<u>116</u> Order on Motion to Approve Stipulation). Hearing scheduled for 7/21/2022 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. - **Filed via Electronic Drop box** (cns) (Entered: 06/22/2022) |
| 06/22/2022 | <u>188</u><br>(1 pg) | Certificate of Service Filed by Andrew John Delaney (RE: related document(s)<u>187</u> Motion to Vacate Order filed by Debtor Andrew John Delaney) **Filed via Electronic Drop box** (cns) (Entered: 06/22/2022) |
| 06/30/2022 | <u>189</u><br>(33 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 4/8/21. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) <u>16</u> Motion to Dismiss Case). Notice of Intent to Request Redaction Due By 07/7/2022. Redaction Request Due By 07/21/2022. Redacted Transcript Submission Due By 08/1/2022. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 09/28/2022 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Veritext) (Entered: 06/30/2022) |
| 07/03/2022 | <u>190</u><br>(3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 07/03/2022. (Admin.) (Entered: 07/04/2022) |
| 07/08/2022 | <u>191</u><br>(1 pg) | Affidavit/Certificate of Service for Service on HC2, Inc. Filed by Andrew John Delaney **Filed via Electronic Dropbox** (RE: related document(s)<u>187</u> Motion to Vacate Order filed by Debtor Andrew John Delaney) (rom) (Entered: 07/08/2022) |
| 07/11/2022 | <u>192</u><br>(7 pgs) | Objection *to Debtor's Motion to Dismiss* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)<u>186</u> Motion to Dismiss Case filed by Debtor Andrew John Delaney) (Herbst, Gary) (Entered: 07/11/2022) |
| 07/11/2022 | <u>193</u><br>(7 pgs) | Objection *to Debtor's Motion to Vacate HC2 Settlement Order* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)<u>187</u> Motion to Vacate Order filed by Debtor Andrew John Delaney) (Herbst, Gary) (Entered: 07/11/2022) |

3/29/25, 8:47 PM                                Live Database: nyeb_live

| | | |
|---|---|---|
| 07/13/2022 | <u>194</u><br>(1 pg) | Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)<u>192</u> Objection filed by Trustee Gregory Messer, <u>193</u> Objection filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 07/13/2022) |
| 07/15/2022 | <u>195</u><br>(365 pgs; 7 docs) | Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 22-cv-02432-AMD (RE: related document(s)<u>178</u> Appellant Designation & Statement of Issues filed by Debtor Andrew John Delaney, <u>184</u> Appellee Designation filed by Trustee Gregory Messer) (Attachments: # <u>1</u> part 2 # <u>2</u> Part 3 # <u>3</u> Part 4 # <u>4</u> Part 5) (ads) (Entered: 07/15/2022) |
| 07/21/2022 | | Hearing Held; Appearances: Douglas A Goldstein Representing HC2, Inc, Cristina Mihaela Lipan and Gary F. Herbst Representing Gregory Messer, Chapter 7 Trustee, Andrew John Delaney Debtor - (RE: related document(s) <u>186</u> Motion to Dismiss Case Filed by Debtor Andrew John Delaney) - Denied; Trustee to submit order (tml) (Entered: 07/22/2022) |
| 07/21/2022 | | Hearing Held; Appearances: Douglas A Goldstein Representing HC2, Inc, Cristina Mihaela Lipan and Gary F. Herbst Representing Gregory Messer, Chapter 7 Trustee, Andrew John Delaney Debtor - (RE: related document(s) <u>187</u> Motion to Vacate Order dated October 6, 2021 (RE: related document(s) <u>116</u> Order on Motion to Approve Stipulation). - Denied as set forth on record; Trustee to submit order (tml) (Entered: 07/22/2022) |
| 08/08/2022 | <u>196</u><br>(3 pgs; 2 docs) | Order Denying Debtor's Motion to Vacate in its entirety, for the reasons set forth on the record at the Hearing (RE: related document(s)<u>187</u> Motion to Vacate Order filed by Debtor Andrew John Delaney). Signed on 8/8/2022 (ads) (Entered: 08/08/2022) |
| 08/08/2022 | <u>197</u><br>(2 pgs) | Order Denying Debtor's Motion to Dismiss Case in its entirety, for the reasons set forth on the record at the Hearing (Related Doc # <u>186</u>) Signed on 8/8/2022. (ads) (Entered: 08/08/2022) |
| 08/08/2022 | <u>198</u><br>(3 pgs; 2 docs) | Court's Service List (RE: related document(s)<u>197</u> Order on Motion to Dismiss Case) (ads) (Entered: 08/08/2022) |
| 08/10/2022 | <u>199</u><br>(4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/10/2022. (Admin.) (Entered: 08/11/2022) |
| 08/10/2022 | <u>200</u><br>(4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/10/2022. (Admin.) (Entered: 08/11/2022) |
| 08/10/2022 | <u>201</u><br>(10 pgs; 4 docs) | Notice of Appeal to District Court . Fee Amount $298 Filed by Andrew John Delaney (RE: related document(s)<u>197</u> Order on Motion to Dismiss Case). Appellant Designation due by 8/24/2022. Transmission of Designation to District Court Due by 9/9/2022. (Attachments: # <u>1</u> Civil Cover Sheet # <u>2</u> App to Proceed in District Court Without Prepaying Fees or Costs) **Filed via Electronic Dropbox** (mem) (Entered: 08/15/2022) |
| 08/10/2022 | <u>202</u><br>(10 pgs; 4 docs) | Notice of Appeal to District Court. Fee Amount $298 Filed by Andrew John Delaney (RE: related document(s)<u>196</u> Order Denying Debtor's Motion to Vacate ). Appellant Designation due by 8/24/2022. Transmission of Designation to District Court Due by 9/9/2022. (Attachments: # <u>1</u> Civil Cover Sheet # <u>2</u> App to Proceed in District Court |

| | | Without Prepaying Fees or Costs) **Filed via Electronic Dropbox** (mem) (Entered: 08/15/2022) |
|---|---|---|
| 08/15/2022 | [203](#)<br>(2 pgs; 2 docs) | Notice to Parties of Requirements, Deadlines (RE: related document(s)[201](#) Notice of Appeal filed by Debtor Andrew John Delaney) (mem) (Entered: 08/15/2022) |
| 08/15/2022 | [204](#)<br>(18 pgs; 3 docs) | Transmittal of Notice of Appeal to District Court (RE: related document(s)[197](#) Order on Motion to Dismiss Case, [201](#) Notice of Appeal filed by Debtor Andrew John Delaney, [203](#) Notice to Parties BK) (mem) (Entered: 08/15/2022) |
| 08/15/2022 | [205](#)<br>(2 pgs; 2 docs) | Notice to Parties of Requirements, Deadlines (RE: related document(s)[202](#) Notice of Appeal filed by Debtor Andrew John Delaney) (mem) (Entered: 08/15/2022) |
| 08/15/2022 | [206](#)<br>(19 pgs; 3 docs) | Transmittal of Notice of Appeal to District Court (RE: related document(s)[196](#) Generic Order, [202](#) Notice of Appeal filed by Debtor Andrew John Delaney, [205](#) Notice to Parties BK) (mem) (Entered: 08/15/2022) |
| 08/16/2022 | [207](#)<br>(2 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 22-cv-04805-AMD District Court Judge Ann M Donnelly assigned. (RE: related document(s)[201](#) Notice of Appeal filed by Debtor Andrew John Delaney) (mem) (Entered: 08/16/2022) |
| 08/16/2022 | [208](#)<br>(2 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 22-cv-04806-AMD District Court Judge Ann M Donnelly assigned. (RE: related document(s)[202](#) Notice of Appeal filed by Debtor Andrew John Delaney) (mem) (Entered: 08/16/2022) |
| 08/16/2022 | [209](#)<br>(5 pgs; 2 docs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues *Filed via Electronic Dropbox* Filed by Andrew John Delaney (RE: related document(s)[201](#) Notice of Appeal filed by Debtor Andrew John Delaney). Appellee designation due by 8/30/2022. (Attachments: # [1](#) Statement of Issues on Appeal)(rom) (Entered: 08/16/2022) |
| 08/16/2022 | [210](#)<br>(1 pg) | Affidavit/Certificate of Service Filed by Andrew John Delaney **Filed via Electronic Dropbox** (RE: related document(s)[209](#) Appellant Designation & Statement of Issues filed by Debtor Andrew John Delaney) (rom) (Entered: 08/16/2022) |
| 08/16/2022 | [211](#)<br>(4 pgs; 2 docs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues *Filed via Electronic Dropbox* Filed by Andrew John Delaney (RE: related document(s)[202](#) Notice of Appeal filed by Debtor Andrew John Delaney). Appellee designation due by 8/30/2022. (Attachments: # [1](#) Statement of Issues on Appeal)(rom) (Entered: 08/16/2022) |
| 08/16/2022 | [212](#)<br>(1 pg) | Affidavit/Certificate of Service Filed by Andrew John Delaney **Filed via Electronic Dropbox** (RE: related document(s)[211](#) Appellant Designation & Statement of Issues filed by Debtor Andrew John Delaney) (rom) (Entered: 08/16/2022) |

11332135.1 349-355

3/29/25, 8:47 PM                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 08/17/2022 | <u>213</u><br>(3 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)<u>201</u> Notice of Appeal filed by Debtor Andrew John Delaney). (Herbst, Gary) (Entered: 08/17/2022) |
| 08/17/2022 | <u>214</u><br>(2 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)<u>202</u> Notice of Appeal filed by Debtor Andrew John Delaney). (Herbst, Gary) (Entered: 08/17/2022) |
| 08/17/2022 | <u>215</u><br>(3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 08/17/2022. (Admin.) (Entered: 08/18/2022) |
| 08/17/2022 | <u>216</u><br>(3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 08/17/2022. (Admin.) (Entered: 08/18/2022) |
| 08/17/2022 | <u>217</u><br>(4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/17/2022. (Admin.) (Entered: 08/18/2022) |
| 08/18/2022 | | Receipt of Notice of Appeal - $5.00. Receipt Number 330103. (HM) (admin) (Entered: 08/18/2022) |
| 08/18/2022 | | Receipt of Notice of Appeal - $5.00. Receipt Number 330103. (HM) (admin) (Entered: 08/18/2022) |
| 09/15/2022 | <u>218</u><br>(615 pgs; 7 docs) | Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 22-cv-04805-AMD (RE: related document(s)<u>201</u> Notice of Appeal filed by Debtor Andrew John Delaney) (Attachments: # <u>1</u> Part 2 # <u>2</u> Part 3 # <u>3</u> Part 4 # <u>4</u> Part 5) (mem) (Entered: 09/15/2022) |
| 09/15/2022 | <u>219</u><br>(368 pgs; 5 docs) | Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 22-cv-04806-AMD (RE: related document(s)<u>202</u> Notice of Appeal filed by Debtor Andrew John Delaney) (Attachments: # <u>1</u> Part 2 # <u>2</u> Part 3) (mem) (Entered: 09/15/2022) |
| 11/25/2022 | <u>220</u><br>(1 pg) | Search Performed by Andrew Delaney Filed by Andrew John Delaney **Filed via Electronic Dropbox** (rom) (Entered: 11/28/2022) |
| 03/20/2023 | <u>221</u><br>(26 pgs) | Memorandum and Order, By District Court Judge Ann M. Donnelly, Re: Appeal on Civil Action Numbers: 22-CV-1664; 22-CV-2432; 22-CV-4805; 22-CV-4806, The bankruptcy courts orders are affirmed, and appeals dismissed.(RE: related document(s)<u>143</u> Order on Motion to Approve Stipulation, <u>156</u> Order on Motion To Object to Debtor's Claim of Exemptions, Order on Motion To Object to Debtor's Claim of Exemptions, <u>196</u> Generic Order, <u>197</u> Order on Motion to Dismiss Case). Signed on 3/20/2023 (aac) (Entered: 03/23/2023) |
| 03/24/2023 | | Notice of Docketing Record of Appeal to United States Court of Appeals for the Second Circuit. Court of Appeals Docket #: 24-434 (District Court # 22-cv-4805) (Related document(s)<u>201</u> Notice of Appeal) (mem) (Entered: 01/15/2025) |

3/29/25, 8:47 PM                                         Live Database: nyeb_live

| | | |
|---|---|---|
| 05/20/2023 | <u>222</u><br>(14 pgs) | Amended Schedule(s), Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1009-1(a) [NOT FILED] Schedule A/B, Schedule C, Filed by Andrew John Delaney **Filed via Electronic Dropbox** (rom) (Entered: 05/22/2023) |
| 05/22/2023 | <u>223</u><br>(2 pgs) | Affidavit Pursuant to E.D.N.Y. LBR 1009-1(a) Filed by Andrew John Delaney **Filed via Electronic Dropbox** (RE: related document(s)<u>222</u> Amended Schedule(s), Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1009-1(a) (No Fee) filed by Debtor Andrew John Delaney) (rom) (Entered: 05/23/2023) |
| 06/20/2023 | <u>224</u><br>(15 pgs; 2 docs) | Motion to Object to Debtor's Claim of Exemptions . Objections to be filed on July 11, 2023. Filed by Gary F. Herbst on behalf of Gregory Messer. Hearing scheduled for 7/18/2023 at 10:00 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (Attachments: # <u>1</u> Proposed Order) (Herbst, Gary) (Entered: 06/20/2023) |
| 06/21/2023 | <u>225</u><br>(2 pgs) | Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)<u>224</u> Motion to Object to Debtor's Claim of Exemptions filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 06/21/2023) |
| 07/02/2023 | <u>226</u><br>(15 pgs) | Opposition/Objection *to Trustee's Motion Objecting to Exemption* Filed by Andrew John Delaney (RE: related document(s)<u>224</u> Motion to Object to Debtor's Claim of Exemptions filed by Trustee Gregory Messer) **Filed Via Electronic Dropbox** (nwh) (Entered: 07/05/2023) |
| 07/14/2023 | <u>227</u><br>(6 pgs; 2 docs) | Reply *to Debtor's Opposition to Trustee's Motion Objecting to Exemptions* Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)<u>224</u> Motion to Object to Debtor's Claim of Exemptions filed by Trustee Gregory Messer) (Attachments: # <u>1</u> Exhibit A) (Herbst, Gary) (Entered: 07/14/2023) |
| 07/17/2023 | <u>228</u><br>(2 pgs) | Affidavit/Certificate of Service Filed by Cristina Mihaela Lipan on behalf of Gregory Messer (RE: related document(s)<u>227</u> Reply filed by Trustee Gregory Messer) (Lipan, Cristina) (Entered: 07/17/2023) |
| 07/18/2023 | | Hearing Held; Appearances: Cristina Mihaela Lipan and Gary F. Herbst Representing Trustee - (RE: related document(s) <u>224</u> Motion to Object to Debtor's Claim of Exemptions Filed by Gary F. Herbst on behalf of Gregory Messer.) - Granted; Submit Order in accordance with decision read into the record (tml) (Entered: 07/18/2023) |
| 07/21/2023 | <u>229</u><br>(2 pgs) | Order Denying Debtor's Claimed Exemptions; the relief requested in the Motion is granted, to the extent (JMM) set forth in this Order and the Debtor is not entitled to assert an exemption under Bankruptcy Code section 522(d)(11)(E) in the S&C Claims or in any funds received in settlement of the S&C Claims (Related Doc # <u>224</u>,<u>226</u>,<u>227</u>). Signed on 7/21/2023. (dnb) (Entered: 07/21/2023) |

3/29/25, 8:47 PM                                    Live Database: nyeb_live

| | | |
|---|---|---|
| 07/21/2023 | **230**<br>(7 pgs; 3 docs) | Notice of Appeal to District Court. . Fee Amount $298 Filed by Andrew John Delaney (RE: related document(s)229 Order on Motion To Object to Debtor's Claim of Exemptions). Appellant Designation due by 8/4/2023. Transmission of Designation to District Court Due by 8/21/2023. (Attachments: # 1 Application to Proceed in District Court Without Prepaying Fees or Costs) **Filed via Electronic Dropbox** (jjf) (Entered: 07/24/2023) |
| 07/25/2023 | | Receipt of Notice of Appeal - $5.00. Receipt Number 10331858. (DM) (admin) (Entered: 07/25/2023) |
| 07/26/2023 | **231**<br>(6 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 07/26/2023. (Admin.) (Entered: 07/27/2023) |
| 07/27/2023 | **232**<br>(2 pgs; 2 docs) | Notice to Parties of Requirements, Deadlines (RE: related document(s)230 Notice of Appeal filed by Debtor Andrew John Delaney) (alh) (Entered: 07/27/2023) |
| 07/27/2023 | **233**<br>(47 pgs; 4 docs) | Transmittal of Notice of Appeal to District Court (RE: related document(s)229 Order on Motion To Object to Debtor's Claim of Exemptions, 230 Notice of Appeal filed by Debtor Andrew John Delaney) (Attachments: # 1 Bankruptcy Docket) (alh) (Entered: 07/27/2023) |
| 07/27/2023 | **234**<br>(2 pgs; 2 docs) | Appeal Deficiency Notice (RE: related document(s)230 Notice of Appeal filed by Debtor Andrew John Delaney) (alh) (Entered: 07/27/2023) |
| 07/27/2023 | **235**<br>(2 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 23-cv-05678 District Court Judge Judge Ann M Donnelly; Referred to: Magistrate Judge Ramon E. Reyes, Jr assigned. (RE: related document(s)230 Notice of Appeal filed by Debtor Andrew John Delaney) (alh) (Entered: 07/27/2023) |
| 07/28/2023 | **236**<br>(3 pgs; 2 docs) | Court's Service List (RE: related document(s)234 Appeal Deficiency Notice) (alh) (Entered: 07/28/2023) |
| 07/29/2023 | **237**<br>(3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 07/29/2023. (Admin.) (Entered: 07/30/2023) |
| 07/30/2023 | **238**<br>(4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 07/30/2023. (Admin.) (Entered: 07/31/2023) |
| 08/11/2023 | **239**<br>(21 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 07/18/23. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency].. Notice of Intent to Request Redaction Due By 08/18/2023. Redaction Request Due By 09/1/2023. Redacted Transcript Submission Due By 09/11/2023. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 11/9/2023 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Veritext) (Entered: 08/11/2023) |
| 08/13/2023 | **240**<br>(3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 08/13/2023. (Admin.) (Entered: 08/14/2023) |

| | | |
|---|---|---|
| 08/22/2023 | <u>241</u><br>(2 pgs; 2 docs) | Transmittal of Additional Record on Appeal (INCOMPLETE) to District Court in reference to Civil Case Number: 23-cv-05678 (RE: related document(s)<u>229</u> Order on Motion To Object to Debtor's Claim of Exemptions, <u>230</u> Notice of Appeal filed by Debtor Andrew John Delaney) (jag) (Entered: 08/22/2023) |
| 10/21/2023 | <u>242</u><br>(5 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Andrew John Delaney (RE: related document(s)<u>230</u> Notice of Appeal filed by Debtor Andrew John Delaney). Appellee designation due by 11/6/2023. **Filed via Electronic DropBox** (dmp) (Entered: 10/23/2023) |
| 10/23/2023 | <u>243</u><br>(85 pgs; 6 docs) | Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 23-CV-5678 (RE: related document(s)<u>242</u> Appellant Designation & Statement of Issues filed by Debtor Andrew John Delaney) (Attachments: # <u>1</u> PT 2 # <u>2</u> PT 3 # <u>3</u> PT 4) (aac) (Entered: 10/23/2023) |
| 11/01/2023 | <u>244</u><br>(2 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Gary F. Herbst on behalf of Gregory Messer (RE: related document(s)<u>230</u> Notice of Appeal filed by Debtor Andrew John Delaney). (Herbst, Gary) (Entered: 11/01/2023) |
| 11/09/2023 | <u>245</u><br>(164 pgs; 4 docs) | Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 23-cv-05678 (RE: related document(s)<u>230</u> Notice of Appeal filed by Debtor Andrew John Delaney, <u>244</u> Appellee Designation filed by Trustee Gregory Messer) (Attachments: # <u>1</u> Transmittal Part 2) (drk) (Entered: 11/09/2023) |
| 07/03/2024 | <u>246</u><br>(1 pg) | DISTRICT COURTS CLERK'S JUDGMENT - Ordered that the motion for recusal is denied; that the bankruptcy courts order is affirmed in part and vacated in part; and that this appeal is dismissed (RE: related document(s)<u>230</u> Notice of Appeal filed by Debtor Andrew John Delaney) (jag) (Entered: 07/11/2024) |
| 08/15/2024 | <u>247</u><br>(2 pgs) | Letter regarding Payments made to Messer and Lamonica Filed by Andrew John Delaney **Filed via Electronic Dropbox** (las) (Entered: 08/15/2024) |
| 09/13/2024 | <u>254</u><br>(9 pgs) | Order from Circuit Court Re: Appeal on Appellate Case Number: 23-434, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Appellant Delaney's appeal is dismissed for lack of appellate jurisdiction.(Related document(s)<u>197</u> Order on Motion to Dismiss Case, <u>201</u> Notice of Appeal filed by Debtor Andrew John Delaney). Signed on 9/13/2024 (mem) (Entered: 02/11/2025) |
| 02/04/2025 | <u>248</u><br>(1 pg) | Letter *Notice of filing of notice of removal* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Beres, Christopher) (Entered: 02/04/2025) |
| 02/04/2025 | <u>249</u><br>(6 pgs; 3 docs) | Exhibit *Notice of removal, affirmation of service, EDNY fee waiver app* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (Attachments: # <u>1</u> Affidavit # <u>2</u> Exhibit) (Beres, Christopher) (Entered: 02/04/2025) |

| | | |
|---|---|---|
| 02/10/2025 | <u>250</u><br>(2 pgs; 2 docs) | Letter *Notice of withdrawal of Doc. Nos. 248 & 249* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s)<u>248</u> Letter filed by Debtor Andrew John Delaney, <u>249</u> Exhibit filed by Debtor Andrew John Delaney) (Attachments: # <u>1</u> Certificate of service) (Beres, Christopher) (Entered: 02/10/2025) |
| 02/10/2025 | <u>251</u><br>(1 pg) | Letter *CORRECTED Notice of filing of withdrawal of Doc Nos. 248 & 249* Filed by Christopher Teny Beres on behalf of Andrew John Delaney (RE: related document(s)<u>250</u> Letter filed by Debtor Andrew John Delaney) (Beres, Christopher) (Entered: 02/10/2025) |
| 02/10/2025 | <u>252</u><br>(1 pg) | Letter Notice of Filing Of Notice Of Removal. Filed by Andrew John Delaney **Filed Via Electronic Dropbox** (str) (Entered: 02/10/2025) |
| 02/10/2025 | <u>253</u><br>(86 pgs; 2 docs) | Exhibit- Notice of Removal Filed by Andrew John Delaney (RE: related document(s)<u>252</u> Letter filed by Debtor Andrew John Delaney) (Attachments: # <u>1</u> Certificate of Service) **Filed Via Electronic Dropbox**(str) (Entered: 02/10/2025) |
| 02/11/2025 | <u>259</u><br>(4 pgs) | SDNY District Court's Order - Because removal of the bankruptcy case is improper, the Court remands this action to the United States Bankruptcy Court for the Eastern District of New York. (RE: related document(s)<u>253</u> Notice of Removal filed by Debtor Andrew John Delaney) (mem) (Entered: 03/11/2025) |
| 02/12/2025 | <u>255</u><br>(2 pgs) | Letter Notice Of Filing Of Notice of Removal Filed by Andrew John Delaney **Filed Via Electronic Dropbox** (str) (Entered: 02/12/2025) |
| 02/12/2025 | <u>256</u><br>(21 pgs; 2 docs) | Exhibit- Notice of Removal Filed by Andrew John Delaney (Attachments: # <u>1</u> Exhibit) **Filed Via Electronic Dropbox** (str). (Entered: 02/12/2025) |
| 02/19/2025 | <u>257</u><br>(15 pgs; 3 docs) | Application to Employ *Gary R. Lampert, CPA as accountant to the Trustee* Filed by Gary F. Herbst on behalf of Gregory Messer. (Attachments: # <u>1</u> Affidavit of Accountant # <u>2</u> Proposed Order) (Herbst, Gary) (Entered: 02/19/2025) |
| 02/28/2025 | <u>258</u><br>(3 pgs) | Order Granting Application to Employ Gary R. Lampert, CPA as Accountant to the Chapter 7 Trustee (Related Doc # <u>257</u>) Signed on 2/28/2025. (one) (Entered: 02/28/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/29/2025 09:47:48 | | |
| **PACER Login:** | attorneyberes | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 1-20-44372-jmm Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html |

3/29/25, 8:47 PM                                        Live Database: nyeb_live

|  |  |  | Page counts for documents: included |
|---|---|---|---|
| Billable Pages: | 28 | Cost: | 2.80 |