Filing # 172625934 E-Filed 05/08/2023 11:08:17 AM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL DISTRICT IN AND
FOR BREVARD COUNTY, FLORIDA

JOHN DOE NO. 1
and
JOHN DOE NO. 2,

        Plaintiffs,        CASE NO. 05-2023-CA-016793-XXXX-XX

v.        DIVISION:

RELX, INC. d/b/a LEXISNEXIS USA
and
PORTFOLIO MEDIA, INC.,

        Defendants.
_____/

## AMENDED COMPLAINT FOR DEFAMATION

Plaintiffs, John Doe No. 1 ("John Doe No. 1") and John Doe No. 2 ("John Doe No. 2"), by and through the undersigned counsel, hereby sue RELX, Inc. d/b/a LexisNexis USA ("RELX") and Portfolio Media, Inc. ("PMI") for defamation for making false and damaging statements about them, and further allege as follows:

### NATURE OF THE ACTION

1. This is an action for defamation. **This complaint had to be amended to add two new defamatory articles about plaintiffs which defendants published about them.**

### JURISDICTION AND VENUE

2. This action seeks damages in excess of $50,000, exclusive of interest and costs.

3. This court has jurisdiction pursuant to the provisions of Chapter 501, Part 11, Fla. Stat. The acts or practices alleged herein occurred in the conduct of "trade or commerce" as defined in § 501.203(8), Fla. Stat.

4. Venue is proper in this court for the following reasons:

a) The tort which is the basis of this lawsuit was committed in central Florida in addition to all over the world. Central Florida has a population of over 8 million people, thus making the alleged defamatory statements in this venue significant.

b) The statutory violations alleged herein occurred within Brevard County, and

c) John Doe No. 1 is a resident of Brevard County and maintains his professional office in Brevard County.

d) Venue is further proper because defendants have and/or continue to regularly conduct business in Florida. RELX is registered with the Division of Corporations, Florida Secretary of State. RELX maintains offices in Boca Raton, Fort Lauderdale, Miami, Orlando, and Temple Terrace. Its Orlando office is located at 1211 Lee Road Ste. 209, Orlando, Florida 32810. Law360 has a section "Florida : Law360 : Legal News & Analysis https://www.law360.com > florida Legal news and analysis on Florida litigation, policy, deals." as well as a publication "Florida Pulse" and has reporters based in Florida.

5. Defendants are liable to personal jurisdiction under Florida's long-arm statute Fla. Stat. § 48.193 (2017) because they defamed plaintiffs in the State of Florida. Several persons in the State of Florida, including members of the Florida Bar, accessed the articles in Law360 in the State of Florida. EXHIBIT A. The material was accessed-thus-published in Florida. Defendants have transacted business and engaged in tortious conduct, by affirmative act or omission, in the State of Florida such that they reasonably anticipated being subject to personal jurisdiction before the courts of this State. Defendants have also transacted business and engaged in tortious conduct, by affirmative act or omission, outside of the State of Florida whereby they reasonably anticipated that injury would result and has, in fact, resulted upon persons within the State of Florida. As such, this Court has personal jurisdiction over defendants

2

pursuant to Fla. Stat. §§ 48.193(1)(a)(2) and 48.193(1)(a)(6). Defendants are subject to personal jurisdiction in this Court under Fla. Stat. §§ 48.193(1)(a), 48.193(1)(b), and 48.193(2) because they (i) operate, conduct, engage in, or carry on businesses or business ventures within the State of Florida; (2) have committed tortious acts within the State of Florida as alleged herein; and/or (iii) engage in substantial and not isolated activity within the State of Florida.

6. All other conditions precedent to this action have been performed, excused, satisfied, or waived.

## PARTIES

7. Plaintiff John Doe No. 1 is citizen of Florida residing in Brevard County.

8. Plaintiff John Doe No. 2 is a United States citizen domiciled in the Republic of the Philippines.

9. Defendant RELX is a Massachusetts corporation with its principal place of business in New York, New York. RELX owns PMI, which publishes "Law360", a legal news service distributed throughout Florida.

10. Defendant PMI is a New York domestic business corporation with its principal place of business in New York, New York.

11. The events which gave rise to this Complaint occurred in Brevard County and as such Brevard County is the proper venue for this action.

## COUNT I
## DEFAMATION (SLANDER AND LIBEL)

12. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs.

13. This Court has personal jurisdiction over defendants under the Florida long-arm statute § 48.193(1)(b).

3

14. Prior to the filing of this lawsuit, Tino Gonzalez, Esq., Dennis Fairbanks, Esq., Maria Morton, and others, all Florida citizens and residents, accessed the articles in the State of Florida, opened them, and read them. Messrs. Gonzalez and Fairbanks are both members of the Florida Bar. They all said the articles defamed plaintiffs.

15. John Doe No. 1 has been a member of the Florida Bar in good standing for over 20 years. He is a professional of high repute.

16. John Doe No. 2 was John Doe No. 1's client.

17. On April 15, 2020, John Doe No. 1 sued Toyota Motor Corporation and Toyota Motor North America, Inc. (collectively, "Toyota") and Akio Toyoda on behalf of John Doe No. 2 in the Florida Eighteenth Judicial Circuit Court. *John Doe v. Toyota Motor Corporation et al.*, No. 05-2020-CA-024281 (Fla. 18th Cir. Ct. filed on April 15, 2020).

18. On April 22, 2020, in order to preempt an employment and public health lawsuit which they knew was coming against them in Brevard County, Toyota and its law firm, Wilmer, Cutler, Pickering, Hale and Dorr LLP ("Wilmer Hale"), had their job agency, HC2, Inc. ("HC2"), sue John Doe No. 2 in the United States District Court for the Southern District of New York ("SDNY") seeking an ex parte temporary restraining order ("TRO") and a preliminary injunction ("PI") and asserting only two claims for 1) breach of contract and 2) faithless servant doctrine. *HC2, Inc. v. Delaney*, 1:20- cv-03178 (S.D.N.Y. filed on April 20, 2020) (Liman, J.).

19. On April 22, 2020, the Honorable Lewis J. Liman denied HC2's ex parte TRO motion.

20. On May 27, 2020, Judge Liman also denied HC2's application for a PI.

21. In rejecting the PI, Judge Liman issued an order referring to John Doe No. 2's "lawyer" (John Doe No. 1) and ruled that John Doe No. 1's April 7, 2020 employment demand

4

letter to Akio Toyoda, Chairman of Toyota Motor Corporation, was "a routine demand letter" and "it's not an extortion". EXHIBIT B. The judge held that John Doe No. 1 was merely exercising his and his client's rights under the law:

> [John Doe No. 2]'s lawyer [John Doe No. 1] makes the allegation that plaintiff violated [John Doe No. 2]'s rights and then states "I hereby grant you seven days from the date of this letter to contact me with your offer to settle this case. If you fail to contact me by this date, T will commence legal action against you without further notice." The evidence is that letter was only given to the plaintiff in this case shortly before the state court complaint was filed and not with the full seven days. Even then it is a routine demand letter and it's not an extortion. *See U.S. v. Jackson*, 180 F.3d 55, 61, that a claim of right is not an extortion.

(emphasis added) Judge Liman further held that the information in that case was of no value to anyone and were not trade secrets:

> Number two, there has been no showing that any information [John Doe No. 2] has is of any commercial value to any third party or that there would be any benefit to [John Doe No. 2] from disclosing that information. The only value the information apparently has -- at least in [John Doe No. 2]'s mind -- is as evidence in support of his claim against HC2.

(emphasis added) Since any information was judicially determined to have no value, it would not have been possible to use it to "blackmail" Toyota.

22. Judge Liman read the order out loud in open court at a public hearing at which reporters, including a reporter from Law360, attended.

23. Defendants' Law360 has falsely and libelously written that plaintiffs have been accused of[1] crimes and are being sued for crimes. Defendants published that plaintiffs were accused of and were being sued for extortion, blackmail, a shakedown[2], and stealing. Its headlines refer to the case as the "Extortion Case" or "Blackmail Suit". Their whole purpose was to portray plaintiffs - attorneys in good standing for years - as criminals and persons being

---

[1] The dictionary states that "An accusation is a claim that someone is guilty of a crime or offense."
[2] "Shakedown" is defined as "an act or instance of shaking someone down especially : extortion."

5

accused of and sued for crimes. However, these criminal terms or causes of action are not contained in the SDNY complaint. The articles in question are not a "fair report".

24. In 2021, 2022, and 2023, defendants recently published six defamatory articles about plaintiffs. Two articles refer to John Doe No. 1 by name and the others are linked to news reports naming him. See, e.g., "Ex-WilmerHale Temp Says White House Atty Lied For Toyota" (February 18, 2021) and "Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case" (February 24, 2021).

25. Defendants made a series of false and defamatory statements which were made to third parties, including readers in Florida, since they are and were available on the worldwide web.

26. All of the written statements include asserted statements of fact.

27. All of the statements concerned plaintiffs, who are private parties.

28. The asserted statements of fact, including those set out below, are false.

29. The 10 defamatory written statements contained in the six articles from 2021-2023 are organized chronologically below starting on February 24, 2021 as follows:

1. "Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case"

February 24, 2021

30. The **first written statement** at issue is "Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case."

31. The written statement is false because John Doe No. 2 was never employed by Wilmer Hale.

6

32. The **second written statement** at issue is: "Hire Counsel then immediately outed [John Doe No. 2] as the John Doe in Florida by way of a Manhattan federal suit that accused him of stealing confidential information and extortion. That case is pending."

33. The written statement is false and defamatory because the Manhattan federal lawsuit only sued him for breach of contract and faithless servant which are civil claims. Stealing confidential information and extortion are crimes in New York State. There is no civil extortion in New York.

### 2. "Ex-WilmerHale Temp Moves To DQ Judge In Employment Case"

### December 20, 2021

34. The **third written statement** at issue is: "A former WilmerHale document reviewer said U.S. District Judge Lewis J. Liman should be disqualified from overseeing a Southern District of New York suit that accuses him of extorting his former law firm because of the judge's alleged previous employment there."

35. The written statement is false and defamatory because 1) Wilmer Hale was not John Doe No. 2's "former law firm" and 2) John Doe No. 2 was sued for breach of contract, not extortion, which is a crime in New York, and 3) he was sued by Toyota, not Wilmer Hale.

### 3. "Agency Pans Ex-Wilmer Hale Temp's DQ Bid In Extortion Case"

### January 4, 2022

36. The **fourth written statement** at issue is "Agency Pans Ex-WilmerHale Temp's DQ Bid In Extortion Case."

37. The written statement is false defamatory because John Doe No. 2 was not an "Ex-Wilmer Hale Temp" and was not sued for extortion.

38. The **fifth written statement** at issue is "HC2 sued [John Doe No. 2], who'd worked on a Toyota matter as a Thai language reviewer for WilmerHale via a staffing agency, for allegedly trying to extort $450,000 from the company, WilmerHale and the car maker, and for allegedly revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up."

39. The written statement is false and defamatory because John Doe No. 2 was not sued for extortion and was more specifically not accused of trying to extort Wilmer Hale.

4. "Court Rejects Recusal Bid In WilmerHale Extortion Suit"

January 6, 2022

40. The **sixth written statement** at issue is "Court Rejects Recusal Bid in WilmerHale Extortion Suit."

41. The written statement is false and defamatory because it clearly implies that Wilmer Hale sued John Doe No. 2 for extortion. For a lawyer to be sued by his supposed "former law firm" is a serious – and false – accusation which implies breach of fiduciary duty in addition to being unethical.

42. The **seventh written statement** at issue is: "A New York federal district court said Thursday that it would not recuse itself in a suit against a former WilmerHale document reviewer that accuses him of extorting the law firm...."

43. The written statement is false and defamatory because John Doe No. 1 was not accused of extorting the said law firm.

8

44. After this case was filed on February 21, 2023, defendants published **two new and additional defamatory articles** about plaintiffs. This required plaintiffs to have to amend the complaint in this action.

5. "Fla. Atty Denies Attempt to Extort Toyota, Wilmer Hale"

March 6, 2023

45. The **eighth written statement** at issue is "Fla. Atty Denies Attempt to Extort Toyota, Wilmer Hale".

46. The written statement is false and defamatory toward John Doe No. 1 since it implies that Toyota and Wilmer Hale sued him for extortion. It is the opposite of the truth. John Doe No. 1 was the one who sued Toyota and Wilmer Hale. John Doe No. 1 has never done any of the acts implied by defendants.

47. The **ninth written statement** at issue is: "A Florida attorney has denied trying to extort Toyota Motor Corp. and its law firm, WilmerHale, over alleged wrongful termination of his client, saying accusations of demanding $450,000 and threats to disclose confidential information that were revealed in a state court lawsuit were false and defamatory."

48. The written statement is false and defamatory because it falsely implies that John Doe No. 1 was sued by Toyota and Wilmer Hale and that he denied their "accusations" against him.

6. "Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld"

March 24, 2023

49. The **tenth written statement** at issue is "Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld."

50. The written statement is false and defamatory because John Doe No. 2 is not a "Bankrupt Atty" since he has not been declared bankrupt and filed a motion to voluntarily dismiss the petition.

51. The persons receiving the written statements, including readers in Brevard County, Florida, understood them to be defamatory.

52. Defendants knew the statements were false and/or made these statements with reckless disregard for their truth.

53. Defendants acted with actual malice in making each of the above-described written statements.

54. In addition, with respect to each of the above-described written statements, defendants negligently failed to recognize that the statements were false. Defendants failed to exercise due care to determine whether the statements were true before making each of them.

55. Defendants' written statements, together and individually, have caused actual injury to plaintiffs' reputations and professions.

56. Such conduct is in direct violation of law and outside First Amendment protection.

57. Defendants' statements were not privileged.

58. Defendants' false and libelous statements, when considered alone and without innuendo, have a) negatively impacted plaintiffs' trustworthiness and character and b) caused plaintiffs to be subject to disgust, ridicule, contempt, and disgrace.

10

59. No client or employer would ever hire a lawyer or individual who is accused of and/or being sued for crimes.

60. Accordingly, plaintiffs seek nominal and compensatory damages from defendants for their defamatory statements in an amount to be proven at trial.

61. Plaintiffs further seek special damages

62. Plaintiffs further seek punitive damages.

## COUNT II
## LIBEL PER SE

63. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs.

64. Defendants' statements are libel per se because a) they charge plaintiffs with morally reprehensible crimes (extortion and theft) and/or b) they tend to injure another in his trade, business, or profession.

65. Defendants' false statements about plaintiffs were published at least with negligence.

66. Defendants sought to gain financially and in terms of increased readership by publishing untrue statements about plaintiffs.

67. Plaintiffs have been damaged by these false statements because the statements subjected plaintiffs to hatred, distrust, ridicule, contempt, and disgrace.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand:

(1) nominal and compensatory damages in an amount to be proven at trial;

(2) special damages in an amount to be proven at trial;

(3) punitive damages in an amount to be proven at trial; and

11

(4)     such other and further relief, whether at law or in equity, that this Court deems

just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial in this action for all the claims so triable.

Dated:   May 8, 2023                          /s/Christopher Beres
         Melbourne, Florida                   Christopher Beres, Esq.
                                              Florida Bar No. 588261
                                              *Attorney for plaintiffs*
                                              1600 Sarno Road Ste. 1
                                              Melbourne, Florida 32935
                                              (321) 339-9301
                                              christopherberes8@gmail.com

12

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that plaintiffs have complied with the pre-suit notice requirement of Fla. Stat. § 770.01.

Dated: May 8, 2023

/s/Christopher Beres
Christopher T. Beres, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via email through the e-filing system and to dshullman@shullmanfugate.com.

Dated: May 8, 2023
Melbourne, Florida

/s/Christopher Beres
Christopher Beres, Esq.
Florida Bar No. 588261
*Attorney for plaintiffs*
1600 Sarno Road Ste. 1
Melbourne, Florida 32935
(321) 339-9301
christopherberes8@gmail.com

14