# Toyota Stamps Out Bid To Unseal Ex-WilmerHale Temp's Case

*By Frank G. Runyeon*

Law360 (February 24, 2021, 6:53 PM EST) -- A Florida state judge on Monday declined to unseal allegations of corruption leveled against Toyota by an ex-WilmerHale temp who worked on an internal document review project related to the automaker's operations in Thailand.

Judge Curt Jacobus found that a motion filed by nonparty Luca Roveda, a self-described "member of the press" in Thailand, seeking to vacate the court's previous sealing order would need to be thrown out and refiled. According to the judge, Roveda's attorney Tino Gonzales was still technically counsel for former BigLaw attorney and WilmerHale temp Andrew Delaney, the "John Doe" plaintiff in the case.

"You are still representing Mr. Doe in that case, and now you've filed a bunch of stuff in here on behalf of the nonparty," Judge Jacobus said, according to a rough transcript and video of the hearing. "We're not going to go forward anymore with that, with this motion, until that gets squared away."

Gonzales told the judge he had filed a notice of withdrawal as Delaney's counsel but admitted he hadn't actually spoken to Roveda. In his defense, he noted that his new client was "half a world away" in Thailand.

"I understand," the judge said, but "that concerns the court right now."

"We are pleased that the court denied the motion to vacate the previous sealing order," a Toyota spokesperson said in a statement. "The order in place continues to appropriately protect Toyota's attorney-client privileged information from public disclosure."

Delaney's lawsuit, filed last April but quickly sealed, accuses Toyota of hiding allegedly corrupt practices in Thailand, including concealing defects in some of its car models. Toyota denies those allegations.

Delaney says former WilmerHale counsel Michael Posada — now a White House associate counsel — lied under oath during a sealed hearing in December by feigning ignorance of the corruption claims that Delaney says triggered an internal Foreign Corrupt Practices Act investigation Posada oversaw. Toyota says that Posada, who is not named as a defendant in the case, acted appropriately.

Delaney and Roveda sent out a raft of subpoenas demanding Posada and three other former WilmerHale attorneys now working in the White House appear at the hearing alongside the CEO and general counsel for Toyota North America. None appeared at Monday's hearing.

Toyota said the subpoenas were never issued by the court, and that Delaney's attorney Christopher Beres had not asked the court to do so. The company filed a motion to quash the subpoenas as defective, but the judge had not ruled on that request as of Wednesday.

Beres insisted the subpoenas were validly issued and properly served via certified mail.

The White House declined to comment. Posada did not immediately respond to messages left on his voicemail Wednesday.

In opposing the motion to vacate the court's December sealing order, Toyota also unsuccessfully sought to seal the courtroom. Its attorneys complained about leaks to the press and accused Gonzalez of violating the court's secrecy orders by providing sealed information to Roveda, a claim Gonzalez denies. Toyota counsel Jim Fallace of Fallace & Larkin LLC said he plans to file a motion for sanctions for the alleged leaks, but did not specify against whom.

Delaney first anonymously filed his "John Doe" suit against Toyota in Florida state court in April 2020, claiming wrongful termination stemming from the outbreak of COVID-19 in New York City and that the car manufacturer had defrauded investors to the tune of half a billion dollars by hiding its alleged wrongdoing.

Days after Delaney sued, Toyota had the entire complaint provisionally sealed, claiming it contained confidential, privileged information. Hire Counsel then immediately outed Delaney as the John Doe in Florida by way of a Manhattan federal suit that accused him of stealing confidential information and extortion. That case is pending.

Doe is represented by Christopher Beres and Tino Gonzales.

Roveda is also represented by Tino Gonzales.

Toyota is represented by James H. Fallace and Andrew J. Williams of Fallace & Larkin LLC, and Vincent A. Citro of Law Offices of Horwitz & Citro PA.

The case is Doe v. Toyota Motor Corp. et al., case number 05-2020-CA-024281, in the Eighteenth Judicial Circuit Court of the State of Florida.

--Editing by Adam LoBelia.

# Ex-WilmerHale Temp Moves To DQ Judge In Employment Case

*By Jack Rodgers · Listen to article*

Law360 (December 20, 2021, 3:48 PM EST) -- A former WilmerHale document reviewer said U.S. District Judge Lewis J. Liman should be disqualified from overseeing a Southern District of New York suit that accuses him of extorting his former law firm because of the judge's alleged previous employment there.

Andrew Delaney, who worked as a Thai language document reviewer for WilmerHale through staffing agency HC2 or Hire Counsel, said in a motion to recuse Judge Liman Monday that his alleged former work as a WilmerHale partner was a conflict of interest.

Judge Liman's relationships with two current WilmerHale partners, Jay Holtmeier and Jamie Gorelick, contributed to "rulings against Delaney without regard to the case law or applicable legal standards," and were further evidence of Judge Liman's bias, according to that motion.

"This case should never have been filed in this court in the first place and has been dragging out unlawfully for 20 months despite there being no jurisdiction," Delaney said in the motion. "This is due to Judge Liman's neglect of his duty as an Article III officer."

Hire Counsel sued Delaney in April, saying he was threatening to expose proprietary information about WilmerHale's review of Toyota's sensitive documents.

But Delaney said in his Monday filing that Judge Liman's bias as a former WilmerHale partner resulted in the dismissal of his $20 million counterclaim against the agency for whistleblower retaliation and a number of other infractions in response to his assertion that the firm was sidestepping COVID-19 protections and regulations. Judge Liman's bias had resulted in his dismissal of those claims, Delaney said.

"Secondly, recusal is warranted due to Judge Liman's opinion that HC2's false allegations against Delaney 'have to be accepted as true' and were 'serious,' whereas all of his truthful claims against HC2 were 'speculative,'" Delaney said in the motion.

While Delaney had reported the firm's employees were coming to work with flu-like symptoms and failed to take proper precautions to not spread disease, Judge Liman had ruled in dismissing those counterclaims that Delaney shouldn't have been given additional whistleblower protection from termination because of superficial issues with his language, the motion said.

"Thus, according to Judge Liman, Delaney's report was not valid because he used the words 'flu-like symptoms' and not 'acute respiratory illnesses' and when he complained about workers coughing and sneezing that Delaney did not state that they 'failed to cover their noses and mouths with a tissue,'" Delaney said in the motion. "This is manipulative semantics calculated to dismiss all of Delaney's counterclaims."

In an email to Law360 on Monday, Delaney said the suit "is and was a fraud on the court."

"There is no subject matter jurisdiction and no diversity," he said. "The case should have been dismissed a year ago."

Michael Nacchio, an Ogletree Deakins Nash Smoak & Stewart PC attorney who represents HC2, did not respond to a request for comment Monday.

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney represents himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

--Additional reporting by Frank G. Runyeon. Editing by Gemma Horowitz.

Case 6:25-cv-00726-PGB-DCI    Document 5-1    Filed 04/07/25    Page 5 of 15 PageID 365

1/5/22, 11:10 AM                        Agency Pans Ex-WilmerHale Temp's DQ Bid in Extortion Case - Law360



Portfolio Media, Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Agency Pans Ex-WilmerHale Temp's DQ Bid In Extortion Case

By Andrew Strickler

Law360 (January 4, 2022, 4:39 PM EST) -- The "latest fantasy" of a onetime WilmerHale document reviewer seeking to remove the New York federal judge overseeing an extortion case against him should be rejected, staffing agency HC2 told the court Monday.

Answering a recusal request from Andrew Delaney, the company urged the court to reject his claims that U.S. District Judge Lewis J. Liman was biased because of his long-ago employment at WilmerHale, saying the request was rife with "facial absurdity" and legal defects.

The company argued that Delaney lost standing in the case when he was substituted out for the trustee of his bankruptcy estate three months ago.

Moreover, Delaney's conspiracy-heavy motion that the court's decision to toss his counterclaims more than a year ago was the product of judicial bias ignores the "numerous pleading defects" the judge cited in his decision.

And since the judge's former connection to WilmerHale wasn't raised over the case's nearly two-year duration, Delaney's request simply came too late, the company said.

Delaney's suggestion that Judge Liman's long-ago job at a WilmerHale predecessor firm "somehow makes the court biased or part of a vast conspiracy theory ... is absurd, unsupported, and should be rejected out of hand," the filing states.

HC2 sued Delaney, who'd worked on a Toyota matter as a Thai language reviewer for WilmerHale via a staffing agency, for allegedly trying to extort $450,000 from the company, WilmerHale and the car maker, and for allegedly revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up.

Delaney then sought $20 million in damages on nine counterclaims against the agency, including those for fraud and whistleblower retaliation.

The court granted HC2's initial motion to **dismiss** Delaney's claims without prejudice in July 2020, and later that year threw out his amended counterclaims with prejudice.

The case was later stayed after HC2 notified the court that Delaney had filed a Chapter 7 petition in New York. In October, a bankruptcy judge approved a settlement between the trustee of Delaney's estate and HC2 that released Delaney's already-dismissed counterclaims.

Judge Liman then ordered the substitution of the trustee as defendant, a decision Delaney has already indicated he will appeal.

In recent weeks, Delaney was back in court with a **disqualification motion** in which he argued that Judge Liman had undisclosed conflicts of interest as a former WilmerHale partner that led to "constant bias and rulings" against him.

Delaney, who is representing himself, did not reply to a request for comment. Michael Nacchio of Ogletree Deakins Nash Smoak & Stewart PC, who represents HC2, also did not respond to a

Filing 167242274message.                  VS                         05-2023-CA-016793-XXXX-XX
https://www.law360.com/articles/1452115/print?section=employment                                1/2

Filing 172625934              JOHN DOE VS RELX INC              05-2023-CA-016793-XXXX-XX

1/5/22, 11:10 AM                    Agency Pans Ex-WilmerHale Temp's DQ Bid In Extortion Case - Law360

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney is representing himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

--Additional reporting by Jack Rogers and Frank G. Runyeon. Editing by Adam LoBelia.

All Content © 2003-2022, Portfolio Media, Inc.

1/7/22, 5:00 AM                         Court Rejects Recusal Bid In WilmerHale Extortion Suit - Law360



Portfolio Media, Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Court Rejects Recusal Bid In WilmerHale Extortion Suit

By Matt Perez

Law360 (January 6, 2022, 4:54 PM EST) -- A New York federal district court said Thursday that it would not recuse itself in a suit against a former WilmerHale document reviewer that accuses him of extorting the law firm, despite his argument that U.S. District Judge Lewis J. Liman should be disqualified because of his previous employment there.

The U.S. District Court for the Southern District of New York determined that Andrew Delaney, who filed for Chapter 7 bankruptcy last fall, had no standing to invoke the recusal statute given that he was replaced as defendant in the bankruptcy case by the trustee in November.

Delaney was sued by H2C, the staffing agency that had hired him to review documents for WilmerHale, in April 2020. Delaney, who'd worked on a Toyota matter as a Thai- language reviewer for WilmerHale, was accused of trying to extort $450,000 from the agency, WilmerHale and the carmaker, and of revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up.

Delaney later sought $20 million in damages on nine counterclaims including fraud and whistleblower retaliation, but the court eventually dismissed his amended counterclaims with prejudice. Some time after Delaney sought Chapter 7 bankruptcy, the trustee, Gregory Messer, reached a settlement with H2C, known as Hire Counsel, that dismissed all of Delaney's counterclaims.

"With the substitution of the Chapter 7 trustee, Delaney was terminated as a party to this action," the court wrote Thursday.

The court also denied what it called his "meritless" arguments explaining why the court's judges, specifically Judge Liman, should recuse themselves from the suit following the denial of several of Delaney's counterclaims.

The court found that an "objective, informed observer" could not question the court's impartiality due to Judge Liman's former employment at Wilmer Cutler & Pickering (now WilmerHale) nearly 20 years ago, given that the facts of the dispute emerged over a decade after that affiliation ended.

Further, the court denied Delaney's accusation that the court has an ongoing professional or personal relationship with WilmerHale partners Jay Holtmeier and Jamie Gorelick.

"Delaney points out that the court and Jay Holtmeier were both listed on the government's brief in United States v. Bayless, which was decided in 2000," Judge Liman wrote in the order. "That, in my prior capacity as an assistant United States attorney over two decades ago, I worked with Mr. Holtmeier on behalf of our common client — the United States government — is too remote to this case to raise the appearance of impropriety."

Finally, the court ruled that the **recusal motion filed last month** was untimely given that it came over a year and half after the start of the case and because Judge Liman's affiliation with the predecessor of WilmerHale had been public knowledge for two decades.

Delaney later sought $20 million in damages on nine counterclaims including fraud and whistleblower retaliation, but the court granted HC2's initial motion to dismiss the claims without prejudice in **July 2020** and later dismissed his amended counterclaims with prejudice.

The court on Thursday ordered HC2 and the defendant to file a joint letter by Feb. 18 stating the status of the bankruptcy matter, the automatic stay issued in relation to it and whether the stay should remain in place or not.

Delaney and Michael Nacchio of Ogletree Deakins Nash Smoak & Stewart PC, who represents HC2, did not immediately respond to a request for comment.

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney is representing himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

-Additional reporting by Andrew Strickler. Editing by Karin Roberts.

All Content © 2003-2022, Portfolio Media, Inc.



Portfolio Media, Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Fla. Atty Denies Attempt To Extort Toyota, WilmerHale

By David Minsky

Law360 (March 6, 2023, 4:44 PM EST) -- A Florida attorney has denied trying to extort Toyota Motor Corp. and its law firm, WilmerHale, over alleged wrongful termination of his client, saying accusations of demanding $450,000 and threats to disclose confidential information that were revealed in a state court lawsuit are defamatory.

In a **suit filed Friday** in Palm Beach County, attorney Christopher Beres alleged defamation against Toyota and several other parties, saying he never tried to extort the companies and that they lied about the contents of a letter sent to Toyota's chief executive officer and board of directors in filings related to a separate lawsuit.

"None of the above contents was ever true," Beres said in his suit. "Plaintiff never demanded $450,000 from Toyota. It isn't in plaintiff's letter. He never threatened 'disclosure of [Toyota]'s privileged and confidential information.' ... The defamatory content about plaintiff spread like a disease including on social media and in other publications."

In his complaint, Beres said the defendants defamed him over a period of a year through a series of statements published in court documents and news articles regarding his client, who was a contract attorney involved in a project reviewing confidential documents for Toyota. Beres alleged the client was terminated from the project in 2020 over COVID-19 safety concerns during the pandemic.

While Beres' client is listed as a John Doe in the suit, web links to online articles identify the client as Andrew Delaney, who previously worked for staffing company HC2 Inc., also known as Hire Counsel. Delaney was hired as a Thai-language reviewer for WilmerHale on the Toyota project.

HC2 accused Delaney of breach of contract **in a 2020 suit** filed in New York federal court, seeking to prevent him from disclosing confidential information, including attorney-client information, obtained over the course of reviewing Toyota's documents.

In HC2's suit, the company said the project was suspended due to the increasing COVID-19 infections. HC2 said Delaney was disgruntled because he wanted to continue with the project, but instead manufactured a complaint that he was terminated from the project for raising pandemic-related concerns.

According to the staffing company, Delaney hired Beres to send a letter to Toyota demanding to be paid $450,000 or they would initiate legal action and disclose confidential information. The company didn't capitulate, according to HC2, and a state court complaint followed days later. A suit was initiated by a John Doe in April 2020 against Toyota in Brevard County, Florida, and its complaint remains sealed, records show.

In a footnote in his complaint, Beres said a federal judge in HC2's suit against Delany ruled the letter sent to Toyota was simply a **"routine demand letter"** and "not an extortion."

In addition, Beres accused the defendants of defaming his client in bankruptcy proceedings, saying they lied to his client's Chapter 7 trustee that his client "is appealing a judgment entered against him for extorting his prior employer."

"Plaintiff has been a member of the Florida Bar in good standing for over 20 years," Beres said in his complaint. "The damage to plaintiff's reputation does not have to be imagined. Defendants' false and libelous statements, when considered alone and without innuendo, have a) negatively impacted plaintiff's trustworthiness and character and b) caused plaintiff to be subject to disgust.

ridicule, contempt, and disgrace ... South Florida has a population of over 9.3 million people, thus making the defamatory statements in this venue significant."

Beres and the defendants listed in the suit — Toyota, WilmerHale, Kasowitz Benson Torres LLP and Stephanos Zannikos — did not immediately respond Monday to requests for comment.

Christopher Beres is representing himself.

Counsel information for the defendants could not be determined Monday.

The case is Christopher Beres v. Toyota Motor Corp. et al., case number 502023CA001936XXXXMB, in the Fifteenth Judicial Circuit Court of the State of Florida.

The Brevard County case is John Doe v. Toyota Motor North America Inc., case number 05-2020-CA-024281, in the Eighteenth Judicial Circuit Court of the State of Florida.

--Editing by Lakshna Mehta.

All Content © 2003-2023, Portfolio Media, Inc.

# Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld

*By Vince Sullivan · Listen to article*

Law360 (March 24, 2023, 4:25 PM EDT) -- A New York federal judge refused to undo a $12,500 settlement between law firm Sullivan & Cromwell LLP and the Chapter 7 trustee in the bankruptcy case of an attorney, saying the deal was reasonable since the debtor himself had valued legal claims against the firm as worthless.

In an opinion from U.S. District Judge Ann M. Donnelly issued March 20, the court dealt with a handful of appeals by debtor Andrew Delaney over decisions made by a bankruptcy judge about settlements of legal claims in Delaney's Chapter 7 case, which was filed in December 2020.

Delaney, formerly with Skadden Arps Slate Meagher & Flom LLP, had argued the bankruptcy court was wrong to approve the $12,500 deal the Chapter 7 trustee reached with Sullivan & Cromwell over Delaney's litigation against the firm involving the undoing of a $56 million arbitration award for Delaney's then-clients Thai-Lao Lignite Co. Ltd. and Hongsa Lignite (Lao PDR) Co. Ltd. in 2009 following a dispute over a soured development deal for a coal-fired power plant.

In his appeal, Delaney said his $13.5 million suit against Sullivan & Cromwell was clearly worth more than the $12,500 settlement amount the Chapter 7 trustee accepted, and argued that he amended the bankruptcy petition to list the value of the claim as "disputed" rather than as $0.

But Judge Donnelly determined the bankruptcy court was correct to approve the deal because of Delaney's own sworn statements and legal filings that valued the litigation at $0.

"The trustee was entitled to rely on the debtor's statement that the case had zero value, in part because of the serious standing and statute-of-limitations issues that would have likely precluded any recovery," the opinion said.

Delaney himself used the "big problems of statute of limitations and standing" to support his initial position that the claims were worthless, the opinion said.

"Only after the trustee secured the settlement did the debtor claim that it was unreasonably small," Judge Donnelly wrote. "The bankruptcy court 'did not err in relying on the face of [a debtor's] bankruptcy schedules,' and the debtor 'cannot complain that the bankruptcy judge accepted [his] own representations

in [his] bankruptcy petition.'"

The settlement had additional value over and above the $12,500 payment, the opinion said, because Sullivan & Cromwell waived its own claims for sanctions against Delaney for bringing a frivolous lawsuit, which Judge Donnelly said streamlined the bankruptcy case and helped maximize value for Delaney's creditors.

Representatives for Delaney, Chapter 7 trustee Gregory Messer and Sullivan & Cromwell could not immediately be reached Friday for comment.

Delaney filed the New York state court lawsuit in December 2019, accusing Sullivan & Cromwell of "tortiously, unlawfully and unethically" accepting an appointment as chairman of the underlying arbitration involving Thai-Lao Lignite, Hongsa Lignite and the government of Laos that resulted in a $56.2 million award favoring the claimants, only to then turn around and represent the Laotian government to oppose enforcement of the award.

Delaney said he represented Thai-Lao Lignite and Hongsa Lignite from 1992 until 1994, eventually negotiating an agreement with the Laotian government to construct an 1,800-megawatt lignite-fired power plant in the country. After the Laotian government terminated the project in 2006, Delaney advised Thai-Lao Lignite and Hongsa Lignite in connection with the filing of arbitration in Malaysia against Laos, the suit says.

Delaney says he inked a contingency fee arrangement with Thai-Lao Lignite and Hongsa Lignite at that time, under which he would receive a percentage of any eventual award. Then-Sullivan & Cromwell partner James Carter was selected by the parties to lead the tribunal.

The tribunal awarded Thai-Lao Lignite and Hongsa Lignite $56.2 million in November 2009, including a $1 million award of legal fees, which Delaney says would have been partially used to pay his fees.

But the Laotian government resisted enforcement, and the award was eventually set aside in Malaysia after a court concluded the tribunal had wrongly exceeded its jurisdiction.

It was only after that ruling that Delaney says he learned that Sullivan & Cromwell had been representing the Bank of the Lao People's Democratic Republic, the country's central bank, in enforcement proceedings relating to the award in the U.S. and the U.K.

Delaney is representing himself pro se.

Chapter 7 trustee Gregory Messer is represented by Gary F. Herbst and Cristina M. Lipan of LaMonica

Herbst & Maniscalco LLP.

The case is Delaney v. Messer, case number 1:22-cv-01664, in the U.S. District Court for the Eastern District of New York. The underlying bankruptcy case is In re: Andrew Delaney, case number 1:20-bk-44372, in the U.S. Bankruptcy Court for the Eastern District of New York.

--Additional reporting by Caroline Simson. Editing by Jill Coffey.

*For a reprint of this article, please contact reprints@law360.com.*

Exhibit B



April 07, 2020

███████

**Toyota Motor Corporation**
1 Toyota-Cho
Toyota City
Aichi Prefecture 471-8571
Japan
████████@toyota.co.jp

Dear Mr. ███████████████████:

I represent ████████████ against Toyota.

You used Mr. ███████ to be a ███ language document reviewer to assist you with ████████████████████████████████ starting on September 30, 2019.

On March 17, 2020, you had ███████████ illegally fired for raising concerns about unlawful and unsafe conditions in your workplace.

Prior to this date, you illegally disclosed ███████████ identity, involvement, and work-product to the other side.

At first, you did not inform him about the subject matter of the case which was ████████████████████████████████████████████████████

Toyota insisted on ████████████████████████████████████████

*For Toyota,* ███████████████████████████ *but you had no right to drag* ███████ *into this.*

███████████████████████████████ *You have destroyed Mr.* ███████ *residence and business and placed his life in grave danger.*

*After* ███████ *was a whistleblower and complained about* ███████████ *, you defamed him, made up lies about him, and threatened him.*

*I hereby grant you 7 days from the date of this letter to contact me with your offer to settle this case.*

*If you fail to contact me by this date, I will commence legal action against you without further notice.*

*Very truly yours,*

███████████████
███████████